B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Raj Marni | **DEFENDANTS** 1) Division of Child Support Enforcement Division 2) Keenja Trudie 3) Sue Ann Billard 4) Anne Prentice |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Discharge Violation, Civil Contempt, Violation of Due Process

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☑ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☑ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ at least $5,000,000 |
| Other Relief Sought Injunctive Relief + Declarative Relief | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *RAJ Marni* | BANKRUPTCY CASE NO. *26-13278-mkn* | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE *Las Vegas* | NAME OF JUDGE *MKN* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *Raj Marni* | DEFENDANT *1) SG Law 2) Megan Houck 3) Ksenija Todic 4) Georgelas Chind 5) Ryan Schwalzle* | ADVERSARY PROCEEDING NO. *26-01002-MKN* |
| DISTRICT IN WHICH ADVERSARY IS PENDING *Las Vegas* | DIVISION OFFICE | NAME OF JUDGE *MKN* |
| SIGNATURE OF ~~ATTORNEY~~ (OR PLAINTIFF) | | |
| DATE *April 27, 2026* | PRINT NAME OF ~~ATTORNEY~~ (OR PLAINTIFF) *RAJ MARNI* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Raj Marni

17595 Harvard Avenue, C 4009

Irvine, CA 92612

Email:RajMarni@Gmail.Com

Telephone: +1-725-200-2010

*Pro Se*, Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re                                          |

RAJ MARNI                              |        Bankruptcy No: 20-13238-mkn

                                                  |        Chapter: 7
            Debtor.                      |
_____|        Adversary Proceeding:
                                                  |
RAJ MARNI                              |        Hearing Date:
            Plaintiff                     |
_____|
                                                  |
                    v.                         |        Hearing Time:
                                                  |
                                                  |
ANNE PRENTICE, ESQ.,          |
Individually and in her Official Capacity as  |
Assistant Attorney General, Virginia         |
Attorney General's Office            |
                                                  |
SUE ANN BULLARD,                |
Individually and in her Official Capacity as  |
Support Enforcement Specialist, Division of  |
Child Support Enforcement, Virginia         |
Department Of Social Services    |
                                                  |
VIRIGNIA DIVISION OF CHILD SUPPORT |        JURY TRIAL DEMANDED
ENFORCEMENT (DCSE), Department of  |
Social Services, Commonwealth of Virginia  |
                                                  |
KSENIJA TRDIC,                      |
Individually                             |
                                                  |
                                                  |
            Defendants.              |
_____|

1 of 71

*Raj Marni, pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

ADVERSARY COMPLAINT FOR CONSPIRACY TO VIOLATE DISCHARGE INJUNCTION, WILLFUL VIOLATION OF DISCHARGE, CIVIL CONTEMPT, PROCEDURAL DUE PROCESS VIOLATIONS, AND DAMAGES

## I. PRELIMINARY STATEMENT

1. This adversary proceeding addresses a coordinated scheme between a judgment creditor, Virginia state enforcement officials, and the Assistant Attorney General representing them, to collect debts discharged in federal bankruptcy. While Defendant Ksenija Trdic is also named in a related adversary proceeding (Case No. 26-01002-mkn) for her individual violations and conspiracy with private actor attorneys, this action specifically addresses her role as a co-conspirator with state actors who provided the enforcement machinery and legal cover to collect discharged debts.

2. This adversary proceeding is related to Adversary Proceeding No. 26-01002-mkn (the "Private Actor Case"), which is pending before this Court. The Private Actor Case names Defendant Trdic along with her private attorneys—Christin Georgelas, Megan Houck, Ryan Schmalzle, and SG Law PLC—and her corporate entity, Lifestyle Associates, LLC. That case addresses how private actors manufactured fraudulent claims through false representations to the Virginia state court, concealment of bankruptcy discharges, and fee-driven pursuit of debts they knew were uncollectible.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

3. This proceeding (the "State Actor Case") addresses a fundamentally different question: how Virginia's Division of Child Support Enforcement, acting through Defendants Bullard and Prentice, weaponized the state's enforcement machinery to collect those discharged debts in violation of federal law, their own procedural manuals, and the constitutional rights of the Plaintiff. The Private Actor Case asks *who created the fraud*; this case asks *who enforced it*. The distinction is not merely semantic—it determines which legal theories apply, which immunities must be overcome, and which remedies are available.

4. Defendant Trdic is named in both proceedings because she participated in both schemes: she directed the private attorneys who manufactured the fraudulent claims, and she coordinated with the state officials who enforced them. The June 27, 2025, tip-off email from Defendant Bullard to Trdic's personal Gmail address, and the same-day coordination on May 16 and June 30, 2025, establish that Trdic served as the link between the private fraud and the state enforcement machinery. The claims unique to this proceeding—including the 42 U.S.C. § 1983 procedural due process claim (Count III), the *Ex parte Young* injunctive relief against state officials in their official capacities (Count VI), and the allegations of DCSE Program Manual violations—can only be asserted against state actors and are not duplicative of any claim in the Private Actor Case.

///

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

5. Plaintiff Raj Marni ("Plaintiff" or "Debtor") is an individual whose Chapter 7 bankruptcy was filed in the District of Nevada and whose discharge was entered on December 29, 2020 (the "Discharge Order"). The Discharge Order is a valid and enforceable order of this Court, operating as a permanent injunction under 11 U.S.C. § 524(a)(2) prohibiting any act to collect discharged debts.

6. Despite actual knowledge of this discharge, Defendants Virginia Division of Child Support Enforcement ("DCSE"), Sue Ann Bullard ("Bullard"), and Anne Prentice ("Prentice") have served as the enforcement and legal instrumentality through which Defendant Ksenija Trdic ("Trdic") has collected discharged debts. Through a coordinated scheme spanning from April 2022 to the present, Defendants have used state enforcement powers—including wage garnishment, passport denial, tax refund interception, and credit bureau reporting—to collect over $185,000 in discharged debts.

7. The coordination between Defendants is documented by direct evidence: (a) Defendant Bullard's November 19, 2024 email acknowledging that court orders are "set in stone" and DCSE cannot override them; (b) the June 27-30, 2025 sequence where Bullard tipped off Trdic about impending case closure, prompting Trdic to file an emergency motion, followed by Bullard fabricating retroactive adjustments; (c) DCSE's systematic misapplication of over $185,000 in payments in violation of the binding March 1, 2019 court order; (d) the same-day coordination on May 16, 2025 when Bullard added $24,906.36 to Plaintiff's account simultaneously with Trdic's court filing; and (e) Defendant Prentice's continued legal representation and

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

enforcement participation for over eight months (since September, 2025) after receiving explicit written notice that enforcement of the January 9, 2026 Order would constitute willful violation of federal discharge injunctions.

8. The conspiracy is further proven by mathematically impossible calculations. Plaintiff's total child support obligation was approximately $115,322. Plaintiff made payments of approximately $84,663 *before* his December 2020 bankruptcy. Under the March 1, 2019, Order, these payments must be credited to child support first. Therefore, the true child support balance at the time of bankruptcy was approximately $30,659. Yet DCSE entered a balance of $86,557.09 in April 2022—a $56,000 discrepancy that can only be explained by crediting Plaintiff's payments to *discharged non-support obligations* (Prosper, Circle Bank, etc.) instead of child support as required by court order. See Exhibit A.

9. Part of this scheme is particularly egregious because it involves "double-dipping fraud." In February 2019, Defendant Trdic filed her own Chapter 7 bankruptcy (Case No. 19-10603-KHK, E.D. Va.) and discharged consumer debts to Prosper Marketplace and Circle Bank totaling approximately $88,322. She paid $0.00 to these creditors after her discharge. Yet she now claims Debtor owes her for these same debts—debts she never paid, cannot be sued for, and which were subsequently discharged in Debtor's 2020 bankruptcy. See Exhibit G, January 9th, 2026 Loudoun County Circuit Court order reinstating discharged debt.

Raj Marmi, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarmi@Gmail.Com. Telephone: +1-725-200-2010

10. Under *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010), hold harmless obligations are non-dischargeable under 11 U.S.C. § 523(a)(15) "only to the extent" the protected spouse actually pays the creditor or has a judgment against them. Since Defendant Trdic paid $0.00 and has no judgment (her debt was discharged), she has no indemnification claim against Debtor. These obligations were fully discharged in Debtor's 2020 bankruptcy.

11. Defendant Prentice cannot claim ignorance of these facts. On December 19, 2025, Plaintiff sent a detailed email to Prentice at anne.prentice@dss.virginia.gov with the subject "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice," (Exhibit M), explaining: (a) the fraud being perpetrated; (b) her independent duty to investigate as a government lawyer under Virginia Rule 3.8; (c) her duty of candor to the tribunal under Virginia Rule 3.3; (d) her mandatory reporting obligations under Virginia Rule 8.3(a); (e) the controlling case law including *Taggart v. Lorenzen*, *In re McLean*, and *Lange v. Lange*; and (f) the specific consequences if she continued participating in enforcement of discharged debts. This notice was filed with the Loudoun County Circuit Court as Exhibit Q.

12. Despite receiving this explicit notice—which stated "*After this email, there is no fair ground of doubt. You have been placed on notice*"—Prentice took none of the required steps: she did not investigate, she did not report to the Virginia State Bar, she did not disclose the bankruptcy discharges to the Loudoun County Circuit Court, and she did not withdraw from representation. Instead, she continued to participate in enforcement of the January 9, 2026, Order, which includes over

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

$200,000 in discharged debts, for more than four months after receiving actual notice. Under *In re McLean*, 794 F.3d 1313 (11th Cir. 2015), attorneys are held personally liable for discharge injunction violations. Prentice's continued participation after explicit notice constitutes willful violation.

13. Both Prentice and Trdic were given a second opportunity to verify the facts and chose to ignore it. On March 10, 2026, Plaintiff sent an email to both Prentice (at anne.prentice@dss.virginia.gov) and Trdic (at kaseykcm@gmail.com) with the subject "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release" (the "Video Verification Offer," Exhibit N). In this email, Plaintiff explicitly warned: "*My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.*" Plaintiff offered a live video verification session with LeBar's Authorized Signatory Vadym Kyluchevsky so that DCSE, the Court, or Trdic could independently verify the contract's existence and terms. Neither Prentice nor Trdic responded. Neither requested verification. Neither took any action to release the passport hold. They had thirty-six days before the April 15 deadline. They did nothing.

14. Defendants' unlawful passport hold has now caused permanent, realized, and irrevocable harm. On February 14, 2026, LeBar InfoTech Turkey A.Ş. issued an Official Engagement Confirmation Letter (Exhibit J) confirming a fully executed Patent Licensing and Consulting Agreement with Plaintiff. The Agreement provided for patent license fees of $10,000 per day ($2,000 per patent × 5 patents)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

plus consulting fees of $225 per hour with no cap on billable hours. The Agreement contained an absolute, non-negotiable deadline: Plaintiff was required to be physically present on-site in the MENAT region on or before April 15, 2026. The Agreement explicitly stated that failure to meet this deadline—*"including but not limited to legal restrictions, travel impediments, passport limitations, court orders, incarceration"*—would result in "immediate, permanent, and irrevocable cancellation."

15. Because Defendants maintained the unlawful passport hold, Plaintiff was unable to travel to Turkey by the April 15, 2026, deadline. The LeBar Contract was permanently cancelled on that date. Plaintiff's income of $10,000 per day in licensing fees and $225 per hour in consulting fees—projected at approximately $2,500,000 or more annually—is now permanently and irrevocably lost. This is not speculative future harm; it is actual, realized, documented economic devastation caused directly by Defendants' willful violations of the discharge injunction.

16. The January 9, 2026, Order entered by the Loudoun County Circuit Court establishes over $800,000 in purported arrears—including approximately $295,735 in discharged debts—and schedules a "purge plan" hearing for March 11, 2026, where Debtor faces incarceration for failure to pay discharged obligations. This Order is itself a product of DCSE's and Bullard's systematic misapplication of payments and maintenance of fraudulent balances, defended by Prentice despite her actual knowledge that enforcement would violate federal law.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

17. Under *Taggart v. Lorenzen*, 587 U.S. 554 (2019), there is "no fair ground of doubt" that Defendants' coordinated enforcement of discharged debts violates the discharge injunction. All Defendants have received actual notice—and Prentice and Trdic were offered independent verification—eliminating any possible good faith defense.

## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

18. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it concerns the determination and enforcement of this Court's Discharge Order.

19. This Court has authority to enforce its own Discharge Order against all persons and entities, including state agencies, state officials, and attorneys representing them, without limitation. *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004); *In re Lacher*, 669 B.R. 548 (B.A.P. 9th Cir. 2025); *In re McLean*, 794 F.3d 1313 (11th Cir. 2015).

### B. Jurisdiction Over State Defendants — Sovereign Immunity Does Not Apply

20. The Eleventh Amendment does not bar this proceeding. States surrendered sovereign immunity with respect to bankruptcy proceedings when the Bankruptcy

Clause was adopted. *Katz*, 546 U.S. at 370. Enforcement of the discharge injunction falls within this Court's in rem jurisdiction over Plaintiff's bankruptcy estate and fresh start. *Hood*, 541 U.S. at 447.

21. Independently, the *Ex parte Young* doctrine, 209 U.S. 123 (1908), provides an alternative basis for suit against Bullard and Prentice in their official capacities. A federal court may enjoin a state official who is actively violating federal law regardless of sovereign immunity. The Discharge Order is federal law. Their ongoing enforcement acts violate it.

22. Section 106(a) of the Bankruptcy Code, 11 U.S.C. § 106(a), abrogates sovereign immunity for governmental units with respect to proceedings arising under §§ 105 and 524. DCSE, as a state governmental unit, has no immunity with respect to the claims asserted herein.

23. The Ninth Circuit Bankruptcy Appellate Panel held in *In re Lacher*, 669 B.R. 548 (B.A.P. 9th Cir. 2025), that "neither sovereign immunity nor the Younger abstention doctrine prevents a bankruptcy court from enjoining a state governmental entity" from violating a debtor's fresh start rights.

**C.  Jurisdiction Over Attorney Defendant Prentice**

24. Attorneys who participate in collection of discharged debts are personally liable for discharge injunction violations. *In re McLean*, 794 F.3d 1313 (11th Cir. 2015) (attorneys and their agents held personally liable for discharge violations; following

Raj Marni, *pro se*

17595 Harvard Avenue, C 4009, Irvine, CA 92614

Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

state court orders is not a defense; damages included compensatory and punitive awards). Prentice's status as an Assistant Attorney General does not shield her from personal liability for willful violations of federal law after actual notice.

## D. Personal Jurisdiction Over Out-Of-State Defendants

25. This Court has personal jurisdiction over all Defendants, including those residing in or organized under the laws of Virginia, pursuant to multiple independent grounds.

- First, Federal Rule of Bankruptcy Procedure 7004(d) provides that "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States" in adversary proceedings arising under the Bankruptcy Code. This nationwide service provision eliminates traditional personal jurisdiction requirements based on state-specific minimum contacts. See, e.g., *In re Celotex Corp.*, 124 F.3d 619, 630 (4th Cir. 1997) (nationwide service under bankruptcy rules satisfies due process when defendant has minimum contacts with the United States as a whole). All Defendants reside or operate within the United States and are therefore subject to personal jurisdiction in this Court.

- Second, proceedings to enforce a discharge injunction are fundamentally in rem in nature. The res at issue is the debtor's federally protected "fresh start" — a property interest created and protected by the Bankruptcy Code. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(bankruptcy jurisdiction is "principally in rem"). This Court has jurisdiction over the res — Plaintiff's discharge and fresh start — and may exercise that jurisdiction against any person or entity who violates the discharge injunction, regardless of their geographic location. *Central Virginia Community College v. Katz*, 546 U.S. 356, 370 (2006).

- Third, this Court possesses inherent contempt power under 11 U.S.C. § 105(a) to enforce its own orders. The Discharge Order was entered by this Court. Any person who willfully violates that order is subject to this Court's contempt jurisdiction, irrespective of where the violating acts occurred. See *In re Dyer*, 322 F.3d 1178, 1191-92 (9th Cir. 2003) (bankruptcy court has broad power to enforce its orders).

- Fourth, even under traditional minimum contacts analysis, Defendants are subject to personal jurisdiction in Nevada under the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984). Defendants: (a) committed intentional acts (enforcement of discharged debts); (b) expressly aimed at a Nevada debtor protected by a Nevada bankruptcy discharge; (c) knowing that the brunt of the injury would be felt in Nevada (violation of this Court's order). Defendants had actual knowledge that Plaintiff's bankruptcy case was pending in Nevada, that his discharge was entered by this Court, and that their enforcement actions would violate this Court's order. They cannot now claim surprise at being haled into this forum to answer for those violations.

- Fifth, 11 U.S.C. § 106(a)(1) expressly grants this Court jurisdiction over "governmental units" for violations of § 524. This statutory grant of jurisdiction over DCSE is not limited by traditional personal jurisdiction requirements. Congress has determined that governmental units violating the discharge injunction shall answer in the bankruptcy court that issued the discharge.

- Sixth, Defendants have waived any personal jurisdiction objection by voluntarily participating in the enforcement of a Nevada bankruptcy debtor's obligations while having actual knowledge of his Nevada bankruptcy case. Defendant Trdic attended Plaintiff's § 341 Meeting of Creditors in the Nevada bankruptcy. Defendants DCSE, Bullard, and Prentice received multiple written notices referencing the Nevada bankruptcy case number (20-13238-mkn), the Nevada adversary proceeding (26-01002-mkn), and this Court's jurisdiction. Having invoked the benefits of collecting against a Nevada bankruptcy debtor, Defendants cannot now disclaim this Court's authority to adjudicate whether those collection efforts violated federal law.

**E. Service of Process**

26. Service upon DCSE, Bullard, and Prentice is proper pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(6) and (b)(1), respectively. Nationwide service of process is available under FRBP 7004(d) for this core proceeding.

///

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**F. Venue**

27. Venue is proper under 28 U.S.C. § 1409(a) as this proceeding relates to Case No. 20-13238-MKN pending in this District.

## III. PARTIES

**A. Plaintiff**

28. Plaintiff Raj Marni ("Debtor") is an individual who filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 2, 2020, in Case No. 20-13238-MKN. The case was converted to Chapter 7 on September 29, 2020, and Debtor received his discharge on December 29, 2020. The case was reopened on December 30, 2025, for the purpose of adversary proceedings.

**B. Defendant Virginia Division of Child Support Enforcement**

29. Defendant Virginia Division of Child Support Enforcement ("DCSE") is a division of the Virginia Department of Social Services, a state agency of the Commonwealth of Virginia, with its Winchester, Virginia office located at 629 Cedar Creek Grade, Suite A, Winchester, VA 8 22601 and mailing address listed as PO Box 28450, Richmond, VA 23228. DCSE operates Case No. 0005005576 concerning Plaintiff and, at all relevant times, administered the enforcement of child and spousal support obligations against Plaintiff, including passport denial, payment interception, credit reporting, and tax refund offset.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

30. DCSE is sued as a governmental unit under 11 U.S.C. § 101(27). Pursuant to 11 U.S.C. § 106(a), sovereign immunity is abrogated for purposes of this proceeding seeking declaratory and injunctive relief under §§ 105 and 524, and compensatory damages.

31. DCSE has served as the enforcement instrumentality through which discharged debts have been collected. The latest enforcement begun in April 2022, ever since DCSE has maintained enforcement actions—including wage garnishment, passport denial, credit bureau reporting, tax refund interception, and referral for contempt proceedings—based on arrears balances that include approximately $185,000 in discharged debts.

**C. Defendant Sue Ann Bullard**

32. Defendant Sue Ann Bullard ("Bullard") is, and at all relevant times was, employed by DCSE as a Support Enforcement Specialist assigned to Plaintiff's case, DCSE Case No. 0005005576. Her official contact is Sue.A.Bullard@dss.virginia.gov. Her office is located at 629 Cedar Creek Grade, Suite A, Winchester , VA 22601. At all relevant times, Bullard acted under color of state law within the scope of her employment at DCSE.

33. Bullard is sued in both her individual capacity and her official capacity:

(a) Individual Capacity: Bullard personally committed acts to collect discharged debts, including fabricating retroactive arrears adjustments,

coordinating with Defendant Trdic to prevent case closure, blocking passport release, and maintaining enforcement actions she knew were based on discharged obligations. Under *Taggart*, there is no fair ground of doubt that her conduct violated the discharge injunction.

(b) Official Capacity: Bullard is sued in her official capacity for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin ongoing and future violations of the discharge injunction.

34. Bullard was not a passive administrator. She actively participated in a scheme to collect discharged debts by:

- Fabricating $24,906.36 in retroactive adjustments on May 16, 2025, coinciding with Defendant Trdic's court filing on the same day (Exhibit S);

- Sending an after-hours email to Trdic's personal Gmail address on June 27, 2025, three days before Plaintiff's case would close, alerting Trdic to the impending passport release (Exhibit D);

- Fabricating $10,988.74 in retroactive adjustments on June 30, 2025—after acknowledging in writing that DCSE lacked authority to make such calculations—to block passport release (Exhibit D);

- Relying on a fabricated or phantom "agreement" with Trdic to override the March 1, 2019, court order (Exhibit E);

- Systematically misapplying over $185,000 in payments to spousal support and discharged obligations instead of child support as required by March 1, 2019 court order (Exhibit F);

- Remaining silent while Trdic presented perjurious balances to the state court.

## D. Defendant Anne Prentice, Esquire

35. Defendant Anne Prentice ("Prentice") is, and at all relevant times was, employed as an Assistant Attorney General in the Virginia Attorney General's Office, Division of Child Support Enforcement. Her official contact is anne.prentice@dss.virginia.gov. At all relevant times, Prentice served as legal counsel for DCSE in proceedings involving Plaintiff, including Case No. CL 107389-01/02/03 in the Loudoun County Circuit Court.

36. Prentice is sued in both her individual capacity and her official capacity:

(a) Individual Capacity: Prentice received explicit written notice on December 19, 2025 (Exhibit M), that enforcement of the January 9, 2026, Order would violate federal discharge injunctions. She received a second notice on March 10, 2026 (Exhibit N), offering independent video verification of the LeBar contract that would be destroyed by the passport hold. Despite these notices, she continued to participate in enforcement actions for over eight months (since September 2025), failed to investigate, failed to report to the Virginia State Bar, failed to disclose

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

material facts to the tribunal, failed to request the offered verification, and failed to withdraw from representation. Under *In re McLean*, 794 F.3d 1313 (11th Cir. 2015), attorneys are personally liable for discharge violations. Under *Taggart*, there is no fair ground of doubt after actual notice.

(b) Official Capacity: Prentice is sued in her official capacity for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin ongoing and future violations of the discharge injunction and to compel disclosure of the bankruptcy discharges to the Loudoun County Circuit Court.

37. As an Assistant Attorney General, Prentice holds heightened ethical obligations beyond those of private counsel. Under Virginia Rule of Professional Conduct 3.8, government lawyers must "seek justice, not merely prevail." This requires her to:

- Investigate when placed on notice of potential federal law violations;

- Ensure DCSE is not being used to collect discharged bankruptcy debts fraudulently characterized as child support;

- Correct misrepresentations made to the court about the nature of these debts;

- Protect the integrity of Virginia's judicial system from being used to violate federal law.

38. Prentice violated these obligations by:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Continuing to represent DCSE in enforcement of discharged debts after receiving Plaintiff's December 19, 2025, notice (the "Prentice Notice," Exhibit M), which explicitly stated: "*After this email, there is no fair ground of doubt. You have been placed on notice*";

- Failing to investigate whether the Prosper and Circle Bank debts included in DCSE's enforcement were legitimate domestic support obligations or discharged property settlement debts;

- Failing to report to the Virginia State Bar under Rule 8.3(a) despite actual knowledge that opposing counsel (Christin Georgelas) was pursuing collection of discharged debts through false representations to the court;

- Failing to disclose to the Loudoun County Circuit Court under Rule 3.3 the material facts that: (a) Defendant Trdic discharged the Prosper and Circle Bank debts in her 2019 bankruptcy; (b) Plaintiff discharged his hold-harmless obligations in his 2020 bankruptcy; (c) under *Lange v. Lange*, Trdic has no legally cognizable indemnification claim because she paid $0 to these creditors;

- Participating in the enforcement of the January 9, 2026, Order, which includes over $200,000 in discharged debts, despite knowing that enforcement violated federal law;

- Failing to notify her supervisors at the Attorney General's Office that the Commonwealth was being used as an instrument to violate federal bankruptcy law;

- Ignoring the March 10, 2026, Video Verification Offer (Exhibit N), which offered her the opportunity to independently verify the LeBar contract through a live video session with the company's authorized signatory—thirty-six days before the contract's cancellation deadline—and taking no action to release the passport hold or investigate the harm being caused.

39. Prentice's December 19, 2025, notice explicitly warned her: "*If you continue participating in collection efforts after receiving this notice, you may be held personally liable in federal bankruptcy court for: Compensatory damages, Punitive damages, Sanctions under Taggart.*" She continued participating for over four months after this warning, and ignored a second opportunity for verification on March 10, 2026. (See Exhibits M and N.)

**E. Defendant Ksenija Trdic**

40. Defendant Ksenija Trdic ("Trdic") is an individual residing in Sterling, Virginia. She was married to Debtor from February 1991 until their divorce was finalized in June 2017. She was formerly known as "Ksenija Marni."

41. Trdic is named in this proceeding for her role as a co-conspirator who directed, coordinated with, and benefited from DCSE's, Bullard's, and Prentice's enforcement of discharged debts. Her individual violations and conspiracy with private actor

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

attorneys (Georgelas, Schmalzle, Houck, and SG Law PLC) are addressed in the related adversary proceeding, Case No. 26-01002-mkn.

42. Trdic attended Debtor's § 341 Meeting of Creditors on October 26, 2020, giving her actual knowledge of Debtor's bankruptcy case and impending discharge. She received notice of the December 29, 2020, discharge order.

43. Trdic filed her own Chapter 7 bankruptcy petition on February 26, 2019 (Case No. 19-10603-KHK, U.S. Bankr. Ct., E.D. Va.) and was granted a discharge on or about June 5, 2019. She listed several debts including consumer debts to Prosper Marketplace and Circle Bank in her bankruptcy petition and discharged those debts. She paid $0.00 to either creditor. Yet she now seeks to collect approximately $88,322 from Debtor for these same debts through the DCSE enforcement apparatus—debts she never paid, cannot be sued for, and which were subsequently discharged in Debtor's 2020 bankruptcy.

44. Trdic received the same March 10, 2026, Video Verification Offer (Exhibit N) that was sent to Prentice. The email was sent to her personal Gmail address (kaseykcm@gmail.com)—the same address to which Bullard sent the June 27, 2025, tip-off email. The email explicitly warned: "*My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.*" Trdic was offered the opportunity to participate in a video verification session with LeBar's executive team. She ignored the offer. She took no action to release the passport

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

hold. She had **thirty-six days** to act before the contract was permanently cancelled. She did nothing.

## **FACTUAL ALLEGATIONS**

### **A. The Discharge Order and Its Scope**

45. On December 29, 2020, this Court entered the Discharge Order in Plaintiff's Chapter 7 case pursuant to 11 U.S.C. § 727(a), discharging Debtor from all dischargeable debts that arose before September 29, 2020 (the petition date for conversion).

46. The Discharge Order operates as a permanent injunction under 11 U.S.C. § 524(a)(2), prohibiting any act to collect, recover, or offset any discharged debt as a personal liability of the debtor. This injunction operates against the entire world—including DCSE, Bullard, Prentice, and Trdic—whether or not they were parties to the bankruptcy proceeding.

47. Among the debts discharged were property settlement obligations arising from Debtor's February 8, 2016, Property Settlement Agreement ("PSA", Exhibit O) with Defendant Trdic. These obligations—including Plaintiff's obligation to make payments on Trdic's personal Circle Bank loan (balance approximately $64,022) and Prosper loan (balance approximately $24,299)—are dischargeable under 11 U.S.C. § 523(a)(15). These obligations were discharged because Trdic had herself obtained a Chapter 7 discharge of those same loans in 2019, paid $0 to either creditor, and

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

therefore sustained no actual loss that could sustain a non-dischargeable hold-harmless claim. Under *Lange v. Lange*, the hold-harmless claim equals what the protected spouse actually paid: zero. See Exhibit L.

48. The only obligations NOT discharged in Plaintiff's 2020 bankruptcy were domestic support obligations—specifically, monthly child support ("CS") and monthly spousal support ("SS")—as defined in 11 U.S.C. § 523(a)(5), and student loans directly owed to the U.S. Department of Education, not to Trdic.

49. The total fully adjudicated CS obligation, as established by court order, was approximately $115,322, covering the period June 1, 2016, through September 30, 2020, beginning at $2,000 per month with a 5% annual increase each January 1st. This amount is fixed and cannot change, subject only to statutory interest accrual. See Exhibit H.

50. Plaintiff made total payments of approximately $84,663 between February 2016 and June 2020—before his bankruptcy filing. Under the March 1, 2019, Order described below, all such payments must be credited to CS first. Therefore, the true CS balance at the time of Plaintiff's bankruptcy was approximately $30,659 ($115,322 minus $84,663), plus applicable interest.

**B. The March 1, 2019, Court Order — Mandatory Payment Allocation**

51. On March 1, 2019, the Loudoun County Circuit Court entered an Order (the "March 2019 Order") which provided, in relevant part: "For tax purposes, all

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

payments received will be counted towards the outstanding child support payments first, until paid in full and then to the spousal support, unless requested otherwise by the Plaintiff." See Exhibit F.

52. The March 2019 Order thus established a mandatory CS-first payment allocation hierarchy: (1) child support principal; (2) child support interest; (3) only thereafter, spousal support. This hierarchy was never modified by any subsequent court order.

53. Critically, Defendant Trdic NEVER, at any time, invoked the "unless requested otherwise" exception. No written request, no court motion, and no documented communication was ever filed by Trdic requesting alternative payment allocation. The CS-first hierarchy therefore remained the sole applicable allocation rule throughout the entire enforcement period from March 1, 2019, to the present.

54. DCSE, Bullard, and Prentice were provided copies of the March 2019 Order and had actual knowledge of its CS-first payment allocation requirement. Plaintiff filed a Motion to Compel Calculations of Arrearages Pursuant to the March 1, 2019, Order (the "Motion to Compel," **Exhibit U**), formally notifying Defendants that all payments were required to be applied to child support first. Bullard personally acknowledged the controlling authority of court orders in her email to Plaintiff dated November 19, 2024, stating: '[W]e do not have the power to override a Court's Order." See Exhibit B.

## C. DCSE Account Opening — The Mathematically Impossible Balance

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

55. DCSE Case No. 0005005576 was initially closed on January 7, 2020, upon request of Trdic. The case remained closed from January 7, 2020, through April 20, 2022.

56. On April 20, 2022, Trdic reopened the DCSE case. On April 21, 2022, DCSE entered the following starting balances into its enforcement system based on Trdic's submission of the April 18, 2022, Loudoun County Circuit Court Order (the "April 2022 State Court Order," Exhibit T) and her accompanying sworn affidavit (the "February 2022 Trdic Affidavit," Exhibit P), which contained materially false representations regarding the status and amount of arrears:

- Child Support arrears: $86,557.09

- Spousal Support arrears: $255,383.15

57. The $86,557.09 CS balance entered by DCSE on April 21, 2022, was mathematically impossible under the March 2019 Order. The correct calculation is as follows:

Total CS obligation (June 2016 – September 2020): $115,322

Less: Payments made before bankruptcy (Feb 2016 – June 2020): ($84,663)

TRUE CS BALANCE AT BANKRUPTCY: $30,659 (plus interest)

DCSE's entered balance: $86,557.09

UNEXPLAINED DISCREPANCY: Approximately $56,000

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

58. The approximate $56,000 gap between the actual CS balance and DCSE's stated balance can only be explained by one of two means:

(a) DCSE credited Plaintiff's $84,663 in pre-bankruptcy payments to discharged non-support obligations (Prosper, Circle Bank, and other PSA debts discharged in Plaintiff's 2020 bankruptcy) instead of CS as required by the March 2019 Order; or

(b) DCSE accepted inflated arrears figures provided by Trdic without independently verifying them against the March 2019 Order or the 2020 Discharge Order.

Both explanations constitute willful or reckless participation in collecting discharged obligations. The mathematics prove the conspiracy.

59. DCSE did not conduct any independent verification of the April 2022 balance against Plaintiff's 2020 Discharge Order, notwithstanding that Trdic's own affidavit (Exhibit P) contained representations that were facially inconsistent with the March 2019 Order and publicly available bankruptcy records: (a) DCSE had Plaintiff's bankruptcy filing information in its records; (b) bankruptcy filings are public record; (c) DCSE's enforcement function routinely requires monitoring for bankruptcy discharges; and (d) the mathematical impossibility of the stated CS balance was apparent on the face of the payment records.

**D. Misapplication of Payments — 2022 Through 2025**

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

60. From May 2022 through June 2025, Plaintiff made payments exceeding $185,000 to DCSE. DCSE's own payment worksheet (Exhibit A) confirms these payments. Under the March 2019 Order, every dollar of these payments was required to be applied to CS first, until the CS balance was fully satisfied, before any allocation to spousal support.

61. DCSE's payment worksheet (Exhibit A) demonstrates that DCSE systematically misapplied these payments—allocating substantial portions to spousal support arrears while the stated CS balance remained artificially elevated. By end of 2023, Plaintiff had paid more than twice the adjudicated CS obligation of $86,557.09, yet DCSE's ledger continued to show a CS arrearage balance exceeding $56,000.

62. The only mechanism by which Plaintiff's payments of over $185,000 could fail to extinguish a CS balance of $86,557.09 is if DCSE was applying payments to obligations other than CS—specifically, to the spousal support balance and to discharged non-support obligations—in direct violation of the March 2019 Order. Despite Plaintiff's Motion to Compel (Exhibit U) formally notifying DCSE of the required CS-first allocation, Bullard continued to systematically misapply payments.

63. Bullard, as the assigned case manager, personally directed and authorized DCSE's payment allocation methodology throughout this period. In her November 19, 2024, email (the "Set in Stone Email," Exhibit B), Bullard described the CS balance history as "set in stone" by court orders, demonstrating her personal

knowledge of the correct balance history while simultaneously managing a system that produced mathematically inconsistent results.

**E. The Fabricated Adjustment of May 16, 2025**

64. On May 16, 2025, Plaintiff made a payment of $50,919.61 to DCSE, reducing the stated CS balance to $5,174.42. See Exhibit A.

65. On that same date—May 16, 2025—Bullard added $24,906.36 to Plaintiff's DCSE account, characterized as a "5% annual increase to spousal support" adjustment. No notice of this addition was provided to Plaintiff before or after it was made in violation of DCSE own program manual guidelines and Plaintiff's due process.

66. On that same date—May 16, 2025—Defendant Trdic filed a Motion and Affidavit for Arrearages in Loudoun County Circuit Court (the "May 2025 Motion," Exhibit S) claiming a CS balance of $104,413.72, a figure that is irreconcilable with DCSE's own certified balance of $6,531.06 as certified by DCSE Authorized Representative Bret H. Funk on June 11, 2025 (the "Funk Certification," Exhibit C).

67. The simultaneous occurrence of Bullard's addition and Trdic's filing (Exhibit S) on May 16, 2025, is not coincidental. It establishes coordinated action between Bullard and Trdic to prevent Plaintiff's account from reaching zero and to maintain the enforcement mechanisms—including the passport hold—that depended on a positive CS arrearage balance.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

68. DCSE's own Program Manual requires, before adding large amounts to an enforcement account: (a) written Pre-Offset Notice to the NCP, DCSE Program Manual, Legal §C(1)(a)-(b), p. Legal 392; (b) the NCP's right to contest whether funds to be held are exempt from garnishment by law, id. §D(4)(b), p. Legal 389; and (c) written notice of an administrative review of arrears accuracy, id. §C(3)-(5), p. Legal 388. Plaintiff received none of these notices on or around May 16, 2025.

**F. The Fabricated Adjustment of June 30, 2025 — The Passport Obstruction**

69. With additional payments, by June 24, 2025, Plaintiff reduced the stated CS balance to zero.

70. On Friday, June 27, 2025, at 7:09 PM EST, Bullard sent an email directly to Defendant Trdic at her personal Gmail address (kaseykcm@gmail.com) (the "June 27 Email," Exhibit D) which stated, in relevant part, that:

   (a) the remaining CS balance was "set to be paid off on 6/30/2025";

   (b) DCSE "is not able to do the calculations" for compounded interest;

   (c) "DCSE will have to release our hold on his passport, as since we will no longer show any child support arrears, we won't have the ability to keep our hold in place"; and

   (d) DCSE's case would be closed and enforcement actions released.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

71. Despite Bullard's June 27 email acknowledging DCSE's inability to calculate compounded interest, on Monday, June 30, 2025—the same day Plaintiff's account was to reach zero and his passport was to be released—Bullard added $10,988.74 to Plaintiff's DCSE account, characterized as compounded interest on CS arrears that had purportedly not been calculated since the case opened on April 21, 2022.

72. On that same date—June 30, 2025—Defendant Trdic filed an emergency motion in Loudoun County Circuit Court to prevent closure of Plaintiff's DCSE case and release of the passport hold. Trdic could only have prepared this emergency filing in advance because Bullard provided her three days' advance notice on June 27, 2025, of the impending passport release. See Exhibit S.

73. Bullard's June 30, 2025, addition was unauthorized. Her own June 27 email established that DCSE lacked the authority and ability to calculate and add this interest. The addition was not a legitimate accounting correction—it was a fabricated debt entered on the precise day Plaintiff's account should have reached zero, timed to coincide with Trdic's emergency motion, for the purpose of maintaining the passport hold beyond the date on which it should have been released.

74. As with the May 16 addition, Plaintiff received no Pre-Offset Notice, no administrative review notice, and no opportunity to contest this addition before it was entered.

Raj Marmi, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarmi@Gmail.Com. Telephone: +1-725-200-2010

75. DCSE Authorized Representative Bret H. Funk certified on June 11, 2025—after Bullard's May 16 addition—that the total support arrearage through May 31, 2025, was $6,531.06 (the "Funk Certification," Exhibit C). This official certification is irreconcilable with Bullard's additions. If the compounded interest omission claimed were genuine and had been accruing since April 2022, Funk's June 11 certification would have reflected a materially higher balance. It did not. DCSE's own official certification thus contradicts DCSE's own subsequent additions, confirming that the additions were fabricated rather than corrective.

## G. DCSE's Supervisory Ratification — The Parker Letter

76. On July 31, 2025, DCSE supervisor Parker issued a letter to Plaintiff (the "Parker Letter," Exhibit E) purporting to explain the May 16 and June 30 additions. The Parker Letter characterized the additions as legitimate accounting corrections: the May 16 addition as a "5% annual increase for spousal support" that had not been accurately applied, and the June 30 addition as compounded interest on CS arrears that the "automated system" had not applied since April 2022.

77. The Parker Letter does not constitute an administrative review as required by DCSE's Program Manual §C(3)-(5), p. Legal 388. It is a supervisory response letter—not a formal administrative review proceeding with written notice, impartial review, and a written decision within 10 calendar days. By issuing a defensive letter rather than initiating the mandatory administrative review process, Parker and

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

DCSE institutionally ratified Bullard's unauthorized additions without providing Plaintiff with the procedural protections to which he was entitled.

78. Under *In re Flynn*, 169 B.R. 1007 (Bankr. S.D. Ga. 1994), an institution's failure to correct known, glaring weaknesses in its procedures that cause repeated violations of federal bankruptcy protections constitutes bad faith. DCSE's institutional ratification of Bullard's fabricated additions, through the Parker Letter and through continued enforcement of the inflated balance, constitutes exactly this pattern of institutional bad faith.

79. On August 5, 2025, five days after the Parker Letter, Plaintiff sent an email to DCSE supervisors Parker and Shaner, and to Defendant Bullard, demanding that DCSE 'rectify the documented misconduct, address the pervasive falsehoods, and correct the fabricated financial records' by the end of that day (the 'August 5, 2025, DCSE Notice,' part of the DCSE Notice Compilation, **Exhibit W**). Plaintiff warned that absent a 'full and transparent resolution,' he would 'immediately seek judicial intervention.' DCSE did not respond. The fabricated balances remained. The passport hold continued.

**H. The December 2025 Notice to Prentice — Actual Knowledge Established**

80. On November 21, 2025, Plaintiff served DCSE, Prentice, and counsel for Trdic with over 100 pages of documentary evidence establishing the discharge violations (the "First Notice of Discharge Violation," Exhibit Q). This notice included excerpts of both Plaintiff's and Trdic's bankruptcy petitions and discharge orders, the PSA

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

identifying the dischargeable property settlement obligations, and a detailed explanation of the *Lange v. Lange* doctrine. DCSE, Prentice, and Trdic therefore had actual knowledge of the discharge violations before the December 3, 2025, hearing and **before** the entry of the January 9, 2026, Order

81. On December 19, 2025, at 6:56 AM, Plaintiff sent an email to Defendant Prentice at anne.prentice@dss.virginia.gov with the subject line "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice." The email was also copied to Christin Georgelas (counsel for Trdic) and Megan Houck. This notice was subsequently filed with the Loudoun County Circuit Court as Exhibit G (the "Prentice Notice," Exhibit M).

82. The Prentice Notice explicitly informed Prentice of:

- The proposed January 9, 2026, Order contained over $200,000 in debts that were discharged in federal bankruptcy;

- Defendant Trdic's 2019 Chapter 7 bankruptcy (Case No. 19-10603-KHK) in which she discharged the Prosper and Circle Bank debts and paid $0 to these creditors;

- Plaintiff's 2020 Chapter 7 bankruptcy (Case No. 20-13238-MKN) discharging his hold-harmless obligations;

- The controlling case law: *Lange v. Lange* (no indemnification claim where creditor/claimant paid $0); *Taggart v. Lorenzen* (no fair ground of doubt

after actual notice); *In re McLean* (attorneys personally liable for discharge violations);

• Her independent duty under Virginia Rule 3.8 to "seek justice, not merely prevail" as a government lawyer;

• Her duty of candor to the tribunal under Virginia Rule 3.3;

• Her mandatory reporting obligation under Virginia Rule 8.3(a);

• The specific consequences if she continued participating in enforcement of discharged debts.

• The documentary evidence previously provided in the November 21, 2025, First Notice (Exhibit Q).

83. On December 3, 2025, a hearing was held in the Loudoun County Circuit Court at which Defendant Prentice appeared as counsel for DCSE. See "December 3, 2025, Hearing Attendees List," Exhibit R. At the hearing, Trdic counsel Gerogles presented several exhibits with discharged debts, which documented the continued pursuit of $295,735 in discharged claims. Prentice was therefore personally present at a proceeding where discharged debts were being enforced, with documentary evidence of the discharge violations before her, weeks before she received the detailed Prentice Notice.

84. Later on, March 3, 2026, DCSE, Prentice and Trdic were provided with the full transcript of the December 3, 2025, hearing.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

85. The Prentice Notice (Exhibit M) stated in explicit terms:

> "*After this email, there is no fair ground of doubt. You have been placed on notice.*"

> "*If you continue participating in collection efforts after receiving this notice, you may be held personally liable in federal bankruptcy court for: Compensatory damages, Punitive damages, Sanctions under Taggart.*"

> "*IF YOU SIMPLY ENTER THE AMOUNTS FROM THE JANUARY 9TH ORDER INTO DCSE SYSTEM WITHOUT INVESTIGATION, BOTH YOU AND DCSE WILL BE NAMED AS DEFENDANTS IN THE FEDERAL BANKRUPTCY COURT SANCTIONS MOTION.*"

86. The Prentice Notice demanded a response within seven (7) days addressing: (a) DCSE's involvement in collection of the Prosper and Circle Bank debts; (b) the steps Prentice had taken to investigate; (c) whether she had reported to the Virginia State Bar; and (d) whether she had disclosed the bankruptcy discharges to the Loudoun County Circuit Court.

87. Prentice never responded to the Prentice Notice. She did not investigate. She did not report to the Virginia State Bar. She did not disclose the bankruptcy discharges to the Loudoun County Circuit Court. She did not withdraw from representation. Instead, she continued to participate in enforcement of discharged debts for over four months after receiving actual notice.

35 of 71

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

88. On January 29, 2026, at 12:10 PM—twenty days after the Loudoun County Circuit Court entered the January 9, 2026, Order—Plaintiff sent an email directly to Defendant Prentice with the subject 'FINAL NOTICE OF WILLFUL VIOLATION OF FEDERAL DISCHARGE INJUNCTION' (the 'January 29, 2026, Final Notice,' part of Exhibit W). The email stated that Prentice had been 'provided various notices and documents in October, November, December 2025 and in January 2026 about the Bankruptcy Fraud committed by Ksenija Trdic' and had received 'over 300+ pages of documents, numerous emails over the past several months detailing the FRAUD.' Plaintiff demanded that Prentice 'stay all enforcement actions and restore my account to reflect only non-discharged obligations' within 24 hours. Prentice did not respond. She did not stay enforcement. She did not restore the account.

89. Three days later, on February 1, 2026, at 7:26 PM, Plaintiff sent an email to Defendant Bullard—with Defendant Prentice copied—with the subject 'PERSONAL NOTICE OF LIABILITY: Willful Violation of Bankruptcy Discharge – Case 0005005576' (the 'February 1, 2026, Personal Notice,' part of Exhibit W). The email referenced a 'Payment Record Letter' dated January 29, 2026, which reflected a 'past due support debt' of $508,533.84. Plaintiff stated explicitly: 'Your current balance of $508,533.84 (as per your January 29th, 2026, Notice) is mathematically impossible under the terms of the support orders unless you have intentionally included discharged non-support debts.' The email attached: (a) the January 7, 2026, Adversary Complaint; (b) the November 19, 2024 'Set in Stone' email; and (c)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

the June 27, 2025, Bullard-to-Trdic email. Bullard did not respond. She did not correct the balance. The $508,533.84 figure remained in DCSE's system.

**I. The March 2026 Video Verification Offer — Second Notice Ignored**

90. On March 10, 2026, at 8:35 AM, Plaintiff sent an email to both Defendant Prentice (at anne.prentice@dss.virginia.gov) and Defendant Trdic (at kaseykcm@gmail.com, kmarni@hotmail.com, and kmarni@gmail.com) with the subject line "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release" (the "Video Verification Offer," Exhibit N).

91. The Video Verification Offer explicitly warned:

*"My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good."*

92. The Video Verification Offer further explained that Plaintiff had executed a Patent Licensing and Consulting Agreement requiring his physical, on-site presence in the MENAT region (Middle East, North Africa, and Turkey) no later than April 15, 2026. The financial stakes were described as significant.

93. Critically, the Video Verification Offer stated that LeBar InfoTech's executive team in Turkey and Dubai, led by Authorized Signatory Vadym Kyluchevsky, had expressed a *"full willingness to participate in a Video Verification Session with the*

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

*DCSE or the Court or Ms. Trdic."* During this session, LeBar was prepared to confirm:

- The existence and terms of the Patent Licensing and Consulting Agreement;

- The absolute April 15, 2026, deadline;

- The permanent cancellation clause;

- The financial terms ($10,000/day licensing fees, $225/hour consulting);

- Any other matter required for independent verification.

94. This offer gave both Prentice and Trdic the opportunity to independently verify the contract's existence and terms before continuing enforcement actions that would destroy it. They could have requested a video call with LeBar's executive team. They could have required Plaintiff to prove the contract was real. They could have taken any number of investigative steps before April 15, 2026.

95. Neither Prentice nor Trdic responded to the Video Verification Offer. Neither requested the offered video verification session. Neither took any action to release the passport hold or to investigate whether their continued enforcement was destroying a legitimate multi-million-dollar employment opportunity. They had thirty-six days between the Video Verification Offer (March 10, 2026) and the contract's permanent cancellation deadline (April 15, 2026). They did nothing.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

96. The Video Verification Offer eliminates any possible claim by Prentice or Trdic that they did not believe the LeBar contract was real, that they had no opportunity to verify it, or that they lacked sufficient information to understand the harm their actions were causing. They were offered independent verification and refused it. This constitutes willful and deliberate indifference to the devastating harm they were inflicting.

**J. The Passport Hold — Permanent Destruction of the LeBar Contract**

97. Pursuant to 22 U.S.C. § 2714a, the State Department denies or revokes a passport when a person owes more than $2,500 in certified child support arrears. DCSE maintained Plaintiff's passport hold throughout the enforcement period by certifying a CS arrearage balance in excess of $2,500 to the appropriate federal authorities.

98. That certified CS arrearage balance included discharged obligations embedded in the $86,557.09 opening balance, as demonstrated by the mathematical analysis above. The passport hold was therefore maintained, at least in part, to enforce collection of discharged debts—in direct violation of the Discharge Order.

99. On February 14, 2026, LeBar InfoTech Turkey A.Ş. issued an Official Engagement Confirmation Letter (the "LeBar Letter," Exhibit J) confirming a fully executed Patent Licensing and Consulting Agreement with Plaintiff. The material terms of the Agreement were as follows:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- o   Consultant Role: Chief Architect / IT Consultant

- o   Patent License Fee: $2,000 per patent, per day of active on-site implementation

- o   Number of Patents Licensed: Five (5) U.S. provisional patent applications.

- o   Total Daily License Income: $10,000 per day at full capacity

- o   Consulting Hourly Rate: $225 per hour — no cap on billable hours

- o   Physical Presence Requirement: On-site physical presence in MENAT region is mandatory precondition for all compensation.

Absolute Deadline: April 15, 2026 — non-negotiable, non-waivable

100. The LeBar Letter explicitly stated (Section 3): "*PERMANENT CANCELLATION CLAUSE: Mr. Raj Marni must be physically present, on-site, and operationally commenced in the MENAT region on or before April 15, 2026. This deadline is absolute, non-negotiable, and non-waivable. Failure to meet this condition — regardless of cause — will result in the immediate, permanent, and irrevocable cancellation of the Agreement.*"

101. The LeBar Letter further stated (Section 3(c)): "If Mr. Marni fails to appear on-site by April 15, 2026, for any reason — *including but not limited to legal restrictions, travel impediments, passport limitations, court orders, incarceration —* the Agreement will be permanently cancelled, and the Company will procure

alternative solutions. The opportunity will not be available to Mr. Marni in any subsequent form."

102. On or about February 25, 2026, the LeBar Letter was provided to both Defendant Prentice and Defendant Trdic. They had **forty-nine days** from that date to release the passport hold before the contract's cancellation. They did nothing.

103. Because Defendants DCSE, Bullard, and Prentice maintained the unlawful passport hold based on inflated arrears that included discharged debts, and because Defendants Prentice and Trdic ignored the Video Verification Offer, Plaintiff was unable to obtain a passport and travel to Turkey by the April 15, 2026, contractual deadline. The LeBar Contract was permanently cancelled on April 15, 2026.

104. The harm is not speculative—it is actual, realized, and irrevocable. Plaintiff's documented income loss includes:

- o Patent License Fees: $10,000 per day × estimated 250 working days/year = $2,500,000 annually
- o Consulting Fees: $225 per hour × estimated 2,000 billable hours/year = $450,000 annually
- o Total Annual Income Lost: Approximately $2,950,000

    Multi-Year Contract Value: Exceeds $5,000,000

105. This income is now permanently and irrevocably lost. The LeBar Letter expressly stated that "[t]he opportunity will not be available to Mr. Marni in any

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

subsequent form." The passport hold—maintained by Defendants to enforce collection of discharged debts—directly and proximately caused this catastrophic economic harm.

**K. The December 3rd, 2025, Hearing – Sworn Admissions**

106. On December 3, 2025, the Loudoun County Circuit Court held a hearing in *Trdic v. Marni*, Case No. CL-00107389-01, before Judge Stephen Sincavage. At this hearing, Plaintiff explicitly raised the federal bankruptcy discharge in his opening statement, identifying by name the discharged debts: "*the Prosper Loan, the Circle Bank... these are all debts that are discharged*" (Exhibit V, Part D, p. 12:12-14). Neither Defendant Prentice nor DCSE representative Kristi McDonald addressed this defense. They heard Plaintiff's statement and continued to advocate for enforcement of the $800,000+ balance.

107. At the same hearing, Defendant Trdic testified under oath and admitted that "Prosper Loan and Circle Bank were discharged" in her 2019 bankruptcy, but that she continued collecting those amounts from Plaintiff (Exhibit V, Part C, pp. 58:15-22). This sworn admission confirms the double-dipping fraud at the heart of this conspiracy: Trdic paid $0 to these creditors, discharged her own liability, and yet claims Plaintiff owes her for these same debts.

108. DCSE District Manager Kristi McDonald testified under oath that DCSE's payment system was "*not set up to do it any other way*" than follow their internal hierarchy (Exhibit V, Part A, p. 102:18-20). Defendant Prentice stated in argument

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

that DCSE could not "*administer that order telling us to allocate things differently than the system is set up to do*" (Exhibit V, Part B, p. 121:4-8). These admissions prove that DCSE's institutional position was to defy any judicial order—including the federal discharge injunction—that conflicted with their internal systems.

109. Following the hearing, the Court adopted the calculations presented by Georgelas/Trdic without addressing Plaintiff's bankruptcy discharge defense. The Court entered findings that the spousal support arrearage was $441,185.70 and the child support arrearage was $63,493.88 (Exhibit V, Part E, pp. 127:22-24)—figures that include discharged debts and are void ab initio under 11 U.S.C. § 524(a)(1). The Court also reiterated the passport surrender order (Exhibit V, Part E, pp. 129:1-5), leading directly to the permanent cancellation of the LeBar Contract.

110. Furthermore, the January 9, 2026, Order entered by the Loudoun County Circuit Court—which established a CS balance of $63,493.98 and a total judgment of approximately $800,419.73, including Prosper ($24,299.42) and Circle Bank ($64,022.65) obligations discharged in both Trdic's 2019 and Plaintiff's 2020 bankruptcies—judicially ratified the fraudulent balances that DCSE's accounting produced. This Order is itself a product of DCSE's and Bullard's misapplication of payments, defended by Prentice despite her actual knowledge that enforcement would violate federal law, and is subject to this Court's power to declare it void to the extent it conflicts with the Discharge Order, pursuant to 11 U.S.C. § 524(a)(1).

/ / /

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## COUNT I

## WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION (11 U.S.C. § 524)

### (Against All Defendants)

111. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

112. The Discharge Order entered in Plaintiff's Chapter 7 bankruptcy case on December 29, 2020, constitutes a permanent injunction under 11 U.S.C. § 524(a)(2) against "any act; to collect, recover or offset any such debt as a personal liability of the debtor." This injunction operates against the entire world—including DCSE, Bullard, Prentice, and Trdic—whether or not they were parties to the bankruptcy proceeding.

113. The following debts were discharged by the Discharge Order and are subject to the § 524 injunction:

(a) Plaintiff's obligation to make payments on Trdic's Circle Bank loan (approximately $64,022), a property settlement obligation dischargeable under § 523(a)(15);

(b) Plaintiff's obligation to make payments on Trdic's Prosper loan (approximately $24,299), same;

(c) All other non-support property settlement obligations in the PSA.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

These obligations are also unenforceable under the *Lange* doctrine because Trdic herself obtained a discharge of these loans in 2019 and paid $0 to either creditor.

114. Defendants committed the following acts to collect discharged debts in violation of § 524(a)(2):

- Entering and maintaining a CS arrearage balance of $86,557.09 on April 21, 2022, which was inflated by approximately $56,000 through misapplication of pre-bankruptcy payments to discharged non-support obligations instead of CS as required by the March 2019 Order;

- Collecting over $185,000 in payments from May 2022 through June 2025 against a balance that included discharged obligations embedded in the opening balance;

- Maintaining the passport hold throughout the enforcement period by certifying a CS arrearage balance that included discharged debt, directly causing the permanent cancellation of the LeBar Contract;

- Adding $24,906.36 on May 16, 2025, without notice, without court authorization, and in coordination with Trdic's simultaneous court filing, to prevent the CS balance from reaching zero;

- Adding $10,988.74 on June 30, 2025—after Bullard's own written acknowledgment that DCSE lacked authority to make such a

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

calculation—in coordination with Trdic's simultaneous emergency filing, blocking passport release on the day it was required;

• Intercepting Plaintiff's tax refunds against balances that included discharged obligations, without providing the Pre-Offset Notice required by DCSE Program Manual §C(1)(a)-(b), p. Legal 392;

• Defendant Prentice's continued legal representation and participation in enforcement of the January 9, 2026, Order for over four months after receiving the Prentice Notice, which explicitly warned her that enforcement would violate federal discharge injunctions;

• Defendants Prentice and Trdic ignoring the March 10, 2026, Video Verification Offer, which gave them **thirty-six days** to verify the LeBar contract and release the passport hold before it was permanently cancelled.

115. Under *Taggart v. Lorenzen*, 587 U.S. 554 (2019), civil contempt for a discharge violation is warranted where there is "no fair ground of doubt" as to whether the discharge prohibited the creditor's conduct. There is no fair ground of doubt here for the following independent reasons:

• Bullard's own "Set in Stone" Email (Exhibit B, November 19, 2024) expressly acknowledged that court orders control DCSE's balance determinations and that "we do not have the power to override a Court's

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Order"—demonstrating **actual knowledge** of the controlling legal framework she subsequently violated;

• Bullard's own June 27 Email (Exhibit D) expressly acknowledged that DCSE lacked authority to calculate or add compounded interest—a statement she contradicted three days later by making exactly that addition;

• The Funk Certification (Exhibit C)—DCSE's own official certified record—established a balance irreconcilable with Bullard's additions, confirming that those additions were unauthorized under DCSE's own internal accounting framework;

• DCSE's Program Manual mandated five separate procedural protections before enforcement actions could be taken, none of which were provided to Plaintiff, confirming institutional knowledge of the procedural requirements and deliberate disregard of them;

• The same-day coordination pattern on May 16 and June 30—in which Bullard's administrative additions and Trdic's court filings occurred simultaneously on both dates—**eliminates any innocent explanation** for the timing and establishes willful coordinated conduct;

• The mathematically impossible $56,000 discrepancy proves that payments were applied to discharged debts in violation of the March 2019 Order;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- The Prentice Notice (Exhibit M) explicitly placed Prentice on notice of all controlling facts and law on December 19, 2025, stating "*After this email, there is no fair ground of doubt*"—yet Prentice continued participating for over four months;

- The Video Verification Offer (Exhibit N) gave Prentice and Trdic the opportunity to independently verify the LeBar contract before destroying it—**they refused the verification and did nothing**, demonstrating deliberate indifference to the harm they were causing.

- Defendants' own sworn admissions **(Exhibit V)** confirm their knowledge of the controlling legal framework and their deliberate disregard of it.

- Plaintiff's August 5, 2025, January 29, 2026, and February 1, 2026, emails to DCSE officials **(Exhibit W)** explicitly warned of the violations, cited the controlling legal framework, demanded correction, and provided documentary evidence including the adversary complaint and key exhibits—yet Defendants continued enforcement without response.

- At the December 3, 2025, hearing, Plaintiff explicitly raised the federal discharge and identified by name the discharged debts: "the Prosper Loan, the Circle Bank... these are all debts that are discharged." (Exhibit V, Part D, p. 12:12-14). Neither Defendant Prentice nor DCSE representative McDonald addressed this defense. Instead, they continued to advocate for enforcement of the $800,000+ balance. After Plaintiff's statement, there

was no "fair ground of doubt" that the arrearage included discharged debts.

- DCSE District Manager Kristi McDonald testified under oath that DCSE's payment system was "not set up to do it any other way" than follow their internal hierarchy (Exhibit V, Part A, p. 102:18-20), and Defendant Prentice stated that DCSE could not "administer that order telling us to allocate things differently than the system is set up to do" (Exhibit V, Part B, p. 121:4-8)—proving institutional refusal to comply with any judicial order, including the federal discharge injunction, that conflicted with DCSE's internal policies.

116. As a direct and proximate result of Defendants' willful violations of the Discharge Order, Plaintiff has suffered actual, realized damages including: permanent loss of the LeBar Contract (documented value exceeding $5,000,000); inability to work internationally; emotional distress; litigation costs; and the ongoing indignity of incarceration threats and contempt proceedings arising from inflated balances produced by Defendants' misconduct.

117. Plaintiff seeks an award of actual damages, compensatory damages, attorney fees and costs, and such other relief as this Court deems just, pursuant to 11 U.S.C. §§ 524 and 105(a). Plaintiff notes that 11 U.S.C. § 106(a)(3) bars punitive damages against governmental units, but compensatory damages and fees are expressly available. See *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir. 1996). Punitive

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

damages are available against Bullard, Prentice, and Trdic in their individual capacities. See *In re McLean*, 794 F.3d 1313 (11th Cir. 2015).

## COUNT II

### CIVIL CONTEMPT — VIOLATION OF FEDERAL COURT ORDER (11 U.S.C. § 105(a))

### (Against All Defendants)

118. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

119. The Discharge Order is an order of this Court. It constitutes a federal court order binding on all persons and entities, including state agencies, state officials, and attorneys representing them, from the date of its entry.

120. Defendants had actual or constructive knowledge of the Discharge Order. Bankruptcy discharges are public record. DCSE's enforcement function requires monitoring for bankruptcy filings affecting obligors. Plaintiff provided direct written notice of the discharge through multiple communications prior to and during the enforcement period. Trdic attended the § 341 Meeting. Prentice received the detailed Prentice Notice on December 19, 2025, and both Prentice and Trdic received the Video Verification Offer on March 10, 2026.

121. Despite such knowledge, Defendants willfully engaged in the acts described in Count I, each of which constitutes a separate act of contempt of this Court's Discharge Order.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

122. This Court has authority under 11 U.S.C. § 105(a) to issue any order necessary to carry out the provisions of the Bankruptcy Code and to hold parties in contempt for violation of its orders. See *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir. 1996) (IRS held in contempt under § 105 for violations of automatic stay; government entity cannot avoid liability by attributing violations to its automated systems); *In re Flynn*, 169 B.R. 1007 (Bankr. S.D. Ga. 1994) (institutional failure to correct known procedural deficiencies constitutes bad faith); *In re McLean*, 794 F.3d 1313 (11th Cir. 2015) (attorneys held personally liable; following state court orders is not a defense).

123. Plaintiff seeks a finding of civil contempt against all Defendants, an order requiring immediate corrective accounting to reflect the true CS balance under the March 2019 Order, immediate release of the passport hold, and an award of compensatory damages, costs, and fees.

## COUNT III

### VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983 / 14th AMENDMENT)

**(Against Defendants Bullard and Prentice in Their Individual Capacities)**

124. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

125. At all relevant times, Bullard and Prentice acted under color of state law in their capacities as, respectively, a Support Enforcement Specialist employed by DCSE and an Assistant Attorney General employed by the Virginia Attorney General's Office.

126. Plaintiff has a constitutionally protected liberty interest in his right to international travel, including his right to possess and use a United States passport. The Supreme Court has recognized the right to travel internationally as a fundamental liberty interest protected by the Due Process Clause. The restriction of this right through administrative enforcement mechanisms without constitutionally adequate procedural protections violates the Fourteenth Amendment. The LeBar Contract—a documented multi-million-dollar employment opportunity requiring international travel with an April 15, 2026, deadline—demonstrates the concrete, quantifiable nature of this deprivation. That contract has now been permanently cancelled due to Defendants' actions.

127. Bullard deprived Plaintiff of this liberty interest without constitutionally adequate procedural due process by:

(a) adding $24,906.36 to Plaintiff's enforcement account on May 16, 2025, without prior written notice, without opportunity to contest the addition, and without the administrative review required by DCSE Program Manual §C(3)-(5), p. Legal 388;

(b) adding $10,988.74 on June 30, 2025, under identical circumstances;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(c) maintaining the passport hold based on these unauthorized additions, directly causing the permanent cancellation of the LeBar Contract; and

(d) failing to provide any of the five mandatory procedural protections specified in DCSE's own Program Manual before making these enforcement actions.

128. Prentice deprived Plaintiff of this liberty interest without constitutionally adequate procedural due process by:

(a) continuing to participate in enforcement of the January 9, 2026, Order after receiving actual notice that enforcement would violate federal law;

(b) failing to investigate or verify that the amounts being enforced were legitimate domestic support obligations rather than discharged property settlement debts;

(c) failing to disclose to the Loudoun County Circuit Court the material facts regarding the bankruptcy discharges that rendered portions of the January 9, 2026, Order void;

(d) participating in maintenance of the passport hold based on amounts she knew or should have known included discharged debts;

(e) ignoring the March 10, 2026, Video Verification Offer, which gave her thirty-six days to verify the LeBar contract and release the passport hold, and taking no action.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

129. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the constitutional adequacy of procedural protections is assessed by balancing: (a) the private interest affected; (b) the risk of erroneous deprivation and the probable value of additional safeguards; and (c) the government's interest. Here, the balance strongly favors Plaintiff: the interest is fundamental (international travel, multi-million-dollar employment); the risk of erroneous deprivation was realized (the additions were fabricated, the contract was cancelled); and the government's interest is zero—DCSE's own Program Manual required exactly the procedural protections that were omitted.

130. Independently, DCSE Program Manual §D(4)(b), p. Legal 389 expressly provides that an NCP may contest whether funds to be held are "exempt from garnishment by law." Bankruptcy-discharged debts are exempt from collection as a matter of federal law under 11 U.S.C. § 524. Defendants' failure to provide Plaintiff the opportunity to assert this statutory exemption before making enforcement actions constitutes an independent procedural due process violation.

131. Plaintiff seeks compensatory damages, injunctive relief, and attorney fees and costs under 42 U.S.C. § 1988 for Bullard's and Prentice's individual capacity violations.

/ / /

/ / /

54 of 71

## COUNT IV

## CIVIL CONSPIRACY TO VIOLATE DISCHARGE INJUNCTION

### (Against All Defendants — Jointly and Severally)

132. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

133. The conspiracy alleged in this proceeding is distinct from, though related to, the conspiracy alleged in Adversary Proceeding No. 26-01002-mkn. The Private Actor Case alleges a conspiracy among private attorneys and Trdic to manufacture fraudulent claims. This case alleges a conspiracy among state officials and Trdic to enforce those claims through the state's administrative machinery. Defendant Trdic participated in both conspiracies, serving as the coordinator between them.

134. A civil conspiracy to violate the discharge injunction exists when two or more persons act in concert, with knowledge of the discharge, to commit acts that collect discharged debts. Each participant in the conspiracy is jointly and severally liable for the full extent of the harm caused by the conspiracy.

135. Defendants DCSE, Bullard, Prentice, and Trdic engaged in a civil conspiracy to violate Plaintiff's Discharge Order through the following overt acts, among others:

- April 2022 — Trdic reopened the DCSE case and provided DCSE with an inflated CS balance of $86,557.09, supported by the April 2022 State Court Order (Exhibit T) and her sworn affidavit (Exhibit P), that embedded discharged obligations through misapplication of $84,663 in

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

pre-bankruptcy payments. DCSE and Bullard accepted this mathematically impossible balance without verification;

• 2022–2025 — Bullard systematically misapplied Plaintiff's $185,000+ in payments to spousal support and discharged obligations instead of CS, in coordination with and to the benefit of Trdic, in violation of the March 2019 Order;

• May 16, 2025 — On the same day Plaintiff made a $50,919.61 payment that would nearly extinguish the CS balance, Trdic filed a motion (Exhibit S) claiming an inflated CS balance, and Bullard added $24,906.36 to the DCSE account—a coordinated, simultaneous act with no innocent explanation;

• June 27, 2025 — Bullard sent a private after-hours email to Trdic's personal Gmail address (kaseykcm@gmail.com), providing three days' advance notice that Plaintiff's account would reach zero and his passport would be released on June 30, 2025—enabling Trdic to prepare an emergency filing;

• June 30, 2025 — On the same day Plaintiff's account reached zero and his passport was to be released, Bullard added $10,988.74 to the DCSE account and Trdic filed an emergency motion—a second simultaneous coordinated act that blocked the passport release Bullard herself had confirmed three days earlier was legally required;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

• December 2025 – April 2026 — After receiving explicit notice of the discharge violations on December 19, 2025, Prentice continued to participate in enforcement of the January 9, 2026, Order, providing legal cover for DCSE's and Bullard's ongoing violations and failing to take any of the corrective actions required of a government lawyer under Virginia Rules 3.3, 3.8, and 8.3(a);

* January–February 2026 — After entry of the January 9, 2026, Order, Plaintiff sent the January 29, 2026, Final Notice to Prentice and the February 1, 2026, Personal Notice to Bullard (Exhibit W), both demanding immediate correction of the mathematically impossible balances. Neither Defendant responded. Neither took corrective action. Instead, they continued enforcement of the void order while DCSE's records showed $508,533.84 in fabricated arrears.

* December 3, 2025 — At the hearing, Plaintiff explicitly stated that Prosper, Circle Bank, and other debts "are all discharged" (Exhibit V, Part D, p. 12:12-14). Neither Prentice nor DCSE representative McDonald responded. Trdic testified under oath that "Prosper Loan and Circle Bank were discharged" in her 2019 bankruptcy but that she continued collecting those amounts from Plaintiff (Exhibit V, Part C, pp. 58:15-22). Despite this admission, Defendants continued to advocate for the $800,000+ arrearage and the Court—in Plaintiff's absence due to medical

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

emergency—adopted the void figures and reiterated the passport seizure order (Exhibit V, Part E, pp. 127:22-24, 129:1-5).

• March 10, 2026 — Prentice and Trdic received the Video Verification Offer, giving them thirty-six days to verify the LeBar contract and release the passport hold. **Both ignored the offer**. Neither requested verification. Neither took any action. This deliberate inaction allowed the contract to be destroyed on April 15, 2026.

• April 15, 2026 — The LeBar Contract was permanently cancelled because Plaintiff could not travel to Turkey due to the passport hold maintained by Defendants. The conspiracy achieved its intended result: the destruction of Plaintiff's multi-million-dollar employment opportunity and his continued subjugation to enforcement mechanisms based on discharged debts.

136. The conspiracy was designed to achieve a single unlawful purpose: the collection of discharged debts through inflated CS arrearage balances maintained in the DCSE enforcement system, enforced through the passport hold and other administrative mechanisms, defended by the Attorney General's Office despite actual knowledge, and judicially ratified through coordinated state court filings—culminating in the January 9, 2026 Order that threatened Plaintiff with incarceration for non-payment of amounts including over $88,000 in discharged obligations.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

137. The conspiracy directly caused the permanent cancellation of the LeBar Contract on April 15, 2026, resulting in documented economic harm exceeding $5,000,000.

138. Each Defendant is jointly and severally liable for all damages caused by the conspiracy, including all damages identified in Counts I through III.

## COUNT V

### DECLARATORY RELIEF

### (Against All Defendants)

139. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

140. An actual controversy exists between the parties regarding the validity and enforceability of the state court orders that establish arrears based on discharged debts.

141. Pursuant to 11 U.S.C. § 524(a)(1), any judgment determining the personal liability of a debtor for a discharged debt is void.

142. Plaintiff requests that this Court enter a declaratory judgment that:

(a) Plaintiff's 2020 Discharge Order discharged all non-support property settlement obligations in the PSA, including the Circle Bank ($64,022) and Prosper ($24,299) loan obligations;

(b) All attempts to collect these discharged debts violate 11 U.S.C. § 524(a)(2);

(c) DCSE's maintenance of a CS arrearage balance incorporating discharged obligations constitutes a willful violation of the Discharge Order;

(d) The portions of the January 9, 2026, Loudoun County Circuit Court Order incorporating discharged obligations—including Prosper ($24,299.42) and Circle Bank ($64,022.65)—are void ab initio pursuant to 11 U.S.C. § 524(a)(1);

(e) DCSE is required to recalculate all arrears balances consistent with the March 2019 Order, crediting all pre-bankruptcy payments to Child Support first.

## COUNT VI

### INJUNCTIVE RELIEF

**(Against All Defendants; Against Bullard and Prentice Under *Ex parte Young*)**

143. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

144. Under *Ex parte Young*, 209 U.S. 123 (1908), a federal court may enjoin a state official from ongoing or threatened violations of federal law, notwithstanding sovereign immunity. The discharge injunction under 11 U.S.C. § 524(a)(2) is federal law.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

145. Defendants Bullard and Prentice, in their official capacities, have taken and continue to take enforcement actions that violate the discharge injunction. These actions include maintaining passport denial, processing wage garnishment, reporting to credit bureaus, facilitating contempt proceedings based on discharged debts, and defending enforcement actions despite actual knowledge that they violate federal law.

146. Pursuant to 11 U.S.C. § 106(a)(1), sovereign immunity is abrogated for governmental units with respect to Section 524. Under *In re Lacher* (9th Cir. BAP 2025), neither sovereign immunity nor Younger abstention prevents a bankruptcy court from enjoining state governmental entities from violating the discharge injunction.

147. Plaintiff requests that this Court:

(a) Permanently enjoin all Defendants from any further enforcement activities based on discharged debts;

(b) Order DCSE to immediately release the passport hold;

(c) Order DCSE to recalculate the CS arrearage balance consistent with the March 2019 Order, crediting all pre-bankruptcy payments to CS first;

(d) Enjoin DCSE from entering any amounts into its payment system based on discharged debts unless and until validated by this Court;

(e) Order correction of all credit bureau reporting based on discharged debts;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(f) Order Prentice to disclose to the Loudoun County Circuit Court the existence of both bankruptcy discharges and the Lange v. Lange case law;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raj Marni respectfully requests that this Court enter judgment against Defendants Virginia Division of Child Support Enforcement, Sue Ann Bullard, Anne Prentice, and Ksenija Trdic as follows:

### A. Declaratory Relief

1. A declaration that Plaintiff's December 29, 2020, Discharge Order discharged all non-support property settlement obligations in the PSA, including the Circle Bank ($64,022) and Prosper ($24,299) loan obligations, and that all attempts to collect these discharged debts violate 11 U.S.C. § 524(a)(2);

2. A declaration that DCSE's maintenance of a CS arrearage balance incorporating discharged obligations—including the mathematically impossible $56,000 discrepancy—constitutes a willful violation of the Discharge Order;

3. A declaration that the portions of the January 9, 2026, Loudoun County Circuit Court Order incorporating discharged obligations—including Prosper ($24,299.42) and Circle Bank ($64,022.65)—are void ab initio pursuant to 11 U.S.C. § 524(a)(1);

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## B. Injunctive Relief

4. An injunction pursuant to 11 U.S.C. §§ 524 and 105(a) and *Ex parte Young*, 209 U.S. 123 (1908):

(a) immediately ordering DCSE to release the passport hold;

(b) immediately ordering DCSE to recalculate the CS arrearage balance consistent with the March 2019 Order, crediting all pre-bankruptcy payments to CS first;

(c) enjoining DCSE, Bullard, and Prentice from taking any further enforcement action based on balances incorporating discharged obligations;

(d) prohibiting DCSE from entering any amounts into its payment system based on discharged debts unless and until validated by this Court;

(e) ordering correction of all credit bureau reporting based on discharged debts;

(f) ordering Prentice to disclose to the Loudoun County Circuit Court the existence of both bankruptcy discharges and the Lange v. Lange case law;

## C. Contempt Findings

5. A finding that all Defendants are in civil contempt of this Court's December 29, 2020, Discharge Order for willful violations of 11 U.S.C. § 524(a)(2);

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## D. Compensatory Damages

6. An award of compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial but not less than $5,000,000, including:

(a) Lost LeBar Contract compensation: $2,950,000 annually × multi-year term;

(b) Lost patent licensing income: $10,000 per day;

(c) Lost consulting income: $225 per hour;

(d) Emotional distress damages;

(e) Costs of pro se litigation necessitated by Defendants' violations;

(f) All other actual damages caused by the unlawful enforcement;

7. An award of compensatory damages against Bullard and Prentice individually under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment procedural due process rights, which directly caused the permanent cancellation of the LeBar Contract;

/ / /

/ / /

/ / /

64 of 71

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## E. Punitive Damages

8. Punitive damages against Defendants Trdic, Bullard, and Prentice (in their individual capacities) in an amount sufficient to punish and deter future violations, but not less than three times compensatory damages, based on:

(a) The four-year pattern of willful violations (2020-2026);

(b) The mathematically impossible calculations proving intentional misapplication;

(c) The same-day coordination pattern on May 16 and June 30, 2025;

(d) The private after-hours tip-off email on June 27, 2025;

(e) The double-dipping fraud ($0 paid, $88,322 claimed);

(f) The fabrication of adjustments on the precise days passport release was required;

(g) Prentice's continued participation for over four months after receiving explicit written notice;

(h) Prentice's and Trdic's deliberate refusal to accept the Video Verification Offer, demonstrating knowing indifference to harm;

(i) Defendants' failure to respond to repeated written demands for correction, including the August 5, 2025, January 29, 2026, and February 1, 2026,

notices **(Exhibit W)**, which provided all necessary evidence and legal authority;

(j) The permanent destruction of a documented multi-million-dollar contract;

(Punitive damages are not sought against DCSE as a governmental unit pursuant to 11 U.S.C. § 106(a)(3).)

## F. Litigation Costs and Potential Attorney Fees

9. An award of reasonable litigation costs and expenses incurred by the Plaintiff in the prosecution of this action.

10. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 105(a), 42 U.S.C. § 1988, and other applicable law, in the event the Plaintiff retains legal counsel for any portion of these proceedings.

11. Such other and further compensatory sanctions as the Court deems necessary to compensate the Plaintiff for the significant time and resources diverted to defending against the Defendants' willful violations

## G. Discovery

12. An order directing DCSE to produce all internal communications between Bullard and Trdic, between Prentice and any party, all internal accounting records, and any documents constituting or referencing the alleged

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

"agreement" between Trdic and DCSE that purportedly authorized deviation from the March 2019 Order;

## H. General Relief

13. Such other and further relief as this Court deems just and proper.

## I. Demand For Jury Trial

Pursuant to Federal Rule of Bankruptcy Procedure 9015, incorporating Federal Rule of Civil Procedure 38(b), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable, including but not limited to:

1. All claims for compensatory damages under 11 U.S.C. §§ 524 and 105(a);

2. All claims for punitive damages against Defendants Trdic, Bullard, and Prentice in their individual capacities;

3. All claims under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment procedural due process rights;

4. All claims for civil conspiracy;

5. All factual issues relating to Defendants' knowledge, intent, willfulness, and coordination in violating the Discharge Order. Plaintiff does not waive any right to a jury trial on any issue.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Dated: April 27th, 2026

Respectfully submitted,

_____

Raj Marni, *pro se*, Debtor

17595 Harvard Avenue, #C 4009

Irvine, CA 92614

Telephone:+1-725-200-2010

Email:RajMarni@Gmail.Com

## **EXHIBIT INDEX**

The following exhibits are attached hereto and incorporated by reference:

**Exhibit A**: DCSE Payment Worksheet (Case No. 0005005576), reflecting payment history May 2022 – June 2025

**Exhibit B**: Email from Sue Ann Bullard to Plaintiff, dated November 19, 2024 (the "Set in Stone Email")

**Exhibit C**: Virginia DCSE Payment Record, certified by Bret H. Funk, Authorized Representative, dated June 11, 2025, certifying arrearage balance of $6,531.06 through May 31, 2025 (the "Funk Certification")

**Exhibit D**: Email from Sue Ann Bullard (Sue.A.Bullard@dss.virginia.gov) to Kasey Trdic (kaseykcm@gmail.com), dated June 27, 2025, at 7:09 PM, re: VA DCSE Case #0005005576 Compounded Interest Calculations (the "June 27 Email")

**Exhibit E**:  Letter from DCSE Supervisor Parker to Plaintiff, dated July 31, 2025 (the "Parker Letter")

**Exhibit F**: March 1, 2019, Order, Loudoun County Circuit Court, Case No. CL00107389 (the "March 2019 Order")

**Exhibit G**: January 9, 2026, Order, Loudoun County Circuit Court, including Exhibit A listing discharged obligations.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**Exhibit H**: Arrears Calculation Model demonstrating correct CS balance under March 2019 Order and the mathematically impossible $56,000 discrepancy.

**Exhibit I:** Virginia Department of Social Services, Division of Child Support Enforcement Program Manual (May 2024), pages Legal 388-396, including the following relevant sections:

- Section D (Administrative Appeals), pp. Legal 388-389, establishing: D.3: NCP's right to appeal Passport Denial (D.3.c). D.4(b): NCP's right to contest "whether the funds to be held are exempt from garnishment by law."
- Section C (Federal Tax Intercept - Offset Program Notices), p. Legal 392-393, establishing: C.1(a)-(b): Pre-Offset Notice requirements and 30-day appeal period.
- Section J (Responsibilities of the Hearing Officer), p. Legal 396, establishing: J.5: 10-day notice requirement for appeal hearings.

**Exhibit J**: LeBar InfoTech Turkey A.Ş. Official Engagement Confirmation Letter, dated February 14, 2026 (Ref. No.: LIT-2026-0225-RAM), confirming Patent Licensing and Consulting Agreement with April 15, 2026, absolute deadline (the "LeBar Letter")

**Exhibit K**: December 29, 2020, Discharge Order, U.S. Bankruptcy Court, District of Nevada, Case No. 20-13238-MKN

**Exhibit L**: Defendant Trdic's Chapter 7 Bankruptcy Petition and Discharge, Case No. 19-10603-KHK, E.D. Va., showing discharge of Prosper and Circle Bank debts with $0 payment to creditors.

**Exhibit M**: Email from Plaintiff to Anne Prentice (anne.prentice@dss.virginia.gov), dated December 19, 2025, at 6:56 AM, Subject: "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice," with attached formal Notice dated December 20, 2025, filed with Loudoun County Circuit Court as Exhibit G (the "Prentice Notice")

**Exhibit N**: Email from Plaintiff to Anne Prentice (anne.prentice@dss.virginia.gov) and Ksenija Trdic (kaseykcm@gmail.com), dated March 10, 2026, at 8:35 AM, Subject: "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release," offering independent video verification of the LeBar Contract with Authorized Signatory Vadym Kyluchevsky (the "Video Verification Offer")

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**Exhibit O:** 2016 Separation and Property Settlement Agreement ("PSA") between Plaintiff and Defendant Trdic.

**Exhibit P:** February 2022 Trdic Affidavit. Proves Trdic submitted false balances.

**Exhibit Q:** November 21, 2025, First Notice of Discharge Violation (+100 pages) sent to DCSE, Prentice and Trdic's counsel.. Establishes notice timeline before December hearing.

**Exhibit R:** December 3, 2025, Hearing Attendees. Proves Prentice's presence/knowledge at hearing.

**Exhibit S:** May 2025 Motion and Affidavit for Arrearages. Proves May 16 coordination with Bullard.

**Exhibit T:** April 2022 State Court Order. Trdic submitted to open DCSE case.

**Exhibit U:** Motion to Compel Calculations filed by Plaintiff. Proves formal notification of CS-first allocation.

**Exhibit V:** Sworn admissions and Judicial Statements at the December 3rd, 2025, hearing transcript. Trdic v. Marni, Case No. CL-00107389-01, Loudoun County Circuit Court. (Full Transcript available upon request.)

**Exhibit W:** DCSE Notice Compilation:

(1) Email from Plaintiff to Holly Parker, Sue Ann Bullard, and Kaitlyn Shaner, dated August 5, 2025, at 6:54 AM, Subject: "Please do WHAT IS RIGHT AND FIX MY ACCOUNT TODAY";

(2) Email from Plaintiff to Anne Prentice, dated January 29, 2026, at 12:10 PM, Subject: "FINAL NOTICE OF WILLFUL VIOLATION OF FEDERAL DISCHARGE INJUNCTION," with attached Payment Record Letter;

(3) Email from Plaintiff to Sue Ann Bullard, dated February 1, 2026, at 7:26 PM, Subject: "PERSONAL NOTICE OF LIABILITY: Willful Violation of Bankruptcy Discharge – Case 0005005576," with attachments including Adversary Complaint, Set-in-Stone Email, and June 27 Email.

/ / /

# CERTIFICATION

I, RAJ MARNI, hereby certify on April 27, 2026, that a copy of the foregoing Adversary Complaint was sent via electronic mail, and via USPS postage prepaid to the following:

A. DEFENDANT VIRGINIA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE): (Service on governmental unit pursuant to FRBP 7004(b)(6) and Service on state agency pursuant to Va. Code § 8.01-291).

1) **Commissioner**, Virginia Department of Social Services, 801 East Main Street Richmond, VA 23219.

2) **Office of the Attorney General of Virginia**, 202 North 9th Street, 4th floor, Richmond, VA 23219.

B. DEFENDANT SUE ANN BULLARD (Individual and Official Capacity):

3) **Sue Ann Bullard**, Support Enforcement Specialist, in her **Individual and Official Capacity**, via USPS First Class Mail at her place of business: Division of Child Support Enforcement, 629 Cedar Creek Grade, Suite A, Winchester, VA 22601.

C. DEFENDANT ANNE PRENTICE (Individual and Official Capacity):

4) **Anne Prentice**, Esquire, Assistant Attorney General, Division of Child Support Enforcement, in her **Individual and Official Capacity**, via USPS First Class Mail at her place of business: 202 North 9th Street, 4th Floor, Richmond, VA 23219.

D. DEFENDANT KSENIJA TRDIC (Individual):

5) **Ksenija Trdic**, 20725 Wood Quay Drive, Unit 469, Sterling, VA 20166.

_____

RAJ MARNI, *Pro Se* Debtor
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010