# EXHIBIT - G

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

**VIRGINIA:**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC, )
)
              Plaintiff, )
)
v.                     )      Civil Action No. _CL 107389-01;-02
)
RAJ MARNI, )
)
              Defendant. )
                     )

## ORDER

**THIS CAUSE** came on to be heard on the 3rd day of December, 2025 upon the Plaintiff's, Ksenija Trdic's Affidavit and Petition for Rule to Show Cause against the Defendant, Raj Marni, and Motion for Order Establishing Arrearage Amounts; and upon presentation of evidence and argument of counsel/parties; and

**IT APPEARING TO THE COURT** that the Defendant (hereinafter "Former Husband") is in arrears as alleged by the Plaintiff (hereinafter "Former Wife") in the following amounts:

1. Child Support – $63,493.98 as of November 30, 2025 plus the judgment rate of interest until paid in full.

2. Spousal Support – $441,185.70 as of November 30, 2025 plus the judgment rate of interest until paid in full.

3. Total Debts Owed to Former Wife - $214,532.54 as of November 30, 2025 plus interest until paid in full.

4. Total Support Debts Owed to Daughter - $63,356.63 as of November 30, 2025, plus interest owed until paid in full.

1

Amount includes principal and interest

5. Total Support Debts Owed to Son- $17,850.88 as of November 30, 2025.

*The details of each exact debt that is owed and the interest rate for each debt are set forth on the attached Exhibit "A", which is incorporated herein by reference.

**WHEREUPON**, upon review by this Honorable Court, it is hereby,

**ADJUDGED and ORDERED and DECREED** as follows:

1. The Former Husband is hereby in CONTEMPT of court for failure to timely pay his ongoing spousal support obligation to the Former Wife, for failure to maintain life insurance without lapse, and for failure to provide medical, dental and vision health coverage insurance for the Former Wife as required by the parties' Final Order of Divorce; and

2. Child and Spousal Support Arrearages – The Former Husband is hereby ORDERED to pay the arrearages to the Former Wife through the Division of Child Support Enforcement (hereinafter "DCSE") for so long as permitted by DCSE, and directly to the Former Wife thereafter. Any payments made by the Former Husband shall be credited to current obligations first, with any payments in excess of the current obligation applied to child support arrearages and then spousal support arrearages. Interest on any arrearages shall be at the judgment rate of interest, which is currently 6% annual interest.

3. The Former Husband shall surrender forthwith to the clerk of the court his passport (in the event he has not surrendered it as of the entry of this Order). The Former Husband shall take no action or direct anyone to take any action on his behalf to have any new or replacement passport issued. The Defendant shall not apply or attempt to obtain a new passport or international travel documentation in an attempt to leave the United States of America without prior court approval.

2

*Trdic v. Marni*
*CL107389-02*

4. This matter is hereby CONTINUED to March 11, 2026 for 90 minutes, separate from the current 90 minutes already set, for the Former Husband to present his purge plan and/or imposition of sanctions, which may include incarceration, related to the contempt finding of this Order. The Former Husband is hereby put on NOTICE of the terms and requirements set forth on attached Exhibit "B" related to the presentation of evidence and testimony related to his purge plan. The terms of Exhibit "B" are hereby incorporated herein by reference as if set forth herein in full, and the Former Husband is hereby ORDERED to comply therewith.

5. Attorney's Fees: The Former Husband is hereby ORDERED to pay attorney's fees and costs in the amount of $3,000 related to the filing of this matter, which shall be paid directly to the Former Wife on or before March 10, 2026.

**IT IS FURTHER ORDERED** that, after entry of this Order, Christin Georgelas, Esquire, and any attorney of the *SG Law, PLC* are hereby discharged as counsel of record for the Plaintiff, and ~~Anne Prentice, and any attorney~~ The of Division of Child Support Enforcement is hereby removed as a party ~~withdrawn as counsel~~ in this matter.

**THIS CAUSE IS CONTINUED to MARCH 11, 2026 at 9:00 AM.**

ENTERED ___9___ day of ___January___, 2026

_____
**JUDGE**

SEEN AND _____:

SG Law, PLC
Counsel for __Plaintiff__
102 North King Street
Leesburg, Virginia
571-977-2345- telephone
571-977-2363 – facsimile

BY: _____

3

*Trdic v. Marni*
*CL107389-02*

Christin L. Georgelas, Esq., VSB 78456
christin@sglawplc.com


SEEN AND _____:

noticed +
_____ Rule 1:13   did not appear

Raj Marni, Pro Se Defendant



SEEN AND _____:


_____

Anne Prentice, Esq., VSB No. 45-894

Counsel for the Division of Child Support Enforcement


\* The Court has reviewed Mr. Marni's "Objection
to Proposed Order ...." regarding this
Order, filed 12/29/25, and the Court
is not persuaded that this Order
should not be entered.

4

*Trdic v. Marni*
*CL107389-02*



**EXHIBIT A**

### Summary of Child Support Debts Owed

| Subject of Arrearage | Interest Amount | Current Total Owed | Who Debt is Owed To |
|---|---|---|---|
| Parent Plus Loan (Daughter's student loan) | 7.6% | $57,200.32 | Ms. Trdic |
| Son's College Loan (Year 1) | 6% (Compounded) | $12,536.69 | Ms. Trdic |
| Daughter's Support | 6% (Compounded) | $14,335.49 | Daughter |
| Daughter's Support (Student Loan) | 5.05% | $37,863.55 | Daughter |
| Daughter's Support (Car) | 6% (Compounded) | $11,157.59 | Daughter |
| Son's College Loan (Year 3&4) Owed to Ms. Trdic | | $25,937.66 | Ms. Trdic |
| Son's College Loans (Years 3/4) | | $17,850.88 | Son |

### Summary of Debts Owed to Ms. Trdic

| Subject of Arrearage | Interest Amount | Current Total Owed |
|---|---|---|
| Prosper Loan | 6% (Compounded) | $24,299.42 |
| Circle Bank | 6% (Compounded) | $64,022.65 |
| Car Payment | 6% (Compounded) | $30,535.80 |
| | TOTAL | $118,857.87 |



EXHIBIT

B
_____

01 Set 3/11/26 9 a.m. for 90 minutes SEPARATE FROM 90 MIN ALREADY SET.for purge plan and/or imposition of sanctions, which may include incarceration.

You are put on notice that on 3/1126 at 9:00 it will be your burden to demonstrate an inability to pay and reasons for not paying support as the Court has ordered, both in current payments and to address arrears. and for not maintaining life ins and health ins coverage as the Court has ordered,

You should be prepared to present information and respond to questions about your financial status at the hearing, including your ability to make the payments required of you pursuant to this Court's orders using the income, assets, and or resources available to you.

Your financial status includes a full exposition of income and expenses, assets and debts. It includes information about your efforts to gain employment, including but not limited to documentation of applications and interviews, the position sought in an application or interview, the potential employer, the salary or pay rate for the jobs sought. You are ordered to take reasonable and diligent action in securing employment. The Court advises that you are to reasonably consider available employment even if it does not meet all your income, job description , or professional desires. A job making 80K or 40 K is better than no job at all. One can still seek more gainful employment while already employed. Work release is always an option available to the Court.

At the hearing, the Court will expect that any testimony you provide about your financial circumstances/ job search that is reasonably feasibly supported by documentation, will have documentation offered in support thereof. Any documentation that you intend to offer to the Court in support of your exposition of your ability or inability to pay must be provided to Ms. Trdic's counsel, if she has counsel at the time, or directly to Ms. TRdic, if she does not, by Feb 25, 2026. Any documentation that is not provided by that date will not, except for good cause shown, be eligible for admission at the hearing on March 11.

The direction to provide this information does not preclude Ms TRdic, whether thru her atty or if she is pro se, from seeking discovery under the Rules of the Supreme Court of Virginia.

Any testimony that you provide will be taken under oath under penalty of perjury. You may reasonably expect that the Court or counsel will inquire as to whether you have provided a full exposition of your financial circumstances.

You may reasonably expect that the Court will award reasonable attorney's fees to Ms. TRdic for work associated with preparation and conduct of the hearing on 3/11 26.