# EXHIBIT - I

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

Table of Contents

6. The NCP has 10 days from the date of the notice to submit a written request for an administrative appeal hearing.

(04/2013)

## D. Administrative Appeals (05/2024)

1. An administrative appeal is a formal hearing that gives an appellant the opportunity to contest actions taken by the Division.

2. Either party may formally appeal any of the provisions of an ASO.

3. The NCP appeals an action when he or she formally contests certain enforcement actions taken by the Division. These actions are:

    a. Federal Income Tax Offset – *FMS Offset Notice*

    b. Federal Income Tax *Pre-Offset Notice*

    c. Passport Denial

    d. *Order to Withhold*

    e. State Income Tax and Lottery Winnings Intercept

    f. Vendor Payment Intercept

    g. *Income Withholding for Support*

    h. Consumer Credit Agency Reporting

4. The NCP may only appeal the Division's actions to enforce a support order enforcement based on

    a. Mistake of fact

        1) An error in the identity of the NCP or

        2) An error in the amount of current support or past due support or,

    b. Whether the funds to be held are exempt from garnishment by law

5. Administrative appeals requests must be made in writing.

    a. If a party verbally indicates that he or she wishes to appeal an action, Division staff and Customer Service Center staff notify the party that he or she must submit a written appeal

Table of Contents

request within the appropriate timeframe for the given action. If requested, provide the address for the Division of Appeals and Fair Hearings and Civil Rights.

b. If the last day of an appeal period falls on a weekend or a holiday, the appellant has until close of business on the next business day to appeal.

c. Use the postmark date on the envelope to determine the date of the appeal request.

6. Immediately forward any written appeal requests received in the District Office to the Department's Division of Appeals and Fair Hearings and Civil Rights.

7. The Hearing Officer denies appeals requests if the appellant gives an appeal reason other than those allowed by law or regulation or if the appeal request is invalid.

8. Either party may withdraw his or her administrative appeal request at any time while the appeal is pending.

9. The administrative appeal process must be completed before the appellant can file a *de novo* appeal of the Hearing Officer's decision with the court.

10. An appeal to court must be made within 10 or 30 days of receiving the Hearing Officer's decision, depending on the action appealed.

11. An appeal is abandoned if the appellant fails to appear and does not contact the Hearing Officer to reschedule prior to the date and time of the hearing.

a. The Hearing Officer generates and sends an *Administrative Appeal Ruling* to the appellant by certified mail, return receipt requested when the appeal request is abandoned. A copy is sent to the District Office at the same time.

b. If the appellant contacts the Hearing Officer after the *Administrative Appeal Ruling* is issued and gives a valid reason for not appearing, the Hearing Officer may schedule another hearing.

12. Once the Hearing Officer generates the *Administrative Appeal Ruling* notifying the appellant that the appeal request is abandoned, and no notice is received of a rescheduled hearing, the Specialist proceeds with the planned action.

(08/2017)

## 10.2 Administrative Hearings

### A. Overview (04/2017)

Case 26-01060-pkn    Doc 1-9    Entered 04/27/26 10:56:27    Page 4 of 10

Table of Contents

1. Hearing Officers from the Department's Division of Appeals and Fair Hearings and Civil Rights schedule hearings for the Division's administrative appeals.

2. Administrative hearings are conducted either by telephone or face-to-face.

3. Face-to-face hearings are conducted in the District Office where the CP resides unless the NCP requests another location.

4. The appellant and the Specialist or the Field Supervisor attend the hearing.

5. Other individuals may also attend the hearing.

    a. The other party

    b. Legal Counsel or authorized representatives

    c. The District Office's Legal Counsel

    d. Any witnesses and

    e. Other persons at the Hearing Officer's discretion

6. A continuance of the hearing may be granted at the Hearing Officer's discretion.

7. The appellant can make a request for a continuance by telephone with a follow-up in writing.

8. The appellant receives the Hearing Officer's decision within 45 calendar days of the date of the appeal request; a copy is sent to the District Office at the same time. For face-to-face hearings, the Hearing Officer can serve the appellant at the hearing by *Waiver of Formal Process of Service.*

9. If the Hearing Officer enters a decision that changes an amount or other factor, proceed with actions based on the Hearing Officer's modifications.

10. For appeals of an administrative enforcement action on an intergovernmental case when Virginia is the responding state, the Hearing Officer hears the case.

    a. Once the hearing is held, the Hearing Officer sends the *Administrative Hearing Decision (Out-of-State)* to the parties.

    b. If either party disagrees with the decision, he or she sends written notice to the Manager of the Division of Appeals and Fair Hearings and Civil Rights.

    c. The Manager notifies the appropriate District Office to register the out-of-state order for the purpose of judicial appeal.

Table of Contents

    d. Within 5 working days of receipt of written notice of the appeal request of the Hearing Officer's decision to court, the Specialist

       1) Prepares the *Request for Registration of Foreign Support Order*

       2) Attaches any court forms necessary to take enforcement action

       3) Forwards the packet for review for court referral according to District Office requirements and

       4) Sends the approved packet to the appropriate Juvenile and Domestic Relations (JDR) Court

    e. The JDR court notifies the parties when the order has been registered.

## B. Administrative Support Order (04/2023)

1. Either party may appeal any of the establishment provisions of the *Administrative Support Order* (ASO).

2. Both parties have 10 calendar days from the service date to request an administrative appeal.

    a. Upon receipt of the proof of service on the NCP, a copy of the served *ASO* is mailed the same day to the CP.

    b. The CP has 10 calendar days from the date of receipt of a copy of the served *ASO* by first class mail to request an appeal. Allow at least 5 calendar days for mail delivery. A request for administrative appeal received after this time should be considered if the CP can show that the request was made within 10 calendar days of receipt, regardless of mailing time.

3. Within 10 calendar days of receipt of the Hearing Officer's decision, either party may appeal to the Juvenile and Domestic Relations (JDR) District Court in the locality he or she lives in except

    a. The appeal is where the CP resides if the NCP lives out of state

    b. The appeal is where the property of the NCP is located if both parties live out of state or

    c. If there is more than one appropriate choice under the above criteria, the NCP determines the appeal location.

(04/2017) (08/2017) (01/2020)

Table of Contents

### C. Federal Tax Intercept - Offset Program Notices (07/2018)

1. Intrastate Cases

   When Virginia is the certifying state with a Virginia order

   a. The NCP has 30 calendar days from the date of the *Pre-Offset Notice* to appeal the action.

   b. The NCP has 30 calendar days from the date of the *FMS Offset Notice* to appeal the action.

2. Intergovernmental Cases

   When Virginia is the certifying state for another state's order or another state is the certifying state with a Virginia order

   a. When Virginia is the certifying state and the NCP requests an administrative appeal hearing in Virginia, use the same procedures indicated in 1 above.

   b. If the complaint cannot be resolved and the order was not entered in Virginia, the NCP may request an administrative review in the state that entered the order.

      1) Within 10 calendar days, generate the *Child Support Enforcement Transmittal #2* and select block #17- Administrative review for contested debt certification in the federal collection and enforcement program.  Attach the NCP's request for an administrative review.

      2) If Virginia does not have an intergovernmental case with the state that entered the order, generate the *Child Support Transmittal #3- Request for Assistance or Discovery* and select block #5 Assistance with administrative review.  Include

         a) A copy of all orders relevant to the case,

         b) A copy of the payment record. If there is no payment record, provide an affidavit signed by the CP attesting to the amount of arrearages owed,

         c) The CP's address if there is not an FVI on the case and

         d) A copy of the NCP's request for an administrative review.

   c. The state that entered the order is responsible for

      1) Notifying the NCP and, in NTANF cases, the CP of the date and time of the administrative review

      2) Conducting the administrative review and

Table of Contents

3) Issuing a decision within 45 calendar days of receiving the administrative review request and required information from the certifying state.

   d. If the administrative review held in the other state with the order results in a deletion of, or decrease in, the amount certified for offset, the state with the order

     1) Notifies OCSS within 10 working days of the change in the amount to be certified and

     2) Includes the information required for submitting a case for offset.

   e. OCSS notifies the submitting state of any modifications or deletions that result from the administrative appeal conducted by the state with the order.

   f. When the administrative review takes place after the offset has already occurred, the state that issued the order promptly notifies the certifying state of its decision. The certifying state is, without exception, bound by the decision of the state with the order.

   g. If the decision resolved the complaint in favor of the NCP and a refund is necessary, the certifying state issues the refund within 30 calendar days.

   h. When another state certifies the NCP with a Virginia order, tell the NCP to mail his or her administrative review request to the certifying state.

3. The NCP may appeal the Hearing Officer's decision to circuit court within 30 calendar days from the date of the Hearing Officer's decision.

(04/2013) (04/2017)

## D. Passport Denial (08/2017)

1. Passport Denial appeals are based on mistake of fact.

2. The NCP has 30 days from the date of the *Pre-Offset Notice* to request an administrative appeal.

3. The NCP may appeal the Hearing Officer's decision to circuit court within 30 calendar days from the date of the Hearing Officer's decision.

(04/2017)

## E. Order to Withhold (05/2018)

1. The NCP can appeal the *Order to Withhold* (the *OW* and includes *Order to Withhold-Insurance Assets*) based on mistake of fact or claim that the property is exempt. The joint

Table of Contents

account holder can appeal the *OW* based on whether the NCP has an interest in the joint account.

2. The NCP has 10 calendar days after service of the *OW* to request an administrative appeal. The joint account holder also has 10 calendar days after service of the *OW* to request an administrative appeal.

3. If the *OW* was issued as a limited services request from another state, refer to Central Registry Responsibilities.

4. The NCP may appeal the Hearing Officer's decision to the Juvenile and Domestic Relations District Court within 10 calendar days of the date of receipt of the decision.

5. If the Hearing Officer rules the NCP has an interest in the joint account, the Division files a petition to the appropriate court to determine how much of the account belongs to the NCP.

(08/2017)

## F. State Income Tax and Lottery Winnings Intercept (05/2024)

1. State Income Tax Offset and Lottery Winnings Intercept appeals are based on mistake of fact.

2. The NCP has 30 calendar days from the date of the *State Income Tax/ Lottery Winnings/ Vendor Payment Intercept Notification* to request an administrative appeal.

3. The NCP may appeal the Hearing Officer's decision to Circuit Court within 30 calendar days of the date of receipt of the decision.

(04/2017)

## G. Vendor Payment Intercept (05/2024)

1. The Division may intercept a payment due to a vendor of products or services to a state agency when the vendor is an NCP with child support arrearages.

2. Vendor payment intercept appeals are based on

    a. The amount of the debt claimed is incorrect

    b. No arrearages are owed or

    c. The payment is ineligible for intercept

Case 26-01060-mkn   Doc 1-9   Entered 04/27/26 10:56:27   Page 9 of 10

Table of Contents

3. The NCP has 30 calendar days from the date of mailing the *State Income Tax/ Lottery Winnings/ Vendor Payment Intercept Notification* to request an administrative appeal.

4. The NCP may appeal the Hearing Officer's decision to the Circuit Court within 30 calendar days of receipt of the decision.

5. The appeal is filed in the locality where the NCP lives. If the NCP does not reside in Virginia, the appeal is filed in the locality of the appropriate District Office.

(08/2017)

## H. Income Withholding for Support (08/2017)

1. *Income Withholding for Support* (IWO) appeals are based on mistake of fact.

2. The appeal must be filed within 10 calendar days beginning the day after the service of the *IWO* on the employer.

3. The NCP may file appeal the Hearing Officer's decision to the Juvenile and Domestic Relations District Court within 10 calendar days of receipt of the decision.

(03/2016)

## I. Consumer Reporting Agencies (07/2017)

1. Consumer reporting agency information appeals are based on mistake of fact.

2. The appeal must be filed within 10 calendar days from the date he or she receives notice of the result of the administrative review.

3. The NCP may file appeal the Hearing Officer's decision to the Juvenile and Domestic Relations District Court within 10 calendar days of receipt of the decision.

## J. Responsibilities of the Hearing Officer (08/2017)

1. Document Case Events when an appeal request is received.

2. Determine if the appeal request is valid.

3. Generate the *Administrative Appeal Ruling* to the appellant when the request is not valid.

4. Schedule an administrative hearing if the appeal request is valid.

Table of Contents

5. Generate and send the *Notice of DCSE Appeal Hearing* to the NCP and CP within 10 calendar days from the date of the valid appeal request.

6. Grant or deny a request for a continuance of a hearing and notify the District Office, the NCP, the CP and Legal Counsel (if appropriate), of the continuance, if granted.

7. Acknowledge a written request from an appellant to withdraw the appeal. The acknowledgment is sent by certified mail, return receipt requested, to both parties. A copy is also sent to the District Office and to Legal Counsel, if applicable.

8. Update Case Events.

9. The automated system generates a worklist item to the Specialist and the Hearing Officer the day before the hearing as a reminder of the hearing date and time.

10. Conduct the administrative appeal hearing.

   a. Record the testimony given at the hearing.

   b. Identify all parties present at the hearing.

   c. Inform all parties of the hearing's purpose, the procedures to be used, and how the decision will be made.

   d. Inform the appellant and his or her representative, if any, and the Division staff of their right to

   1) Examine all documents and records presented

   2) Present the case

   3) Bring witnesses

   4) Establish relevant facts and present arguments

   5) Defend or contest testimony or evidence presented and

   6) Cross-examine opposing witnesses.

      a) Only Legal Counsel can cross-examine witnesses on behalf of the Division.

      b) Division staff can request that the Hearing Officer ask certain questions if the appellant is not represented by counsel. Division staff may question the appellant's attorney directly.

      c) The appellant or his or her counsel can cross-examine the Division's staff.