# EXHIBIT - M

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

 Gmail

Raj Marni <rajmarni@gmail.com>

# Virginia AG Office Mandatory Professional Obligations - Offical Electronic Notice

1 message

**Raj Marni** <rajmarni@gmail.com>  
To: "Prentice, Anne (VDSS)" <anne.prentice@dss.virginia.gov>  
Cc: Christin Georgelas <christin@sglawplc.com>, Megan Houck <megan@sglawplc.com>

Fri, Dec 19, 2025 at 6:56 AM

Ms. Prentice,

As an Assistant Attorney General representing the Commonwealth of Virginia through the Division of Child Support Enforcement (DCSE), you hold a position of unique ethical responsibility and public trust. I am writing to formally notify you of serious federal law violations and fraud being perpetrated on the Loudoun County Circuit Court in a case in which DCSE has an enforcement interest.

You have already received an email from you with Subject: ANATOMY OF KSENIJA TRDIC BANKRUPTCY FRAUD

This email serves to:

1. **Place you on notice** of bankruptcy fraud and willful violations of federal discharge injunctions under 11 U.S.C. § 524(a)(2);
2. **Inform you of your mandatory reporting obligations** under Virginia Rules of Professional Conduct, Rules 3.3, 3.8, and 8.3(a);

3. **Alert the Attorney General's Office** that the Commonwealth may be unknowingly participating in the collection of discharged bankruptcy debts fraudulently mischaracterized as child support obligations;
4. **Provide you an opportunity** to investigate, correct the record, and fulfill your heightened ethical duties as a government lawyer before I file formal complaints and federal court motions.

**You cannot claim ignorance after receiving this email.**

# II. THE FRAUD BEING PERPETRATED

## A. Summary of the Scheme ( FYI: There are many accounts and ONLY two are mentioned here)

In Loudoun County Circuit Court Case No. CL 107389-01/-02, the Plaintiff, **Ksenija Trdic**, represented by **Ms. Georgelas of SG Law PLC**, is attempting to collect approximately **$85,500** for two consumer loans:

1. **Prosper Marketplace** (Account ****4045) - Claiming ~$23,500
2. **Marketplace Loan Trust/Circle Bank** (Account ****8038) - Claiming ~$62,000

**The fraud:** Ms. Trdic **discharged these exact debts in her own Chapter 7 bankruptcy in 2019** (Case No. 19-10603-KHK) and has paid **$0.00** to these creditors since her discharge. She is now seeking to collect "indemnification" from me for debts:

- She no longer legally owes
- She never paid after discharge
- She cannot be required to pay (protected by federal discharge injunction)

This is textbook "double dipping" bankruptcy fraud and unjust enrichment.

## B. The Federal Discharges

**Ksenija Trdic's 2019 Chapter 7 Bankruptcy:**

- **Case Number:** 19-10603-KHK
- **Filed:** February 29, 2019
- **Status:** Discharged 2019
- **Debts Discharged:**
  - Prosper Marketplace (****4045): **$5,455**
  - Marketplace Loan Trust (****8038): **$14,853**
  - **Total discharged: $20,308**

**Legal Effect:** Under 11 U.S.C. § 524(a)(2), upon discharge, Prosper and Circle Bank are **permanently enjoined** from collecting these debts from Ms. Trdic. She legally owes them **$0.00**.

**Raj Marni's 2020 Chapter 7 Bankruptcy:**

- **Case Number:** 20-13238-MKN (District of Nevada)
- **Filed:** 2020 (Chapter 13, converted to Chapter 7 on September 29, 2020)
- **Discharged:** December 2020
- **Debts Discharged:** Hold harmless obligations to Ms. Trdic for the above Prosper and Circle Bank loans

**Legal Effect:** Under 11 U.S.C. § 523(a)(15) and *Lange v. Lange* (discussed below), property settlement debts including hold harmless obligations are dischargeable in Chapter 7. Upon my discharge, Ms. Trdic is **permanently enjoined** under § 524(a)(2) from collecting these debts.

## C. The Fabricated Claims

Despite discharging only **$20,308** in 2019 and paying **$0.00** to creditors, Ms. Trdic is now claiming **$85,500** in 2025—a **321% inflation** of debts she never paid.

**This is mathematically and legally impossible.**

# III. THE CONTROLLING CASE LAW: *LANGE V. LANGE*

## *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010)

**Holding:**

"Debts listed in the divorce decree are non-dischargeable under 11 U.S.C. § 523(a)(15) **ONLY TO THE EXTENT that the creditor/claimant obtains payment and/or a money judgment against the Plaintiff.** Only then would Plaintiff have a right of indemnification against Defendant that would not be discharged by Defendant's Chapter 7 discharge."

**Application:**

Under *Lange*, a hold harmless obligation only becomes non-dischargeable if the protected spouse:

1. Actually pays the creditor, OR
2. Has a judgment entered against them by the creditor

**Here:**

- Ms. Trdic paid **$0.00** to Prosper or Circle Bank after her 2019 discharge
- No judgments can be entered against her (she's protected by discharge injunction)
- She has suffered **$0.00** in actual damages
- **Therefore, under *Lange*, she has NO non-dischargeable claim**

Any collection attempt is:

- Barred by *Lange*
- Barred by my discharge under § 524(a)(2)

- An attempt to obtain a **$85,500 windfall** for debts she never paid

# IV. YOUR MANDATORY PROFESSIONAL OBLIGATIONS

Ms. Prentice, as an Assistant Attorney General, you hold **heightened ethical responsibilities** that exceed those of private counsel. You are not just an advocate—you are a minister of justice representing the Commonwealth of Virginia.

## A. Virginia Rule of Professional Conduct 8.3(a) - Mandatory Reporting

**The Rule:**

> "A lawyer who **knows** that another lawyer has committed a violation of the Rules of Professional Conduct that **raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer** in other respects, **shall inform the appropriate professional authority.**"

**Your Obligation:**

You now have **actual knowledge** that Ms. Georgelas (and potentially her client Ms. Trdic) are:

1. **Violating federal discharge injunctions** (11 U.S.C. § 524(a)(2))
2. **Concealing material facts** from the Loudoun County Circuit Court (the bankruptcy discharges)
3. **Pursuing claims barred by controlling case law** (*Lange v. Lange*)
4. **Fabricating damages** ($85,500 claimed vs. $20,308 discharged and $0 paid)
5. **Committing extrinsic fraud** on a Virginia court

**This conduct raises substantial questions about Ms. Georgelas's honesty, trustworthiness, and fitness as a lawyer.**

Under Rule 8.3(a), you **must** report this to the Virginia State Bar. This is not discretionary—it is **mandatory**.

## B. Virginia Rule of Professional Conduct 3.3 - Candor Toward the Tribunal

**The Rule:**

"A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or **fail to correct a false statement of material fact** or law previously made to the tribunal... (2) **fail to disclose to the tribunal legal authority** in the controlling jurisdiction known to the lawyer to be **directly adverse to the position** of the client...**"**

**Your Obligation:**

If you are appearing in the Loudoun County case (representing DCSE), and you now know that:

- Ms. Trdic discharged these debts in 2019
- She paid $0.00 to the creditors
- *Lange v. Lange* bars her claims
- Federal discharge injunctions prohibit collection

**You have an obligation to either:**

1. **Disclose these material facts to the court**, OR
2. **Withdraw from representation** if disclosure would violate client confidentiality

**You cannot remain silent while a Virginia court is being defrauded.**

## C. Virginia Rule of Professional Conduct 3.8 - Special Responsibilities of Government Lawyers

**The Rule:** Government lawyers have heightened ethical obligations because they represent the public interest, not just a client's interest. The commentary to Rule 3.8 emphasizes that prosecutors and government lawyers must "seek justice, not merely prevail."

**Your Obligation:**

As an Assistant Attorney General, you have a duty to:

1. **Ensure DCSE is not being used to collect discharged bankruptcy debts** fraudulently characterized as child support
2. **Investigate whether the debts DCSE is enforcing are legitimate DSOs** or discharged property settlement obligations
3. **Correct any misrepresentations** made to the court about the nature of these debts
4. **Protect the integrity of Virginia's judicial system** from being used to violate federal law

**If DCSE is enforcing collection of these Prosper and Circle Bank debts as "child support arrears," this must be immediately investigated and corrected.**

## D. Duty to Report to the Attorney General's Office

Beyond your duties to the Virginia State Bar and the court, you have an internal obligation to report this matter to your supervisors within the Attorney General's Office.

### Why?

1. **Federal Law Violations:** Violations of federal bankruptcy discharge injunctions are serious federal crimes (18 U.S.C. § 152, 157)
2. **Commonwealth Integrity:** If DCSE is unknowingly participating in bankruptcy fraud, the Attorney General has an interest in correcting this immediately
3. **Supremacy Clause:** State enforcement actions that violate federal bankruptcy law are void under the Supremacy Clause—the Attorney General's Office should know if Virginia court orders are being entered in violation of federal law
4. **Potential Civil Rights Violations:** Using state court process to collect discharged debts may constitute a civil rights violation under 42 U.S.C. § 1983

# V. CONSEQUENCES OF INACTION

Ms. Prentice, I am providing you this information as a courtesy and out of respect for your position. However, if you fail to fulfill your mandatory reporting and disclosure obligations, you will face:

## A. Bar Disciplinary Proceedings

Failure to report under Rule 8.3(a) is itself an ethical violation subject to discipline by the Virginia State Bar.

## B. Personal Liability

If you continue participating in collection efforts after receiving this notice, you may be held personally liable in federal bankruptcy court for:

- Compensatory damages (emotional distress, attorney's fees)
- Punitive damages (for willful violations)
- Sanctions under *Taggart v. Lorenzen* and *In re McLean*

## C. Professional Reputation Damage

As a government lawyer, your professional reputation depends on integrity and adherence to the law. Knowingly participating in or concealing bankruptcy fraud will irreparably damage your standing.

## D. Federal Court Contempt

The U.S. Bankruptcy Court has jurisdiction to hold any person—including government lawyers—in contempt for willful violations of discharge injunctions. Under *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019), the standard is whether there is "no

fair ground of doubt as to the wrongfulness of the conduct."

**After this email, there is no fair ground of doubt. You have been placed on notice.**

---

# VI. THE CRITICAL QUESTIONS YOU MUST INVESTIGATE

As a government lawyer with heightened ethical obligations, you must immediately investigate the following:

## Question 1: What Debts is DCSE Actually Enforcing?

- Are the Prosper (****4045) and Circle Bank (****8038) debts included in DCSE's enforcement action?
- Were these debts characterized to DCSE as "child support" or "spousal support"?
- Did Ms. Trdic disclose to DCSE that she discharged these debts in her 2019 bankruptcy?

## Question 2: Are These Legitimate DSOs or Discharged Property Settlement Debts?

- Under the Separation Agreement, were these "hold harmless" obligations (property settlement) or actual support obligations (DSO)?
- If they are property settlement debts, they were discharged in my 2020 Chapter 7 bankruptcy
- If DCSE is enforcing discharged debts, **the Commonwealth is being used as an instrument of fraud**

## Question 3: Has Ms. Trdic Provided False Information to DCSE?

- Did she represent to DCSE that she is still liable to Prosper and Circle Bank?
- Did she conceal her 2019 bankruptcy discharge from DCSE?
- Did she fabricate the $85,500 in claimed arrearages?

## Question 4: Is the Court Being Misled?

- Has the Loudoun County Circuit Court been informed of the two bankruptcy discharges?
- Has *Lange v. Lange* been disclosed to the court?
- Has the court been told that Ms. Trdic paid $0.00 to these creditors?

**Your duty as a government lawyer requires you to investigate these questions immediately.**

---

# VII. THE LEGAL FRAMEWORK YOU MUST UNDERSTAND

## A. 11 U.S.C. § 524(a)(2) - The Permanent Discharge Injunction

Upon entry of a bankruptcy discharge, federal law creates a permanent injunction:

> "A discharge... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor..."

**This injunction:**

- Is permanent
- Is self-executing (no motion required)
- Applies to ALL creditors, including ex-spouses
- Violations are punishable by contempt, damages, and sanctions

## B. 11 U.S.C. § 523(a)(15) - Property Settlement Debts

Property settlement debts (including hold harmless obligations) arising from divorce are:

- **Non-dischargeable in Chapter 7 ONLY if they meet certain criteria**

- **Subject to the *Lange* requirement:** Only non-dischargeable to the extent the creditor actually collects from the protected spouse

**Here, Ms. Trdic cannot and will not be collected from (she discharged the debts). Therefore, under *Lange*, my hold harmless obligation was fully dischargeable.**

## C. Supremacy Clause - U.S. Constitution, Article VI

Federal bankruptcy law is supreme over state family law. Any state court order that conflicts with federal bankruptcy discharge is:

- **Void ab initio** (void from the beginning)
- **Unenforceable**
- **Subject to immediate vacation upon proper motion**

**If the Loudoun County Circuit Court enters an order awarding Ms. Trdic money for these discharged debts, that order violates the Supremacy Clause and is void.**

---

# VIII. WHAT YOU MUST DO IMMEDIATELY

Ms. Prentice, you have **THREE OBLIGATIONS** that must be fulfilled immediately:

## Obligation 1: Investigate DCSE's Enforcement Action (Immediate)

**Action Required:**

- Determine whether the Prosper and Circle Bank debts are included in DCSE's enforcement
- Review Ms. Trdic's representations to DCSE about these debts

- Obtain copies of both bankruptcy discharges (Case No. 19-10603-KHK and 20-13238-MKN)
- Verify whether these debts are DSOs or property settlement obligations

**Deadline:** Within 7 days of receiving this email

## Obligation 2: Report to the Virginia State Bar (Rule 8.3(a))

**Action Required:**

- File a complaint with the Virginia State Bar regarding Ms. Georgelas's conduct
- Include documentation of:
  - The bankruptcy discharges
  - The fabricated damage claims ($85,500 vs. $20,308 discharged, $0 paid)
  - The violation of federal discharge injunctions
  - The concealment of material facts from the court

**Deadline:** Rule 8.3(a) requires reporting upon knowledge—you now have knowledge

## Obligation 3: Disclose to Court or Withdraw (Rule 3.3)

**Action Required:**

If you are appearing in the Loudoun County case, you must:

**Option A:** Disclose to the court:

- The existence of both bankruptcy discharges
- The *Lange v. Lange* case law
- The fact that Ms. Trdic paid $0.00 to creditors
- The federal discharge injunction violations

**Option B:** Withdraw from representation if disclosure would violate confidentiality

**You cannot remain silent while extrinsic fraud is being perpetrated on a Virginia court.**

**Deadline:** Before the next hearing or within 14 days, whichever is sooner

---

## IX. ADDITIONAL NOTIFICATION TO ATTORNEY GENERAL'S OFFICE

Ms. Prentice, I am separately notifying the Virginia Attorney General's Office of this matter because:

1. **Federal Law Violations:** Bankruptcy fraud (18 U.S.C. § 152, 157) may be occurring
2. **Commonwealth Resources:** DCSE resources may be used to collect discharged debts
3. **Judicial Integrity:** Virginia courts are being used to violate federal law
4. **Civil Rights Concerns:** Collection of discharged debts through state process may violate 42 U.S.C. § 1983

The Attorney General has an interest in ensuring that:

- Virginia courts are not used to perpetrate fraud
- DCSE is not used as an instrument of bankruptcy fraud
- State enforcement actions comply with federal bankruptcy law
- Government lawyers fulfill their heightened ethical obligations

---

## X. YOUR RESPONSE REQUIRED

You have **SEVEN (7) DAYS** from receipt of this email to provide a written response addressing:

1. **DCSE's Involvement:** Confirm whether DCSE is enforcing collection of the Prosper and Circle Bank debts

2. **Your Investigation:** Describe the steps you have taken to investigate this matter
3. **Your Reporting:** Confirm whether you have filed a complaint with the Virginia State Bar under Rule 8.3(a)
4. **Your Disclosure:** Confirm whether you have disclosed the bankruptcy discharges to the Loudoun County Circuit Court

**Failure to respond or take action will result in:**

- Formal complaint filed against you with the Virginia State Bar
- Notification to the Virginia Attorney General's Office (with request for internal investigation)
- Motion filed in U.S. Bankruptcy Court, District of Nevada, seeking sanctions against all counsel participating in discharge injunction violations
- Potential referral to federal prosecutors for bankruptcy fraud investigation

# XI. CONCLUSION

Ms. Prentice, I understand that you may have been unaware of FULL facts before receiving this email. I am providing you this detailed analysis because I respect your position as a government lawyer and I believe you will fulfill your ethical obligations once you have full knowledge of the situation.

**The facts are undisputed:**

- Ksenija Trdic discharged $20,308 to Prosper and Circle Bank in 2019
- She paid $0.00 to these creditors after discharge
- She is now claiming $85,500 in fabricated damages
- Under *Lange v. Lange*, she has no legally cognizable claim
- Under § 524(a)(2), all collection is federally enjoined
- Ms. Georgelas is concealing these facts from the LC Circuit Court.

**You can no longer claim ignorance.**

As an Assistant Attorney General, you have heightened ethical obligations that require you to:

- Investigate immediately
- Report to the Virginia State Bar
- Disclose to the court or withdraw
- Notify your supervisors

**I prefer to resolve this through your appropriate exercise of your professional duties, but I will not hesitate to pursue every available remedy if the Commonwealth continues to participate in this fraud.**

The integrity of Virginia's judicial system and the supremacy of federal bankruptcy law demand your immediate action.

**Respectfully submitted,**

**Raj Marni, Pro Se**