# EXHIBIT - O

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

SEPARATION AGREEMENT

THIS SEPARATION AGREEMENT (the "Agreement") dated this 3ʰ day of February, 2016.

BETWEEN:

Raj Marni of
Herndon,
Fairfax County in the
Commonwealth of Virginia

("Husband")

-and-

Ksenija Marni of
Ashburn,
Loudoun County in the
Commonwealth of Virginia

("Wife")

BACKGROUND:

1   The Husband and the Wife (collectively the "Parties" and individually a "Party") were lawfully married on February 11th, 1991, in Vienna, the County of Fairfax, Virginia. Due to certain differences that have developed between the Parties, they agree to live separate and apart from each other, subject to the terms and conditions in this Agreement.

2.   The Parties have made complete, fair and accurate disclosure to each other on all financial matters reflected in this Agreement.

3.   The terms of this Agreement are intended to settle the matters addressed and may be incorporated into a final decree of divorce, unless specific matters are amended or addressed in a subsequent separation agreement.

4.  The Parties have each voluntarily entered into this Agreement and have not been forced by anyone to sign this Agreement, and both the Parties confirm that they are in sound mental health

IN CONSIDERATION OF the mutual promises and covenants contained in this Agreement, and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, the Parties agree as follows:

LIVING SEPARATE AND APART

5.  The Parties have lived separate and apart since November 23, 2015. Neither Party will attend the other's living space or work without invitation or approval.

CHILDREN

6.  There are 2 children of the marriage, namely:

| Name: | Date of Birth: |
|-------|---------------|
| Clarissa Lalitha Marni | October 4, 1996 |
| Mark Alec Marni | September 17, 2002 |

CHILD CUSTODY

7.  The Parties agree that joint legal custody is in the best interests of the children. The Parties agree that both parents are fit and proper persons to have joint responsibility for the care of the dependent children

8.  The Parties agree that the children will reside with Ksenija Marni.

9.  The Parties also agree that Raj Marni will have the following visitation time with the children:
    Unlimited access to Clarissa Marni while she attends the University of California Santa Barbara.

    Every day for two hours to Mark Marni from Monday to Friday and Unlimited access every other weekend

CHILD SUPPORT

10.  Raj Marni will pay child support in the amount of $2000/month to Ksenija Marni. Child support payments will commence on June 1, 2016 and end on September 31, 2020. Payments will be paid on the 1st day of each month. Payments to increase 5% each year, beginning Jan 1st of each year.

Separation Agreement of Raj Marni & Ksenija Marni                                    Page 3 of 9

11. Raj Marni will pay for Mark Marni's uninsured health care costs, childcare costs, after school activities and other extraordinary expenses.

12. Raj Marni to provide all expenses related to Clarissa Marni's tuition/living/health/college expenses until she graduates from college.

13. Raj Marni to provide all expenses related to Mark Marni's tuition/living/health/college expenses until he graduates from college.

14. The Parties agree that each will provide the other a copy of their income tax return and any notices of assessment and re-assessment issued, on an annual basis.

15. Raj Marni will maintain and pay for medical health insurance, dental health insurance and vision health insurance for the benefit of Ksenija Marni, Mark Marni and Clarissa Marni. Any outstanding medical bills for Mark Marni and Clarissa Marni will be the responsibility of Raj Marni.

16. Subject to the laws of Virginia, child support payments, contributions to uninsured health care costs, child care costs, additional costs, and the maintenance of health insurance will continue as long as a child is under the age of majority and financially dependent on the parents.

## SPOUSAL MAINTENANCE

17. Raj Marni to pay $4000 per month for spousal maintenance to Ksenija Marni, beginning June 1, 2016 for as long as she lives. Payments will be paid on the 1st day of each month. Payments to increase 5% each year, beginning Jan 1st of each year. These payments shall be fixed and non-modifiable. Additionally, spousal support payments under this provision will terminate only upon the death of Husband or Wife. The parties agree that spousal support under this section is **not** subject to the termination events noted in the Code of Virginia, specifically cohabitation or remarriage by Wife.

## ASSETS

18. The Parties acknowledge that they have agreed upon a division of all assets, owned or possessed by them as marital property or separate property. The Parties are in possession of all of those assets to which each is respectively entitled. Accordingly, neither makes any claim to any assets in the possession of the other.

### DEBTS

19. The Parties agree that any indebtedness secured against, or attributable to, any item of property that either Party is receiving under this Agreement will be the sole responsibility of the Party receiving the particular property.

20. Neither Party will incur any further debt or liability on the other Party's credit. Any debt accumulated as of the date of this Agreement is the debt of the individual Party, regardless if the debt was incurred as a result of joint credit.

21. Raj Mami to pay Ksenija Marni $7,947 on or before April 15, 2016 to settle the IRS Offer-in-Compromise. Ksenija Marni to negotiate an agreement with the Commonwealth of Virginia to settle all past taxes owed by Ksenija Marni; Raj Marni to pay Ksenija Marni the negotiated amount.

### EQUITABLE DISTRIBUTION RELEASE

22. The Parties covenant and agree that they are aware of the equitable distribution laws of the Commonwealth of Virginia and it is their intention that the equitable distribution laws will not apply to the status, ownership, interest and division of their property, either jointly or separately owned, nor to their future property, whether real or personal, and owned by either one or both of them, and the Parties further covenant and agree that it is their desire and intent by the terms of this Agreement to contract out of the equitable distribution laws of the Commonwealth of Virginia and to make a full and final settlement of all matters of property, both real and personal, previously and presently owned by either of the Parties or to be acquired by either of the Parties in the future.

### DOWER, CURTESY AND HOMESTEAD RELEASE

23. Each Party releases all dower, curtesy and homestead rights under any statute of the Commonwealth of Virginia, or any other jurisdiction whatsoever, that, but for this agreement, each would have in and to property in the name of the other, or in their names jointly or as tenants in common.

### ESTATE AND TESTAMENTARY DISPOSITION

24. The Parties renounce all rights each might have in or to the administration of the other's estate whether under any law of the Commonwealth of Virginia, or any State or Commonwealth or District of United States of America, or any country in which any part of the estate of the other may be situated and further waive and release the other from any and all rights of every kind, nature, and description that each may acquire as a spouse or a surviving spouse in the property, assets, or estate of the other.

Separation Agreement of Raj Marni & Ksenija Marni                                          Page 5 of 9

**PENSION RELEASE**

25. Except as otherwise provided in this Agreement, the Parties waive and relinquish any and all rights or claims, in law or in equity, to apply to split or in any way share or claim any interest whatsoever, now or at any future time, in IRAs, 401(k) plans, or any defined contribution plan, defined benefits plan, retirement plan or pension, savings plan, or profit sharing plan of any type available through employment, or any benefits thereof, which the other Party presently has or may acquire in the future.

**GENERAL RELEASE**

26. Each Party releases all claims whatsoever and however arising, whether under the laws of the Commonwealth of Virginia or any other jurisdiction, including and without limiting the generality of the foregoing, whether arising by statute or at common law and including actions founded on constructive trust, resulting trust or unjust enrichment, which such Party may now or hereafter have or acquire or be entitled to against the property of the other Party, however and whenever acquired, including and without limiting the generality of the foregoing, real property, personal property, any income from such property or assets of the other Party and any increase in the value of such property, or against the estate of the other Party, but if any such action should be brought the provisions of this Agreement may be pleaded as an answer to any claim asserted and will constitute a full and complete defense thereto.

**ADDITIONAL CLAUSES**

27. Ksenija Marni will relinquish all intellectual property rights to Raj Marni previously filed with Patent and Trademark Office.

28. Raj Marni is the sole owner and founder of Samurai Technology Corporation, a Delaware Corporation. Raj Marni to allocate 5% of shares of his equity in Samurai Technology Corporation to Ksenija Marni, 5% of his shares to Clarissa Marni and 5% of his shares to Mark Marni.

29. Raj Marni to relinquish all the rights to 2007 Mercedes Benz 550SL, which is titled in his name and assigns the vehicle to be in possession by Ksenija Marni at all times for her exclusive use and benefit. Raj Marni to make the extended warranty payment, county property tax payments and all the loan payments for the vehicle until paid in full. Once the loan is paid in full, the title shall be transferred free and clear to the name of Ksenija Marni, or sold and the proceeds given to Ksenija Marni, at Ksenija Marni's sole discretion. Ksenija Marni to make car insurance payments for Mercedes 550SL. If Ksenija Marni chooses to sell the vehicle prior to loan being paid off, Raj Marni to make monthly payments to Ksenija Marni in the amount equivalent to current loan payments, for the remaining number of monthly loan installments.

Separation Agreement of Raj Marni & Ksenija Marni

30. Ksenija Marni to keep 2009 Toyota Camry Hybrid and continue to make loan payments, county property tax payments and insurance payments.

31. Raj Marni to keep 2012 Acura TL and make all loan payments, extended warranty payments and insurance payments.

32. Ksenija Marni will keep furniture, paintings, rugs, electronics, TV, stereo equipment, computers, printers, her personal clothing, books and jewelry.

33. Ksenija Marni will keep $18,975 receivables from M4 Technologies, LLC for living expenses.

34. Raj Marni to pay all federal and state income taxes for Raj Marni and Ksenija Marni for the year 2015 on or before April 15, 2016.

35. Raj Marni to reimburse $3,214.92 to Ksenija Marni for bill paid on his behalf and credit card charges, on or before April 15, 2016.

36. Raj Marni to provide a down payment of 5% and assist in the purchase of a home for Ksenija Marni, on or before June 30, 2017.

37. Raj Marni shall obtain and keep in place a life insurance policy with Ksenija Marni as the sole beneficiary in the amount of $1,000,000 without lapsing for as long as the alimony and child support are in effect, to commence on Jun 1, 2016.

38. The parties agree that they will be purchasing a property at 13622 Cedar Run Lane, Herndon, VA 20171. Furthermore, the parties agree that if they divorce from one another, they will get an appraisal done on the property and agree to evenly divide any increase in the equity in the property from the date of purchase to the date of the referenced appraisal. Wife agrees to purchase Husband of his interest in this property by paying him ½ of the increase in the equity in the property as noted herein and Husband will waive any interest he has in said property. Upon Wife's payment to Husband, the property will be Wife's separate property.

39. Raj Marni to be solely responsible and make timely monthly payments for loans obtained by the Wife, until paid in full:

   a   Lender #1: Prosper, Loan Number: 564045, Principal Loan Amount: $10,000, monthly payment of $278.93 due on or before 25th of each month.

b   Lender #2: Circle Back Lending, Loan Number: 00048038, Principal Loan Amount: $29,000, monthly payment of $745.27, due on or before 26th of each month.

40.   This document shall be provided to an attorney to prepare the necessary divorce documents in final form and the attorney fee shall be paid by Raj Marni.

### GENERAL PROVISIONS

41.   The Parties will promptly sign and give to the other all documents necessary to give effect to the terms of this Agreement.

42.   This Agreement contains the entire agreement between the Parties about their relationship with each other. It replaces any earlier written or oral agreement between the Parties.

43.   Should any portion of this Agreement be held by a court of law to be invalid, unenforceable, or void, such holding will not have the effect of invalidating or voiding the remainder of this Agreement, and the Parties agree that the portion so held to be invalid, unenforceable, or void, will be deemed amended, reduced in scope, or otherwise stricken only to the extent required for purposes of validity and enforcement in the jurisdiction of such holding.

44.   In the event that a dispute arises regarding this Agreement, the Parties will try to resolve the matter through negotiation or mediation, prior to initiating a court action

45.   Notwithstanding that the Parties acknowledge and agree that their circumstances at the execution of this Agreement may change for any reason, including but without limiting the generality of the foregoing, the passage of years, it is nonetheless their intention to be bound strictly by the terms of this Agreement at all times.

46.   This Agreement creates a fiduciary relationship between the Parties in which each Party agrees to act with the utmost of good faith and fair dealing toward the other in all aspects of this Agreement.

47.   The Parties agree to provide and execute such further documentation as may be reasonably required to give full force and effect to each terms of this Agreement.

48.   The headings of this Agreement form no part of it, and will be deemed to have been inserted for convenience only.

Separation Agreement of Raj Marni & Kseniia Marni                                                    Page 8 of 9

49.    This Agreement will be binding upon and will ensure to the benefit of the Parties, their respective heirs, executors, administrators, and assigns.

50.    If the Parties reconcile, the terms of this Agreement will remain in effect unless the Parties revoke it in writing.

51.    This Agreement may only be terminated or amended by the Parties in writing signed by both of them.

52.    The law of the Commonwealth of Virginia will govern the interpretation of this Agreement, and the status, ownership, and division of property between the Parties wherever either or both of them may from time to time reside.

IN WITNESS WHEREOF the Parties have duly affixed their signatures on this ____8____ day of January, 2016.

SIGNED by Raj Marni

_____
Raj Marni

COMMONWEALTH OF VIRGINIA,
CITY/COUNTY OF _Suffox_____, to wit:

The foregoing document, consisting of a total of __9__ pages, was signed and acknowledged before me by Raj Marni this __8__ day of _Fibruary_ 2016.

_____ Notary Public
Commission ID# 7392064
My commission expires: 03/31/2017

ABDO ABLA
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAR. 31, 2018
COMMISSION # 7392064