# EXHIBIT - Q

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

**V I R G I N I A:**
### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

**KSENIJA TRDIC**  :
:
 **Plaintiff,**  :
:
**v.**  :  **CASE NO. CL 107389/01-02**
:
**RAJ MARNI**  :
:
 **Defendant.**  :
**v.**  :
:

**THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA (DCSE)**

**Intervenor**       :

## NOTICE OF FRAUD ON THE COURT AND DENIAL OF EXHIBIT AUTHENTICITY

### II. INTRODUCTION AND LEGAL BASIS

COMES NOW the Defendant, **RAJ MARNI**, *pro se*, and submits this formal Notice to the Court to address two distinct, ongoing acts of fraud and misrepresentation by the Plaintiff, Ksenija Trdić, and her counsel, which are corrupting these proceedings.

### II. NOTICE OF EXTENDED FRAUD ON THE COURT (Discharged Debts)

The Plaintiff is hereby formally noticed that the validity of the support claims being pursued is destroyed by the Plaintiff's repeated acts of **Extrinsic Fraud** and **Perjury on the Court**, specifically relating to the following facts:

1. **Violation of Federal Injunction:** The Plaintiff was notified and attended the Debtor's Conference on or around October 26, 2020 at 1 pm Las Vegas time. She had personal knowledge that all non-support obligations (including credit card debts, others) were fully and lawfully **discharged** in the Defendant's 2020 federal bankruptcy filing Case Number:

20-13238-mkn. Meeting of the creditors was recoded and anyone can request a copy of the recording by visiting/requesting Bankruptcy court in Las Vegas.

2. **Concealment and Perjury:** Despite this, the Plaintiff **lied under oath** in her sworn affidavit submitted in or around **February 2022**, falsely listing these federally discharged obligations as valid arrearages. This is a clear act of presenting **false, material evidence** to this Court.

3. **Jurisdictional Violation:** The Plaintiff's reliance on these discharged debts to calculate state court arrearages and secure the **April/May 2022 Orders** is a direct violation of the **Federal Discharge Injunction (11 U.S.C. § 524(a)(2))** Case number: 20-13238-mkn. The Loudoun County Circuit Court lacks jurisdiction and constitutional authority to reinstate debts previously extinguished by a Federal Bankruptcy Discharge.

4. **Continuing Violation:** By asserting the enforceability of these discharged debts in current court RTSC, to be heard on December 3, 2025, filings by the Plaintiff and subsequently the Plaintiff through her Counsel are **continuing to violate a federal injunction** by sharing via DROPBOX the April 2022/May 2022 court order as VALID is continuous and ongoing violation by Counsel Georgelas law firm SG Law PLC.

5. Any witness, including the Plaintiff or a representative of DCSE, who takes the stand and argues for the validity or collectability of debts legally extinguished by the **Federal Bankruptcy Discharge** is in violation of the **Discharge Injunction (11 U.S.C. § 524(a)(2)).** Such testimony relies on the concealment of a Federal Court Order and is subject to sanctions.

6. If the Plaintiff testifies under oath and argues the validity of the arrears knowing those figures are based on her own **perjurious affidavits** (e.g., February 2022, May 2025, July 3, 2025), the testimony is a continuation of **Fraud on the Court.** Any court order based on this testimony would be rendered **void *ab initio*.**

**V I R G I N I A:**
IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | | |
|---|---|---|
| KSENIJA TRDIC | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. CL 107389-01/02 |
| RAJ MARNI | : | |
| Defendant. | : | |
| v. | : | |

THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA (DCSE)

Intervenor                                                    :

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO RULE TO SHOW CAUSE AND MOTION TO VACATE ORDERS PROCURED BY EXTRINSIC FRAUD.

### I. INTRODUCTION

Defendant appears before this Court in response to Plaintiff's Rule to Show Cause for alleged willful contempt and nonpayment of child support. The Court will find that the foundational orders underlying this enforcement action, the April and May 2022 arrears determinations—were procured through perjury and extrinsic fraud when Plaintiff knowingly listed debts already extinguished by federal bankruptcy discharge. Plaintiff has weaponized this Court's enforcement mechanisms not to collect legitimate arrearages, but to systematically destroy Defendant's life, career, and ability to earn income—pursuing incarceration and passport denial while simultaneously not responding to a settlement offer that would satisfy all claims.

### II. The April & May 2022 Orders Are Voidable

The April and May 2022 orders must be set aside because they rest on debts that were legally extinguished by federal bankruptcy discharge—yet Plaintiff concealed this fact from this Court and lied in a sworn affidavit, constituting extrinsic fraud that deprived this Court of jurisdiction to enter a lawful arrears determination.

1. Plaintiff swore under oath in February 2022 that Defendant owed Prosper Loan, Circle Bank Loan, car payments, student loans —all discharged in Defendant's December 2020 bankruptcy. Student loans are to be paid directly by the Defendant to Department of Education. Plaintiff violated Federal Bankruptcy Injunction by making false statement under oath to this court. See Exhibits C, and G.

2. Federal discharge under 11 U.S.C. § 524(a) operates as permanent injunction prohibiting any collection action; these debts ceased to exist as legal obligations.

3. Plaintiff personally attended Defendant's 2020 bankruptcy debtor meeting and had actual knowledge of the discharge but deliberately withheld this from this Court in February/April/May 2022.

4. The March 1, 2019, Court Order mandated all payments apply to child support first— DCSE and Plaintiff ignored this directive, inflating arrears with discharged debts. See Exhibit F.

5. This is extrinsic fraud: Plaintiff's concealment of the federal court's final judgment prevented this Court from knowing the true debt picture—a matter collateral to the merits that corrupted the proceeding itself.

6. Orders procured through material misrepresentation and concealment of court rulings are voidable; this Court has full authority to vacate them.