# EXHIBIT - S

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

**VIRGINIA:**

## IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC (FKA KSENIJA MARNI)

v.

RAJ MARNI

- ☑ Civil
- ☐ Juvenile
- ☐ Adoption    No. CL00107389
- ☐ Chancery
- ☐ Misc. - _____

## PRAECIPE - CIVIL MOTION

(14 DAY NOTICE FOR CONTESTED; 7 DAY NOTICE FOR UNCONTESTED; or SEE LOCAL RULES)

The Clerk is requested to place this matter on the Court's **Civil Motions Docket** for

Friday*, the __6__ day of __JUNE__, 20__25__ at        *1ST, 3RD & 4TH FRIDAYS ONLY

- ☐ 9:00 a.m.    (UNCONTESTED MATTERS / AGREED ORDERS / RETURNS ON RULES TO SHOW CAUSE)
- ☐ 10:00 a.m.    (CONTESTED CIVIL MOTIONS (NON-DOMESTIC))
- ☑ 2:00 p.m.    (CONTESTED DOMESTIC RELATIONS MOTIONS / *ORE TENUS* / *PENDENTE LITE* MOTIONS)

to hear the following: __ESTABLISHING DEFENDANT'S ARREARS__
<br>PURPOSE / TITLE AND ( DATE FILED )

**Note:** Civil docketing, motion and briefing requirements are set forth in the <u>20th Judicial Circuit: Loudoun County Local Rules and Procedures</u>.

☑ I UNDERSTAND THAT ALL MOTIONS ARE PERMITTED A <u>TOTAL</u> OF **20 MINUTES** FOR ARGUMENT (*PENDENTE LITE* PERMITTED **30 MINUTES**). I FURTHER UNDERSTAND THAT IF I BELIEVE ADDITIONAL TIME WILL BE NEEDED THEN A GOOD FAITH TIME ESTIMATE MUST BE PROVIDED BELOW, AND THE MOTION MAY BE HEARD OR SPECIALLY RESCHEDULED IN THE DISCRETION OF THE PRESIDING JUDGE.        TIME ESTIMATE: __20__

Dated this: __16__ day of __MAY__, 20__25__.

Submitted by:_____ KSENIJA TRDIC _____    VSB#_____
<br>(PRINT NAME)

☐ Counsel for: ☑ Plaintiff  ☐ Defendant  ☐ Other:_____

☑ Self-Represented: ☐ Plaintiff  ☐ Defendant  ☐ Other:_____

My current address and contact information† is:

__20725 WOOD QUAY DR #469, STERLING VA 20166__
<br>Street Address                    City          State    Zip

__kaseykcm@gmail.com__                    __703-234-2880__
<br>E-Mail                                                Phone

APPROVED 4/2024

†Complete contact information of filing party REQUIRED by Rule 1:4 of the Virginia Supreme Court

The name and role, e-mail and phone for all <u>other</u> counsel of record or self-represented litigant(s):
(Required if known; attach supplemental sheet if needed.)

1. RAJ MARNI, Defendant, Pro Se          rajmarni @gmail.com          unknown
   NAME & (ROLE)                          E-MAIL                       PHONE

2. _____          _____          _____
   NAME & (ROLE)                          E-MAIL                       PHONE

3. _____          _____          _____
   NAME & (ROLE)                          E-MAIL                       PHONE

4. _____          _____          _____
   NAME & (ROLE)                          E-MAIL                       PHONE

## CERTIFICATE

By signing below, **I HEREBY CERTIFY** that I have served a true **copy** of this filing on all parties / counsel of record herein pursuant the Rules of the Supreme Court of Virginia by:

☐ HAND DELIVERY   ☐ U.S. MAIL   ☐ FACSIMILE   ☑ E-MAIL   ☑ OTHER: Service of process on the Secretary of the Commonwealth

on this __16__ day of __May__ , 20_25_.

**I FURTHER CERTIFY** that I have made a good faith effort to obtain and provide the correct contact information requested above for all parties / counsel of record.

Signature: _____          VSB#:_____

_____

COURT USE ONLY

APPROVED 4/2024

†Complete contact Information of filing party REQUIRED by Rule 1:4 of the Virginia Supreme Court

VIRGINIA:

**FILED**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

2025 JUN 30  A 8:10

**KSENIJA TRDIC**
**f/k/a KSENIJA MARNI,**

CIRCUIT COURT)
CLERKS OFFICE
LOUDOUN COUNTY) VA
                    )___D.C.

Plaintiff,

TESTE:_____)

v.                                                                    )        Case No: CL00107389-01

**RAJ MARNI,**                                               )

Defendant                                          )

                                                      )

## <u>EMERGENCY MOTION TO STAY CASE CLOSURE AND PRESERVE CHILD SUPPORT ENFORCEMENT</u>

COMES NOW the Plaintiff, Ksenija Marni, Pro Se, and respectfully and urgently moves this Honorable Court to **stay** the Virginia Division of Child Support Enforcement's (DCSE) unlawful closure of enforcement actions, including lifting the Defendant's passport restriction, scheduled for **today, June 30, 2025**. The DCSE's closure is based on a **flawed** child support arrears calculation that **excludes** mandatory 6% annual compound interest ordered by this Court, violating Virginia law and threatening **irreparable harm**. Without this Court's **immediate order**, the Defendant, Raj Marni, will obtain a passport, flee the United States—as he did in 2020—to permanently evade enforcement. The Court's intervention is not just appropriate—it is necessary to prevent serious harm to the Plaintiff and the parties' children, who are at risk of losing nearly $800,000 in unpaid support, and to preserve the Court's authority to enforce its own Orders.

Legal basis for Emergency Relief:

- **Virginia Code § 20-78.2** mandates interest on the arrearage, unless the obligee, in writing submitted to the court, waives the collection of interest (Plaintiff has not waived) and the Court ordered 6% annual compound interest (March 1, 2019 Order, *Exhibit 2*).

## <u>GROUNDS FOR IMMEDIATE INTERVENTION</u>

**Imminent Case Closure Based on Erroneous Arrears**

1. On Friday evening, June 28, 2025, DCSE unexpectedly notified the Plaintiff — **with only one business day's notice** —that it would apply a pending payment from the Defendant on Monday, June 30, to classify the arrears as "paid in full," close the case, and lift all enforcement, including the federal passport restriction *(Exhibit 1B)*. This decision is based on an **erroneous balance** *(Exhibit 1A)* that **excludes all court-ordered interest.**

2. On March 1, 2019, this Court expressly ordered that all arrears shall accrue **6% annual compound interest until paid in full** *(Exhibit 2)*. DCSE has admitted they cannot and will not enforce the Court's **mandatory 6% compound interest** without a new order and will not wait for the December 3, 2025 hearing, denying Plaintiff due process.

3. DCSE's arrears calculation is **patently incorrect**, omitting interest required by the March 1, 2019 Order. This Court entered an Order on **April 18, 2022**, confirming that the Defendant owed **$86,557.09** in certified child support arrears as of **February 1, 2022** *(Exhibit 3)*. Proceeding with unlawful closure without judicial determination of the correct arrears balance—including the interest required by this Court's Order—appears to be premature and raises serious concerns. The Plaintiff respectfully requests that the Court assert its jurisdiction to determine the accurate child support arrears balance in accordance with its prior Orders, so that DCSE may update its records and continue enforcement accordingly.

**Deliberate Evasion and Repeated Flight Risk by Defendant**

4. The Defendant is deliberately attempting to exploit DCSE's error. He has made targeted payments to "zero out" a **$6,500 arrears balance**—a number that omits required interest

—while knowingly ignoring nearly **$800,000 in total unpaid obligations**. This is not compliance; it is a **calculated move to force closure**, evade enforcement, and obtain a passport.

5. At the same time, the Defendant is facing two serious proceedings currently pending before this Court:

   - A fifth Rule to Show Cause for contempt, and

   - A motion to enforce a prior Order involving contempt and fraud on the Court.

6. The Defendant remains subject to this Court's **standing February 1, 2019 Order** *(Exhibit 4)*, which prohibits him from holding or obtaining a U.S. passport as a condition of his release. The Order is not contingent on DCSE's administrative actions and remains fully binding. The Defendant has **already violated that Order once**—in 2020, when he fraudulently obtained a passport, fled the country, failed to appear for a Show Cause hearing, and falsely claimed to be in a war zone in Ukraine—a lie he later admitted. He returned to the States only after the U.S. Department of State revoked his passport. This is not speculation, it is proven pattern. The Defendant, a **native of India**, is actively attempting to flee again.

7. If the Court does not act today, DCSE will close the case, terminate the enforcement, and the Defendant's will regain access to a passport. He will flee the United States, evade justice, and **the enforcement of this Court's Orders will become impossible**. The Plaintiff and the parties' children will suffer irreversible harm, permanently losing access to nearly $800,000 in court-ordered support.

## RELIEF SOUGHT

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. **Immediately stay any closure of the DCSE enforcement case**, including termination of all enforcement mechanisms, particularly the federal passport restriction, until the Court adjudicates the full and correct child support arrears balance, including interest;

2. **Adjudicate the total child support arrears**, including 6% annual compound interest pursuant to the Court's March 1, 2019 Order;

3. **Order that the Defendant remain on all enforcement and passport denial lists,** including those maintained by the U.S. Department of State, until all court ordered obligations are fully satisfied and further Order of this Court is entered;

4. **Grant such other and further relief** as this Court deems just and necessary to enforce its prior Orders and prevent the Defendant from evading his legal obligations.

Respectfully submitted,

**Ksenija Trdic**
f/k/a Ksenija Marni, Plaintiff, *Pro Se*
20725 Wood Quay Dr #469
Sterling, VA 20166
(703) 234-2880
Email: kaseykcm@gmail.com

**Certificate of Service**
I HEREBY CERTIFY that on this _30th_ day of June 2025, a true copy of the foregoing Motion and Exhibits, was sent via electronic mail and first-class U.S. mail, postage prepaid, to **Christopher M. Dove, Esq.,** The Law Offices of Christopher M. Dove, PLLC, 20 West Market Street, Leesburg, VA 20176, Email: chris@christopherdovelawfirm.com

Ksenija Trdic, Plaintiff, *Pro Se*

VIRGINIA:

**FILED**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

2025 JUN 30  A 8: 10

**KSENIJA TRDIC**
**f/k/a KSENIJA MARNI,**

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY. VA

Plaintiff,

TESTE:_____D.C.

v.

**RAJ MARNI,**

Defendant

)
)
)
)
)
)
)
)

Case No: CL00107389-01

## ORDER GRANTING EMERGENCY RELIEF AND STAYING DCSE CASE CLOSURE

THIS MATTER came before the Court on the Plaintiff's **Emergency Motion to Stay Closure and Preserve Child Support Enforcement**. The Court, having reviewed the Motion, applicable law, and prior Orders entered in this case, and being otherwise sufficiently advised, finds as follows:

1. The Court previously entered an Order on March 1, 2019, directing that all unpaid arrears shall accrue interest at the rate of six percent (6%) per annum, compounded annually, beginning June 1, 2016 until paid in full.

2. The Court further entered an Order on **April 18, 2022**, confirming that the Defendant owed **$86,557.09** in certified child support arrears as of **February 1, 2022**.

3. The Court finds that the **Virginia Division of Child Support Enforcement (DCSE)** did not calculate or enforce the compound interest ordered by this Court, and that an adjudication by the Court is necessary to preserve enforcement and prevent premature case closure.

4. The Defendant, Raj Marni, remains subject to this Court's **February 1, 2019 Order,** which prohibits him from obtaining a passport as a condition of release. That Order has not been vacated or modified and remains in full force and effect.

5. The Court finds that immediate relief is necessary to preserve the integrity of its Orders, prevent irreparable harm to the Plaintiff and the parties' children, and avoid permanent loss of enforcement on outstanding child support arrears.

## IT IS ORDERED AS FOLLOWS:

1. DCSE shall immediately stay any closure of the child support enforcement case, including suspension of all enforcement actions and the federal passport restriction, pending further Order of this Court;

2. A hearing shall be set on _____, at _____, for the Court to adjudicate the total child support arrears, including 6% annual compound interest pursuant to the Court's March 1, 2019 Order;

3. The Defendant, **Raj Marni**, remains **prohibited from obtaining a passport** pursuant to this Court's February 1, 2019 Order;

4. The Defendant, **Raj Marni**, shall remain on all applicable enforcement and passport denial lists, including those maintained by the **U.S. Department of State**, until all court-ordered obligations are fully satisfied and further Order of this Court is entered;

5. The Clerk is directed to forward a copy of this Order to DCSE and the U.S. Department of State or any other party deemed necessary by the Court.

6. _____
   _____
   _____

ENTERED this _____ day of _____, 2025.

_____

**JUDGE**
Loudoun County Circuit Court

**I ASK FOR THIS:**

Ksenija Trdic (f/k/a Ksenija Marni)
20725 Wood Quay Dr #469
Sterling, VA 20166
PH: 703-234-2880
Email: KaseyKCM@gmail.com
Plaintiff, *Pro Se*