# EXHIBIT - V

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

# EXHIBIT V

## SWORN ADMISSIONS AND JUDICIAL STATEMENTS

December 3, 2025, Hearing Transcript

*Trdic v. Marni*, Case No. CL-00107389-01

Loudoun County Circuit Court

Before the Honorable Judge Stephen Sincavage

## INTRODUCTION

This Exhibit compiles sworn testimony and judicial statements from the December 3, 2025, hearing in *Trdic v. Marni*, Case No. CL-00107389-01, before Judge Stephen Sincavage in Loudoun County Circuit Court. The admissions and statements documented herein demonstrate that Defendants DCSE, Sue Ann Bullard (through her supervisor Kristi McDonald), and Anne Prentice: (a) knew of DCSE's system limitations that prevented compliance with court orders; (b) admitted reliance on internal policy over judicial directives; (c) heard Plaintiff raise the federal bankruptcy discharge defense and chose to ignore it; and (d) continued to advocate for enforcement of mathematically impossible arrearage figures that included discharged debts.

All page and line references correspond to the official court transcript, Job No. 251203, transcribed by Shaylah Lynn Kiser, CER 1820.

## PART A: KRISTI McDONALD — SWORN TESTIMONY

Kristi McDonald, DCSE District Manager, testified under oath at pages 99-102 of the transcript. Her testimony was elicited by Defendant Anne Prentice, Assistant Attorney General.

### A.1 Identification and Authority

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 99:15-16 | Q. Could you please state your name? **A. Kristi McDonald.** | Identifies witness |
| 99:17-18 | Q. Where are you employed? **A. Division of Child Support Enforcement.** | Confirms DCSE employment |
| 99:19-20 | Q. What's your position there? **A. District Manager.** | Establishes supervisory authority; statements bind DCSE |
| 99:21-23 | Q. Do you, in the scope of your employment, review and certify fiscal records? **A. Yes.** | Confirms role in certifying DCSE records including fabricated adjustments |

### A.2 Admissions Regarding Fabricated Adjustments

| Page:Line | Testimony | Legal Significance |
|---|---|---|

| 100:5-6 | Q. Did there come a time when an adjustment was made for the 5% increase in the child support order? **A. Yes.** | Confirms manual adjustment was made |
|---|---|---|
| 100:13-19 | **A. Yes. On May 16th of 2025, the adjustment was made to accurately reflect the 5% increase that should have increased annually on the spousal support amount. And on June 30th, an adjustment was made to reflect 6% interest that should have been charging on the child support arrearage throughout the life of the case, but had not been.** | **CRITICAL:** Admits June 30, 2025, adjustment was retroactive. Contradicts Bullard's June 27, 2025, email stating DCSE 'is not able to do the calculations.' |
| 100:24-25 | Q. Okay, and is that the $24,906.36? **A. Yes.** | Confirms exact amount of May 16, 2025, fabricated addition |
| 101:4-6 | Q. Okay, and is that found in the column under adjustment in the about $11,390.66? **A. Yes.** | Confirms exact amount of June 30, 2025, interest addition (refigured as $10,988.74 in DCSE records) |

### A.3 Admissions Regarding Payment Application

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 101:16-22 | **A. All payments that come in are applied to current support first. There is no longer a child support current, so it would go to current spousal support first, and then any payments that's received over and above current support would be applied to child support, arrearage balances, and then to spousal balances.** | Admits DCSE did NOT follow March 1, 2019, Order requiring all payments to child support FIRST |
| 102:4-6 | Q. Does DCSE policy require that it be done that way? **A. Yes.** | Admits DCSE followed internal policy rather than court-ordered allocation |
| 102:8-10 | **A. The hierarchy that we follow states current supports to be paid first. Then child support arrears and interest, and spousal arrears and interest.** | Admits internal 'hierarchy' controls DCSE's conduct, not judicial orders |

### A.4 System Limitations Admission

| Page:Line | Testimony | Legal Significance |
|---|---|---|

| 102:18-20 | Q. And is the system set up, is the child support payment system set up to do it any other way? **A. No.** | **CRITICAL:** Admits DCSE system CANNOT comply with court orders requiring different allocation. Proves institutional basis for 'Set in Stone' defiance. |
| --- | --- | --- |

## PART B: ANNE PRENTICE — STATEMENTS AS COUNSEL

Anne Prentice, Assistant Attorney General representing DCSE, made the following statements during her opening statement (pages 13-14) and closing argument (pages 119-122). As counsel for a party, her statements constitute admissions of a party-opponent under FRE 801(d)(2).

### B.1 Opening Statement Admissions

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 13:15-16 | **DCSE has a pretty limited involvement here.** | Attempts to minimize DCSE responsibility while maintaining passport hold and enforcing inflated arrears |
| 13:22-24 | **The last order that we were able to find in this matter was, I believe, the May 2022 order. That was shortly after the case was opened.** | Admits DCSE used May 2022 Order (entered post-discharge, incorporating discharged debts) as enforcement basis |
| 8:3-5 | **We're simply following the last order. That's how we're doing it.** | CRITICAL: 'Following orders' defense. Ignores federal discharge supremacy under Supremacy Clause. |
| 14:19-22 | **Of course, if the Court were to determine that it should be applied differently, they would follow that order and make adjustments.** | Admits DCSE will only follow orders that align with their system—not self-executing federal injunctions |

### B.2 Closing Argument — System Limitations Admissions

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 119:10-16 | **DCSE is seeking a clear order as to what the child support, what the spousal support arrears are, as of a specific date. And that the judgment rate of interest be applied. That the regular statutory notices be entered.** | Admits DCSE did NOT independently verify arrears—sought court blessing for figures provided by Trdic/Georgelas |
| 120:5-9 | **What we have an issue with is if the Court were to issue an order telling the administrative agency how to allocate those hierarchy of payments, the system's not set up to do that. It's just creating the problem that we're trying to avoid by coming here today.** | CRITICAL: Admits DCSE system CANNOT follow judicial orders that conflict with internal hierarchy. Proves 'Set in |

| | | Stone' institutional defiance. |
|---|---|---|
| 120:15-18 | THE COURT: What's 14.4? **MS. PRENTICE: That's DCSE's policy on their hierarchy of how they have to administer the child support payments and how their system—** | Admits DCSE policy 14.4 (not federal law) controls their conduct |
| 121:4-8 | **We don't want the Court to create an order. Basically, that we're not able to administer or maybe we won't be able to keep this case open because we can't administer that order telling us to allocate things differently than the system is set up to do.** | **CRITICAL:** Express admission that DCSE WILL REFUSE to follow court orders that conflict with their internal systems. Proves institutional bad faith. |

## PART C: KSENIJA TRDIC — SWORN TESTIMONY

Ksenija Trdic testified under oath. On cross-examination by Plaintiff (pages 57-60), she made critical admissions regarding her own 2019 bankruptcy and the discharge of the Prosper Loan and Circle Bank debts.

### C.1 Bankruptcy and Discharge Admissions

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 58:12-14 | Q. Ms. Trdic, you applied for bankruptcy in 2019, right? Did you apply for bankruptcy in 2019? **A. Yes.** | Establishes Trdic's own 2019 bankruptcy (Case No. 19-10603-KHK, E.D. Va.) |
| 58:15-17 | Q. In your 2019 bankruptcy, did Prosper Loan and Circle Bank were discharged? **A. Yes, in my bankruptcy.** | **CRITICAL:** Admits Prosper and Circle Bank were discharged in HER bankruptcy. She paid $0 to these creditors. |
| 58:18-22 | Q. So, your bankruptcy was discharged and you continued to collect that amount from me? **A. My bankruptcy was discharged, which means that I no longer owed to those two institutions. However, under our divorce decree, you owed that to me.** | **CRITICAL:** Admits she continued collecting on debts she paid $0 on. Under *Lange v. Lange*, hold-harmless obligation = amount actually paid = $0. |
| 58:23-59:1 | Q. Okay. So, you agree that those debts were discharged under your bankruptcy? **A. Under my bankruptcy, to those two institutions.** | Confirms discharge of underlying consumer debts. Proves double-dipping fraud. |

## PART D: PLAINTIFF'S NOTICE OF DISCHARGE — IGNORED

During his opening statement (pages 11-12), Plaintiff explicitly raised the federal bankruptcy discharge and identified the discharged debts by name. Neither Prentice nor McDonald addressed this defense at any point during the hearing.

### D.1 Plaintiff's Opening Statement

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 11:21-22 | **Your Honor, in 2020, I have applied for bankruptcy. Then at the time, multiple debts are discharged, in reference to certain credit payments...** | Plaintiff raised discharge in open court |
| 12:1-3 | **...the only thing that's remaining, according to the federal court injunction, was the child support and the spousal support, those are non-dischargeable.** | Distinguished dischargeable from non-dischargeable debts |

| 12:4-8 | **Others are all discharged, and I have produced that statement of discharge to the plaintiff in the past. So she—when she went in front of Judge Irby in April of 2022, she included all the discharged debt, and she got an order from Judge Irby.** | Notified court and counsel of fraudulent inclusion of discharged debts in April 2022 Order |
|---|---|---|
| 12:9-11 | **With all respect to the state courts, Your Honor, I don't have the power to override a federal injunction. The bankruptcy is a federal injunction.** | Asserted federal supremacy of discharge injunction |
| 12:12-14 | **So, the sheet Ms. Georgelas gave to you, Your Honor, the Parent Loan, the Prosper Loan, the Circle Bank, and the car payments, these are all debts that are discharged.** | **CRITICAL:** Specifically NAMED the discharged debts. Prentice and McDonald heard this and continued advocating for $800K+ enforcement. |

## D.2 The Silence — State Actors' Failure to Respond

The following table documents what Defendants Prentice and McDonald did NOT say during the hearing, despite Plaintiff's explicit notice of the federal discharge:

| Absence | Legal Significance |
|---|---|
| Neither Prentice nor McDonald addressed Plaintiff's bankruptcy discharge argument at any point in their testimony or argument | Proves willful blindness under *Taggart* — they heard the defense and chose to ignore it |
| Neither Prentice nor McDonald stated they had independently verified the arrearage figures | Proves reliance on Trdic/Georgelas calculations without independent audit |
| Neither Prentice nor McDonald acknowledged that Prosper and Circle Bank were consumer debts (not support) | Proves participation in mischaracterization of discharged debts as 'child support arrearages' |

| | |
|---|---|
| Prentice never mentioned receiving Plaintiff's November 21, 2025, Notice (100+ pages) or December 19, 2025, Prentice Notice | Proves deliberate concealment of actual knowledge from the Court |

## PART E: COURT RULING BASED ON VOID FIGURES

Following the hearing (pages 125-132), Judge Sincavage issued his ruling. Plaintiff had left during the recess due to a medical emergency and was not present for the ruling. The Court adopted the calculations presented by Georgelas/Trdic without addressing the bankruptcy discharge defense.

### E.1 Adoption of Trdic's Calculations

| Page:Line | Ruling | Legal Significance |
|---|---|---|
| 127:11-16 | I do find that the exhibit 36, which is the demonstrative exhibit the plaintiff sets out properly the amounts currently owed on the various categories of debts that Mr. Marni has pursuant to previous orders of this Court and that the interest amounts are proper as well. | Court adopted Georgelas/Trdic calculations without independent verification or addressing discharge defense |
| 127:22-24 | The spousal support arrearage is $441,185.70. The child support amount is arrearage is $63,493.88. | Figures include discharged debts — void ab initio under 11 U.S.C. § 524(a)(1) |
| 129:1-5 | I do reiterate the passport order that Mr. Marni is directed to surrender forthwith to the clerk of the Court, his U.S. passport, and to take no action or direct anyone to take any action on his behalf to have any new or replacement passport issued. | Passport seizure based on void arrearage determination. Led directly to LeBar contract cancellation. |

### E.2 Contempt Finding

| Page:Line | Ruling | Legal Significance |
|---|---|---|
| 129:6-14 | The Court does find Mr. Marni in contempt for failure to pay the spousal support as alleged in the rule, for failure to maintain the life insurance, one-million-dollar policy without lapse and for failure to provide medical, dental and vision health coverage insurance for Ms. Trdic, as alleged in the rule to show cause and as previously ordered by this Court. | Contempt finding based on arrearage that includes discharged debts. Order is void ab initio. |

## CERTIFICATION

I, Raj Marni, hereby certify that the foregoing excerpts are true and accurate quotations from the official transcript of the December 3, 2025, hearing in *Trdic v. Marni*, Case No. CL-00107389-01, Loudoun County Circuit Court, Job No. 251203, transcribed by Shaylah Lynn Kiser, CER

1820. The full transcript is available upon request. The full transcript was provided to Defendants Prentice and Trdic on March 3, 2026.

Dated: April 23, 2026


Raj Marni, Plaintiff Pro Se
17595 Harvard Avenue C 4009
Irvine, CA 92614
Telephone: 1+ (725) 200-2010
Email: RajMarni@Gmail.Com