KSENIJA TRDIC
20725 WOOD QUAY DRIVE
UNIT 469
STERLING, VA 20166
(703) 234-2880
kaseykcm@gmail.com
Defendant

RECEIVED
AND FILED   AM

MAY 18 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>RAJ MARNI,<br><br>                    Debtor.<br>_____<br>RAJ MARNI,<br>                    Plaintiff,<br>Vs.<br><br>ANNE PRENTICE, ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AS ASSISTANT ATTORNEY GENERAL, VIRGINIA ATTORNEY GENERAL'S OFFICE,<br><br>SUE ANN BULLARD, INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AS SUPPORT ENFORCEMENT SPECIALIST, DIVISION OF CHILD SUPPPORT ENFORCEMENT, VIRGINIA DEPARTMENT OF SOCIAL SERVICES,<br><br>VIRGINIA DIVISION OF CHILD SUPPPORT ENFORCEMENT (DCSE), DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA,<br><br>KSENIJA TRDIC, INDIVIDUALLY,<br><br>Defendants. | **Case No. 20-13238-mkn**<br><br>**Adversary Case No. 26-01060-mkn**<br><br>**Chapter 7**<br><br><br>**Hearing Date: June 17, 2026**<br>**Hearing Time: 9:30 A.M.** |

## MOTION TO DISMISS

COMES NOW Defendant, Ksenija Trdic, (hereinafter "Defendant"), pro se and hereby files this Motion to Dismiss (hereinafter "Motion"), which is based on the following Points and Authorities in addition to any oral argument at the hearing thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Statement of Facts

On July 2, 2020, Debtor Raj Marni ("Plaintiff") filed a Voluntary Chapter 13 petition with this Court. The case was subsequently converted to Chapter 7 and on December 29, 2020, this Court issued an order discharging Debtor. On January 7, 2026, Plaintiff filed his first adversary Complaint, case number 26-01002-mkn, seeking damages from Defendant, her single-member LLC, and her family law attorneys for alleged violations of Plaintiff's discharge injunction. The Court has issued an Order to Show Cause (the "OSC") in that case (26-01002 ECF No. 44).

The instant Adversary proceeding was filed on April 27, 2026. In this case Debtor seeks sanctions from Defendant and employees of the State of Virginia based on the suspension of Debtor's passport due to past-due child support payments, along with related conspiracy, civil rights, and injunctive relief claims.

## Statement of Law and Argument

Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bank. P. 7012, gives courts the ability to dismiss adversary proceedings when the complaint fails to plead facts sufficient to justify relief. While all facts plead in the complaint must be taken as true for the purposes of motions to dismiss, the same is not true for legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

As in his prior complaint, Plaintiff centers his claims around debts that Plaintiff owes pursuant to orders from the Loudoun County Circuit Court. Plaintiff repeatedly states that these debts were discharged in his bankruptcy case but the Bankruptcy Code is clear that the debts were actually excluded from Plaintiff's Chapter 7 discharge. 11 U.S.C. §523(a)(15), the operative provision, includes property settlement debts arising out of a divorce decree or separation agreement as one of several categories of debts that are excluded from discharge.

The relevant language is clear. "A discharge under section 727 […] of this title does not discharge an individual debtor from any debt—to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

11 U.S.C. 523(a)(5) also excludes debts arising from domestic support obligations from discharge, so all of the debts owed by Plaintiff based on either property settlement or a domestic support obligation were excepted from his discharge. Any attempt to collect these debts cannot by definition be a violation of Plaintiff's discharge injunction because none of them were discharged.

Plaintiff again cites Lange v. Lange for the proposition that the debts in question were discharged. In re Lange, No. 09-12571-CAG, 2010 WL 4622461 (Bankr. W.D. Tex. Nov. 3, 2010). Lange, an unpublished decision from the Bankruptcy Court for the Western District of Texas, was a suit brought by an ex-spouse seeking a determination that certain debts he paid were non-dischargeable debts owed to him by the debtor after her bankruptcy filing.

In Lange, the court found that the plaintiff failed to meet his burden to show that the debts in question were owed by the debtor in the first instance. "Although 11 U.S.C. § 523(a)(15) generally provides that the party who has agreed to indemnify an ex-spouse in a divorce decree may not escape liability through bankruptcy and a subsequent discharge if the ex-spouse pays the debt, the party must show the existence of a debt subject to indemnification." Id. at *5. In other words, if a debtor in bankruptcy does not owe a debt then the bankruptcy court cannot determine that the debt is non-dischargeable.

In this case the debts in question were clearly incurred in connection with a divorce decree, and the actions that the debtor claim violate his discharge injunction are only the enforcement of that divorce decree by the court that issued the decree. To the extent he is arguing that it is inequitable for him to be held liable for debts discharged in his ex-spouse's bankruptcy, that is an argument based in Virginia domestic relations law, not bankruptcy law. The appropriate venue for that argument is the Loudoun County Circuit Court and not this Court. Furthermore, the Loudoun County Circuit Court already determined that he is liable for these debts in its April 18, 2022 Order and January 9, 2026 Order, both of which were post Plaintiff's bankruptcy.

Under the *Rooker-Feldman* doctrine Federal Courts cannot second-guess state courts' decisions, so this Court has no ability to reconsider the Loudoun County Circuit Court's orders determining Plaintiff's liability under the divorce decree. So long as Defendant is collecting a debt based upon that decree, Plaintiff's only remedy is in Loudoun County Circuit Court, not bankruptcy court.

## Conclusion

In conclusion, even taking the facts set out in the complaint as true, Plaintiff has failed to state a claim upon which relief can be granted because he misstates and disregards the controlling law governing property settlement debts. Because no

amendment could change the character of the debt so as to make it dischargeable this adversary proceeding should be dismissed without leave to amend.

WHEREFORE, Defendant, Ksenija Trdic, respectfully prays that:

1. This Court dismiss the instant Adversary Proceeding without leave to amend, and

2. Such relief as the Court deems just and proper.

DATED: May 15, 2026

By: _____

Ksenija Trdic, Defendant, pro se

## CERTIFICATE OF SERVICE

I, Ksenija Trdic, hereby declare under penalty of perjury that on __May 15, 2026__, I deposited the foregoing Motion to Dismiss and the accompanying Notice of Hearing upon Plaintiff and co-Defendants by depositing the same, first-class postage prepaid, in the United States Mail, addressed as follows:

Raj Marni
17595 Harvard Ave #C4009
Irvine, CA 92614

Virginia Division of Child Support Enforcement
Commissioner, Virginia Department of Social Services
801 East Main Street
Richmond, VA 23219

Office of the Attorney General of Virginia
202 North 9th Street, 4th floor
Richmond, VA 23219

Sue Ann Bullard
Division of Child Support Enforcement, 629 Cedar Creek Grade, Suite A,
Winchester, VA 22601

Anne Prentice, Esq., Assistant Attorney General
Division of Child Support Enforcement
202 North 9th Street, 4th Floor
Richmond, VA 23219

_____

Ksenija Trdic
Defendant, pro se