Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Phone: +1-725-200-2010
*Pro Se*, Debtor

RECEIVED
AND FILED

JUN 08 2026   DLS

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

RAJ MARNI

                Debtor.

RAJ MARNI

                Plaintiff

                v.

ANNE PRENTICE, ESQ.,
Individually and in her Official Capacity as
Assistant Attorney General, Virginia
Attorney General's Office

SUE ANN BULLARD,
Individually and in her Official Capacity as
Support Enforcement Specialist, Division of
Child Support Enforcement, Virginia
Department Of Social Services

VIRGINIA DIVISION OF CHILD SUPPORT
ENFORCEMENT (DCSE), Department of
Social Services, Commonwealth of Virginia

KSENIJA TRDIC,
Individually

                Defendants.

| |
|---|
| Bankruptcy No: 20-13238-mkn |
| Chapter: 7 |
| Adversary Proceeding: 26-01060-mkn |
| |
| Scheduling Conference: |
| Hearing Date: September 10, 2026 |
| Hearing Time: 10 a.m. PT |
| **PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO JOIN ADDITIONAL DEFENDANT AND FILE FIRST AMENDED ADVERSARY COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(1)(B)** |

1 of 8

## PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO JOIN ADDITIONAL DEFENDANT AND FILE FIRST AMENDED ADVERSARY COMPLAINT

Plaintiff Raj Marni ("Plaintiff") respectfully moves this Honorable Court *ex parte* for an order granting leave to file his First Amended Adversary Complaint, a clean copy of which is attached hereto as Exhibit 1. In support thereof, Plaintiff respectfully states as follows:

1. On May 27, 2026, the Virginia Department of Social Services, Division of Child Support Enforcement ("DCSE"), Anne Prentice, and Sue Ann Bullard filed a Motion to Dismiss Plaintiff's original Complaint (ECF No. 15) through special counsel Maurice VerStandig.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) (made applicable via Federal Rule of Bankruptcy Procedure 7015), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).

3. While Plaintiff maintains the right to amend his substantive pleadings as a matter of course in response to the Motion to Dismiss, the proposed First Amended Adversary Complaint joins an essential new party defendant: Kristi McDonald, District Manager for DCSE Winchester.

4. Out of an abundance of caution and in accordance with local instructions, Plaintiff brings this motion *ex parte* to obtain explicit judicial leave to join Kristi McDonald as an additional defendant.

5. The joinder of Kristi McDonald is necessary because she is a critical actor who personally authorized, executed, and supervised ongoing administrative enforcement actions against the Plaintiff—including explicit collection actions finalized on May 21, 2026—in direct violation of the federal discharge injunction.

6. Justice requires this amendment. Joinder prevents a multiplicity of suits, ensures all active participants in the alleged discharge violations are before this Court, and does not prejudice the existing defendants as this litigation is in its earliest stages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

- Granting Plaintiff leave to join additional Defendant Kristi McDonald and file the First Amended Adversary Complaint attached hereto as **Exhibit 1**;

- Directing the Clerk of the Court to detach and formally file the First Amended Adversary Complaint on the electronic docket; and

- Directing the Clerk of the Court to issue a Form B2500A Summons for newly joined Defendant Kristi McDonald.

Dated: June 6, 2026.

Respectfully submitted,

By: _____

Raj Marni, *Plaintiff, Pro Se*
17595 Harvard Avenue, Suite C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CERTIFICATION

I, Raj Marni, certify under penalty of perjury under the laws of the United States of America that I am over the age of eighteen (18) years and am a party to the above-captioned adversary proceeding. My mailing address is 17595 Harvard Avenue, Suite C 4009, Irvine, CA 92614.

I hereby certify a true and correct copy of the foregoing *Ex Parte* Motion to Join Additional Defendant and File First Amended Adversary Complaint (including Exhibit 1 and the Proposed Order) was served upon the following parties via the methods indicated below:

**1. Service via the Court's Electronic Filing System (CM/ECF):** Pursuant to the applicable Local Bankruptcy Rules and the Court's CM/ECF procedures, the registered Special Counsel of Record for the Virginia State Defendants will be served electronically through the Notice of Electronic Filing ("NEF") automatically generated by the Court's CM/ECF system immediately upon the hand-delivery and electronic docketing of this motion by the Clerk of Court on June 8, 2026.

**2. Service via First-Class United States Mail:** A true and correct physical copy of this motion bundle was be placed in a sealed envelope with first-class postage fully prepaid and deposited in the United States Mail by a non-party third-party server on June 6, 2026, addressed to the following *pro se* party:

- Ksenija Trdic (*Pro Se* Defendant)
  20725 Wood Quay Drive, Unit 469, Sterling, VA 20166.

A standalone, executed Proof of Service completed and certified by said third-party server will be formally filed with this Court immediately following completion of service after June 6, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of June 2026.

By: _____

Raj Marni, *Plaintiff, Pro Se*

17595 Harvard Avenue, C 4009

Irvine, CA 92614

Email: RajMarni@Gmail.Com

Telephone: +1-725-200-2010

///

///

///

///

///

///

///

///

///

///

///

///

# EXHIBIT - 1

The Proposed First Amended Adversary
Complaint (FAAC)

Raj Marni

17595 Harvard Avenue, C 4009,

Irvine, CA 92614

Email:RajMarni@Gmail.Com

*Pro Se*, Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

RAJ MARNI

                    Debtor.

RAJ MARNI

                    Plaintiff

                    v.

ANNE PRENTICE, ESQ.,
Individually and in her Official Capacity as
Assistant Attorney General, Virginia
Attorney General's Office

SUE ANN BULLARD,
Individually and in her Official Capacity as
Support Enforcement Specialist, Division of
Child Support Enforcement, Virginia
Department Of Social Services

VIRGINIA DIVISION OF CHILD SUPPORT
ENFORCEMENT (DCSE), Department of
Social Services, Commonwealth of Virginia

KRISTI McDONALD
Individually and in her Official Capacity as
District Manager, DCSE Winchester,
Division of Child Support Enforcement,
Virginia Department of Social Services

KSENIJA TRDIC,
Individually

                    Defendants.

| | |
|---|---|
| Bankruptcy No: 20-13238-mkn | |
| Chapter: 7 | |
| Adversary Proceeding: 26-01060-mkn | |
| Scheduling Conference: | |
| Hearing Date: September 10, 2026 | |
| Hearing Time: 10 a.m. PT | |
| FIRST AMENDED ADVERSARY COMPLAINT FOR WILLFUL VIOLATIONS OF DISCHARGE INJUNCTION, CIVIL CONTEMPT, AND DAMAGES. | |
| FILED AS A MATTER OF COURSE PURSUANT TO FED. R. CIV. P. 15(a)(1)(B) | |

*Raj Marni, pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

1 of 76

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**FIRST AMENDED ADVERSARY COMPLAINT FOR WILLFUL VIOLATION OF DISCHARGE INJUNCTION, CIVIL CONTEMPT, AND DAMAGES**

## I. PRELIMINARY STATEMENT

1. This adversary proceeding seeks relief under 11 U.S.C. §§ 524 and 105(a) for willful violations of the discharge injunction by Virginia state enforcement officials and the judgment creditor who directed their actions. While Defendant Ksenija Trdic is also named in a related adversary proceeding (Case No. 26-01002-mkn) for her role in **obtaining** the void January 9, 2026 Order through private attorneys, this action specifically addresses how state actors—the Virginia Division of Child Support Enforcement ("DCSE"), Assistant Attorney General Anne Prentice, District Manager Kristi McDonald and Support Enforcement Specialist Sue Ann Bullard— have served as the **enforcement machinery** to collect $176,882.18 in discharged debt disguised as "child support" circumventing 11 U.S.C. § 523(a)(15).

2. This adversary proceeding is related to Adversary Proceeding No. 26-01002-mkn (the "Private Actor Case"), which is pending before this Court. The Private Actor Case names Defendant Trdic along with her private attorneys—Christin Georgelas, Megan Houck, Ryan Schmalzle, and SG Law PLC—and her corporate entity, Lifestyle Associates, LLC. That case addresses how private actors obtained the void January 9, 2026, Order through false sworn statements to the Virginia state court and non-disclosure of bankruptcy discharges.

3. This proceeding (the 'State Actor Case') addresses a fundamentally different question: how DCSE, acting through Defendants McDonald, Bullard and Prentice,

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

used the state's enforcement machinery to enforce the void January 9, 2026, Order in violation of federal law and their own procedural manuals. The Private Actor Case asks who obtained the void Order; this case asks who enforced it. Under *In re Dyer, 322 F.3d 1178 (9th Cir. 2003) and In re Hardy, 97 F.3d 1384 (11th Cir. 1996)*, each distinct, willful act to collect a discharged debt constitutes a separate violation enforceable via civil contempt under 11 U.S.C. § 105(a). Obtaining a void order and actively enforcing that order are legally distinct violations—justifying separate proceedings against the specific actors responsible for each phase of the unlawful collection scheme.

4. Defendant Trdic is named in both proceedings because her independent acts caused both violations: she retained and directed the private attorneys who obtained the void Order, and she directed the state officials who enforced it. The evidence establishing Trdic as the **proximate cause** of the enforcement violations includes: (a) the June 27, 2025 tip-off email from Defendant Bullard to Trdic's personal Gmail address (kaseykcm@gmail.com) warning of impending passport release; (b) Trdic's same-day emergency filing on June 30, 2025; (c) Bullard's same-day addition of $10,988.74 blocking passport release; (d) the May 5, 2025 email proving Bullard had advance knowledge of Trdic's May 16, 2025 motion ten days before it was filed; and (e) Trdic's direct communications with DCSE triggering enforcement actions. The claims in this proceeding arise from enforcement acts that are legally and factually distinct from the acts addressed in the Private Actor Case.

5. Plaintiff Raj Marni ("Plaintiff" or "Debtor") is an individual whose Chapter 7 bankruptcy was filed in the District of Nevada and whose discharge was entered on

December 29, 2020 (the "Discharge Order"). The Discharge Order is a valid and enforceable order of this Court, operating as a permanent injunction under 11 U.S.C. § 524(a)(2) prohibiting "any act, to collect, recover or offset any such debt as a personal liability of the debtor."

6. Despite actual knowledge of the 2020 Discharge Order, the Defendants executed a rolling, continuous campaign to enforce the collection of discharged debts. This unlawful enforcement began in April 2022, initiated by Defendants DCSE, Bullard, and Trdic. The enforcement efforts were subsequently expanded and intensified in August 2025, when Defendants McDonald and Prentice joined the active collection scheme. Together, these Defendants have continuously maintained these willful discharge violations through the present day. —a period exceeding four years. Through state enforcement powers—including wage garnishment, passport denial, tax refund interception, and credit bureau reporting—Defendants have collected over $185,000 against balances that included discharged debt. The violations culminated in Defendant Prentice signing the January 9, 2026, Order (Exhibit G, page 4), which contains $295,735 in discharged debt, and Defendants McDonald and Bullard executing enforcement of that Order through their January 29, 2026, letter and May 21, 2026, email. (See Exhibit X).

**A. The Continuous Violation: April 2022 to Present**

7. On April 20, 2022, Defendant Trdic reopened DCSE Case No. 0005005576. On April 21, 2022, DCSE entered an opening child support balance of $86,557.09. This balance was mathematically impossible. Plaintiff's total child support obligation was approximately $115,322. Plaintiff made payments of approximately $84,663 before

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

his December 2020 bankruptcy. Under the binding March 1, 2019, Order, all payments must be credited to child support first. The correct child support balance at case opening was therefore approximately $30,659—not $86,557.09. The $56,000 discrepancy proves that from Day One, DCSE credited Plaintiff's payments to discharged property settlement obligations instead of child support, embedding discharged debt into the enforcement balance. See Exhibit A.

8. From April 2022 through the present, DCSE has collected over $185,000 from Plaintiff through wage and benefits garnishment, tax refund interception, and direct payments—all applied against balances that included discharged debt. DCSE has maintained a passport hold throughout this period based on inflated child support arrears. Each collection act constitutes a separate violation of § 524(a)(2).

**B. Formal Notice: The September 2025 Counterclaim**

9. In September 2025, Plaintiff filed a Counterclaim against DCSE and Defendant Trdic in the Loudoun County Circuit Court (Exhibit Z). This Counterclaim detailed systemic enforcement and structural violations, including: the December 29, 2020, federal Discharge Order and specific discharged non-support debts (Prosper, Circle Bank, car loans, student loans) asserted against Trdic; the mathematical impossibility of DCSE's internal balances; and explicit violations of the permanent bankruptcy discharge injunction and automatic stay. From September 2025 forward, both DCSE and Trdic had formal written notice via judicial pleadings of these federal bankruptcy restrictions and standing court orders, yet they continued enforcement regardless.

///

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**C. Multiple Notices to State Actors: September Through December 2025**

10. Between September 2025 and May 2026, Plaintiff provided multiple written notices to Defendants Bullard, Prentice, and McDonald. Each notice detailed the discharge violations and demanded cessation of enforcement. These notices included: documentary evidence of both bankruptcy discharges (Plaintiff's 2020 and Trdic's 2019); the *Lange v. Lange* doctrine establishing that Trdic has no indemnification claim because she paid $0 to the discharged creditors; and explicit warnings that continued enforcement would result in federal bankruptcy court sanctions. No Defendant investigated. No Defendant corrected the balances. No Defendant ceased enforcement.

11. On December 19, 2025, Plaintiff sent a detailed email to Defendant Prentice at anne.prentice@dss.virginia.gov with the subject "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice" (the "Prentice Notice," Exhibit M). This notice explained: (a) the violations being perpetrated; (b) her independent duty to investigate as a government lawyer under Virginia Rule 3.8; (c) her duty of candor to the tribunal under Virginia Rule 3.3; (d) her mandatory reporting obligations under Virginia Rule 8.3(a); (e) the controlling case law including *Taggart v. Lorenzen*, *In re McLean*, and *Lange v. Lange*; and (f) the specific consequences if she continued participating in enforcement of discharged debts. The Prentice Notice explicitly stated: "*After this email, there is no fair ground of doubt. You have been placed on notice.*" Prentice took no corrective action.

///

///

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**D. The December 3, 2025, Hearing: Actual Knowledge Exposed**

12. On December 3, 2025, the Loudoun County Circuit Court held a hearing in *Trdic v. Marni*, Case No. CL-00107389. Defendant Prentice attended as counsel for DCSE. DCSE District Manager Kristi McDonald attended and testified. The hearing lasted over five hours. During this hearing:

(a) **DCSE's Own Evidence**: McDonald presented DCSE's certified child support balance as of October 31, 2025: $10,988.74 (Exhibit Y). This was DCSE's own official calculation, submitted to the Court as evidence.

(b) **Trdic's Sworn Admission**: Defendant Trdic testified under oath that the Prosper Loan and Circle Bank debts "were discharged" in her 2019 bankruptcy and that she paid "$0" to these creditors (Exhibit V, Part C, Transcript pp. 58:15-25).

(c) **Georgelas's Admission**: Counsel for Trdic, Christin Georgelas, admitted on the record: "it's really not child support, but other obligations that were part of the PSA [Property Settlement Agreement]" (Exhibit V, Transcript p. 9:22-24).

(d) **Plaintiff's Identification**: Plaintiff stated on the record: "Parent Loan, Prosper, Circle Bank, car... all discharged in my 2020 bankruptcy". Neither Prentice nor McDonald disputed this statement. Their silence constitutes tacit admission.

13. At the conclusion of this five-hour hearing, Defendant Prentice and DCSE District Manager McDonald had heard—under oath—that the debts being enforced were discharged. They had seen DCSE's own certified balance of $10,988.74. They had heard Trdic admit she paid $0 to Prosper and Circle Bank. They had heard Georgelas

admit the debts were "not child support." There was no ambiguity. There was no "fair ground of doubt."

**E. The January 9, 2026, Order: $176,882.18 in Discharged Debt Disguised as Child Support (Exhibit G)**

14. Despite everything Defendant Prentice heard at the December 3, 2025, hearing, she signed the January 9, 2026, Order (Exhibit G, page 4, VSB No. 65844). By signing, Prentice committed DCSE to enforce the obligations contained in that Order. The January 9, 2026, Order is a vehicle for collecting discharged debt:

(a) **Page 1** — Child Support Balance: $63,493.98. DCSE's own certified balance was $10,988.74 as of October 31, 2025 (Exhibit Y). The January 9, 2026, Order states the child support balance as $63,493.98—a discrepancy of $52,505.24. This discrepancy can only be explained by embedding discharged debt into the child support calculation.

(b) **Page 5** — **"Summary of Child Support Debts Owed": $176,882.18.** This section labels debts belonging to Plaintiff's adult children and property settlement obligations as "child support" to circumvent the discharge injunction:

| *Item* | *Amount* | *Owed To* | *True Nature* |
|---|---|---|---|
| 1. Parent Plus Loan (Daughter's student loan) | $57,200.32 | Trdic | Adult child's student loan — DISCHARGED |
| 2. Son's College Loan (Year 1) | $12,536.69 | Trdic | Adult child's student loan — DISCHARGED |

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

| Item | Amount | Owed To | True Nature |
|---|---|---|---|
| 3. Daughter's Support | $14,335.49 | Daughter | Adult child obligation — NOT child support |
| 4. Daughter's Support (Student Loan) | $37,863.55 | Daughter | Adult child's student loan — NOT child support |
| 5. Daughter's Support (Car) | $11,157.59 | Daughter | Adult child's car loan — NOT child support |
| 6. Son's College Loan (Years 3 & 4) | $25,937.66 | Trdic | Adult child's student loan — DISCHARGED |
| 7. Son's College Loans (Years 3/4) | $17,850.88 | Son | Adult child's student loan — NOT child support |

(c) **Page 5 — "Summary of Debts Owed to Ms. Trdic": $118,857.87**. This section lists consumer debts discharged in both Trdic's 2019 bankruptcy and Plaintiff's 2020 bankruptcy:

| Item | Amount | Status |
|---|---|---|
| 1. Prosper Loan | $24,299.42 | DISCHARGED — Trdic paid $0, discharged her liability in 2019; Plaintiff's hold-harmless discharged in 2020 |
| 2. Circle Bank | $64,022.65 | DISCHARGED — Trdic paid $0, discharged her liability in 2019; Plaintiff's hold-harmless discharged in 2020 |

| *Item* | *Amount* | *Status* |
|--------|----------|----------|
| 3.    Car Payment | $30,535.80 | DISCHARGED — Property settlement obligation discharged in 2020 |

(d) **Total Discharged Debt: $295,740.05** ($176,882.18 + $118,857.87). None of these debts are "domestic support obligations" under 11 U.S.C. § 101(14A). None are enforceable against Plaintiff. All are discharged property settlement obligations or debts owed to adult children—some deliberately mislabeled as "child support" to enable DCSE enforcement.

15. The mislabeling is not accidental. DCSE can only enforce "child support" and "spousal support" obligations. By labeling discharged property settlements, adult children's student loans, and consumer debts as "child support," Defendants enabled DCSE's enforcement machinery to collect debts that were extinguished by federal bankruptcy law. This is the mechanism of the violation.

16. Under *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010), hold-harmless obligations are non-dischargeable under 11 U.S.C. § 523(a)(15) "only to the extent" the protected spouse actually pays the creditor. Defendant Trdic paid $0 to Prosper. She paid $0 to Circle Bank. She discharged these debts in her own 2019 bankruptcy (Case No. 19-10603-KHK, E.D. Va.). Under *Lange*, she has no indemnification claim. The Prosper and Circle Bank amounts in the January 9, 2026, Order are void. Yet DCSE, through Prentice's signature, committed to enforce them anyway.

/ / /

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**F. The Enforcement Trigger: Bullard's January 29, 2026, Letter**

17. On January 29, 2026, Defendant Bullard issued a letter (Exhibit X) formally updating Plaintiff's DCSE account to reflect the January 9, 2026, Order. This letter increased the child support balance from DCSE's certified $10,988.74 to over $63,000—incorporating the discharged debt from the January 9, 2026, Order into DCSE's active enforcement system. From that date forward, DCSE's enforcement machinery—passport denial, wage and benefits garnishment, tax refund interception, and credit bureau reporting—operated based on balances that included $295,735 in discharged debt.

18. Defendant Bullard's January 29, 2026, letter was not a ministerial act. Bullard had received multiple notices of the discharge violations. Bullard participated in the fabrication of balances on May 16, 2025 ($24,906.36 added same day as Trdic's motion) and June 30, 2025 ($10,988.74 added same day as Trdic's emergency filing). Bullard had sent the June 27, 2025, tip-off email to Trdic's personal Gmail address warning of impending passport release. Bullard knew the January 9, 2026, Order contained discharged debt. She executed enforcement anyway (See Exhibit X.)

**G. The Enforcement Ratification: McDonald's May 21, 2026, Audit Mandate**

19. On May 21, 2026, Defendant McDonald, in her official capacity as District Manager of the Winchester DCSE, issued a formal written determination via email (Exhibit X) to explicitly ratify and lock in the unlawful collection balances. McDonald's mandate formally confirmed that the Plaintiff's active child support and spousal support balances had been artificially inflated to a staggering $63,493.98

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

and $441,185.70, respectively—explicitly absorbing the discharged debts from the void January 9, 2026, Order into DCSE's continuous collection matrix. McDonald definitively declared that *"no further adjustments will be made at this time"* and affirmatively pledged that *"DCSE will continue to enforce the order as written,"* ensuring that the state's aggressive enforcement mechanisms remained actively deployed against the Plaintiff based on discharged debt (See Exhibit X.)

20. Defendant McDonald's May 21, 2026, email and accompanying audit ledger were not passive, ministerial entries; they represented an active, bad-faith adoption of a federal discharge violation. McDonald issued this final enforcement directive despite having direct supervisory authority over Defendant Bullard, and despite having received prior, comprehensive notice of the Plaintiff's 2020 Discharge Order and the legally void nature of the underlying state court claims. Armed with actual knowledge of the bankruptcy discharge, McDonald personally reviewed the account, finalized the ledger calculations incorporating interest at 0.5% per month, and consciously chose to reject the supremacy of the federal injunction. By flatly refusing to correct the ledger and affirming that active enforcement would continue, McDonald personally ratified the multi-year collection scheme and transformed her office into an active tool for the subversion of the federal discharge injunction.

**H. The Second Chance Ignored: The Video Verification Offer**

21. Both Prentice and Trdic were given a second opportunity to verify the facts and chose to ignore it. On March 10, 2026, Plaintiff sent an email to both Prentice (at anne.prentice@dss.virginia.gov) and Trdic (at kaseykcm@gmail.com) with the subject "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Passport Release" (the "Video Verification Offer," Exhibit N). In this email, Plaintiff explicitly warned: "*My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.*" (See Exhibit N.)

22. Plaintiff offered a live video verification session with LeBar's Authorized Signatory so that DCSE, the Court, or Trdic could independently verify the contract's existence and terms. Neither Prentice nor Trdic responded. Neither requested verification. Neither took any action to release the passport hold. They had thirty-six days before the April 15, 2026, deadline. They did nothing.

## I. The Harm: Permanent Destruction of the LeBar Contract

23. Defendants' unlawful passport hold has caused permanent, realized, and irrevocable harm. On February 14, 2026, LeBar InfoTech Turkey A.Ş. issued an Official Engagement Confirmation Letter (Exhibit J) confirming a fully executed Patent Licensing and Consulting Agreement with Plaintiff. The Agreement provided for patent license fees of $10,000 per day ($2,000 per patent × 5 patents) plus consulting fees of $225 per hour with no cap on billable hours. The Agreement contained an absolute, non-negotiable deadline: Plaintiff was required to be physically present on-site in the MENAT region on or before April 15, 2026. The Agreement explicitly stated that failure to meet this deadline—"*including but not limited to legal restrictions, travel impediments, passport limitations, court orders, incarceration*"—would result in "immediate, permanent, and irrevocable cancellation."

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

24. Because Defendants maintained the passport hold based on the January 9, 2026, Order—which contains $295,735 in discharged debt—Plaintiff was unable to travel to Turkey by the April 15, 2026, deadline. The LeBar Contract was permanently cancelled on that date. Plaintiff's income of $10,000 per day in licensing fees and $225 per hour in consulting fees—projected at approximately $2,950,000 annually—is now permanently and irrevocably lost. This is not speculative future harm; it is actual, realized, documented economic devastation caused directly by Defendants' willful enforcement of discharged debt.

**J. No Fair Ground of Doubt**

25. Under *Taggart v. Lorenzen*, 587 U.S. 554 (2019), civil contempt for a discharge violation requires that there be "no fair ground of doubt" as to whether the conduct violated the discharge injunction. No such doubt exists here:

(a) DCSE received notice via the September 2025 Counterclaim (Exhibit Z);

(b) Bullard, Prentice, and McDonald received multiple written notices between September and December 2025, including the Prentice Notice (Exhibit M);

(c) Prentice and McDonald attended the December 3, 2025, hearing for over five hours and heard Trdic admit the debts were "discharged" and that she paid "$0";

(d) DCSE's own certified balance was $10,988.74 (Exhibit Y)—yet the January 9, 2026, Order states $63,493.98, a $52,505 discrepancy;

(e) Prentice signed the January 9, 2026, Order (Exhibit G, page 4) despite knowing it contained $176,882.18 in discharged debt disguised as "child support";

(f) Bullard executed enforcement via the January 29, 2026, letter (Exhibit X) despite notices and McDonald confirmed on May 21, 2026, via email (Exhibit X);

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(g) Both Prentice and Trdic ignored the March 10, 2026, Video Verification Offer (Exhibit N), taking no action during the thirty-six days before the LeBar contract was destroyed.

26. Defendants made a conscious, willful decision to enforce collection of discharged debt. They labeled adult children's student loans, car loans, and consumer debts as "child support" to enable DCSE enforcement. They ignored DCSE's own certified balance of $10,988.74. They ignored sworn testimony that the debts were "discharged" and "not child support." They ignored the September 2025 Counterclaim. They ignored multiple written notices. They ignored the Video Verification Offer. There is no innocent explanation. There is no fair ground of doubt. The violations are willful.

27. This Court has exclusive jurisdiction under 28 U.S.C. § 1334 and *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000), to determine whether the discharge injunction has been violated. This Court has authority under 11 U.S.C. § 105(a) to enforce its Discharge Order, hold Defendants in contempt, award compensatory and punitive damages, and permanently enjoin further enforcement of discharged debt.

## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

28. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it concerns the determination and enforcement of this Court's Discharge Order.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

29. This Court has authority to enforce its own Discharge Order against all persons and entities, including state agencies, state officials, and attorneys representing them, without limitation. *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004); *In re Lacher*, 669 B.R. 548 (B.A.P. 9th Cir. 2025); *In re McLean*, 794 F.3d 1313 (11th Cir. 2015).

## B.   Jurisdiction Over State Defendants — Sovereign Immunity Does Not Apply

30. The Eleventh Amendment does not bar this proceeding. States surrendered sovereign immunity with respect to bankruptcy proceedings when the Bankruptcy Clause was adopted. *Katz*, 546 U.S. at 370. Enforcement of the discharge injunction falls within this Court's in rem jurisdiction over Plaintiff's bankruptcy estate and fresh start. *Hood*, 541 U.S. at 447.

31. Independently, the *Ex parte Young* doctrine, 209 U.S. 123 (1908), provides an alternative basis for suit against Bullard, Prentice, and McDonald in their official capacities. A federal court may enjoin a state official who is actively violating federal law regardless of sovereign immunity. The Discharge Order is federal law. Their ongoing enforcement acts violate it.

32. Section 106(a) of the Bankruptcy Code, 11 U.S.C. § 106(a), abrogates sovereign immunity for governmental units with respect to proceedings arising under §§ 105 and 524. DCSE, as a state governmental unit, has no immunity with respect to the claims asserted herein.

33. The Ninth Circuit Bankruptcy Appellate Panel held in *In re Lacher*, 669 B.R. 548 (B.A.P. 9th Cir. 2025), that "neither sovereign immunity nor the Younger abstention doctrine prevents a bankruptcy court from enjoining a state governmental entity" from violating a debtor's fresh start rights.

## C.  Jurisdiction Over State Official Defendants Prentice and McDonald

34. State Officials who participate in collection of discharged debts are personally liable for discharge injunction violations. *In re McLean*, 794 F.3d 1313 (11th Cir. 2015) (attorneys and their agents held personally liable for discharge violations; following state court orders is not a defense; damages included compensatory and punitive awards). Prentice's status as an Assistant Attorney General and McDonald's status as DCSE District Manager do not shield them from personal liability for willful violations of federal law after actual notice. Both Prentice and McDonald attended the December 3, 2025, hearing, heard testimony that the debts were discharged, saw DCSE's own certified balance of $10,988.74, and thereafter participated in enforcement of the January 9, 2026, Order containing $295,735 in discharged debt.

## D.  Personal Jurisdiction Over Out-Of-State Defendants

35. This Court has personal jurisdiction over all Defendants, including those residing in or organized under the laws of Virginia, pursuant to multiple following independent grounds:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- First, Federal Rule of Bankruptcy Procedure 7004(d) provides that "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States" in adversary proceedings arising under the Bankruptcy Code. This nationwide service provision eliminates traditional personal jurisdiction requirements based on state-specific minimum contacts. See, e.g., *In re Celotex Corp.*, 124 F.3d 619, 630 (4th Cir. 1997) (nationwide service under bankruptcy rules satisfies due process when defendant has minimum contacts with the United States as a whole). All Defendants reside or operate within the United States and are therefore subject to personal jurisdiction in this Court.

- Second, proceedings to enforce a discharge injunction are fundamentally in *rem* in nature. The *res* at issue is the debtor's federally protected "fresh start" — a property interest created and protected by the Bankruptcy Code. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004) (bankruptcy jurisdiction is "principally in rem"). This Court has jurisdiction over the res — Plaintiff's discharge and fresh start — and may exercise that jurisdiction against any person or entity who violates the discharge injunction, regardless of their geographic location. *Central Virginia Community College v. Katz*, 546 U.S. 356, 370 (2006).

- Third, this Court possesses inherent contempt power under 11 U.S.C. § 105(a) to enforce its own orders. The Discharge Order was entered by this Court. Any person who willfully violates that order is subject to this Court's contempt

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

jurisdiction, irrespective of where the violating acts occurred. See *In re Dyer*, 322 F.3d 1178, 1191-92 (9th Cir. 2003) (bankruptcy court has broad power to enforce its orders).

- Fourth, even under traditional minimum contacts analysis, Defendants are subject to personal jurisdiction in Nevada under the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984). Defendants: (a) committed intentional acts (enforcement of discharged debts); (b) expressly aimed at a Nevada debtor protected by a Nevada bankruptcy discharge; (c) knowing that the brunt of the injury would be felt in Nevada (violation of this Court's order). Defendants had actual knowledge that Plaintiff's bankruptcy case was pending in Nevada, that his discharge was entered by this Court, and that their enforcement actions would violate this Court's order. They cannot now claim surprise at being haled into this forum to answer for those violations.

- Fifth, 11 U.S.C. § 106(a)(1) expressly grants this Court jurisdiction over "governmental units" for violations of § 524. This statutory grant of jurisdiction over DCSE is not limited by traditional personal jurisdiction requirements. Congress has determined that governmental units violating the discharge injunction shall answer in the bankruptcy court that issued the discharge.

- Sixth, Defendants have waived any personal jurisdiction objection by voluntarily participating in the enforcement of a Nevada bankruptcy debtor's obligations while having actual knowledge of his Nevada bankruptcy case. Defendant Trdic attended Plaintiff's § 341 Meeting of Creditors in the Nevada

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

bankruptcy. Defendants DCSE, Bullard, Prentice, and McDonald received multiple written notices referencing the Nevada bankruptcy case number (20-13238-mkn), the Nevada adversary proceeding (26-01002-mkn), and this Court's jurisdiction. Having invoked the benefits of collecting against a Nevada bankruptcy debtor, Defendants cannot now disclaim this Court's authority to adjudicate whether those collection efforts violated federal law.

## E. Service of Process

36. Service upon DCSE, Bullard, Prentice, and McDonald is proper pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(6) and (b)(1), respectively. Nationwide service of process is available under FRBP 7004(d) for this core proceeding.

## F. Venue

37. Venue is proper under 28 U.S.C. § 1409(a) as this proceeding relates to Case No. 20-13238-MKN pending in this District.

## III. PARTIES

## A. Plaintiff

38. Plaintiff Raj Marni ("Debtor") is an individual who filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 2, 2020, in Case No. 20-13238-MKN. The case was converted to Chapter 7 on September 29, 2020, and Debtor received his discharge on December 29, 2020. The case was reopened on December 30, 2025, for the purpose of adversary proceedings.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**B. Defendant Virginia Division of Child Support Enforcement**

39. Defendant Virginia Division of Child Support Enforcement ("DCSE") is a division of the Virginia Department of Social Services, a state agency of the Commonwealth of Virginia, with its Winchester, Virginia office located at 629 Cedar Creek Grade, Suite A, Winchester, VA 8 22601 and mailing address listed as PO Box 28450, Richmond, VA 23228. DCSE operates Case No. 0005005576 concerning Plaintiff and, at all relevant times, administered the enforcement of child and spousal support obligations against Plaintiff, including passport denial, payment interception, credit reporting, and tax refund offset.

40. DCSE is sued as a governmental unit under 11 U.S.C. § 101(27). Pursuant to 11 U.S.C. § 106(a), sovereign immunity is abrogated for purposes of this proceeding seeking declaratory and injunctive relief under §§ 105 and 524, and compensatory damages.

41. DCSE has served as the enforcement instrumentality through which discharged debts have been collected. The latest enforcement begun in April 2022, ever since DCSE has maintained enforcement actions—including wage garnishment, passport denial, credit bureau reporting, tax refund interception, and referral for contempt proceedings—based on arrears balances that include approximately $185,000 in discharged debts. Following the January 9, 2026, Order (Exhibit G), DCSE is now enforcing $176,882.18 in discharged debt disguised as "child support," including adult children's student loans, car loans, and consumer debts discharged in both Trdic's

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

2019 and Plaintiff's 2020 bankruptcies. ( See Exhibit X, enforcement by Bullard and McDonald.)

## C. Defendant Sue Ann Bullard

42. Defendant Sue Ann Bullard ("Bullard") is, and at all relevant times, employed by DCSE as a Support Enforcement Specialist assigned to Plaintiff's case, DCSE Case No. 0005005576. Her official contact is Sue.A.Bullard@dss.virginia.gov. Her office is located at 629 Cedar Creek Grade, Suite A, Winchester , VA 22601. At all relevant times, Bullard acted under color of state law within the scope of her employment at DCSE.

43. Bullard is sued in both her individual capacity and her official capacity:

(a) Individual Capacity: Bullard personally committed acts to collect discharged debts, including fabricating retroactive arrears adjustments, communicating directly with Defendant Trdic to prevent case closure, blocking passport release, and maintaining enforcement actions she knew were based on discharged obligations. Under *Taggart*, there is no fair ground of doubt that her conduct violated the discharge injunction.

(b) Official Capacity: Bullard is sued in her official capacity for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin ongoing and future violations of the discharge injunction.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

in discharged debt through passport denial, wage garnishment, tax interception, and credit reporting.

## D. Defendant Anne Prentice, Esquire

45. Defendant Anne Prentice ("Prentice") is, and at all relevant times, employed as an Assistant Attorney General in the Virginia Attorney General's Office, Division of Child Support Enforcement. Her official contact is anne.prentice@dss.virginia.gov. At all relevant times, Prentice served as legal counsel for DCSE in proceedings involving Plaintiff, including Case No. CL 107389-01/02/03 in the Loudoun County Circuit Court.

46. Prentice is sued in both her individual capacity and her official capacity:

(a) Individual Capacity: Prentice attended the December 3, 2025, hearing for over five hours, heard Defendant Trdic testify under oath that Prosper and Circle Bank debts were "discharged," heard counsel Georgelas admit the debts were "not child support," and saw DCSE's own certified child support balance of $10,988.74 as of 10/31/2025 (Exhibit Y). Despite this knowledge, Prentice signed the January 9, 2026, Order (Exhibit G, page 4, VSB No. 65844), which states a child support balance of $63,493.98—a $52,505 discrepancy—and contains $176,882.18 in discharged debt disguised as "child support." By signing, Prentice committed DCSE to enforce discharged debt. Prentice also received explicit written notice on December 19, 2025 (Exhibit M), that enforcement of the January 9, 2026, Order would violate federal discharge injunctions. She received a second notice on March 10, 2026 (Exhibit N),

offering independent video verification of the LeBar contract that would be destroyed by the passport hold. Despite these notices, she continued to participate in enforcement actions for over eight months (since September 2025), failed to investigate, failed to report to the Virginia State Bar, failed to disclose material facts to the tribunal, failed to request the offered verification, and failed to withdraw from representation. Under *In re McLean*, 794 F.3d 1313 (11th Cir. 2015), attorneys are personally liable for discharge violations. Under *Taggart*, there is no fair ground of doubt after actual notice.

(b) Official Capacity: Prentice is sued in her official capacity for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin ongoing and future violations of the discharge injunction and to compel disclosure of the bankruptcy discharges to the Loudoun County Circuit Court.

47. As an Assistant Attorney General, Prentice holds heightened ethical obligations beyond those of private counsel. Under Virginia Rule of Professional Conduct 3.8, government lawyers must "seek justice, not merely prevail." This requires her to:

- Investigate when placed on notice of potential federal law violations;

- Ensure DCSE is not being used to collect discharged bankruptcy debts mislabeled as child support;

- Correct misrepresentations made to the court about the nature of these debts;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

• Protect the integrity of Virginia's judicial system from being used to violate federal law.

8. Prentice violated these obligations by:

• Continuing to represent DCSE in enforcement of discharged debts after receiving Plaintiff's December 19, 2025, notice (the "Prentice Notice," Exhibit M), which explicitly stated: "*After this email, there is no fair ground of doubt. You have been placed on notice*";

• Failing to investigate whether the Prosper and Circle Bank debts included in DCSE's enforcement were legitimate domestic support obligations or discharged property settlement debts;

• Failing to report to the Virginia State Bar under Rule 8.3(a) despite actual knowledge that opposing counsel (Christin Georgelas) was pursuing collection of discharged debts through false representations to the court;

• Failing to disclose to the Loudoun County Circuit Court under Rule 3.3 the material facts that: (a) Defendant Trdic discharged the Prosper and Circle Bank debts in her 2019 bankruptcy; (b) Plaintiff discharged his hold-harmless obligations in his 2020 bankruptcy; (c) under *Lange v. Lange*, Trdic has no legally cognizable indemnification claim because she paid $0 to these creditors;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Participating in the enforcement of the January 9, 2026, Order, which includes over $200,000 in discharged debts, despite knowing that enforcement violated federal law;

- Failing to notify her supervisors at the Attorney General's Office that the Commonwealth was being used as an instrument to violate federal bankruptcy law;

- Ignoring the March 10, 2026, Video Verification Offer (Exhibit N), which offered her the opportunity to independently verify the LeBar contract through a live video session with the company's authorized signatory—thirty-six days before the contract's cancellation deadline—and taking no action to release the passport hold or investigate the harm being caused.

  - Signing the January 9, 2026, Order (Exhibit G, page 4) despite having attended the December 3, 2025, hearing, heard testimony that the debts were discharged, and seen DCSE's own certified balance of $10,988.74 (Exhibit Y)

39. Prentice's December 19, 2025, notice explicitly warned her: "*If you continue participating in collection efforts after receiving this notice, you may be held personally liable in federal bankruptcy court for: Compensatory damages, Punitive damages, Sanctions under Taggart.*" She continued participating for over four months after this warning, and ignored a second opportunity for verification on March 10, 2026. (See Exhibits M and N.)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## E. Defendant Kristi McDonald

40. Defendant Kristi McDonald ("McDonald") is, and at all relevant times, employed by DCSE as District Manager. At all relevant times, McDonald acted under color of state law within the scope of her employment at DCSE.

41. McDonald is sued in both her individual capacity and her official capacity:

(a) Individual Capacity: McDonald attended the December 3, 2025, hearing in *Trdic v. Marni*, Case No. CL-00107389, for over five hours. She testified under oath regarding DCSE's payment systems. She presented DCSE's certified child support balance as of October 31, 2025: $10,988.74 (Exhibit Y).

(i) She heard Defendant Trdic testify under oath that Prosper and Circle Bank debts were "discharged" in her 2019 bankruptcy.

(ii) She heard counsel Georgelas admit the debts were "not child support, but other obligations that were part of the PSA."

(iii) She heard Plaintiff identify by name the discharged debts: "Parent Loan, Prosper, Circle Bank, car... all discharged in my 2020 bankruptcy." Despite this actual knowledge, McDonald participated in DCSE's continued enforcement of discharged debt and took no action to correct the $52,505 discrepancy between DCSE's certified balance ($10,988.74) and the January 9, 2026, Order ($63,493.98). Under *Taggart*, there is no fair ground of doubt after actual notice.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(b) Official Capacity: McDonald is sued in her official capacity for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin ongoing and future violations of the discharge injunction.

42. McDonald's own testimony at the December 3, 2025, hearing established DCSE's institutional position. When asked about payment allocation, McDonald testified that DCSE's payment system was "not set up to do it any other way" than follow their internal hierarchy ( Exhibit V, Transcript p. 102:18-20). This admission proves that DCSE's institutional position was to defy any judicial order—including the federal discharge injunction—that conflicted with their internal systems. McDonald, as District Manager, is responsible for DCSE's enforcement policies and is personally liable for the violations that occurred under her supervision after actual notice.

## F. Defendant Ksenija Trdic

43. Defendant Ksenija Trdic ("Trdic") is an individual residing in Sterling, Virginia. She was married to Debtor from February 1991 until their divorce was finalized in June 2017. She was formerly known as "Ksenija Marni."

44. Trdic is named in this proceeding as the proximate cause of the enforcement violations. She directed DCSE's, Bullard's, Prentice's, and McDonald's enforcement of discharged debts and benefited from the collection of $295,735 in debt she knew was discharged. Her role in obtaining the void January 9, 2026, Order through private actor attorneys (Georgelas, Schmalzle, Houck, and SG Law PLC) is addressed in the related adversary proceeding, Case No. 26-01002-mkn. This proceeding addresses her role in directing the enforcement of that Order.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

45. Trdic attended Debtor's § 341 Meeting of Creditors on October 26, 2020, giving her actual knowledge of Debtor's bankruptcy case and impending discharge. She received notice of the December 29, 2020, discharge order.

46. Trdic filed her own Chapter 7 bankruptcy petition on February 26, 2019 (Case No. 19-10603-KHK, U.S. Bankr. Ct., E.D. Va.) and was granted a discharge on or about June 5, 2019. She listed several debts including consumer debts to Prosper Marketplace and Circle Bank in her bankruptcy petition and discharged those debts. She paid $0.00 to either creditor. Yet she now seeks to collect $118,857.87 from Debtor for these same debts through the DCSE enforcement apparatus (Prosper $24,299.42 + Circle Bank $64,022.65 + Car Payment $30,535.80)—debts she never paid, cannot be sued for, and which were subsequently discharged in Debtor's 2020 bankruptcy. The January 9, 2026, Order (Exhibit G, page 5) lists these exact amounts.

47. Trdic received the same March 10, 2026, Video Verification Offer (Exhibit N) that was sent to Prentice. The email was sent to her personal Gmail address (kaseykcm@gmail.com)—the same address to which Bullard sent the June 27, 2025, tip-off email. The email explicitly warned: "*My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.*" Trdic was offered the opportunity to participate in a video verification session with LeBar's executive team. She ignored the offer. She took no action to release the passport hold. She had thirty-six days to act before the contract was permanently cancelled. She did nothing.

## IV. STATEMENT OF FACTS

**A. The Discharge Order and Its Scope**

48. On December 29, 2020, this Court entered the Discharge Order in Plaintiff's Chapter 7 case pursuant to 11 U.S.C. § 727(a), discharging Debtor from all dischargeable debts that arose before September 29, 2020 (the petition date for conversion).

49. The Discharge Order operates as a permanent injunction under 11 U.S.C. § 524(a)(2), prohibiting any act to collect, recover, or offset any discharged debt as a personal liability of the debtor. This injunction operates against the entire world—including DCSE, Bullard, Prentice, McDonald, and Trdic—whether or not they were parties to the bankruptcy proceeding.

50. Among the debts discharged were property settlement obligations arising from Debtor's February 8, 2016, Property Settlement Agreement ("PSA", Exhibit O) with Defendant Trdic. These obligations—including Plaintiff's obligation to make payments on Trdic's personal Circle Bank loan (balance approximately $64,022) and Prosper loan (balance approximately $24,299)—are dischargeable under 11 U.S.C. § 523(a)(15). These obligations were discharged because Trdic had herself obtained a Chapter 7 discharge of those same loans in 2019, paid $0 to either creditor, and therefore sustained no actual loss that could sustain a non-dischargeable hold-harmless claim. Under *Lange v. Lange*, the hold-harmless claim equals what the protected spouse actually paid: zero. See Exhibit L.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

51. The only obligations NOT discharged in Plaintiff's 2020 bankruptcy were domestic support obligations—specifically, monthly child support ("CS") and monthly spousal support ("SS")—as defined in 11 U.S.C. § 523(a)(5), and student loans directly owed to the U.S. Department of Education, not to Trdic.

52. The total fully adjudicated CS obligation, as established by court order, was approximately $115,322, covering the period June 1, 2016, through September 30, 2020, beginning at $2,000 per month with a 5% annual increase each January 1st. This amount is fixed and cannot change, subject only to statutory interest accrual. (See Exhibit H.)

53. Plaintiff made total payments of approximately $84,663 between February 2016 and June 2020—before his bankruptcy filing. Under the March 1, 2019, Order described below, all such payments must be credited to CS first. Therefore, the true CS balance at the time of Plaintiff's bankruptcy was approximately $30,659 ($115,322 minus $84,663), plus applicable interest.

**B. The March 1, 2019, Court Order — Mandatory Payment Allocation**

54. On March 1, 2019, the Loudoun County Circuit Court entered an Order (the "March 2019 Order") which provided, in relevant part: "For tax purposes, all payments received will be counted towards the outstanding child support payments first, until paid in full and then to the spousal support, unless requested otherwise by the Plaintiff." See Exhibit F.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

55. The March 2019 Order thus established a mandatory CS-first payment allocation hierarchy: (1) child support principal; (2) child support interest; (3) only thereafter, spousal support. This hierarchy was never modified by any subsequent court order.

56. Critically, Defendant Trdic NEVER, at any time, invoked the "unless requested otherwise" exception. No written request, no court motion, and no documented communication was ever filed by Trdic requesting alternative payment allocation. The CS-first hierarchy therefore remained the sole applicable allocation rule throughout the entire enforcement period from March 1, 2019, to the present.

57. DCSE, Bullard, McDonald and Prentice were provided copies of the March 2019 Order and had actual knowledge of its CS-first payment allocation requirement. Plaintiff filed a Motion to Compel Calculations of Arrearages Pursuant to the March 1, 2019, Order (the "Motion to Compel," Exhibit U), formally notifying Defendants that all payments were required to be applied to child support first. Bullard personally acknowledged the controlling authority of court orders in her email to Plaintiff dated November 19, 2024, stating: '[W]e do not have the power to override a Court's Order." See Exhibit B.

## C. DCSE Account Opening — The Mathematically Impossible Balance

58. DCSE Case No. 0005005576 was initially closed on January 7, 2020, upon request of Trdic. The case remained closed from January 7, 2020, through April 20, 2022.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

58. On April 20, 2022, Trdic reopened the DCSE case. On April 21, 2022, DCSE entered the following starting balances into its enforcement system based on Trdic's submission of the April 18, 2022, Loudoun County Circuit Court Order (the "April 2022 State Court Order," Exhibit T) and her accompanying sworn affidavit (the "February 2022 Trdic Affidavit," Exhibit P), which contained materially false representations regarding the status and amount of arrears:

• Child Support arrears: $86,557.09

• Spousal Support arrears: $255,383.15

59. The $86,557.09 CS balance entered by DCSE on April 21, 2022, was mathematically impossible under the March 2019 Order. The correct calculation is as follows:

Total CS obligation (June 2016 – September 2020): $115,322

Less: Payments made before bankruptcy (Feb 2016 – June 2020): ($84,663)

TRUE CS BALANCE AT BANKRUPTCY: $30,659 (plus interest)

DCSE's entered balance: $86,557.09.

UNEXPLAINED DISCREPANCY: Approximately $56,000

60. The approximate $56,000 gap between the actual CS balance and DCSE's stated balance can only be explained by one of two means:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(a) DCSE credited Plaintiff's $84,663 in pre-bankruptcy payments to discharged non-support obligations (Prosper, Circle Bank, and other PSA debts discharged in Plaintiff's 2020 bankruptcy) instead of CS as required by the March 2019 Order;

(b) DCSE accepted inflated arrears figures provided by Trdic without independently verifying them against the March 2019 Order or the 2020 Discharge Order.

Both explanations constitute willful or reckless participation in collecting discharged obligations. The mathematics prove the violations.

61. DCSE did not conduct any independent verification of the April 2022 balance against Plaintiff's 2020 Discharge Order, notwithstanding that Trdic's own affidavit (Exhibit P) contained representations that were facially inconsistent with the March 2019 Order and publicly available bankruptcy records: (a) DCSE had Plaintiff's bankruptcy filing information in its records; (b) bankruptcy filings are public record; (c) DCSE's enforcement function routinely requires monitoring for bankruptcy discharges; and (d) the mathematical impossibility of the stated CS balance was apparent on the face of the payment records ( Exhibit I.)

### D. Misapplication of Payments — 2022 Through 2025

62. From May 2022 through June 2025, Plaintiff made payments exceeding $185,000 to DCSE. DCSE's own payment worksheet (Exhibit A) confirms these payments.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Under the March 2019 Order, every dollar of these payments was required to be applied to CS first, until the CS balance was fully satisfied, before any allocation to spousal support.

63. DCSE's payment worksheet (Exhibit A) demonstrates that DCSE systematically misapplied these payments—allocating substantial portions to spousal support arrears while the stated CS balance remained artificially elevated. By end of 2023, Plaintiff had paid more than twice the adjudicated CS obligation of $86,557.09, yet DCSE's ledger continued to show a CS arrearage balance exceeding $56,000.

64. The only mechanism by which Plaintiff's payments of over $185,000 could fail to extinguish a CS balance of $86,557.09 is if DCSE was applying payments to obligations other than CS—specifically, to the spousal support balance and to discharged non-support obligations—in direct violation of the March 2019 Order. Despite Plaintiff's Motion to Compel (Exhibit U) formally notifying DCSE of the required CS-first allocation, Bullard continued to systematically misapply payments.

65. Bullard, as the assigned case manager, personally directed and authorized DCSE's payment allocation methodology throughout this period. In her November 19, 2024, email (the "Set in Stone Email," Exhibit B), Bullard described the CS balance history as "set in stone" by court orders, demonstrating her personal knowledge of the correct balance history while simultaneously managing a system that produced mathematically inconsistent results.

///

E. The Fabricated Adjustment of May 16, 2025

66. On May 16, 2025, Plaintiff made a payment of $50,919.61 to DCSE, reducing the stated CS balance to $5,174.42. See Exhibit A.

67. On that same date—May 16, 2025—Bullard added $24,906.36 to Plaintiff's DCSE account, characterized as a "5% annual increase to spousal support" adjustment. No notice of this addition was provided to Plaintiff before or after it was made in violation of DCSE own program manual guidelines and Plaintiff's due process.

68. On that same date—May 16, 2025—Defendant Trdic filed a Motion and Affidavit for Arrearages in Loudoun County Circuit Court (the "May 2025 Motion," Exhibit S) claiming a CS balance of $104,413.72, a figure that is irreconcilable with DCSE's own certified balance of $6,531.06 as certified by DCSE Authorized Representative Bret H. Funk on June 11, 2025 (the "Funk Certification," Exhibit C).

69. The simultaneous occurrence of Bullard's addition and Trdic's filing (Exhibit S) on May 16, 2025, is not coincidental. The same-day timing establishes that Bullard and Trdic acted in concert to prevent Plaintiff's account from reaching zero and to maintain the enforcement mechanisms—including the passport hold—that depended on a positive CS arrearage balance.

70. The May 16, 2025, same-day actions were not spontaneous. On **May 5, 2025**— eleven days earlier—Defendant Bullard sent an email to Plaintiff stating that DCSE's arrears balances were "intended for reference only, until the Loudoun Co

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Circuit Court has heard and made final ruling on Ms. Trdic's: Motion for Determination of Child & Spousal arrearages, entering an updated arrears judgment for the period of 02.02.2022 – present, reflecting any calculated compounded interest 'and' the 6% increase previously awarded to the custodial parent." **Eleven days later**, on May 16, 2025, Defendant Trdic filed exactly this motion. The only explanation is that Bullard had advance knowledge of Trdic's motion before it was filed. This is the same pattern documented in the June 27, 2025, email.

71. Bullard's May 5, 2025, email also reveals a critical shift in DCSE's position. On November 19, 2024, Bullard told Plaintiff the balance was **"set in stone"** by court orders—using this to reject Plaintiff's complaints about errors. But on May 5, 2025, Bullard suddenly described the balance as **"for reference only"**—preparing to accept Trdic's inflated numbers. This 180-degree reversal proves DCSE knew the numbers were wrong but changed their position to accommodate Trdic's motion.

72. DCSE's own Program Manual requires, before adding large amounts to an enforcement account: (a) written Pre-Offset Notice to the NCP, DCSE Program Manual, Legal §C(1)(a)-(b), p. Legal 392; (b) the NCP's right to contest whether funds to be held are exempt from garnishment by law, id. §D(4)(b), p. Legal 389; and (c) written notice of an administrative review of arrears accuracy, id. §C(3)-(5), p. Legal 388. Plaintiff received none of these notices on or around May 16, 2025.

/ / /

/ / /

**F. The Fabricated Adjustment of June 30, 2025**

73. With additional payments, by June 24, 2025, Plaintiff reduced the stated CS balance to zero.

74. On Friday, June 27, 2025, at 7:09 PM EST, Bullard sent an email directly to Defendant Trdic at her personal Gmail address (kaseykcm@gmail.com) (the "June 27 Email," Exhibit D) which stated, in relevant part, that:

(a) the remaining CS balance was "set to be paid off on 6/30/2025";

(b) DCSE "is not able to do the calculations" for compounded interest;

(c) "DCSE will have to release our hold on his passport, as since we will no longer show any child support arrears, we won't have the ability to keep our hold in place"; and

(d) DCSE's case would be closed and enforcement actions released.

75. Despite Bullard's June 27 email acknowledging DCSE's inability to calculate compounded interest, on Monday, June 30, 2025—the same day Plaintiff's account was to reach zero and his passport was to be released—Bullard added $10,988.74 to Plaintiff's DCSE account, characterized as compounded interest on CS arrears that had purportedly not been calculated since the case opened on April 21, 2022. (See Exhibit D.)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

76. On that same date—June 30, 2025—Defendant Trdic filed an emergency motion in Loudoun County Circuit Court to prevent closure of Plaintiff's DCSE case and release of the passport hold. Trdic could only have prepared this emergency filing in advance because Bullard provided her three days' advance notice on June 27, 2025, of the impending passport release. (See Exhibit S.)

77. Bullard's June 30, 2025, addition was unauthorized. Her own June 27 email established that DCSE lacked the authority and ability to calculate and add this interest. The addition was not a legitimate accounting correction—it was a fabricated debt entered on the precise day Plaintiff's account should have reached zero, timed to coincide with Trdic's emergency motion, for the purpose of maintaining the passport hold beyond the date on which it should have been released (See Exhibit D.)

78. As with the May 16 addition, Plaintiff received no Pre-Offset Notice, no administrative review notice, and no opportunity to contest this addition before it was entered as required by DCSE own internal policies. (See Exhibit I.)

79. DCSE Authorized Representative Bret H. Funk certified on June 11, 2025—after Bullard's May 16 addition—that the total support arrearage through May 31, 2025, was $6,531.06 (the "Funk Certification," Exhibit C). This official certification is irreconcilable with Bullard's additions. If the compounded interest omission claimed were genuine and had been accruing since April 2022, Funk's June 11 certification would have reflected a materially higher balance. It did not. DCSE's own official

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

certification thus contradicts DCSE's own subsequent additions, confirming that the additions were fabricated rather than corrective.

## G. DCSE's Supervisory Ratification — The Parker Letter

80. On July 31, 2025, DCSE supervisor Parker issued a letter to Plaintiff (the "Parker Letter," Exhibit E) purporting to explain the May 16 and June 30 additions. The Parker Letter characterized the additions as legitimate accounting corrections: the May 16 addition as a "5% annual increase for spousal support" that had not been accurately applied, and the June 30 addition as compounded interest on CS arrears that the "automated system" had not applied since April 2022. (See Exhibit E.)

81. The Parker Letter does not constitute an administrative review as required by DCSE's Program Manual. It is a supervisory response letter—not a formal administrative review proceeding with written notice, impartial review, and a written decision within 10 calendar days. By issuing a defensive letter rather than initiating the mandatory administrative review process, Parker and DCSE institutionally ratified Bullard's unauthorized additions without providing Plaintiff with the procedural protections to which he was entitled.

82. Under *In re Flynn*, 169 B.R. 1007 (Bankr. S.D. Ga. 1994), an institution's failure to correct known, glaring weaknesses in its procedures that cause repeated violations of federal bankruptcy protections constitutes bad faith. DCSE's institutional ratification of Bullard's fabricated additions, through the Parker Letter and through

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

continued enforcement of the inflated balance, constitutes exactly this pattern of institutional bad faith.

83. On August 5, 2025, five days after the Parker Letter, Plaintiff sent an email to DCSE supervisors Parker and Shaner, and to Defendant Bullard, demanding that DCSE 'rectify the documented misconduct, address the pervasive falsehoods, and correct the fabricated financial records' by the end of that day (the 'August 5, 2025, DCSE Notice,' part of the DCSE Notice Compilation, Exhibit W). Plaintiff warned that absent a 'full and transparent resolution,' he would 'immediately seek judicial intervention.' DCSE did not respond. The fabricated balances remained. The passport hold continued (See Exhibit W.)

## H. The December 2025 Notice to Prentice — Actual Knowledge Established

84. On November 21, 2025, Plaintiff served DCSE, Prentice, and counsel for Trdic with over 100 pages of documentary evidence establishing the discharge violations (the "First Notice of Discharge Violation," Exhibit Q). This notice included excerpts of both Plaintiff's and Trdic's bankruptcy petitions and discharge orders, the PSA identifying the dischargeable property settlement obligations, and a detailed explanation of the *Lange v. Lange* doctrine. DCSE, Prentice, and Trdic therefore had actual knowledge of the discharge violations before the December 3, 2025, hearing and **before** the entry of the January 9, 2026, Order ( See Exhibit Q.)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

85. Prior to the November 21, 2025, notice, Plaintiff had already filed a Counterclaim against DCSE and Defendant Trdic in September 2025 (Exhibit Z). This Counterclaim detailed every discharge violation: the December 29, 2020, Discharge Order; the specific discharged debts (Prosper, Circle Bank, car loans, student loans); the mathematical impossibility of DCSE's balances; and the controlling case law including *Taggart v. Lorenzen* and *Lange v. Lange*. From September 2025 forward, DCSE and Trdic had formal written notice via court filing that their enforcement actions violated federal bankruptcy law.

86. On December 19, 2025, at 6:56 AM, Plaintiff sent an email to Defendant Prentice at anne.prentice@dss.virginia.gov with the subject line "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice." The email was also copied to Christin Georgelas (counsel for Trdic) and Megan Houck. This notice was subsequently filed with the Loudoun County Circuit Court as Exhibit G (the "Prentice Notice," Exhibit M).

87. The Prentice Notice explicitly informed Prentice of:

- The proposed January 9, 2026, Order contained over $200,000 in debts that were discharged in federal bankruptcy;

- Defendant Trdic's 2019 Chapter 7 bankruptcy (Case No. 19-10603-KHK) in which she discharged the Prosper and Circle Bank debts and paid $0 to these creditors;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Plaintiff's 2020 Chapter 7 bankruptcy (Case No. 20-13238-MKN) discharging his hold-harmless obligations;

- The controlling case law: *Lange v. Lange* (no indemnification claim where creditor/claimant paid $0); *Taggart v. Lorenzen* (no fair ground of doubt after actual notice); *In re McLean* (attorneys personally liable for discharge violations);

- Her independent duty under Virginia Rule 3.8 to "seek justice, not merely prevail" as a government lawyer;

- Her duty of candor to the tribunal under Virginia Rule 3.3;

- Her mandatory reporting obligation under Virginia Rule 8.3(a);

- The specific consequences if she continued participating in enforcement of discharged debts.

- The documentary evidence previously provided in the November 21, 2025, First Notice (Exhibit Q).

88. On December 3, 2025, a hearing was held in the Loudoun County Circuit Court at which Defendant Prentice appeared as counsel for DCSE and Defendant McDonald attended as DCSE District Manager and testified under oath. See "December 3, 2025, Hearing Attendees List," Exhibit R. At the hearing, Trdic counsel Georgelas presented several exhibits with discharged debts, which documented the continued pursuit of $295,735 in discharged claims. Prentice was therefore personally present

44 of 76

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

at a proceeding where discharged debts were being enforced, with documentary evidence of the discharge violations before her, weeks before she received the detailed Prentice Notice.

89. Later on, March 3, 2026, DCSE, Prentice and Trdic were provided with the full transcript of the December 3, 2025, hearing.

90. The Prentice Notice (Exhibit M) stated in explicit terms:

*"After this email, there is no fair ground of doubt. You have been placed on notice."*

*"If you continue participating in collection efforts after receiving this notice, you may be held personally liable in federal bankruptcy court for: Compensatory damages, Punitive damages, Sanctions under Taggart."*

*"IF YOU SIMPLY ENTER THE AMOUNTS FROM THE JANUARY 9TH ORDER INTO DCSE SYSTEM WITHOUT INVESTIGATION, BOTH YOU AND DCSE WILL BE NAMED AS DEFENDANTS IN THE FEDERAL BANKRUPTCY COURT SANCTIONS MOTION."*

91. The Prentice Notice demanded a response within seven (7) days addressing: (a) DCSE's involvement in collection of the Prosper and Circle Bank debts; (b) the steps Prentice had taken to investigate; (c) whether she had reported to the Virginia State Bar; and (d) whether she had disclosed the bankruptcy discharges to the Loudoun County Circuit Court.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

92. Prentice never responded to the Prentice Notice. She did not investigate. She did not report to the Virginia State Bar. She did not disclose the bankruptcy discharges to the Loudoun County Circuit Court. She did not withdraw from representation. Instead, she continued to participate in enforcement of discharged debts for over four months after receiving actual notice.

93. On January 29, 2026 —twenty days after the Loudoun County Circuit Court entered the January 9, 2026, Order—Plaintiff sent an email directly to Defendant Prentice with the subject 'FINAL NOTICE OF WILLFUL VIOLATION OF FEDERAL DISCHARGE INJUNCTION' (the 'January 29, 2026, Final Notice,' part of Exhibit W). The email stated that Prentice had been 'provided various notices and documents in October, November, December 2025 and in January 2026 about the discharge violations committed by Ksenija Trdic' and had received 'over 300+ pages of documents, numerous emails over the past several months detailing the violations.' Plaintiff demanded that Prentice 'stay all enforcement actions and restore my account to reflect only non-discharged obligations' within 24 hours. Prentice did not respond. She did not stay enforcement. She did not restore the account.

94. Three days later, on February 1, 2026, at 7:26 PM, Plaintiff sent an email to Defendant Bullard—with Defendant Prentice copied—with the subject 'PERSONAL NOTICE OF LIABILITY: Willful Violation of Bankruptcy Discharge – Case 0005005576' (the 'February 1, 2026, Personal Notice,' part of Exhibit W). The email referenced a 'Payment Record Letter' dated January 29, 2026, which reflected a 'past due support debt' of $508,533.84. Plaintiff stated explicitly: 'Your current balance of

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

$508,533.84 (as per your January 29th, 2026, Notice) is mathematically impossible under the terms of the support orders unless you have intentionally included discharged non-support debts.' The email attached: (a) the January 7, 2026, Adversary Complaint; (b) the November 19, 2024 'Set in Stone' email; and (c) the June 27, 2025, Bullard-to-Trdic email. Bullard did not respond. She did not correct the balance. The $508,533.84 figure remained in DCSE's system.

**I. The March 2026 Video Verification Offer — Second Notice Ignored**

95. On March 10, 2026, Plaintiff sent an email to both Defendant Prentice (at anne.prentice@dss.virginia.gov) and Defendant Trdic (at kaseykcm@gmail.com, kmarni@hotmail.com, and kmarni@gmail.com) with the subject line "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release" (the "Video Verification Offer," Exhibit N).

96. The Video Verification Offer explicitly warned:

> "*My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.*"

97. The Video Verification Offer further explained that Plaintiff had executed a Patent Licensing and Consulting Agreement requiring his physical, on-site presence in the MENAT region (Middle East, North Africa, and Turkey) no later than April 15, 2026. The financial stakes were described as significant.

98. Critically, the Video Verification Offer stated that LeBar InfoTech's executive team in Turkey and Dubai, led by Authorized Signatory Vadym Kyluchevsky, had expressed a *"full willingness to participate in a Video Verification Session with the DCSE or the Court or Ms. Trdic."* During this session, LeBar was prepared to confirm:

• The existence and terms of the Patent Licensing and Consulting Agreement;

• The absolute April 15, 2026, deadline;

• The permanent cancellation clause;

• The financial terms ($10,000/day licensing fees, $225/hour consulting);

• Any other matter required for independent verification.

99. This offer gave both Prentice and Trdic the opportunity to independently verify the contract's existence and terms before continuing enforcement actions that would destroy it. They could have requested a video call with LeBar's executive team. They could have required Plaintiff to prove the contract was real. They could have taken any number of investigative steps before April 15, 2026.

100. Neither Prentice nor Trdic responded to the Video Verification Offer. Neither requested the offered video verification session. Neither took any action to release the passport hold or to investigate whether their continued enforcement was destroying a legitimate multi-million-dollar employment opportunity. They had thirty-six days between the Video Verification Offer (March 10, 2026) and the contract's permanent cancellation deadline (April 15, 2026). They did nothing.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

101. The Video Verification Offer eliminates any possible claim by Prentice or Trdic that they did not believe the LeBar contract was real, that they had no opportunity to verify it, or that they lacked sufficient information to understand the harm their actions were causing. They were offered independent verification and refused it. This constitutes willful and deliberate indifference to the devastating harm they were inflicting.

**J. The Passport Hold — Permanent Destruction of the LeBar Contract**

102. Pursuant to 22 U.S.C. § 2714a, the State Department denies or revokes a passport when a person owes more than $2,500 in certified child support arrears. DCSE maintained Plaintiff's passport hold throughout the enforcement period by certifying a CS arrearage balance in excess of $2,500 to the appropriate federal authorities.

103. That certified CS arrearage balance included discharged obligations embedded in the $86,557.09 opening balance, as demonstrated by the mathematical analysis above. The passport hold was therefore maintained, at least in part, to enforce collection of discharged debts—in direct violation of the Discharge Order.

104. On February 14, 2026, LeBar InfoTech Turkey A.Ş. issued an Official Engagement Confirmation Letter (the "LeBar Letter," Exhibit J) confirming a fully executed Patent Licensing and Consulting Agreement with Plaintiff. The material terms of the Agreement were as follows:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- o Consultant Role: Chief Architect / IT Consultant

- o Patent License Fee: $2,000 per patent, per day of active on-site implementation.

- o Number of Patents Licensed: Five (5) U.S. provisional patent applications.

- o Total Daily License Income: $10,000 per day at full capacity

- o Consulting Hourly Rate: $225 per hour — no cap on billable hours

- o Physical Presence Requirement: On-site physical presence in MENAT region is mandatory precondition for all compensation.

Absolute Deadline: April 15, 2026 — non-negotiable, non-waivable

105. The LeBar Letter explicitly stated (Section 3): "*PERMANENT CANCELLATION CLAUSE: Mr. Raj Marni must be physically present, on-site, and operationally commenced in the MENAT region on or before April 15, 2026. This deadline is absolute, non-negotiable, and non-waivable. Failure to meet this condition — regardless of cause — will result in the immediate, permanent, and irrevocable cancellation of the Agreement.*"

106. The LeBar Letter further stated (Section 3(c)): "If Mr. Marni fails to appear on-site by April 15, 2026, for any reason — *including but not limited to legal restrictions, travel impediments, passport limitations, court orders, incarceration* — the Agreement will be permanently cancelled, and the Company will procure alternative

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

solutions. The opportunity will not be available to Mr. Marni in any subsequent form."

107. On or about February 25, 2026, the LeBar Letter was provided to both Defendant Prentice and Defendant Trdic. They had **forty-nine days** from that date to release the passport hold before the contract's cancellation. They did nothing.

108. Because Defendants DCSE, Bullard, McDonald and Prentice maintained the unlawful passport hold based on inflated arrears that included discharged debts, and because Defendants Prentice and Trdic ignored the Video Verification Offer, Plaintiff was unable to obtain a passport and travel to Turkey by the April 15, 2026, contractual deadline. The LeBar Contract was permanently cancelled on April 15, 2026.

109. The harm is not speculative—it is actual, realized, and irrevocable. Plaintiff's documented income loss includes:

- o Patent License Fees: $10,000 per day × estimated 250 working days/year = $2,500,000 annually

- o Consulting Fees: $225 per hour × estimated 2,000 billable hours/year = $450,000 annually

- o Total Annual Income Lost: Approximately $2,950,000

Multi-Year Contract Value: Exceeds $5,000,000

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

110. This income is now permanently and irrevocably lost. The LeBar Letter expressly stated that "[t]he opportunity will not be available to Mr. Marni in any subsequent form." The passport hold—maintained by Defendants to enforce collection of discharged debts—directly and proximately caused this catastrophic economic harm.

## K. The December 3rd, 2025, Hearing – Sworn Admissions

111. On December 3, 2025, the Loudoun County Circuit Court held a hearing in *Trdic v. Marni*, Case No. CL-00107389-01, before Judge Stephen Sincavage. At this hearing, Plaintiff explicitly raised the federal bankruptcy discharge in his opening statement, identifying by name the discharged debts: "*the Prosper Loan, the Circle Bank... these are all debts that are discharged*" (Exhibit V, Part D, p. 12:12-14). Neither Defendant Prentice nor Defendant McDonald addressed this defense. They heard Plaintiff's statement and continued to advocate for enforcement of the $295,735 balance of discharged debt.

112. At the same hearing, Defendant Trdic testified under oath and admitted that "Prosper Loan and Circle Bank were discharged" in her 2019 bankruptcy, but that she continued collecting those amounts from Plaintiff (Exhibit V, Part C, pp. 58:15-22). This sworn admission confirms the double-dipping at the heart of this conspiracy: Trdic paid $0 to these creditors, discharged her own liability, and yet claims Plaintiff owes her for these same debts.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

113. Defendant McDonald testified under oath that DCSE's payment system was "*not set up to do it any other way*" than follow their internal hierarchy (Exhibit V, Part A, p. 102:18-20). Defendant Prentice stated in argument that DCSE could not "*administer that order telling us to allocate things differently than the system is set up to do*" (Exhibit V, Part B, p. 121:4-8). These admissions prove that DCSE's institutional position was to defy any judicial order—including the federal discharge injunction—that conflicted with their internal systems.

114. At the same hearing, DCSE presented its own certified child support balance as of October 31, 2025: $10,988.74 (Exhibit Y). This was DCSE's official calculation, submitted to the Court as evidence by Defendant McDonald. Yet the January 9, 2026, Order—which Defendant Prentice signed twenty days later—states the child support balance as $63,493.98. The $52,505.24 discrepancy between DCSE's own certified balance and the Order Prentice signed proves that discharged debt was embedded into the child support calculation (Exhibit G, pp. 4-5.)

115. Following the hearing, the Court adopted the calculations presented by Georgelas/Trdic without addressing Plaintiff's bankruptcy discharge defense. The Court entered child support arrearage was $63,493.88 (Exhibit V, Part E, pp. 127:22-24)—figures that include discharged debts and are void ab initio under 11 U.S.C. § 524(a)(1). The Court also reiterated the passport surrender order (Exhibit V, Part E, pp. 129:1-5), leading directly to the permanent cancellation of the LeBar Contract.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

116. Despite attending the December 3, 2025, hearing for over five hours, hearing Trdic admit the debts were "discharged," hearing Georgelas admit the debts were "not child support," seeing DCSE's own certified balance of $10,988.74, and receiving the detailed Prentice Notice on December 19, 2025, Defendant Prentice signed the January 9, 2026 Order (Exhibit G, page 4, VSB No. 60894). By signing, Prentice committed DCSE to enforce $295,735 in discharged debt disguised as "child support.

117. Furthermore, the January 9, 2026, Order entered by the Loudoun County Circuit Court—which established a CS balance of $63,493.98 and a total judgment of approximately $800,419.73, including Prosper ($24,299.42) and Circle Bank ($64,022.65) obligations discharged in both Trdic's 2019 and Plaintiff's 2020 bankruptcies—judicially ratified the void balances that DCSE's accounting produced. This Order is itself a product of DCSE's and Bullard's misapplication of payments, defended by Prentice despite her actual knowledge that enforcement would violate federal law, and is subject to this Court's power to declare it void to the extent it conflicts with the Discharge Order, pursuant to 11 U.S.C. § 524(a)(1).

## L. The January 9, 2026, Order — $176,882 in Discharged Debt Disguised as Child Support.

118. The January 9, 2026, Order (Exhibit G) is the vehicle through which Defendants enforce discharged debt. Page 5 of the Order contains two sections listing $176,882.18 in discharged obligations mislabeled as "child support":

/ / /

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**(a) "Summary of Child Support Debts Owed": $176,882.18**

| Item | Amount | Owed | True Nature |
|---|---|---|---|
| 1. Parent Plus Loan (Daughter's student loan) | $57,200.32 | Trdic | Adult child's student loan — DISCHARGED |
| 2. Son's College Loan (Year 1) | $12,536.69 | Trdic | Adult child's student loan — DISCHARGED |
| 3. Daughter's Support | $14,335.49 | Daughter | Adult child obligation — NOT child support - DISCHAGED |
| 4. Daughter's Support (Student Loan) | $37,863.55 | Daughter | Adult child's student loan — NOT child support — OWED TO DEPT OF ED. |
| 5. Daughter's Support (Car) | $11,157.59 | Daughter | Adult child's car loan — NOT child support - DISCHARGED |
| 6. Son's College Loan (Years 3 & 4) | $25,937.66 | Trdic | Adult child's student loan — DISCHARGED |

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

| Item | Amount | Owed | True Nature |
|------|--------|------|-------------|
| 7. Son's College Loans (Years 3/4) | $17,850.88 | Son | Adult child's student loan — NOT child support - DISCHARGED |

**M. The January 9, 2026, Order — wherein $118,857 in Discharged Debt was reinserted as a valid obligation.**

**(b) "Summary of Debts Owed to Ms. Trdic": $118,857.87**

| Item | Amount | Status |
|------|--------|--------|
| 1) Prosper Loan | $24,299.42 | DISCHARGED — Property Settlement Trdic paid $0 |
| 2) Circle Bank | $64,022.65 | DISCHARGED — Property Settlement Trdic paid $0 |
| 3) Car Payment | $30,535.80 | DISCHARGED — Property settlement |

119. None of these debts are "domestic support obligations" under 11 U.S.C. § 101(14A). Student loans owed to adult children are not child support. Car loans for

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

adult children are not child support. Consumer debts discharged in Trdic's 2019 bankruptcy are not child support. By mislabeling these debts as "child support," Defendants enabled DCSE's enforcement machinery to collect discharged debt.

120. Defendant Prentice signed the January 9, 2026, Order (Exhibit G, page 4, VSB No. 60894) despite having attended the December 3, 2025, hearing, heard all testimony, and received the Prentice Notice. By signing, she committed DCSE to enforce $295,735 in discharged debt.

121. On January 29, 2026, Defendant Bullard issued a letter (Exhibit X) formally updating Plaintiff's DCSE account to reflect the January 9, 2026, Order, increasing the child support balance from DCSE's certified $10,988.74 to over $63,000 and triggering enforcement of the $295,735 in discharged debt through passport denial, wage garnishment, tax interception, and credit reporting.

## V. COUNT I

## WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION (11 U.S.C. § 524)

### (Against All Defendants)

122. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

123. The Discharge Order entered in Plaintiff's Chapter 7 bankruptcy case on December 29, 2020, constitutes a permanent injunction under 11 U.S.C. § 524(a)(2) against "any act, to collect, recover or offset any such debt as a personal liability of the debtor." This injunction operates against the entire world—including DCSE,

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Bullard, McDonald, Prentice, and Trdic—whether or not they were parties to the bankruptcy proceeding.

124. The following debts were discharged by the Discharge Order and are subject to the § 524 injunction. The January 9, 2026, Order (Exhibit G, page 5) lists these discharged debts as enforceable "child support," totaling $295,735.05:

**(a) "Summary of Debts Owed to Ms. Trdic" ($118,857.87):**

- Circle Bank loan: $64,022.65 — discharged in Trdic's 2019 bankruptcy (paid $0) and Plaintiff's 2020 bankruptcy;

- Prosper loan: $24,299.42 — same;

- Car Payment: $30,535.80 — property settlement discharged in 2020.

**(b) "Summary of Child Support Debts Owed" ($176,882.18) — debts owed to adult children and property settlements mislabeled as "child support":**

- Parent Plus Loan (Daughter's student loan): $57,200.32;

- Son's College Loan (Year 1): $12,536.69;

- Daughter's Support: $14,335.49;

- Daughter's Support (Student Loan): $37,863.55;

- Daughter's Support (Car): $11,157.59;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Son's College Loan (Years 3 & 4): $25,937.66;

- Son's College Loans (Years 3/4): $17,850.88.

All are non-support property settlement obligations in the PSA.

125. These obligations are unenforceable under the *Lange* doctrine because Trdic obtained a discharge of the Prosper and Circle Bank loans in 2019 and paid $0 to either creditor. None of the debts listed in Exhibit G, page 5 are "domestic support obligations" under 11 U.S.C. § 101(14A). They are discharged property settlements and adult children's obligations deliberately mislabeled as "child support" to enable DCSE enforcement.

126. Defendants committed the following acts to collect discharged debts in violation of § 524(a)(2):

- Entering and maintaining a CS arrearage balance of $86,557.09 on April 21, 2022, which was inflated by approximately $56,000 through misapplication of pre-bankruptcy payments to discharged non-support obligations instead of CS as required by the March 2019 Order;

- Collecting over $185,000 in payments from May 2022 through June 2025 against a balance that included discharged obligations embedded in the opening balance;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Maintaining the passport hold throughout the enforcement period by certifying a CS arrearage balance that included discharged debt, directly causing the permanent cancellation of the LeBar Contract;

- Adding $24,906.36 on May 16, 2025, without notice, without court authorization, on the same day as Trdic's simultaneous court filing, to prevent the CS balance from reaching zero;

- Adding $10,988.74 on June 30, 2025—after Bullard's own written acknowledgment that DCSE lacked authority to make such a calculation—on the same day as Trdic's simultaneous emergency filing, blocking passport release on the day it was required;

- Intercepting Plaintiff's tax refunds against balances that included discharged obligations, without providing the Pre-Offset Notice required by DCSE Program Manual §C(1)(a)-(b), p. Legal 392;

- Defendant Prentice's continued legal representation and participation in enforcement of the January 9, 2026, Order for over four months after receiving the Prentice Notice, which explicitly warned her that enforcement would violate federal discharge injunctions;

- Defendants Prentice and Trdic ignoring the March 10, 2026, Video Verification Offer, which gave them thirty-six days to verify the LeBar contract and release the passport hold before it was permanently cancelled.

- Defendant Prentice signing the January 9, 2026 Order (Exhibit G, page 4, VSB No. 60894) despite attending the December 3, 2025 hearing for over five hours, hearing Trdic admit the debts were "discharged," hearing Georgelas admit the debts were "not child support," and seeing DCSE's own certified balance of $10,988.74 (Exhibit Y)—thereby committing DCSE to enforce $295,735 in discharged debt;

- Defendant Bullard issuing the January 29, 2026, letter (Exhibit X) formally updating Plaintiff's DCSE account to reflect the January 9, 2026, Order, increasing the child support balance from DCSE's certified $10,988.74 to over $63,000, and triggering enforcement of discharged debt through passport denial, wage garnishment, tax interception, and credit reporting;

- Defendant McDonald attending the December 3, 2025, hearing, presenting DCSE's certified balance of $10,988.74 (Exhibit Y), hearing all testimony that the debts were discharged, and thereafter participating in DCSE's continued enforcement without correction.

127. Under *Taggart v. Lorenzen*, 587 U.S. 554 (2019), civil contempt for a discharge violation is warranted where there is "no fair ground of doubt" as to whether the discharge prohibited the creditor's conduct. There is no fair ground of doubt here for the following independent reasons:

- Bullard's own "Set in Stone" Email (Exhibit B, November 19, 2024) expressly acknowledged that court orders control DCSE's balance determinations and

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

that "we do not have the power to override a Court's Order"—demonstrating actual knowledge of the controlling legal framework she subsequently violated;

• Bullard's own June 27 Email (Exhibit D) expressly acknowledged that DCSE lacked authority to calculate or add compounded interest—a statement she contradicted three days later by making exactly that addition;

• The Funk Certification (Exhibit C)—DCSE's own official certified record— established a balance irreconcilable with Bullard's additions, confirming that those additions were unauthorized under DCSE's own internal accounting framework;

• DCSE's Program Manual mandated five separate procedural protections before enforcement actions could be taken, none of which were provided to Plaintiff, confirming institutional knowledge of the procedural requirements and deliberate disregard of them;

• The same-day pattern on May 16 and June 30—in which Bullard's administrative additions and Trdic's court filings occurred simultaneously on both dates—eliminates any innocent explanation for the timing and establishes willful coordinated conduct;

• The mathematically impossible $56,000 discrepancy proves that payments were applied to discharged debts in violation of the March 2019 Order;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- The Prentice Notice (Exhibit M) explicitly placed Prentice on notice of all controlling facts and law on December 19, 2025, stating *"After this email, there is no fair ground of doubt"*—yet Prentice continued participating for over four months;

- The Video Verification Offer (Exhibit N) gave Prentice and Trdic the opportunity to independently verify the LeBar contract before destroying it—they refused the verification and did nothing, demonstrating deliberate indifference to the harm they were causing.

- Defendants' own sworn admissions (Exhibit V) confirm their knowledge of the controlling legal framework and their deliberate disregard of it.

- Plaintiff's August 5, 2025, January 29, 2026, and February 1, 2026, emails to DCSE officials (Exhibit W) explicitly warned of the violations, cited the controlling legal framework, demanded correction, and provided documentary evidence including the adversary complaint and key exhibits—yet Defendants continued enforcement without response.

- At the December 3, 2025, hearing, Plaintiff explicitly raised the federal discharge and identified by name the discharged debts: "the Prosper Loan, the Circle Bank... these are all debts that are discharged." (Exhibit V, Part D, p. 12:12-14). Neither Defendant Prentice nor Defendant McDonald addressed this defense. Instead, they continued to advocate for enforcement

of the $295,735 discharged debt balances. After Plaintiff's statement, there was no "fair ground of doubt" that the arrearage included discharged debts.

• Defendant McDonald testified under oath that DCSE's payment system was "not set up to do it any other way" than follow their internal hierarchy (Exhibit V, Part A, p. 102:18-20), and Defendant Prentice stated that DCSE could not "administer that order telling us to allocate things differently than the system is set up to do" (Exhibit V, Part B, p. 121:4-8)—proving institutional refusal to comply with any judicial order, including the federal discharge injunction, that conflicted with DCSE's internal policies.

• The September 2025 Counterclaim (Exhibit Z) filed by Plaintiff against DCSE and Trdic, which detailed every discharge violation and provided formal written notice via court filing—yet Defendants continued enforcement;

• DCSE's own certified child support balance of $10,988.74 as of October 31, 2025 (Exhibit Y), presented at the December 3, 2025, hearing by Defendant McDonald—yet the January 9, 2026, Order that Defendant Prentice signed states $63,493.98, a $52,505 discrepancy that can only be explained by embedding discharged debt;

• Defendant Prentice's signature on the January 9, 2026, Order (Exhibit G, page 4) despite having attended the December 3, 2025, hearing, received the Prentice Notice, and seen DCSE's own $10,988.74 certification—

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

committing DCSE to enforce $295,735 in discharged debt she knew was void;

128. As a direct and proximate result of Defendants' willful violations of the Discharge Order, Plaintiff has suffered actual, realized damages including: permanent loss of the LeBar Contract (documented value exceeding $5,000,000); inability to work internationally; emotional distress; litigation costs; and the ongoing indignity of incarceration threats and contempt proceedings arising from inflated balances produced by Defendants' misconduct.

129. Plaintiff seeks an award of actual damages, compensatory damages, attorney fees and costs, and such other relief as this Court deems just, pursuant to 11 U.S.C. §§ 524 and 105(a). Plaintiff notes that 11 U.S.C. § 106(a)(3) bars punitive damages against governmental units, but compensatory damages and fees are expressly available. See *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir. 1996). Punitive damages are available against Bullard, McDonald, Prentice, and Trdic in their individual capacities. See *In re McLean*, 794 F.3d 1313 (11th Cir. 2015).

## VI. COUNT II

**CIVIL CONTEMPT — VIOLATION OF FEDERAL COURT ORDER (11 U.S.C. § 105(a))**

**(Against All Defendants)**

130. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

131. The Discharge Order is an order of this Court. It constitutes a federal court order binding on all persons and entities, including state agencies, state officials, and attorneys representing them, from the date of its entry.

132. Defendants had actual or constructive knowledge of the Discharge Order. Bankruptcy discharges are public record. DCSE's enforcement function requires monitoring for bankruptcy filings affecting obligors. Plaintiff provided direct written notice of the discharge through multiple communications prior to and during the enforcement period, including:

   • The September 2025 Counterclaim (Exhibit Z), filed against DCSE and Trdic, detailing every discharge violation;

   • The November 21, 2025, First Notice (Exhibit Q), providing over 100 pages of documentary evidence to DCSE, Prentice, and Trdic;

   • The December 19, 2025, Prentice Notice (Exhibit M), explicitly warning Prentice of the violations and stating "there is no fair ground of doubt";

   • The March 10, 2026, Video Verification Offer (Exhibit N), sent to Prentice and Trdic.

133. Trdic attended the § 341 Meeting on October 26, 2020. Defendants Prentice and McDonald attended the December 3, 2025, hearing for over five hours, heard Trdic testify under oath that the debts were "discharged," heard Georgelas admit the debts were "not child support," and saw DCSE's own certified balance of $10,988.74

(Exhibit Y). Despite this actual knowledge, Prentice signed the January 9, 2026, Order (Exhibit G, page 4), and McDonald took no action to correct DCSE's enforcement of discharged debt.

134. Despite such knowledge, Defendants willfully engaged in the acts described in Count I, each of which constitutes a separate act of contempt of this Court's Discharge Order.

135. This Court has authority under 11 U.S.C. § 105(a) to issue any order necessary to carry out the provisions of the Bankruptcy Code and to hold parties in contempt for violation of its orders. See *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir. 1996) (IRS held in contempt under § 105 for violations of automatic stay; government entity cannot avoid liability by attributing violations to its automated systems); *In re Flynn*, 169 B.R. 1007 (Bankr. S.D. Ga. 1994) (institutional failure to correct known procedural deficiencies constitutes bad faith); *In re McLean*, 794 F.3d 1313 (11th Cir. 2015) (attorneys held personally liable; following state court orders is not a defense). Defendant McDonald's testimony that DCSE's payment system was "not set up to do it any other way" (Exhibit V, Part A, Transcript p. 102:18-20) is precisely the type of automated-system defense rejected in *Jove Engineering*. DCSE cannot avoid contempt liability by blaming its computer systems for violations of this Court's Discharge Order.

136. Plaintiff seeks a finding of civil contempt against all Defendants, and the following relief:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(a) A declaration that the January 9, 2026, Order (Exhibit G) is void to the extent it orders collection of discharged debt, pursuant to 11 U.S.C. § 524(a)(1);

(b) An order requiring DCSE to remove the $295,735 in discharged debt from Plaintiff's enforcement account;

(c) An order requiring immediate corrective accounting to reflect the true CS balance under the March 2019 Order;

(d) Immediate release of the passport hold;

(e) An award of compensatory damages, costs, and fees;

(f) Punitive damages against Defendants Bullard, Prentice, McDonald, and Trdic in their individual capacities.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raj Marni respectfully requests that this Court enter judgment against Defendants Virginia Division of Child Support Enforcement, Sue Ann Bullard, Anne Prentice, Kristi McDonald, and Ksenija Trdic as follows:

### A. Declaratory Relief

1. A declaration that Plaintiff's December 29, 2020, Discharge Order discharged all non-support property settlement obligations in the PSA, including the Circle Bank ($64,022.65) and Prosper ($24,299.42) loan

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

obligations, and that all attempts to collect these discharged debts violate 11 U.S.C. § 524(a)(2);

2. A declaration that DCSE's maintenance of a CS arrearage balance incorporating discharged obligations—including the mathematically impossible $56,000 discrepancy—constitutes a willful violation of the Discharge Order;

3. A declaration that the portions of the January 9, 2026, Loudoun County Circuit Court Order (Exhibit G) incorporating discharged obligations—totaling $295,735.05, including: Prosper ($24,299.42), Circle Bank ($64,022.65), Car Payment ($30,535.80), Parent Plus Loan ($57,200.32), Son's College Loans ($12,536.69 + $25,937.66 + $17,850.88), Daughter's Support ($14,335.49), Daughter's Student Loan ($37,863.55), and Daughter's Car ($11,157.59)—are void ab initio pursuant to 11 U.S.C. § 524(a)(1);

## B. Injunctive Relief

4. An injunction pursuant to 11 U.S.C. §§ 524 and 105(a) and *Ex parte Young*, 209 U.S. 123 (1908):

(a) immediately ordering DCSE to release the passport hold;

(b) immediately ordering DCSE to recalculate the CS arrearage balance consistent with the March 2019 Order, crediting all pre-bankruptcy payments to CS first;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(c) enjoining DCSE, Bullard, McDonald, and Prentice from taking any further enforcement action based on balances incorporating discharged obligations;

(d) prohibiting DCSE from entering any amounts into its payment system based on discharged debts unless and until validated by this Court;

(e) ordering correction of all credit bureau reporting based on discharged debts;

(f) ordering Prentice to disclose to the Loudoun County Circuit Court the existence of both bankruptcy discharges and the Lange v. Lange case law;

## C. Contempt Findings

5. A finding that all Defendants are in civil contempt of this Court's December 29, 2020, Discharge Order for willful violations of 11 U.S.C. § 524(a)(2);

## D. Punitive Damages

8. Punitive damages against Defendants Trdic, Bullard, McDonald, and Prentice (in their individual capacities) in an amount sufficient to punish and deter future violations, but not less than three times compensatory damages, based on:

(a) The four-year pattern of willful violations (2020-2026);

(b) The mathematically impossible calculations proving intentional misapplication;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

(c) The same-day pattern on May 16 and June 30, 2025;

(d) The private after-hours tip-off email on June 27, 2025;

(e) The double-dipping ($0 paid, $118,857.87 claimed);

(f) The fabrication of adjustments on the precise days passport release was required;

(g) Prentice's continued participation for over four months after receiving explicit written notice;

(h) Prentice's and Trdic's deliberate refusal to accept the Video Verification Offer, demonstrating knowing indifference to harm;

(i) Defendants' failure to respond to repeated written demands for correction, including the August 5, 2025, January 29, 2026, and February 1, 2026, notices (Exhibit W), which provided all necessary evidence and legal authority;

(j) The permanent destruction of a documented multi-million-dollar contract;

(Punitive damages are not sought against DCSE as a governmental unit pursuant to 11 U.S.C. § 106(a)(3).)

## F. Litigation Costs and Potential Attorney Fees

9. An award of reasonable litigation costs and expenses incurred by the Plaintiff in the prosecution of this action.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

10. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 105(a), and other applicable law, in the event the Plaintiff retains legal counsel for any portion of these proceedings.

11. Such other and further compensatory sanctions as the Court deems necessary to compensate the Plaintiff for the significant time and resources diverted to defending against the Defendants' willful violations.

## G. Discovery

12. An order directing DCSE to produce all internal communications between Bullard and Trdic, between Prentice and any party, between McDonald and any party, all internal accounting records, and any documents constituting or referencing the alleged "agreement" between Trdic and DCSE that purportedly authorized deviation from the March 2019 Order;

## H. General Relief

13. Such other and further relief as this Court deems just and proper.

## I. Demand For Jury Trial

Pursuant to Federal Rule of Bankruptcy Procedure 9015, incorporating Federal Rule of Civil Procedure 38(b), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable, including but not limited to:

1. All claims for compensatory damages under 11 U.S.C. §§ 524 and 105(a);

2. All claims for punitive damages against Defendants Trdic, Bullard, McDonald and Prentice in their individual capacities;

3. All factual issues relating to Defendants' knowledge, intent, and willfulness in violating the Discharge Order.

## VIII. VERIFICATION

I, Raj Marni, the Debtor and Plaintiff in the above-styled action, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I have read the foregoing First Amended Adversary Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I understand that this verification subjects me to penalties for perjury under federal law, and I make this verification understanding the serious nature of these proceedings and the truthfulness required in bankruptcy court.

Executed on: June 6, 2026

_____

Raj Marni, *Pro Se*, Debtor

17595 Harvard Avenue, #C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone:+1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

# IX. EXHIBIT INDEX

The following exhibits are attached hereto and incorporated by reference:

**Exhibit A**: DCSE Payment Worksheet (Case No. 0005005576), reflecting payment history May 2022 – June 2025

**Exhibit B**: Email from Sue Ann Bullard to Plaintiff, dated November 19, 2024 (the "Set in Stone Email")

**Exhibit C**: Virginia DCSE Payment Record, certified by Bret H. Funk, Authorized Representative, dated June 11, 2025, certifying arrearage balance of $6,531.06 through May 31, 2025 (the "Funk Certification")

**Exhibit D**: Email from Sue Ann Bullard (Sue.A.Bullard@dss.virginia.gov) to Kasey Trdic (kaseykcm@gmail.com), dated June 27, 2025, at 7:09 PM, re: VA DCSE Case #0005005576 Compounded Interest Calculations (the "June 27 Email")

**Exhibit E**:  Letter from DCSE Supervisor Parker to Plaintiff, dated July 31, 2025 (the "Parker Letter")

**Exhibit F**: March 1, 2019, Order, Loudoun County Circuit Court, Case No. CL00107389 (the "March 2019 Order")

**Exhibit G**: January 9, 2026, Order, Loudoun County Circuit Court, including Exhibit A listing discharged obligations.

**Exhibit H**: Arrears Calculation Model demonstrating correct CS balance under March 2019 Order and the mathematically impossible $56,000 discrepancy.

**Exhibit I**: Virginia Department of Social Services, Division of Child Support Enforcement Program Manual (May 2024), pages Legal 388-396, including the following relevant sections:

- Section D (Administrative Appeals), pp. Legal 388-389, establishing: D.3: NCP's right to appeal Passport Denial (D.3.c). D.4(b): NCP's right to contest "whether the funds to be held are exempt from garnishment by law."
- Section C (Federal Tax Intercept - Offset Program Notices), p. Legal 392-393, establishing: C.1(a)-(b): Pre-Offset Notice requirements and 30-day appeal period.

- Section J (Responsibilities of the Hearing Officer), p. Legal 396, establishing: J.5: 10-day notice requirement for appeal hearings.

**Exhibit J**: LeBar InfoTech Turkey A.Ş. Official Engagement Confirmation Letter, dated February 14, 2026 (Ref. No.: LIT-2026-0225-RAM), confirming Patent Licensing and Consulting Agreement with April 15, 2026, absolute deadline (the "LeBar Letter")

**Exhibit K**: December 29, 2020, Discharge Order, U.S. Bankruptcy Court, District of Nevada, Case No. 20-13238-MKN

**Exhibit L**: Defendant Trdic's Chapter 7 Bankruptcy Petition and Discharge, Case No. 19-10603-KHK, E.D. Va., showing discharge of Prosper and Circle Bank debts with $0 payment to creditors.

**Exhibit M**: Email from Plaintiff to Anne Prentice (anne.prentice@dss.virginia.gov), dated December 19, 2025, at 6:56 AM, Subject: "Virginia AG Office Mandatory Professional Obligations - Official Electronic Notice," with attached formal Notice dated December 20, 2025, filed with Loudoun County Circuit Court as Exhibit G (the "Prentice Notice")

**Exhibit N**: Email from Plaintiff to Anne Prentice (anne.prentice@dss.virginia.gov) and Ksenija Trdic (kaseykcm@gmail.com), dated March 10, 2026, at 8:35 AM, Subject: "Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release," offering independent video verification of the LeBar Contract with Authorized Signatory. (the "Video Verification Offer")

**Exhibit O**: 2016 Separation and Property Settlement Agreement ("PSA") between Plaintiff and Defendant Trdic.

**Exhibit P**: February 2022 Trdic Affidavit. Proves Trdic submitted false balances.

**Exhibit Q**: November 21, 2025, First Notice of Discharge Violation (+100 pages) sent to DCSE, Prentice and Trdic's counsel.. Establishes notice timeline before December hearing.

**Exhibit R**: December 3, 2025, Hearing Attendees. Proves Prentice's presence/knowledge at hearing.

**Exhibit S**: May 2025 Motion and Affidavit for Arrearages. Proves May 16 coordination with Bullard.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**Exhibit T:** April 2022 State Court Order. Trdic submitted to open DCSE case.

**Exhibit U:** Motion to Compel Calculations filed by Plaintiff. Proves formal notification of CS-first allocation.

**Exhibit V:** Sworn admissions and Judicial Statements at the December 3rd, 2025, hearing transcript. Trdic v. Marni, Case No. CL-00107389-01, Loudoun County Circuit Court. (Full Transcript available upon request.)

**Exhibit W:** DCSE Notice Compilation:

(1) Email from Plaintiff to Holly Parker, Sue Ann Bullard, and Kaitlyn Shaner, dated August 5, 2025, at 6:54 AM, Subject: "Please do WHAT IS RIGHT AND FIX MY ACCOUNT TODAY";

(2) Email from Plaintiff to Anne Prentice, dated January 29, 2026, at 12:10 PM, Subject: "FINAL NOTICE OF WILLFUL VIOLATION OF FEDERAL DISCHARGE INJUNCTION," with attached Payment Record Letter;

(3) Email from Plaintiff to Sue Ann Bullard, dated February 1, 2026, at 7:26 PM, Subject: "PERSONAL NOTICE OF LIABILITY: Willful Violation of Bankruptcy Discharge — Case 0005005576," with attachments including Adversary Complaint, Set-in-Stone Email, and June 27 Email.

**Exhibit X:** Enforcement letter and email from Sue Bullard and Kristi McDonald.

**Exhibit Y:** Kristi McDonald certification of child support balance.

**Exhibit Z:** Counterclaim filed in State Circuit Court On September 2, 2025.

/ / /

/ / /

/ / /

/ / /

/ / /