# EXHIBIT - N

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

# M Gmail

Raj Marni <rajmarni@gmail.com>

---

## Offer of Virtual Verification Session with LeBar InfoTech (Turkey/Dubai) Regarding Passport Release

1 message

---

**Raj Marni** <rajmarni@gmail.com>                                      Tue, Mar 10, 2026 at 8:35 AM
To: Kasey Marni <kmarni@hotmail.com>, Kasey Marni <kmarni@gmail.com>, Kasey Trdic <kaseykcm@gmail.com>,
"Prentice, Anne (VDSS)" <anne.prentice@dss.virginia.gov>

My dream to build a world class stablecoin project and my livelihood will be destroyed if I am not present in Turkey by April 15th, 2026. The MENAT contract will be cancelled for good.

Regarding my pending request for the release of my passport to facilitate international employment, I am writing to relay a formal offer of cooperation from my prospective employers at **LeBar InfoTech Turkey**.



As previously disclosed, I have executed a **Patent Licensing and Consulting Agreement** that requires my physical, on-site presence in the MENAT region (Middle East, North Africa, and Turkey) no later than **April 15, 2026**. The financial stakes of this contract are significant, including:

The executive team in Turkey and Dubai, led by **Authorized Signatory Vadym Kyluchevsky**, has expressed a full willingness to participate in a **Video Verification Session** with the DCSE or the Court or Ms. Trdic. During this session, they are prepared to:

- 

1. **Confirm the Authenticity** of the executed agreement and the "Permanent Cancellation Clause" triggered if I fail to arrive by April 15, 2026.

2. **Verify the Economic Impact** and the structural impossibility of performing this specific high-level architectural work in a remote or virtual capacity.

3. **Answer Direct Questions** regarding the project, financial potential, and any other questions you may have.

4. Go over and explain the MENAT contract in detail.

The company understands the legal context of these proceedings and is prepared to offer this independent verification to demonstrate that this is a bona fide, multi-million dollar opportunity that will allow me to satisfy all past and future support obligations.

Please let me know a date and time that would work for an introductory video conference with the LeBar InfoTech team so we can resolve the travel restrictions and activate this revenue stream.

I am waiting, please help me.

Regards

Raj Marni

# EXHIBIT - O

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

## SEPARATION AGREEMENT

THIS SEPARATION AGREEMENT (the "Agreement") dated this 9th day of _February_, 2016.

BETWEEN:

Raj Marni of
Herndon,
Fairfax County in the
Commonwealth of Virginia

("Husband")

-and-

Ksenija Marni of
Ashburn,
Loudoun County in the
Commonwealth of Virginia

("Wife")

BACKGROUND:

1.  The Husband and the Wife (collectively the "Parties" and individually a "Party") were lawfully married on February 11th, 1991, in Vienna, the County of Fairfax, Virginia. Due to certain differences that have developed between the Parties, they agree to live separate and apart from each other, subject to the terms and conditions in this Agreement.

2.  The Parties have made complete, fair and accurate disclosure to each other on all financial matters reflected in this Agreement.

3.  The terms of this Agreement are intended to settle the matters addressed and may be incorporated into a final decree of divorce, unless specific matters are amended or addressed in a subsequent separation agreement.

4.  The Parties have each voluntarily entered into this Agreement and have not been forced by anyone to sign this Agreement, and both the Parties confirm that they are in sound mental health

IN CONSIDERATION OF the mutual promises and covenants contained in this Agreement, and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, the Parties agree as follows:

## LIVING SEPARATE AND APART

5.  The Parties have lived separate and apart since November 23, 2015.  Neither Party will attend the other's living space or work without invitation or approval.

## CHILDREN

6.  There are 2 children of the marriage, namely:

| Name: | Date of Birth: |
|---|---|
| Clarissa Lalitha Marni | October 4, 1996 |
| Mark Alec Marni | September 17, 2002 |

## CHILD CUSTODY

7.  The Parties agree that joint legal custody is in the best interests of the children. The Parties agree that both parents are fit and proper persons to have joint responsibility for the care of the dependent children.

8.  The Parties agree that the children will reside with Ksenija Marni.

9.  The Parties also agree that Raj Marni will have the following visitation time with the children:
    Unlimited access to Clarissa Marni while she attends the University of California Santa Barbara.

    Every day for two hours to Mark Marni from Monday to Friday and Unlimited access every other weekend.

## CHILD SUPPORT

10.  Raj Marni will pay child support in the amount of $2000/month to Ksenija Marni. Child support payments will commence on June 1, 2016 and end on September 31, 2020. Payments will be paid on the 1st day of each month. Payments to increase 5% each year, beginning Jan 1st of each year.

11.  Raj Marni will pay for Mark Marni's uninsured health care costs, childcare costs, after school activities and other extraordinary expenses.

12.  Raj Marni to provide all expenses related to Clarissa Marni's tuition/living/health/college expenses until she graduates from college.

13.  Raj Marni to provide all expenses related to Mark Marni's tuition/living/health/college expenses until he graduates from college.

14.  The Parties agree that each will provide the other a copy of their income tax return and any notices of assessment and re-assessment issued, on an annual basis.

15.  Raj Marni will maintain and pay for medical health insurance, dental health insurance and vision health insurance for the benefit of Ksenija Marni, Mark Marni and Clarissa Marni. Any outstanding medical bills for Mark Marni and Clarissa Marni will be the responsibility of Raj Marni.

16.  Subject to the laws of Virginia, child support payments, contributions to uninsured health care costs, child care costs, additional costs, and the maintenance of health insurance will continue as long as a child is under the age of majority and financially dependent on the parents.

SPOUSAL MAINTENANCE

17.  Raj Marni to pay $4000 per month for spousal maintenance to Ksenija Marni, beginning June 1, 2016 for as long as she lives. Payments will be paid on the 1st day of each month. Payments to increase 5% each year, beginning Jan 1st of each year. These payments shall be fixed and non-modifiable. Additionally, spousal support payments under this provision will terminate only upon the death of Husband or Wife. The parties agree that spousal support under this section is not subject to the termination events noted in the Code of Virginia, specifically cohabitation or remarriage by Wife.

ASSETS

18.  The Parties acknowledge that they have agreed upon a division of all assets, owned or possessed by them as marital property or separate property. The Parties are in possession of all of those assets to which each is respectively entitled. Accordingly, neither makes any claim to any assets in the possession of the other.

**DEBTS**

19.   The Parties agree that any indebtedness secured against, or attributable to, any item of property that either Party is receiving under this Agreement will be the sole responsibility of the Party receiving the particular property.

20.   Neither Party will incur any further debt or liability on the other Party's credit. Any debt accumulated as of the date of this Agreement is the debt of the individual Party, regardless if the debt was incurred as a result of joint credit.

21.   Raj Marni to pay Ksenija Marni $7,947 on or before April 15, 2016 to settle the IRS Offer-in-Compromise. Ksenija Marni to negotiate an agreement with the Commonwealth of Virginia to settle all past taxes owed by Ksenija Marni; Raj Marni to pay Ksenija Marni the negotiated amount.

**EQUITABLE DISTRIBUTION RELEASE**

22.   The Parties covenant and agree that they are aware of the equitable distribution laws of the Commonwealth of Virginia and it is their intention that the equitable distribution laws will not apply to the status, ownership, interest and division of their property, either jointly or separately owned, nor to their future property, whether real or personal, and owned by either one or both of them, and the Parties further covenant and agree that it is their desire and intent by the terms of this Agreement to contract out of the equitable distribution laws of the Commonwealth of Virginia and to make a full and final settlement of all matters of property, both real and personal, previously and presently owned by either of the Parties or to be acquired by either of the Parties in the future.

**DOWER, CURTESY AND HOMESTEAD RELEASE**

23.   Each Party releases all dower, curtesy and homestead rights under any statute of the Commonwealth of Virginia, or any other jurisdiction whatsoever, that, but for this agreement, each would have in and to property in the name of the other, or in their names jointly or as tenants in common.

**ESTATE AND TESTAMENTARY DISPOSITION**

24.   The Parties renounce all rights each might have in or to the administration of the other's estate whether under any law of the Commonwealth of Virginia, or any State or Commonwealth or District of United States of America, or any country in which any part of the estate of the other may be situated and further waive and release the other from any and all rights of every kind, nature, and description that each may acquire as a spouse or a surviving spouse in the property, assets, or estate of the other.

**PENSION RELEASE**

25. Except as otherwise provided in this Agreement, the Parties waive and relinquish any and all rights or claims, in law or in equity, to apply to split or in any way share or claim any interest whatsoever, now or at any future time, in IRAs, 401(k) plans, or any defined contribution plan, defined benefits plan, retirement plan or pension, savings plan, or profit sharing plan of any type available through employment, or any benefits thereof, which the other Party presently has or may acquire in the future.

**GENERAL RELEASE**

26. Each Party releases all claims whatsoever and however arising, whether under the laws of the Commonwealth of Virginia or any other jurisdiction, including and without limiting the generality of the foregoing, whether arising by statute or at common law and including actions founded on constructive trust, resulting trust or unjust enrichment, which such Party may now or hereafter have or acquire or be entitled to against the property of the other Party, however and whenever acquired, including and without limiting the generality of the foregoing, real property, personal property, any income from such property or assets of the other Party and any increase in the value of such property, or against the estate of the other Party, but if any such action should be brought the provisions of this Agreement may be pleaded as an answer to any claim asserted and will constitute a full and complete defense thereto.

**ADDITIONAL CLAUSES**

27. Ksenija Marni will relinquish all intellectual property rights to Raj Marni previously filed with Patent and Trademark Office.

28. Raj Marni is the sole owner and founder of Samurai Technology Corporation, a Delaware Corporation. Raj Marni to allocate 5% of shares of his equity in Samurai Technology Corporation to Ksenija Marni, 5% of his shares to Clarissa Marni and 5% of his shares to Mark Marni.

29. Raj Marni to relinquish all the rights to 2007 Mercedes Benz 550SL, which is titled in his name and assigns the vehicle to be in possession by Ksenija Marni at all times for her exclusive use and benefit. Raj Marni to make the extended warranty payment, county property tax payments and all the loan payments for the vehicle until paid in full. Once the loan is paid in full, the title shall be transferred free and clear to the name of Ksenija Marni, or sold and the proceeds given to Ksenija Marni, at Ksenija Marni's sole discretion. Ksenija Marni to make car insurance payments for Mercedes 550SL. If Ksenija Marni chooses to sell the vehicle prior to loan being paid off, Raj Marni to make monthly payments to Ksenija Marni in the amount equivalent to current loan payments, for the remaining number of monthly loan installments.

Separation Agreement of Raj Marni & Ksenija Marni                                   Page 6 of 9

30. Ksenija Marni to keep 2009 Toyota Camry Hybrid and continue to make loan payments, county property tax payments and insurance payments.

31. Raj Marni to keep 2012 Acura TL and make all loan payments, extended warranty payments and insurance payments.

32. Ksenija Marni will keep furniture, paintings, rugs, electronics, TV, stereo equipment, computers, printers, her personal clothing, books and jewelry.

33. Ksenija Marni will keep $18,975 receivables from M4 Technologies, LLC for living expenses.

34. Raj Marni to pay all federal and state income taxes for Raj Marni and Ksenija Marni for the year 2015 on or before April 15, 2016.

35. Raj Marni to reimburse $3,214.92 to Ksenija Marni for bill paid on his behalf and credit card charges, on or before April 15, 2016.

36. Raj Marni to provide a down payment of 5% and assist in the purchase of a home for Ksenija Marni, on or before June 30, 2017.

37. Raj Marni shall obtain and keep in place a life insurance policy with Ksenija Marni as the sole beneficiary in the amount of $1,000,000 without lapsing for as long as the alimony and child support are in effect, to commence on Jun 1, 2016.

38. The parties agree that they will be purchasing a property at 13622 Cedar Run Lane, Herndon, VA 20171. Furthermore, the parties agree that if they divorce from one another, they will get an appraisal done on the property and agree to evenly divide any increase in the equity in the property from the date of purchase to the date of the referenced appraisal. Wife agrees to purchase Husband of his interest in this property by paying him ½ of the increase in the equity in the property as noted herein and Husband will waive any interest he has in said property. Upon Wife's payment to Husband, the property will be Wife's separate property.

39. Raj Marni to be solely responsible and make timely monthly payments for loans obtained by the Wife, until paid in full:

    a. Lender #1: Prosper, Loan Number: 564045, Principal Loan Amount: $10,000, monthly payment of $278.93 due on or before 25ᵗʰ of each month.

     b   Lender #2: Circle Back Lending, Loan Number: 00048038, Principal Loan Amount: $29,000, monthly payment of $745.27, due on or before 26th of each month.

40.   This document shall be provided to an attorney to prepare the necessary divorce documents in final form and the attorney fee shall be paid by Raj Marni.

### GENERAL PROVISIONS

41.   The Parties will promptly sign and give to the other all documents necessary to give effect to the terms of this Agreement.

42.   This Agreement contains the entire agreement between the Parties about their relationship with each other. It replaces any earlier written or oral agreement between the Parties.

43.   Should any portion of this Agreement be held by a court of law to be invalid, unenforceable, or void, such holding will not have the effect of invalidating or voiding the remainder of this Agreement, and the Parties agree that the portion so held to be invalid, unenforceable, or void, will be deemed amended, reduced in scope, or otherwise stricken only to the extent required for purposes of validity and enforcement in the jurisdiction of such holding.

44.   In the event that a dispute arises regarding this Agreement, the Parties will try to resolve the matter through negotiation or mediation, prior to initiating a court action

45.   Notwithstanding that the Parties acknowledge and agree that their circumstances at the execution of this Agreement may change for any reason, including but without limiting the generality of the foregoing, the passage of years, it is nonetheless their intention to be bound strictly by the terms of this Agreement at all times.

46.   This Agreement creates a fiduciary relationship between the Parties in which each Party agrees to act with the utmost of good faith and fair dealing toward the other in all aspects of this Agreement.

47.   The Parties agree to provide and execute such further documentation as may be reasonably required to give full force and effect to each terms of this Agreement.

48.   The headings of this Agreement form no part of it, and will be deemed to have been inserted for convenience only.

Separation Agreement of Raj Marni & Ksenija Marni                                      Page 8 of 9

49.   This Agreement will be binding upon and will ensure to the benefit of the Parties, their respective heirs, executors, administrators, and assigns.

50.   If the Parties reconcile, the terms of this Agreement will remain in effect unless the Parties revoke it in writing.

51.   This Agreement may only be terminated or amended by the Parties in writing signed by both of them.

52.   The law of the Commonwealth of Virginia will govern the interpretation of this Agreement, and the status, ownership, and division of property between the Parties wherever either or both of them may from time to time reside.

IN WITNESS WHEREOF the Parties have duly affixed their signatures on this __8__ day of January, 2016.

SIGNED by Raj Marni

_____
Raj Marni

COMMONWEALTH OF VIRGINIA,
CITY/COUNTY OF __Fairfax__ , to wit:

    The foregoing document, consisting of a total of __9__ pages, was signed and acknowledged before me by Raj Marni this __8__ day of __February__ 2016.

_____ Notary Public
Commission ID# 7322064
My commission expires: 03/31/2019

# EXHIBIT - P

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

FILED

2022 FEB -4 PM 12: 34

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA

TESTE:_____D.C

KSENIJA TRDIC (fka KSENIJA MARNI),        *

     Plaintiff,        *

v.        *        Case No. CL00107389

RAJ MARNI,        *

     Defendant.        *

## AFFIDAVIT AND PETITION FOR A RULE TO SHOW CAUSE

STATE OF VIRGINIA

COUNTY OF LOUDOUN, to-wit:

The undersigned, KSENIJA MARNI, Plaintiff herein, having first been duly sworn, states under oath as follows:

### I.        BACKGROUND

1. That the parties were divorced by Final Decree entered herein on Jun 19, 2017. The Final Decree of Divorce was affirmed, ratified and incorporated an Agreement between the parties dated Feb 8, 2016 (Property Settlement Agreement "PSA").

2. The Defendant has failed to comply with the PSA and this Court's Order and has instead filed a case with the Court of Appeals of Virginia on January 17, 2018 claiming, among other things, that the PSA was unconscionable.

3. The Court of Appeals of Virginia issued its unpublished opinion on November 13, 2018, affirming this Court's decision and issued a mandate on January 2, 2019 stating that the judgement appealed from is affirmed and awarded damages to the Plaintiff.

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 2 of 8

4. The Defendant continued to fail to comply with this Court's order. The Plaintiff filed a Rule to Show Cause, which was heard by this Court on November 2, 2018. The Court found him in Civil Contempt of Court and ordered the Defendant held at the Loudoun County Adult Detention Center until he purged himself of his contempt by partially satisfying his financial obligations by paying a purge amount of $165,966.

5. On February 1, 2019, the Defendant was ordered to be released from custody upon surrendering his passport and paying $20,000 towards the purge amount, only partially satisfying it. The Court approved the plan presented by the Defendant to pay the remainder of the Purge amount and entered an Order. A Review Court date was set for March 1, 2019, when an alternative payment plan, agreed upon by the Defendant and the Plaintiff, was presented to the Court for repayment of all obligations pursuant to the final divorce decree. The Court entered an Order.

6. Court hearing was set for May 3, 2019 for another review and enforcement, if necessary. The Defendant failed to pay $6,945.75 towards child and spousal support on May 1, 2019 and failed to comply with non-monetary provisions of the Court's order. At the Court hearing, the Defendant presented two personal post-dated checks to the Plaintiff for the child and spousal support payments in the amount of $6,945.75 to be paid on June 1, 2019. On May 3, 2019, the Court issued a review Order. The case was continued to June 7, 2019 for review and compliance. The Plaintiff was excused by the Court from appearing on June 7, 2019 and the Defendant agreed to allow the Plaintiff to submit a sworn statement setting forth the status of the Defendant's compliance in lieu of her actual appearance. The Plaintiff submitted a sworn statement confirming that the Defendant complied with the Court's May 3, 2019 review Order.

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 3 of 8

7. The Plaintiff filed a second Petition for Rule to Show Cause on September 23, 2019. The Court issued a Rule to Show Cause on October 23, 2019 and the case was heard on March 3, 2020. The Court again found the Defendant in contempt (of this Court's March 1, 2019 Order) and issued its Order on March 3, 2020. The Defendant failed to make the Court Ordered payments.

8. The Defendant filed for Chapter 13 Bankruptcy protection on July 2, 2020, which was subsequently converted to Chapter 7 Bankruptcy. The Defendant's Chapter 7 Bankruptcy Case was discharged on December 29, 2020 (attached as Exhibit A).

9. This Court issued an Order on August 7, 2020 granting Defendant's Motion for Automatic Stay, except those proceeding as they relate to spousal and child support. This Court also issued an Order on August 17, 2020 finding the Defendant in contempt failing to pay Child Support and Spousal Support for the months of May, June, July and August 2020, and only partially paying Child Support and Spousal Support for March and April 2020. To purge the contempt, the Defendant was ordered to pay $20,000 to the Plaintiff, via direct deposit of cash, certified check or cashier's check, or electronic transfer into Plaintiff's Bank of America account **no later than October 7, 2020.** The Defendant was also ordered to provide financial documents. The Defendant failed to deposit $20,000 into the Plaintiff's account.

10. Defendant has consistently shown his willful disregard for this Court's orders. Since the conclusion of his bankruptcy case over a year ago, the Defendant has willfully failed to make ongoing Court Ordered Payments and Arrear's Payments to the Plaintiff, despite repeated requests from the Plaintiff, and despite having a well-paying IT job with the IBM and an additional disposable income due to the discharge of all his other debt.

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 4 of 8

Therefore, the Plaintiff is filing this fourth Petition for Rule to Show Cause to address the

Defendant's defaults.


## II.    DEFENDANT'S DEFAULTS

1.    The Defendant, Raj Marni, has not complied with this **Court's January 5, 2018 Order**.
The Defendant is required to and:

A.    Failed to pay $2,431.01 for child support on September 1, 2020

B.    Failed to pay $61,261.56 (12 payments of $5,105.13 per month) for spousal

support from Jan 1, 2021 - December 1, 2021.

C.    Failed to pay $5,360.39 for spousal support on January 1, 2022

D.    Failed to pay $5,360.39 for spousal support on February 1, 2022

E.    Failed to give the Court 30 days advance written notice of change of address

(Paragraph 4).

F.    Failed to keep the Court informed of the name, address, and telephone number of

his current employer (Paragraph 11).

G.    Failed to keep, without lapse, a life insurance policy of $1 million, naming

Ksenija Trdic (formerly Ksenija Marni) as the sole beneficiary.


2.    The Defendant, Raj Marni, has not complied with this **Court's February 1, 2019 Order**:
The Defendant violated this Court's February 1, 2019 Order that required him to surrender all

passports and not to have a new one issued without a court order. This was also a condition of his

Release (Exhibits C and D attached). The Defendant, in an attempt to avoid his financial

obligations, obtained a new US Passport, fled the country and is now residing overseas.

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 5 of 8

3. The Defendant, Raj Marni, has not complied with this **Court's March 1, 2019 Order.**

The Defendant is required to and:

    A.     Failed to pay $43,000 lump sum payment to the Plaintiff on October 15, 2019.

    B.     Failed to pay $43,000 lump sum payment to the Plaintiff on December 15, 2019.

    C.     Failed to pay $18,838.70 lump sum payment for Prosper and Circle Bank loans to the Plaintiff on March 15, 2020 (Paragraph 6.c.i).

    D.     Failed to pay $18,838.70 lump sum payment for Prosper and Circle Bank loans to the Plaintiff on May 15, 2020 (Paragraph 6.c.ii).

    E.     Failed to pay to the Plaintiff, the remaining arrears balance (plus 6% compounded annual interest) from March 1, 2019 until paid, and all the remaining payments on the loan, in one lump sum on August 1, 2020 (Paragraph 6.c.iii).

    F.     Failed to pay the remaining arrears to the Plaintiff for spousal support with 6% compounded annual interest in lump sum on or before May 1, 2020 (Paragraph 3).

    G.     Failed to make $440.44 monthly payments to the Plaintiff for Daughter's College Parent Plus Loan (from November 26, 2019 – April 26, 2019) and failed to pay off the remaining balance after 12 months (Paragraph 8).

4. The Defendant, Raj Marni, has not complied with this **Court's August 17, 2020 Order**.

The Defendant is required to and:

    A.     Failed to pay $20,000 to the Plaintiff no later than October 7, 2020 to purge his contempt for failing to pay Child Support and Spousal Support payments for the months of May, June, July and August 2020, and only partially paying Child Support and

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 6 of 8

Spousal Support for March and April 2020. The defendant disregarded Court's Order and instead deposited cashier's checks (totaling $19,452) into Plaintiff's account for <u>future</u> support obligations as follows:

a.  $4,863 on August 31, 2020 - for September 2020 Spousal Support payment

b.  $4,863 on October 1, 2020 - for October 2020 Spousal Support payment.

c.  $4,863 on October 5, 2020 – for November 2020 Spousal Support payment

d.  $4,863 on October 5, 2020 – for December 2020 Spousal Support payment

The Defendant transferred $2000 to son Mark Marni and $1000 to daughter Clarissa Marni on August 31, 2020, and another $2000 to son Mark Marni and $1000 to daughter Clarissa Marni on October 1, 2020. All the payments received have been credited as seen on "Summary of Raj Marni's Arrears and Payments" statement (attached as Exhibit B).

<u>Upon information and belief, the arrearages will continue to accrue during the pendency of this suit.</u>

The Plaintiff, KSENIJA MARNI, respectfully requests that this Court:

A.   Grant this Verified Petition and issue a Rule to Show Cause against the Defendant, requiring the Defendant, RAJ MARNI, to appear before this Court to show cause, if any there be, why he should not be held in contempt of Court for his repeated and continued violations of this Court's Order, and punished for failure and refusal to abide by the order of this Court.

B.   Find the Defendant, RAJ MARNI, in contempt of court for his failure to comply with this Court's Order.

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 7 of 8

C.    Order the Defendant to comply with the parties' Property Settlement Agreement, and Court Orders.

D.    Order and enforce that the Defendant comply with his release condition to remain in the United States and relinquishes all his passports.

E.    Order that ongoing Spousal Support be automatically deducted from the Defendant's paycheck and deposited into the Plaintiff bank account at Navy Federal Credit Union (Exhibit E).

F.    Order the Defendant to pay the arrearages listed above and such additional arrearages as accrue from the date of filing this petition through the date of hearing on this matter.

G.    Award Plaintiff damages and costs in this behalf expended.

H.    Grant Plaintiff such other and further relief as the Court deems appropriate.

Respectfully submitted,

KSENIJA TRDIC

Plaintiff, *Pro Se*

Trdic v. Marni, Case No. CL00107389
RULE TO SHOW CAUSE
Page 8 of 8

STATE OF VIRGINIA,
CITY/COUNTY OF ___Loudon___, to-wit:
    Before me, the undersigned Notary Public, in and for the above-mentioned jurisdiction, appeared this day Ksenija Trdic whose name is signed to the foregoing document, and acknowledged her signature thereto.
    Subscribed and sworn to before me this ___4___ day of _February_,2022.

AMBER CATHRYN MELLON
Notary Public
Commonwealth of Virginia
Registration No. 7600226
My Commission Expires Sep 30, 2022

_____
Notary Public

My Commission Expires: 09/30/2022

CERTIFICATE OF SERVICE:
I HEREBY CERTIFY that on 4th day of February 2022, I have caused a true copy of this Affidavit and Petition for Rule to Show Cause, Rule to Show Cause, and Praecipe to be served on the Defendant, Raj Marni, at 10845 Griffith Peak Dr, 2nd Floor, Las Vegas, NV 89135 via service of process by the Secretary of the Commonwealth of Virginia.

& email to :
rajmarni@gmail.com

_____
Ksenija Trdic, Plaintiff, *Pro Se*

# EXHIBIT - Q

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

**V I R G I N I A:**
IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC                                                :

      Plaintiff,                                       :

                                     :        CASE NO. CL 107389/01-02

v.                                                          :

RAJ MARNI                                                   :

      Defendant.                                       :

v.                                                          :

                                       :

THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF
SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA (DCSE)

Intervenor                                                  :

## NOTICE OF FRAUD ON THE COURT AND DENIAL OF EXHIBIT AUTHENTICITY

## II. INTRODUCTION AND LEGAL BASIS

COMES NOW the Defendant, **RAJ MARNI**, *pro se*, and submits this formal Notice to the Court

to address two distinct, ongoing acts of fraud and misrepresentation by the Plaintiff, Ksenija

Trdić, and her counsel, which are corrupting these proceedings.

## II. NOTICE OF EXTENDED FRAUD ON THE COURT (Discharged Debts)

The Plaintiff is hereby formally noticed that the validity of the support claims being pursued is

destroyed by the Plaintiff's repeated acts of **Extrinsic Fraud** and **Perjury on the Court**,

specifically relating to the following facts:

1. **Violation of Federal Injunction:** The Plaintiff was notified and attended the Debtor's

    Conference on or around October 26, 2020 at 1 pm Las Vegas time. She had personal

    knowledge that all non-support obligations (including credit card debts, others) were fully

    and lawfully **discharged** in the Defendant's 2020 federal bankruptcy filing Case Number:

20-13238-mkn. Meeting of the creditors was recoded and anyone can request a copy of the recording by visiting/requesting Bankruptcy court in Las Vegas.

2. **Concealment and Perjury:** Despite this, the Plaintiff **lied under oath** in her sworn affidavit submitted in or around **February 2022**, falsely listing these federally discharged obligations as valid arrearages. This is a clear act of presenting **false, material evidence** to this Court.

3. **Jurisdictional Violation:** The Plaintiff's reliance on these discharged debts to calculate state court arrearages and secure the **April/May 2022 Orders** is a direct violation of the **Federal Discharge Injunction (11 U.S.C. § 524(a)(2))** Case number: 20-13238-mkn. The Loudoun County Circuit Court lacks jurisdiction and constitutional authority to reinstate debts previously extinguished by a Federal Bankruptcy Discharge.

4. **Continuing Violation:** By asserting the enforceability of these discharged debts in current court RTSC, to be heard on December 3, 2025, filings by the Plaintiff and subsequently the Plaintiff through her Counsel are **continuing to violate a federal injunction** by sharing via DROPBOX the April 2022/May 2022 court order as VALID is continuous and ongoing violation by Counsel Georgelas law firm SG Law PLC.

5. Any witness, including the Plaintiff or a representative of DCSE, who takes the stand and argues for the validity or collectability of debts legally extinguished by the **Federal Bankruptcy Discharge** is in violation of the **Discharge Injunction (11 U.S.C. § 524(a)(2))**. Such testimony relies on the concealment of a Federal Court Order and is subject to sanctions.

6. If the Plaintiff testifies under oath and argues the validity of the arrears knowing those figures are based on her own **perjurious affidavits** (e.g., February 2022, May 2025, July 3, 2025), the testimony is a continuation of **Fraud on the Court**. Any court order based on this testimony would be rendered **void *ab initio*.**

**V I R G I N I A:**
IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC                                                    :

     Plaintiff,                                              :

                                          :          CASE NO. CL 107389-01/02

**v.**                                                           :

RAJ MARNI                                                       :

     Defendant.                                             :

**v.**                                                           :

                                          :

THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA (DCSE)

Intervenor                                                       :

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO RULE TO SHOW CAUSE AND MOTION TO VACATE ORDERS PROCURED BY EXTRINSIC FRAUD.

**I. INTRODUCTION**

Defendant appears before this Court in response to Plaintiff's Rule to Show Cause for alleged willful contempt and nonpayment of child support. The Court will find that the foundational orders underlying this enforcement action, the April and May 2022 arrears determinations—were procured through perjury and extrinsic fraud when Plaintiff knowingly listed debts already extinguished by federal bankruptcy discharge. Plaintiff has weaponized this Court's enforcement mechanisms not to collect legitimate arrearages, but to systematically destroy Defendant's life, career, and ability to earn income—pursuing incarceration and passport denial while simultaneously not responding to a settlement offer that would satisfy all claims.

**II. The April & May 2022 Orders Are Voidable**

The April and May 2022 orders must be set aside because they rest on debts that were legally extinguished by federal bankruptcy discharge—yet Plaintiff concealed this fact from this Court and lied in a sworn affidavit, constituting extrinsic fraud that deprived this Court of jurisdiction to enter a lawful arrears determination.

1. Plaintiff swore under oath in February 2022 that Defendant owed Prosper Loan, Circle Bank Loan, car payments, student loans —all discharged in Defendant's December 2020 bankruptcy. Student loans are to be paid directly by the Defendant to Department of Education. Plaintiff violated Federal Bankruptcy Injunction by making false statement under oath to this court. See Exhibits C, and G.

2. Federal discharge under 11 U.S.C. § 524(a) operates as permanent injunction prohibiting any collection action; these debts ceased to exist as legal obligations.

3. Plaintiff personally attended Defendant's 2020 bankruptcy debtor meeting and had actual knowledge of the discharge but deliberately withheld this from this Court in February/April/May 2022.

4. The March 1, 2019, Court Order mandated all payments apply to child support first—DCSE and Plaintiff ignored this directive, inflating arrears with discharged debts. See Exhibit F.

5. This is extrinsic fraud: Plaintiff's concealment of the federal court's final judgment prevented this Court from knowing the true debt picture—a matter collateral to the merits that corrupted the proceeding itself.

6. Orders procured through material misrepresentation and concealment of court rulings are voidable; this Court has full authority to vacate them.

# EXHIBIT - R

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

VIRGINIA

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

------------------------------------X

KSENIJA TRDIC

Plaintiff,

vs.                                CL-00107389-01

RAJ MARNI

Defendant/Counter-Claimant,

vs.

DCSE (Intervenor), KSENIJA TRDIC

Counter-Defendants.

------------------------------------X

TRANSCRIPT OF HEARING PROCEEDING

Wednesday, December 3, 2025

10:01 a.m.

18 E. Market Street

Leesburg, Virginia 20178

BEFORE THE HONORABLE JUDGE STEPHEN SINCAVAGE

Job No.: 251203

Pages: 1 - 139

Transcribed by: Shaylah Lynn Kiser, CER 1820

A P P E A R A N C E S


ON BEHALF OF THE PLAINTIFF

    CHRISTIN L. GEORGELAS, Esquire

    SG LAW, PLC

    102 North King Street

    Leesburg, Virginia 20176

    (571) 977-2345 (Office)

    (571) 977-2363 (Facsimile)

ON BEHALF OF THE DEFENDANT

    RAJ MARNI, Pro se

    3349 Michelson Drive, Suite 200

    Irvine, California 92612

    (725) 200-2010

ON BEHALF OF DCSE

    ANNE PRENTICE, Esquire

    OFFICE OF THE ATTORNEY GENERAL, DCSE

    202 North 9th Street, 4th Floor

    Richmond, Virginia 23219

    (540) 722-7528 (Office)

                    ALSO PRESENT

    KRISTI MCDONALD

    VA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE)

# EXHIBIT - S

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

**VIRGINIA:**

## IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC (FKA KSENIJA MARNI)

v.

RAJ MARNI

☑ Civil
☐ Juvenile
☐ Adoption    No. CL00107389
☐ Chancery
☐ Misc. - _____

## PRAECIPE - CIVIL MOTION

(14 DAY NOTICE FOR CONTESTED; 7 DAY NOTICE FOR UNCONTESTED; or SEE LOCAL RULES)

The Clerk is requested to place this matter on the Court's Civil Motions Docket for

Friday*, the **6** day of **JUNE** , 20**25** at    *1ST, 3RD & 4TH FRIDAYS ONLY*

☐ 9:00 a.m.    (UNCONTESTED MATTERS / AGREED ORDERS / RETURNS ON RULES TO SHOW CAUSE)

☐ 10:00 a.m.    (CONTESTED CIVIL MOTIONS (NON-DOMESTIC))

☑ 2:00 p.m.    (CONTESTED DOMESTIC RELATIONS MOTIONS / *ORE TENUS* / *PENDENTE LITE* MOTIONS)

to hear the following: **ESTABLISHING DEFENDANT'S ARREARS**
PURPOSE / TITLE AND ( DATE FILED )

Note: Civil docketing, motion and briefing requirements are set forth in the 20th Judicial Circuit: Loudoun County Local Rules and Procedures.

☑ I UNDERSTAND THAT ALL MOTIONS ARE PERMITTED A TOTAL OF **20 MINUTES** FOR ARGUMENT (*PENDENTE LITE* PERMITTED **30 MINUTES**). I FURTHER UNDERSTAND THAT IF I BELIEVE ADDITIONAL TIME WILL BE NEEDED THEN A GOOD FAITH TIME ESTIMATE MUST BE PROVIDED BELOW, AND THE MOTION MAY BE HEARD OR SPECIALLY RESCHEDULED IN THE DISCRETION OF THE PRESIDING JUDGE.    TIME ESTIMATE: **20**

Dated this: **16** day of **MAY** , 20**25**.

Submitted by: _____ KSENIJA TRDIC    VSB# _____
(PRINT NAME)
☐ Counsel for: ☒ Plaintiff ☐ Defendant ☐ Other: _____
☒ Self-Represented: ☐ Plaintiff ☐ Defendant ☐ Other: _____

My current address and contact information† is:

**20725 WOOD QUAY DR #469, STERLING VA 20166**
Street Address                     City                    State    Zip

**Kaseykcm@gmail.com**                    **703-234-2880**
E-Mail                                                    Phone

Page 1 of 2

APPROVED 4/2024

†Complete contact information of filing party REQUIRED by Rule 1:4 of the Virginia Supreme Court

The name and role, e-mail and phone for all <u>other</u> counsel of record or self-represented litigant(s):
(Required if known; attach supplemental sheet if needed.)

1. RAJ MARNI, Defendant, Pro Se    rajmarni@gmail.com    unknown
   NAME & (ROLE)                    E-MAIL                PHONE

2. _____        _____     _____
   NAME & (ROLE)                    E-MAIL                PHONE

3. _____        _____     _____
   NAME & (ROLE)                    E-MAIL                PHONE

4. _____        _____     _____
   NAME & (ROLE)                    E-MAIL                PHONE

## **CERTIFICATE**

By signing below, **I HEREBY CERTIFY** that I have served a true **copy** of this filing on all parties / counsel of record herein pursuant the Rules of the Supreme Court of Virginia by:

☐ HAND DELIVERY  ☐ U.S. MAIL  ☐ FACSIMILE  ☑ E-MAIL  ☑ OTHER: Service of process on The Secretary of the Commonwealth

on this __16__ day of __May__ , 20_25_.

**I FURTHER CERTIFY** that I have made a good faith effort to obtain and provide the correct contact information requested above for all parties / counsel of record.

Signature: _____    VSB#:_____

---

COURT USE ONLY

---

† Complete contact Information of filing party REQUIRED by Rule 1:4 of the Virginia Supreme Court

APPROVED 4/2024

VIRGINIA:

**FILED**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

2025 JUN 30  A 8: 18

**KSENIJA TRDIC**
**f/k/a KSENIJA MARNI,**

CIRCUIT COURT)
CLERKS OFFICE
LOUDOUN COUNTY) VA
_____D.C.
TESTE:_____)

Plaintiff,

v.

Case No: CL00107389-01

**RAJ MARNI,**

Defendant

---

## EMERGENCY MOTION TO STAY CASE CLOSURE AND PRESERVE CHILD SUPPORT ENFORCEMENT

COMES NOW the Plaintiff, Ksenija Marni, Pro Se, and respectfully and urgently moves this Honorable Court to **stay** the Virginia Division of Child Support Enforcement's (DCSE) unlawful closure of enforcement actions, including lifting the Defendant's passport restriction, scheduled for **today, June 30, 2025.** The DCSE's closure is based on a **flawed** child support arrears calculation that **excludes** mandatory 6% annual compound interest ordered by this Court, violating Virginia law and threatening **irreparable harm**. Without this Court's **immediate order**, the Defendant, Raj Marni, will obtain a passport, flee the United States—as he did in 2020—to permanently evade enforcement. The Court's intervention is not just appropriate—it is necessary to prevent serious harm to the Plaintiff and the parties' children, who are at risk of losing nearly $800,000 in unpaid support, and to preserve the Court's authority to enforce its own Orders.

Legal basis for Emergency Relief:

- **Virginia Code § 20-78.2** mandates interest on the arrearage, unless the obligee, in writing submitted to the court, waives the collection of interest (Plaintiff has not waived) and the Court ordered 6% annual compound interest (March 1, 2019 Order, *Exhibit 2*).

## GROUNDS FOR IMMEDIATE INTERVENTION

**Imminent Case Closure Based on Erroneous Arrears**

1.  On Friday evening, June 28, 2025, DCSE unexpectedly notified the Plaintiff — **with only one business day's notice** —that it would apply a pending payment from the Defendant on Monday, June 30, to classify the arrears as "paid in full," close the case, and lift all enforcement, including the federal passport restriction *(Exhibit 1B)*. This decision is based on an **erroneous balance** *(Exhibit 1A)* that **excludes all court-ordered interest.**

2.  On March 1, 2019, this Court expressly ordered that all arrears shall accrue **6% annual compound interest until paid in full** *(Exhibit 2)*. DCSE has admitted they cannot and will not enforce the Court's **mandatory 6% compound interest** without a new order and will not wait for the December 3, 2025 hearing, denying Plaintiff due process.

3.  DCSE's arrears calculation is **patently incorrect**, omitting interest required by the March 1, 2019 Order. This Court entered an Order on **April 18, 2022**, confirming that the Defendant owed **$86,557.09** in certified child support arrears as of **February 1, 2022** *(Exhibit 3)*. Proceeding with unlawful closure without judicial determination of the correct arrears balance—including the interest required by this Court's Order—appears to be premature and raises serious concerns. The Plaintiff respectfully requests that the Court assert its jurisdiction to determine the accurate child support arrears balance in accordance with its prior Orders, so that DCSE may update its records and continue enforcement accordingly.

**Deliberate Evasion and Repeated Flight Risk by Defendant**

4.  The Defendant is deliberately attempting to exploit DCSE's error. He has made targeted payments to "zero out" a **$6,500 arrears balance**—a number that omits required interest

—while knowingly ignoring nearly **$800,000 in total unpaid obligations**. This is not compliance; it is a **calculated move to force closure**, evade enforcement, and obtain a passport.

5. At the same time, the Defendant is facing two serious proceedings currently pending before this Court:

   • A fifth Rule to Show Cause for contempt, and

   • A motion to enforce a prior Order involving contempt and fraud on the Court.

6. The Defendant remains subject to this Court's **standing February 1, 2019 Order** *(Exhibit 4)*, which prohibits him from holding or obtaining a U.S. passport as a condition of his release. The Order is not contingent on DCSE's administrative actions and remains fully binding. The Defendant has **already violated that Order once**—in 2020, when he fraudulently obtained a passport, fled the country, failed to appear for a Show Cause hearing, and falsely claimed to be in a war zone in Ukraine—a lie he later admitted. He returned to the States only after the U.S. Department of State revoked his passport. This is not speculation, it is proven pattern. The Defendant, a **native of India**, is actively attempting to flee again.

7. If the Court does not act today, DCSE will close the case, terminate the enforcement, and the Defendant's will regain access to a passport. He will flee the United States, evade justice, and **the enforcement of this Court's Orders will become impossible**. The Plaintiff and the parties' children will suffer irreversible harm, permanently losing access to nearly $800,000 in court-ordered support.

## RELIEF SOUGHT

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. **Immediately stay any closure of the DCSE enforcement case,** including termination of all enforcement mechanisms, particularly the federal passport restriction, until the Court adjudicates the full and correct child support arrears balance, including interest;

2. **Adjudicate the total child support arrears,** including 6% annual compound interest pursuant to the Court's March 1, 2019 Order;

3. **Order that the Defendant remain on all enforcement and passport denial lists,** including those maintained by the U.S. Department of State, until all court ordered obligations are fully satisfied and further Order of this Court is entered;

4. **Grant such other and further relief** as this Court deems just and necessary to enforce its prior Orders and prevent the Defendant from evading his legal obligations.

Respectfully submitted,

**Ksenija Trdic**
f/k/a Ksenija Marni, Plaintiff, *Pro Se*
20725 Wood Quay Dr #469
Sterling, VA 20166
(703) 234-2880
Email: kaseykcm@gmail.com

**Certificate of Service**
I HEREBY CERTIFY that on this 30th day of June 2025, a true copy of the foregoing Motion and Exhibits, was sent via electronic mail and first-class U.S. mail, postage prepaid, to **Christopher M. Dove, Esq.,** The Law Offices of Christopher M. Dove, PLLC, 20 West Market Street, Leesburg, VA 20176, Email: chris@christopherdovelawfirm.com

Ksenija Trdic, Plaintiff, *Pro Se*

VIRGINIA:

FILED

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

2025 JUN 30  A 8: 10

KSENIJA TRDIC
f/k/a KSENIJA MARNI,

    Plaintiff,

v.

RAJ MARNI,

    Defendant

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA

TESTE:_____D.C.

)
)
)
)
)
)
)
)
)

Case No: CL00107389-01

## ORDER GRANTING EMERGENCY RELIEF AND STAYING DCSE CASE CLOSURE

THIS MATTER came before the Court on the Plaintiff's **Emergency Motion to Stay Closure and Preserve Child Support Enforcement**. The Court, having reviewed the Motion, applicable law, and prior Orders entered in this case, and being otherwise sufficiently advised, finds as follows:

1. The Court previously entered an Order on March 1, 2019, directing that all unpaid arrears shall accrue interest at the rate of six percent (6%) per annum, compounded annually, beginning June 1, 2016 until paid in full.

2. The Court further entered an Order on **April 18, 2022**, confirming that the Defendant owed **$86,557.09** in certified child support arrears as of **February 1, 2022.**

3. The Court finds that the **Virginia Division of Child Support Enforcement (DCSE)** did not calculate or enforce the compound interest ordered by this Court, and that an adjudication by the Court is necessary to preserve enforcement and prevent premature case closure.

4. The Defendant, Raj Marni, remains subject to this Court's **February 1, 2019 Order**, which prohibits him from obtaining a passport as a condition of release. That Order has not been vacated or modified and remains in full force and effect.

5. The Court finds that immediate relief is necessary to preserve the integrity of its Orders, prevent irreparable harm to the Plaintiff and the parties' children, and avoid permanent loss of enforcement on outstanding child support arrears.

## IT IS ORDERED AS FOLLOWS:

1. DCSE shall immediately stay any closure of the child support enforcement case, including suspension of all enforcement actions and the federal passport restriction, pending further Order of this Court;

2. A hearing shall be set on _____, at _____, for the Court to adjudicate the total child support arrears, including 6% annual compound interest pursuant to the Court's March 1, 2019 Order;

3. The Defendant, **Raj Marni**, remains **prohibited from obtaining a passport** pursuant to this Court's February 1, 2019 Order;

4. The Defendant, **Raj Marni**, shall remain on all applicable enforcement and passport denial lists, including those maintained by the **U.S. Department of State**, until all court-ordered obligations are fully satisfied and further Order of this Court is entered;

5. The Clerk is directed to forward a copy of this Order to DCSE and the U.S. Department of State or any other party deemed necessary by the Court.

6. _____

_____

_____

ENTERED this ____ day of _____, 2025.

_____

**JUDGE**

Loudoun County Circuit Court

**I ASK FOR THIS:**

Ksenija Trdic (f/k/a Ksenija Marni)
20725 Wood Quay Dr #469
Sterling, VA 20166
PH: 703-234-2880
Email: KaseyKCM@gmail.com
Plaintiff, *Pro Se*

# EXHIBIT - T

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

aP

**VIRGINIA:**

### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| KSENIJA MARNI, | § |
| (aka Ksenjia Trdic) | § |
|     Plaintiff, | § |
| v. | § CL00107389-00 |
| RAJ MARNI, | § |
|     Defendant, | § |

### O R D E R

**THIS MATTER** came before the Court this **6th day of April, 2022** upon the Plaintiff's, **KSENIJA MARNI,** *Pro Se*, ("Plaintiffs"), <u>Verified Affidavit and Petition for A Rule To Show Cause</u> ("'Petition") (pertaining to the <u>Final Order of Divorce</u>, " Final Order", dated **January 5th, 2018**, and the Parties' Separation Agreement, "Agreement," dated **February 8th, 2016**, incorporated into the "Final Order") and the <u>Rule to Show Cause</u> issued, with notice to the Defendant, **RAJ MARNI,** *Pro Se,* ("Defendant"), and upon the testimony and evidence presented by the Plaintiff, **KSENIJA MARNI,** *Pro Se* appeared before the bar of this court.

**IT APPEARING TO THE COURT** that Defendant is in arrears as alleged by Plaintiff's *Petition* and such arrearages as of the date of the *Petition* consisted of arrearages for the Prosper Loan of $19,434.49 as of **February 1st, 2022** (plus interest and fees), Circle Bank of $51,204.83 as of **February 1st, 2022** (plus interest and fees), Support for Car Payment of $24,422.30 as of **February 1st, 2022** (plus interest and fees), Support Daughter's Student Parent Plus Loan of $43, 445.94 as of **February 1st, 2022** (plus interest and fees), Support for the Parties' children of $86,557.09 as of **February 1st, 2022** in child support, Spousal Support of $255,383.15 as of **February 1st, 2022** (plus interest and fees), Support for Son's College

Marni v. Marni
Civil No. CL00107389-00
Page 2

Year One (1)- 2020/2021 of $10,026.75 as of **February 1ˢᵗ, 2022** (plus interest and fees),

Daughter's Support of $11,521.67 as of **February 1ˢᵗ, 2022** (plus interest and fees),

Daughter's Support Student Loan of $31, 216.60 as of **February 1ˢᵗ, 2022** (plus interest and

fees), Daughter's Support- Car of $8,923.76 as of **February 1ˢᵗ, 2022** (plus interest and fees),

as required by the Parties' Agreement which was incorporated, but not merged, into the "Final

Order"; and

      **IT APPEARING TO THE COURT** that Defendant has not maintained obligatory

support payments as required by the Parties' Agreement which was incorporated, but not

merged, into the "Final Order"; and

    **IT IS ORDERED AS FOLLOWS:**

1. Plaintiff's, **KSENIJA MARNI**, *Pro Se*, request for relief is hereby **GRANTED.**

2. The Defendant, **RAJ MARNI**, *Pro Se*, is **ORDERED** to provide proof of

   residence within Thirty (30) Days from issuance of this Order, specifically as to

   his whereabouts on **April 6ᵗʰ, 2022.**

   a. If the Defendant, **RAJ MARNI**, *Pro Se* proof of residence is not provided

      within Thirty (30) Days from issuance of this Order the Court will hold the

      Defendant, **RAJ MARNI**, *Pro Se*, in willful contempt of the "Final Order"

      as alleged in the <u>Verified Affidavit and Petition for A Rule To Show</u>

      <u>Cause.</u>

   b. That the Defendant, **RAJ MARNI**, *Pro Se* shall pay the arrearages as put

      forth above forthwith; the Court specifically finds that the Defendant, **RAJ**

      **MARNI**, *Pro Se* is in willful contempt.

Marni v. Marni
Civil No. CL00107389-00
Page 2

3.  In the event The Defendant, **RAJ MARNI**, *Pro Se* failed to comply with 2(a.) or 2(b.) above he will then be remanded to the custody of the Sheriff for Loudoun County Virginia and/or shall surrender himself to the same.

4.  The Defendant, **RAJ MARNI**, *Pro Se* shall be required to post a Purge Bond in the amount of of $50,000.00 with the Clerk of the Loudoun County Circuit Court, in Order to be released, from the Loudoun County Adult Detention Center.

**THIS MATTER IS CONTINUED GENERALLY BY ORDER OF THE COURT,** until the plaintiff **KSENIJA MARNI,** *Pro Se*, ("Plaintiffs"), or the defendant **RAJ MARNI,** *Pro Se*, ("Defendant"), praecipe this matter back upon the courts civil docket.

**ENTERED THIS ___18___ DAY OF APRIL, 2022**

_____
**JEANETTE A. IRBY, JUDGE
LOUDOUN COUNTY CIRCUIT COURT**

"Clerk is Ordered to send a copy of this
Order forthwith, at no charge to
Counsel of record or pro se litigants."

# EXHIBIT - U

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

FILED

**VIRGINIA:**
IN THE CIRCUIT COURT OF LOUDOUN COUNTY 2025 OCT -1  A 8: 27

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA

TESTE:_____ n

**KSENIJA TRDIC**                        :
                                        :
     **Plaintiff,**                      :
                                        :
                                        :      **CASE NO. CL 107389-01/02**
**v.**                                   :
                                        :
**RAJ MARNI**                            :
                                        :
     **Defendant.**                      :
**v.**                                   :
                                        :

**THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA (DCSE)**

**and**                                  :
                                        :
**KSENIJA TRDIC**                        :

Counter-Defendants.                      :


# MOTION TO COMPEL CALCULATION OF ARREARAGES PURSUANT TO MARCH 1, 2019, ORDER

The Defendant, RAJ MARNI, Pro Se, hereby moves this Honorable Court to compel the Plaintiff, Ksenija Trdic, and the Counter-Defendant, the Division of Child Support Enforcement (DCSE), to jointly calculate and submit to the Court the correct child and spousal support arrearages based exclusively on the terms of the **Order entered on March 1, 2019**. See Exhibit A.

In support of this Motion, the Defendant states:

1. **Judicial Determination Needed:** Both the Plaintiff and DCSE have acknowledged that the parties disagree on the calculation and interpretation of the current support orders, necessitating judicial determination (as stated in DCSE's Motion to Intervene).

2. **Governing Order:** The most recent substantive Order governing the payment and application of support is the **Order entered on March 1, 2019.**

3. **Significant Payments Made:** The Defendant, Raj Marni, has remitted over **$300,000** in support payments over the years, and the payment allocations currently applied by the Plaintiff and DCSE **do not comply** with the specific terms of the March 1, 2019, Order regarding the prioritization of child support.

4. **Mandatory Application of Payments:** To achieve the required judicial clarity and finality, the arrears must be calculated by strictly applying all payments received by the Plaintiff and DCSE whether before or after March 1, 2019, solely to the outstanding **child support obligation** first, as dictated by the terms of the March 1, 2019, Order.

5. **Expedited Submission:** Given that this matter has been set for hearing to determine arrears (on December 3, 2025, or a continued date), an expedited calculation is necessary to prepare for argument and prevent further prejudice to the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant, Raj Marni, prays that this Honorable Court enter an Order compelling the Plaintiff, Ksenija Trdic, and the Division of Child Support Enforcement to:

1. Calculate Arrearages: Calculate the child and spousal support arrearages by strictly adhering to the terms and payment application requirements of the Order entered on March 1, 2019.

2. Mandatory Payment Application: Ensure that all payments, including those received prior to March 1, 2019, and those received thereafter, are applied solely and entirely toward the outstanding child support obligation before any amount is applied to spousal support.

3. Compliance with Manual: Ensure that the final calculation is compliant with all DCSE Program Manual guidelines.

4. Submission Deadline: File and serve the completed, verified arrearages calculation and supporting documentation upon the Defendant and the Court within twenty-one (21) days of the entry of the Court's Order granting this Motion.

5. Grant such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

RAJ MARNI

Counter-Claimant, Pro Se

3349 Michelson Drive, Suite 200

Irvine, CA 92612

rajmarni@gmail.com,

+1-725-200-2010

1/1/26, 3:29 PM
Gmail - NOTICE OF FILING: Counter-Claimant Raj Marni's Reply to Opposition (CL107389-03), and Withdrawal of Ancillary Motions ...

Case 26-01060-mkn    Doc 18-2    Entered 06/09/26 13:43:51    Page 48 of 81

 **Gmail**

Raj Marni <rajmarni@gmail.com>

## NOTICE OF FILING: Counter-Claimant Raj Marni's Reply to Opposition (CL107389-03), and Withdrawal of Ancillary Motions (CL107389-01/02/03)

1 message

**Raj Marni** <rajmarni@gmail.com>
To: Emily Anderson <emily@sglawplc.com>, Christin Georgelas <christin@sglawplc.com>, "Prentice, Anne (VDSS)" <anne.prentice@dss.virginia.gov>
Cc: Megan Houck <megan@sglawplc.com>

Tue, Oct 14, 2025 at 7:02 AM

Dear Ms. Georgelas, Ms. Pretence, and Ms. Anderson:

Good morning to you all.

Please take notice that on October 14, 2025, the Counter-Claimant, Raj Marni, *pro se*, filed the following documents with the Loudoun County Circuit Court regarding Case No. CL 107389-03:

1. **Counter-Claimant's Reply to Counter-Defendant Trdić's Response in Opposition to Motion for Entry of Default on Counterclaim.**

2. **Praecipe - Removal of Civil Motion** for the *Motion to Continue OR, In the Alternative Dismiss Upcoming Hearing* (docketed for 10/17/2025).

3. **Praecipe - Removal of Civil Motion** for the *Motion To Compel Calculations Of Arrearages* (docketed for 10/17/2025).

4. The clerk stamped the first pages.

Please note I will be amending the withdrawn motions with Judicially admitted facts in coming weeks.

Please let me know if you have any questions or any issues downloading the attachments.

Respectfully,

Raj Marni, *pro se*
CL107389-03

---

**4 attachments**

📄 **100-response-final.pdf**
5183K

📄 **200-10-14 filing-court-stamped.pdf**
164K

📄 **06-motion-compel-withdraw.pdf**
2347K

📄 **07-motion-march1-order-withdraw.pdf**
2462K

# EXHIBIT - V

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

# EXHIBIT V

## SWORN ADMISSIONS AND JUDICIAL STATEMENTS

December 3, 2025, Hearing Transcript

*Trdic v. Marni*, Case No. CL-00107389-01

Loudoun County Circuit Court

Before the Honorable Judge Stephen Sincavage

## INTRODUCTION

This Exhibit compiles sworn testimony and judicial statements from the December 3, 2025, hearing in *Trdic v. Marni*, Case No. CL-00107389-01, before Judge Stephen Sincavage in Loudoun County Circuit Court. The admissions and statements documented herein demonstrate that Defendants DCSE, Sue Ann Bullard (through her supervisor Kristi McDonald), and Anne Prentice: (a) knew of DCSE's system limitations that prevented compliance with court orders; (b) admitted reliance on internal policy over judicial directives; (c) heard Plaintiff raise the federal bankruptcy discharge defense and chose to ignore it; and (d) continued to advocate for enforcement of mathematically impossible arrearage figures that included discharged debts.

All page and line references correspond to the official court transcript, Job No. 251203, transcribed by Shaylah Lynn Kiser, CER 1820.

## PART A: KRISTI McDONALD — SWORN TESTIMONY

Kristi McDonald, DCSE District Manager, testified under oath at pages 99-102 of the transcript. Her testimony was elicited by Defendant Anne Prentice, Assistant Attorney General.

### A.1 Identification and Authority

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 99:15-16 | Q. Could you please state your name? **A. Kristi McDonald.** | Identifies witness |
| 99:17-18 | Q. Where are you employed? **A. Division of Child Support Enforcement.** | Confirms DCSE employment |
| 99:19-20 | Q. What's your position there? **A. District Manager.** | Establishes supervisory authority; statements bind DCSE |
| 99:21-23 | Q. Do you, in the scope of your employment, review and certify fiscal records? **A. Yes.** | Confirms role in certifying DCSE records including fabricated adjustments |

### A.2 Admissions Regarding Fabricated Adjustments

| Page:Line | Testimony | Legal Significance |
|---|---|---|

| Page:Line | Testimony | |
|---|---|---|
| 100:5-6 | Q. Did there come a time when an adjustment was made for the 5% increase in the child support order? **A. Yes.** | Confirms manual adjustment was made |
| 100:13-19 | **A. Yes. On May 16th of 2025, the adjustment was made to accurately reflect the 5% increase that should have increased annually on the spousal support amount. And on June 30th, an adjustment was made to reflect 6% interest that should have been charging on the child support arrearage throughout the life of the case, but had not been.** | **CRITICAL:** Admits June 30, 2025, adjustment was retroactive. Contradicts Bullard's June 27, 2025, email stating DCSE 'is not able to do the calculations.' |
| 100:24-25 | Q. Okay, and is that the $24,906.36? **A. Yes.** | Confirms exact amount of May 16, 2025, fabricated addition |
| 101:4-6 | Q. Okay, and is that found in the column under adjustment in the about $11,390.66? **A. Yes.** | Confirms exact amount of June 30, 2025, interest addition (refigured as $10,988.74 in DCSE records) |

## A.3 Admissions Regarding Payment Application

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 101:16-22 | **A. All payments that come in are applied to current support first. There is no longer a child support current, so it would go to current spousal support first, and then any payments that's received over and above current support would be applied to child support, arrearage balances, and then to spousal balances.** | Admits DCSE did NOT follow March 1, 2019, Order requiring all payments to child support FIRST |
| 102:4-6 | Q. Does DCSE policy require that it be done that way? **A. Yes.** | Admits DCSE followed internal policy rather than court-ordered allocation |
| 102:8-10 | **A. The hierarchy that we follow states current supports to be paid first. Then child support arrears and interest, and spousal arrears and interest.** | Admits internal 'hierarchy' controls DCSE's conduct, not judicial orders |

## A.4 System Limitations Admission

| Page:Line | Testimony | Legal Significance |
|---|---|---|

| 102:18-20 | Q. And is the system set up, is the child support payment system set up to do it any other way? **A. No.** | **CRITICAL:** Admits DCSE system CANNOT comply with court orders requiring different allocation. Proves institutional basis for 'Set in Stone' defiance. |
| --- | --- | --- |

## PART B: ANNE PRENTICE — STATEMENTS AS COUNSEL

Anne Prentice, Assistant Attorney General representing DCSE, made the following statements during her opening statement (pages 13-14) and closing argument (pages 119-122). As counsel for a party, her statements constitute admissions of a party-opponent under FRE 801(d)(2).

### B.1 Opening Statement Admissions

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 13:15-16 | **DCSE has a pretty limited involvement here.** | Attempts to minimize DCSE responsibility while maintaining passport hold and enforcing inflated arrears |
| 13:22-24 | **The last order that we were able to find in this matter was, I believe, the May 2022 order. That was shortly after the case was opened.** | Admits DCSE used May 2022 Order (entered post-discharge, incorporating discharged debts) as enforcement basis |
| 8:3-5 | **We're simply following the last order. That's how we're doing it.** | **CRITICAL:** 'Following orders' defense. Ignores federal discharge supremacy under Supremacy Clause. |
| 14:19-22 | **Of course, if the Court were to determine that it should be applied differently, they would follow that order and make adjustments.** | Admits DCSE will only follow orders that align with their system—not self-executing federal injunctions |

### B.2 Closing Argument — System Limitations Admissions

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 119:10-16 | **DCSE is seeking a clear order as to what the child support, what the spousal support arrears are, as of a specific date. And that the judgment rate of interest be applied. That the regular statutory notices be entered.** | Admits DCSE did NOT independently verify arrears—sought court blessing for figures provided by Trdic/Georgelas |
| 120:5-9 | **What we have an issue with is if the Court were to issue an order telling the administrative agency how to allocate those hierarchy of payments, the system's not set up to do that. It's just creating the problem that we're trying to avoid by coming here today.** | **CRITICAL:** Admits DCSE system CANNOT follow judicial orders that conflict with internal hierarchy. Proves 'Set in |

| | | Stone' institutional defiance. |
|---|---|---|
| 120:15-18 | THE COURT: What's 14.4? **MS. PRENTICE: That's DCSE's policy on their hierarchy of how they have to administer the child support payments and how their system—** | Admits DCSE policy 14.4 (not federal law) controls their conduct |
| 121:4-8 | **We don't want the Court to create an order. Basically, that we're not able to administer or maybe we won't be able to keep this case open because we can't administer that order telling us to allocate things differently than the system is set up to do.** | **CRITICAL:** Express admission that DCSE WILL REFUSE to follow court orders that conflict with their internal systems. Proves institutional bad faith. |

## PART C: KSENIJA TRDIC — SWORN TESTIMONY

Ksenija Trdic testified under oath. On cross-examination by Plaintiff (pages 57-60), she made critical admissions regarding her own 2019 bankruptcy and the discharge of the Prosper Loan and Circle Bank debts.

### C.1 Bankruptcy and Discharge Admissions

| Page:Line | Testimony | Legal Significance |
|---|---|---|
| 58:12-14 | Q. Ms. Trdic, you applied for bankruptcy in 2019, right? Did you apply for bankruptcy in 2019? **A. Yes.** | Establishes Trdic's own 2019 bankruptcy (Case No. 19-10603-KHK, E.D. Va.) |
| 58:15-17 | Q. In your 2019 bankruptcy, did Prosper Loan and Circle Bank were discharged? **A. Yes, in my bankruptcy.** | **CRITICAL:** Admits Prosper and Circle Bank were discharged in HER bankruptcy. She paid $0 to these creditors. |
| 58:18-22 | Q. So, your bankruptcy was discharged and you continued to collect that amount from me? **A. My bankruptcy was discharged, which means that I no longer owed to those two institutions. However, under our divorce decree, you owed that to me.** | **CRITICAL:** Admits she continued collecting on debts she paid $0 on. Under *Lange v. Lange*, hold-harmless obligation = amount actually paid = $0. |
| 58:23-59:1 | Q. Okay. So, you agree that those debts were discharged under your bankruptcy? **A. Under my bankruptcy, to those two institutions.** | Confirms discharge of underlying consumer debts. Proves double-dipping fraud. |

## PART D: PLAINTIFF'S NOTICE OF DISCHARGE — IGNORED

During his opening statement (pages 11-12), Plaintiff explicitly raised the federal bankruptcy discharge and identified the discharged debts by name. Neither Prentice nor McDonald addressed this defense at any point during the hearing.

### D.1 Plaintiff's Opening Statement

| Page:Line | Statement | Legal Significance |
|---|---|---|
| 11:21-22 | **Your Honor, in 2020, I have applied for bankruptcy. Then at the time, multiple debts are discharged, in reference to certain credit payments...** | Plaintiff raised discharge in open court |
| 12:1-3 | **...the only thing that's remaining, according to the federal court injunction, was the child support and the spousal support, those are non-dischargeable.** | Distinguished dischargeable from non-dischargeable debts |

| 12:4-8 | Others are all discharged, and I have produced that statement of discharge to the plaintiff in the past. So she—when she went in front of Judge Irby in April of 2022, she included all the discharged debt, and she got an order from Judge Irby. | Notified court and counsel of fraudulent inclusion of discharged debts in April 2022 Order |
|---|---|---|
| 12:9-11 | With all respect to the state courts, Your Honor, I don't have the power to override a federal injunction. The bankruptcy is a federal injunction. | Asserted federal supremacy of discharge injunction |
| 12:12-14 | So, the sheet Ms. Georgelas gave to you, Your Honor, the Parent Loan, the Prosper Loan, the Circle Bank, and the car payments, these are all debts that are discharged. | CRITICAL: Specifically NAMED the discharged debts. Prentice and McDonald heard this and continued advocating for $800K+ enforcement. |

## D.2 The Silence — State Actors' Failure to Respond

The following table documents what Defendants Prentice and McDonald did NOT say during the hearing, despite Plaintiff's explicit notice of the federal discharge:

| Absence | Legal Significance |
|---|---|
| Neither Prentice nor McDonald addressed Plaintiff's bankruptcy discharge argument at any point in their testimony or argument | Proves willful blindness under *Taggart* — they heard the defense and chose to ignore it |
| Neither Prentice nor McDonald stated they had independently verified the arrearage figures | Proves reliance on Trdic/Georgelas calculations without independent audit |
| Neither Prentice nor McDonald acknowledged that Prosper and Circle Bank were consumer debts (not support) | Proves participation in mischaracterization of discharged debts as 'child support arrearages' |

| | |
|---|---|
| Prentice never mentioned receiving Plaintiff's November 21, 2025, Notice (100+ pages) or December 19, 2025, Prentice Notice | Proves deliberate concealment of actual knowledge from the Court |

## PART E: COURT RULING BASED ON VOID FIGURES

Following the hearing (pages 125-132), Judge Sincavage issued his ruling. Plaintiff had left during the recess due to a medical emergency and was not present for the ruling. The Court adopted the calculations presented by Georgelas/Trdic without addressing the bankruptcy discharge defense.

### E.1 Adoption of Trdic's Calculations

| Page:Line | Ruling | Legal Significance |
|---|---|---|
| 127:11-16 | I do find that the exhibit 36, which is the demonstrative exhibit the plaintiff sets out properly the amounts currently owed on the various categories of debts that Mr. Marni has pursuant to previous orders of this Court and that the interest amounts are proper as well. | Court adopted Georgelas/Trdic calculations without independent verification or addressing discharge defense |
| 127:22-24 | The spousal support arrearage is $441,185.70. The child support amount is arrearage is $63,493.88. | Figures include discharged debts — void ab initio under 11 U.S.C. § 524(a)(1) |
| 129:1-5 | I do reiterate the passport order that Mr. Marni is directed to surrender forthwith to the clerk of the Court, his U.S. passport, and to take no action or direct anyone to take any action on his behalf to have any new or replacement passport issued. | Passport seizure based on void arrearage determination. Led directly to LeBar contract cancellation. |

### E.2 Contempt Finding

| Page:Line | Ruling | Legal Significance |
|---|---|---|
| 129:6-14 | The Court does find Mr. Marni in contempt for failure to pay the spousal support as alleged in the rule, for failure to maintain the life insurance, one-million-dollar policy without lapse and for failure to provide medical, dental and vision health coverage insurance for Ms. Trdic, as alleged in the rule to show cause and as previously ordered by this Court. | Contempt finding based on arrearage that includes discharged debts. Order is void ab initio. |

## CERTIFICATION

I, Raj Marni, hereby certify that the foregoing excerpts are true and accurate quotations from the official transcript of the December 3, 2025, hearing in *Trdic v. Marni*, Case No. CL-00107389-01, Loudoun County Circuit Court, Job No. 251203, transcribed by Shaylah Lynn Kiser, CER

1820. The full transcript is available upon request. The full transcript was provided to Defendants Prentice and Trdic on March 3, 2026.

Dated: April 23, 2026

Raj Marni, Plaintiff Pro Se
17595 Harvard Avenue C 4009
Irvine, CA 92614
Telephone: 1+ (725) 200-2010
Email: RajMarni@Gmail.Com

# EXHIBIT - W

**NOTE ON DOCUMENT LENGTH**: For the sake of brevity and to reduce the volume of the record, the attached exhibits contain only the relevant excerpts of the larger documents. Full versions of these records are available and will be produced upon request.

 Gmail

Raj Marni <rajmarni@gmail.com>

---

## Please do WHAT IS RIGHT AND FIX MY ACCOUNT TODAY.

1 message

---

**Raj Marni** <rajmarni@gmail.com>                                    Tue, Aug 5, 2025 at 6:54 AM
To: holly.parker@dss.virginia.gov, "Bullard, Sue" <sue.a.bullard@dss.virginia.gov>, "Shaner, Kaitlyn (VDSS)"
<Kaitlyn.N.Shaner@dss.virginia.gov>

Ms. Parker, Ms. Sue Ann Bullard, Ms. Shaner:

Today is the last day for the Virginia Department of Social Services (DCSE) to rectify the
documented misconduct, address the pervasive falsehoods, and correct the fabricated financial
records pertaining to my case, VA DCSE #0005005576. I expect a complete and truthful
accounting, free from further misrepresentations, by the end of today, **August 5, 2025**. Let me be
unequivocally clear: absent a full and transparent resolution, I will instruct my legal counsel to
immediately seek judicial intervention to GET TO THE TRUTH, this is my only GOAL. one last
chance to come clean.

**Tomorrow, August 6th, 2025, I will inform the following DCSE management to escalate the
issue and seek their assistance to fix this problem created by DCSE Staff.**

Commissioner James Williams, Chief Deputy Commissioner Kevin Erskine, Deputy Commissioner Craig Burshem, Deputy Commissioner Ryan Kelly, Deputy Commissioner Necole Simmonds, Deputy Commissioner Carl Ayers, Deputy Commissioner Hari Dulal, Ms. Alana Tucker (Director, Child Support Enforcement).

I will share all the information I have about you three with management, including the roles each of you played.

a) Ms. Sue Ann Bullard: The willful disregard of a lawful court order to apply all monies collected to CS first, and the bias towards a white woman.

b) Ms. Shaner: The "supervisor" is unwilling to act on the complaints filed and take appropriate action to remedy the problem despite being informed numerous times. Her silence is an indicator of her siding with her colleagues and acting against DCSE polices.

c) Ms. Parker: The fabrication and lies about a "non-existent" agreement between Ms. Trdic and DCSE.

So, I request the three of you to act quickly and do the RIGHT THING - Apply the monies I paid for so far as per the March 1, 2019, court order,

# this will set my Child Support account to zero, release my passport, and close the account.

I am not asking for favors; I am asking to follow the DCSE Program Manual guidelines. That is all I am asking. Please do the necessary.

# I am willing to forgive and forget everything if my request is fulfilled by the end of today.

**Thank you, and looking forward to closing this chapter on a positive note.**

Best Regards,

Raj Marni

 **Gmail**

Raj Marni <rajmarni@gmail.com>

---

## FINAL NOTICE OF WILLFUL VIOLATION OF FEDERAL DISCHARGE INJUNCTION
1 message

---

**Raj Marni** <rajmarni@gmail.com>                                    Thu, Jan 29, 2026 at 12:10 PM
To: "Prentice, Anne (VDSS)" <anne.prentice@dss.virginia.gov>
Cc: Kasey Trdic <kaseykcm@gmail.com>, Kasey Marni <kmarni@gmail.com>, Kasey Marni <kmarni@hotmail.com>,
"Bullard, Sue" <sue.a.bullard@dss.virginia.gov>, "McDonald, Kristi (VDSS)" <kristi.mcdonald@dss.virginia.gov>, "Shaner,
Kaitlyn (VDSS)" <Kaitlyn.N.Shaner@dss.virginia.gov>, "Parker, Holly (VDSS)" <holly.parker@dss.virginia.gov>

**Case Number:** 0005005576 **Bankruptcy Case:** *In re Marni*, Case No. 20-13238-mkn (Bankr. D. Nev.) **Adversary Proceeding:** Case No. 26-01004-mkn

Dear Ms. Prentice,

You were provided various notices and documents in October, November, December, 2025 and in January 2026 about the Bankrupcy Fraud committed by Kseinja Trdic and its implications on the child support and spousal support arrears.

You have been provided with over 300+ pages of documents, numerous emails over the past several months detailing the FRAUD over the months. And you were informed on January 7th, 2026 of the Federal Case In Las Vegas.

Despite these warnings I received a notice today from Ms. Sue Bullard relates to the January 9, 2026, Loudoun County Circuit Court Order.

I am filing a Temporary Restraining Order and Preliminary Injunction in the Federal Court in Las Vegas.

This letter serves as formal notice that the Virginia Division of Child Support Enforcement (DCSE) is currently engaged in a **willful violation** of the federal permanent discharge injunction under **11 U.S.C. § 524(a)**.

The DCSE's recent actions constitute bad-faith collection of federally discharged debts based on the following:

- **Enforcement of a Void Order:** Your letter explicitly states that "Fiscal adjustments have been completed as per the 01.09.2026 Loudoun Co Circuit Court Order". As you were previously warned on November 18, December 13, and most recently on **January 7, 2026**, that order is *void ab initio* to the extent it purports to collect property debts discharged in my 2020 bankruptcy.

- **Commingling of Discharged Debts:** The reported "past due support debt" of **$508,533.84** is a mathematical impossibility unless it includes the **discharged property and contractual debts**—such as the Prosper, Circle Bank, Student loans, car support,etc—which the Defendants have willfully mischaracterized as support. YOU WERE PROVIDED DETAILED DOCUMENTS OF THIS FRAUD.

- **Prior Notice and Willfulness:** You were provided with the full Adversary Complaint and Emergency TRO filing on **January 7, 2026**. Despite this explicit federal notice, the DCSE proceeded to "adjust" its records and escalate collection activities twenty-two days later.

- Under the standard established in *Taggart v. Lorenzen,* **139 S. Ct. 1795 (2019)**, this constitutes a willful violation as there is "no fair ground of doubt" that these debts were discharged.

**LEGAL INTENT:** Because the DCSE has chosen to ignore federal law and actively enforce a void state order, **I intend to file a First Amended Complaint in the U.S. Bankruptcy Court for the District of Nevada to name the Virginia DCSE as a formal Defendant.**

I will be seeking compensatory damages, punitive relief, and sanctions for the continuous harassment and the "tainting" of my administrative records.

You have **24 hours** to stay all enforcement actions and restore my account to reflect only non-discharged obligations. Failure to do so will result in the immediate inclusion of DCSE in the March 4, 2026, hearing before Judge Nakagawa in Las Vegas.

**GOVERN YOURSELF ACCORDINGLY AND THIS IS MY ONLY NOTICE.**

Regards,

Raj Marni *Plaintiff Pro Se*

---

**Payment Record Letter-january-29-2026.pdf**
189K

 Gmail

Raj Marni <rajmarni@gmail.com>

# PERSONAL NOTICE OF LIABILITY: Willful Violation of Bankruptcy Discharge – Case 0005005576

1 message

**Raj Marni** <rajmarni@gmail.com>
Sun, Feb 1, 2026 at 7:26 PM
To: "Bullard, Sue" <sue.a.bullard@dss.virginia.gov>
Cc: "Prentice, Anne (VDSS)" <anne.prentice@dss.virginia.gov>, "Shaner, Kaitlyn (VDSS)" <Kaitlyn.N.Shaner@dss.virginia.gov>, "Parker, Holly (VDSS)" <holly.parker@dss.virginia.gov>, "McDonald, Kristi (VDSS)" <kristi.mcdonald@dss.virginia.gov>, Kasey Trdic <kaseykcm@gmail.com>, Kasey Marni <kmarni@gmail.com>, Kasey Marni <kmarni@hotmail.com>

Dear Ms. Sue Ann Bullard:

I am in receipt of the "Payment Record Letter" dated January 29, 2026, which reflects a "past due support debt" of **$508,533.84.**

This letter serves as your formal notice that by manually entering and "adjusting" these figures, you are personally participating in a **willful violation of the Federal Permanent Discharge Injunction (11 U.S.C. § 524).**

I have attached my Janiary 7th, 2026 Adversary complaint filed in Nevada Bankruptcy Court in Las Vegas NV, is attached to his email. And here are the Exhibits:

Exhibits-A-Ucombined.pdf

**Regarding the January 9, 2026, Court Order:** You have stated that these "fiscal adjustments" were made pursuant to the January 9th Loudoun County Order. Please be advised that under **Federal Law**, specifically **11 U.S.C. § 524(a)(1)**, any judgment at any time obtained in a state court is **void** as a determination of the personal liability of the debtor with respect to any debt discharged.

Because the January 9, 2026, Order purports to establish an arrearage based on property debts (Prosper, Circle Bank, etc.) that were discharged in my 2020 Bankruptcy, that order is **legally a nullity**.

You cannot "hide" behind a void January 9th, 2026 state order to bypass a Federal Permanent Injunction. As a state agency official, you have an independent duty to comply with the Supremacy Clause of the U.S. Constitution. By entering these "adjustments" with full knowledge of my bankruptcy discharge, you are moving from administrative error into **willful contempt of the Federal Bankruptcy Court.**

### 1. Actual Knowledge of Accounting Fraud

You have been provided with the March 1, 2019, Court Order multiple times. That order mandates that all payments be credited to Child Support (CS) first. You are aware that:

- I paid **$84,663** prior to my bankruptcy.
- Applying those payments to discharged property debts (Circle Bank/Prosper) instead of CS—as you have done—is a violation of federal law.
- Your current balance of $508,533.84 ( as per your January 29th, 2026 Notice) is mathematically impossible under the terms of the support orders unless you have intentionally included discharged non-support debts. See attached Noitce you have sent me.

### 2. Coordination with Plaintiff

The timing of your "fiscal adjustments" (matching the Plaintiff's motions in state court) and your refusal to release my passport despite the accounts being paid in full in June 2025, provides evidence of a coordinated effort to circumvent my federal bankruptcy "Fresh Start."

**SEE YOUR "SET IN STONE" AND "JUNE 30TH, 2025": EMAILS ATTACHED HERETO.**

### 3. The Taggart Standard of Willfulness

Under *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), there is no "fair ground of doubt" that my 2020 bankruptcy discharged the property debts you are currently enforcing. Proceeding with collection after receiving my January 7, 2026, notice of the Federal Adversary Proceeding constitutes **contempt of a federal court order.**

### NOTICE OF INTENT TO AMEND COMPLAINT:

I am currently drafting the First Amended Complaint for **Case No. 26-01002-mkn** in the U.S. Bankruptcy Court for the District of Nevada. Unless you immediately:

1. **Cease** all collection and enforcement actions (including passport/license holds);

2. **Provide** a full accounting showing exactly how the $508,533.84 was calculated; and

3. **Restore** the credits for the $84,663 in pre-bankruptcy payments to the CS principal;

# You have until Febuary 8th, 2026 to cease all collection efforts related to discharged debts. If you don't...

I will name you, **Sue Bullard, in your individual and official capacity as case worker at DCSE**, as a Defendant in the federal action. I will seek personal sanctions, compensatory damages for the loss of my travel rights, and punitive damages for bad-faith enforcement.

If you have any questions/problems/isseues accessing the documents provieded, please contact me.

This is your only notice. **Govern yourself accordingly.**

Regards,

**Raj Marni**

---

**4 attachments**

**Payment Record Letter-january-29-2026.pdf**
189K

**Adversary_Complaint_Template-WORKING-v20.pdf**
981K

**set-in-stone-sue-bullard-email-nov-19-2024.pdf**
585K

**sue-to-kasey-email-jun-27-2025.pdf**
588K

# EXHIBIT - X

## Bullard and McDonald January 9th, 2026
## Order Enforcement Letters

Page 1

 Gmail

Raj Marni &lt;rajmarni@gmail.com&gt;

### Virginia DCSE inquiry

1 message

**McDonald, Kristi (VDSS)** &lt;kristi.mcdonald@dss.virginia.gov&gt;                    Thu, May 21, 2026 at 5:43 AM
To: "rajmarni@gmail.com" &lt;rajmarni@gmail.com&gt;
Cc: "Parker, Holly (VDSS)" &lt;holly.parker@dss.virginia.gov&gt;, "Prentice, Anne (VDSS)"
&lt;Anne.Prentice@dss.virginia.gov&gt;

Mr. Marni,

Thank you for your recent emails. As previously advised, your case balances were adjusted on January 28, 2026, to reflect the court order entered on January 9, 2026.

In that order, the court determined that, as of November 30, 2025, your child support arrears totaled $63,493.98 and your spousal support balance totaled $441,185.70.

Shown below is the audit completed on January 28, 2026. The audit reflects:

- The starting balances as of November 30, 2025, as established by the court order (highlighted in yellow).
- Payments received since entry of the order; and
- Interest charges calculated at 0.5% per month (6% annually).

The balances highlighted in green represent the amounts currently due as of May 21, 2026, and are consistent with the DCSE accounting statements previously provided to you.

| MTH/YR | payments | OBLIGATION | | AMOUNT PAID | | MONTHLY CHILD | ARRS BAL CHILD | MONTHLY SPOUSAL | ARRS BAL SPOUSAL | | Interest Rate VA - 6% | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | CHILD | SPOUSAL | CHILD | SPOUSAL | | | | | | Int owed b/w pass CHILD | Int owed b/w pass SPOUSAL |
| ARRS | | | | | | $0.00 | $63,493.98 | $0.00 | $441,185.70 | | $317.46 | $2,205.92 |
| Dec 25 | 7450.00 | 0.00 | 6205.32 | 1244.68 | 6205.32 | -$1,244.68 | $62,249.30 | $6,661.69 | $446,747.29 | | $311.24 | $2,205.92 |
| Jan 26 | 954.00 | 0.00 | 6515.59 | | 954.00 | $0.00 | $62,249.30 | $6,661.69 | $452,308.88 | | $311.24 | $2,205.92 |
| Feb 26 | 954.00 | 0.00 | 6515.59 | | 954.00 | $0.00 | $62,249.30 | $0.00 | $452,308.88 | | $311.24 | $2,233.73 |
| Mar 26 | 7242.00 | 0.00 | 6515.59 | 726.41 | 6515.59 | -$726.41 | $61,522.89 | $6,661.69 | $447,075.57 | | $307.61 | $2,261.54 |
| Apr 26 | 652.50 | 0.00 | 6515.59 | | 652.50 | | | $0.00 | $6,661.69 | | $307.61 | $2,261.54 |
| May 26 | | 0.00 | 6515.59 | | | | | | | | | |
| | | | | | | | | | | | | |

These balances are in accordance with the most recent court order, and no further adjustments will be made at this time. DCSE will continue to enforce the order as written and will apply payments in accordance with the required payment hierarchy.

Thank you,
Kristi



VIRGINIA DEPARTMENT OF
SOCIAL SERVICES

DCSE Division of Child
Support Enforcement

*People Helping People*

**Kristi McDonald**
*District Manager, Winchester DCSE*
Virginia Department of Social Services
P.O. Box 28450, Richmond, VA 23228
(540) 722-3464    www.dss.virginia.gov

A.      Yes.

Q.      Okay. Do you have a copy of that in front of you?

A.      Yes.

Q.      Did there come a time when an adjustment was made for the 5% increase in the child support order?

A.      Yes.

Q.      Was there also a time the adjustment was made for a 5% yearly increase in the spousal support order?

A.      Yes.

Q.      Could you explain when that adjustment was made and what was adjusted?

A.      Yes. On May 16th of 2025, the adjustment was made to accurately reflect the 5% increase that should have increased annually on the spousal support amount. And on June 30th, an adjustment was made to reflect 6% interest that should have been charging on the child support arrearage throughout the life of the case, but had not been.

Q.      Okay, and so the 5% increase adjustment is documented on page 3, and is that in the adjustment column?

A.      Yes.

Q.      Okay, and is that the $24,906.36?

A.      Yes.

Q. Okay. And the adjustment for the 6% interest, is that on page 2?

A. Yes.

Q. Okay, and is that found in the column under adjustment in the about $11,390.66?

A. Yes.

Q. Is DCSE currently adjusting the order for the yearly 5% increase?

A. Yes.

Q. And how does it make that adjustment?

A. We will do it January of every year to adjust for the current year.

Q. Okay, and so for all other years prior, the adjustment took into account any other previous years?

A. Yes.

Q. Okay. And how are the payments being applied?

A. All payments that come in are applied to current support first. There is no longer a child support current, so it would go to current spousal support first, and then any payments that's received over and above current support would be applied to child support, arrearage balances, and then to spousal balances.

Q. Okay. So after the spousal support payment is made, everything is going to be applied to the child support? Is that correct?



Commonwealth of Virginia
Department of Social Services
Division of Child Support Enforcement

WINCHESTER DISTRICT OFFICE
P.O. Box 28450
RICHMOND, VA 23228
http://www.dss.virginia.gov/family/dcse/
1-800-468-8894

## PAYMENT RECORD LETTER

01/29/2026

Division Case Number: 0005005576

Non-Custodial Parent (NCP):

RAJ MARNI
2 ANGELL ST
IRVINE, CA 92612-2121

Custodial Parent (CP):

KSENIJA TRDIC

This letter is in response to your request for information regarding your child support case.

The past due support debt on your case is $508,533.84.

Fiscal adjustments have been completed as per the 01.09.2026 Loudoun Co Circuit Court Order. Current Spousal support has also been increased 5% on our system to reflect $6,515.59 per month beginning 01.01.2026, as per the 01.05.2018 Loudoun Co Circuit Court Order, which is due each month for the 2026 calendar year. You may obtain account information 24 hours a day 7 days a week through the MyChildSupport portal at https://mychildsupport.dss.virginia.gov/ Thanks so much .. -SBullard 01.29.2026

To obtain additional case and/or payment information, visit our customer service portal at https://mychildsupport.dss.virginia.gov/.



I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

Page 1 of 1

# EXHIBIT - Y

## McDonald Certification of Child Support Balance

 **VIRGINIA DEPARTMENT OF SOCIAL SERVICES**

Division of Child Support Enforcement
PO BOX 28450
Richmond, VA 23228
http://www.dss.virginia.gov/family/dcse/
1-800-468-8894

## Virginia DCSE Payment Record

November 07, 2025

Case Number:        0005005576

Date Range Selected:   11/07/2022 to 11/07/2025

Case Number:                             0005005576
Parent Paying Support:                   MARNI, RAJ - 0005005589
Parent/Custodian Receiving Support:      TRDIC, KSENIJA - 0005005585
Last Payment Date:                       06/30/2025

### Order Information

| Support Type | Current Support Charge | Charge Frequency | Start Date | Next Charge Date |
|---|---|---|---|---|
| Spousal Support | 6,205.32 | MONTHLY | 01/01/2022 | 12/01/2025 |

### Balance Information

| | Owed To | | | Total |
|---|---|---|---|---|
| | Parent/Custodian Receiving Support | Virginia | Other | |
| Arrears | 417,430.47 | 0.00 | 0.00 | 417,430.47 |
| Interest | 81,249.85 | 0.00 | 0.00 | 81,249.85 |
| Fees | 0.00 | 58.30 | 0.00 | 58.30 |
| Subtotal | 498,680.32 | 58.30 | 0.00 | 498,738.62 |
| Unpaid Current Support Charge | 6,205.32 | 0.00 | 0.00 | 6,205.32 |
| Total | 504,885.64 | 58.30 | 0.00 | 504,943.94 |

I certify that this is a true copy of the financial record maintained by the Division of Child Support Enforcement.
The child support arrearage through 10/31/2025 is $10,988.74. (arrears and interest).
The spousal support arrearage through 10/31/2025 is $487,691.58. (arrears and interest).
K. McDonald
Authorized Representative

Page 1 of 8

# EXHIBIT - Z

Plaintiff's September 2025 Counterclaim against DCSE and Trdic

**VIRGINIA:**

### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC

    Plaintiff,

v.

                        **CASE NUMBER: CL00107389**

RAJ MARNI                      **DCSE NUMBER: 5005576**

    Defendant/Counter-Claimant,

v.

THE DIVISION OF CHILD SUPPORT ENFORCEMENT, DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA

and

KSENIJA TRDIC

Counter-Defendants.

FILED 2025 SEP -2 A 8:48

CIRCUIT COURT CLERKS OFFICE LOUDOUN COUNTY, VA

---

**COUNTERCLAIMS**

**TO THE HONORABLE COURT:**

Defendant RAJ MARNI ("Counter-Claimant"), appearing *pro se*, hereby asserts the following Counterclaims against the Division of Child Support Enforcement, Department of Social Services, Commonwealth of Virginia ("DCSE"), and Ksenija Trdic ("Counter-Defendant Trdic"), and states as follows:

**I. PARTIES, JURISDICTION, IMMUNITY WAIVER, RESERVATION OF RIGHTS AND TIMING OF COUNTERCLIAMS**

**A. Parties**

**Raj Marni**

17595 Harvard Avenue, C 4009

Irvine, CA 92614

RajMarni@Gmail.com

+1-725-200-2010

June 6, 2026

RECEIVED
AND FILED

JUN 08 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

**VIA USPS PRIORITY MAIL EXPRESS**

Clerk of the Court

United States Bankruptcy Court, District of Nevada

Foley Federal Building and U.S. Courthouse

300 Las Vegas Boulevard South

Las Vegas, NV 89101

**RE: *Marni v. Virginia Department of Social Services, et al.***

**Adversary Proceeding Case No.: 26-01060-mkn**

**Main Case No.: 20-13238-mkn**

**SUBJ: Filing of Plaintiff's Ex Parte Motion to Join Additional Defendant and File First Amended Adversary Complaint**

Dear Court Clerk,

Enclosed please find the original documents for filing in the above-referenced adversary proceeding. As discussed on June 5, 2026, in a phone conversation with court staff member Ms. Michelle, these documents are being submitted via next-day expedited mail to be formally received and docketed.

Included in this filing package are the following documents:

1. **Plaintiff's Ex Parte Motion to Join Additional Defendant and File First Amended Adversary Complaint** (with signed and dated Certification of Service at the end);

2. **Exhibit 1 (Proposed First Amended Adversary Complaint),** which contains its own corresponding internal Exhibits (Exhibits A through AZ) attached directly behind it;

3. **Proposed Order** granting Plaintiff's Ex Parte Motion.

4.  **Please send me a copy of the Summons for the new defendant, Kristi McDonald, once the motion to leave is granted.  Attached hereto a Self-addressed and stamped envelope.**

Please formally file-stamp and enter these items onto the active adversary docket.

If your office requires any further administrative information or clarification regarding this submission, please do not hesitate to contact me immediately via phone or email at the contact details listed above. Thank you very much for your time, courtesy, and assistance with this processing.

Respectfully submitted,

Raj Marni

*Plaintiff Pro Se*