Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010
*Pro Se*, Debtor

RECEIVED
AND FILED

JUL 17 2026 DLS

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy No: 20-13238-mkn |
| RAJ MARNI | Chapter: 7 |
| Debtor. | |
| RAJ MARNI | Adversary Proceeding: 26-01060-mkn |
| Plaintiff | |
| v. | |
| ANNE PRENTICE, ESQ., Individually and in her Official Capacity as Assistant Attorney General, Virginia Attorney General's Office | Scheduling Conference: |
| | Hearing Date: September 10, 2026 |
| SUE ANN BULLARD, Individually and in her Official Capacity as Support Enforcement Specialist, Division of Child Support Enforcement, Virginia Department Of Social Services | Hearing Time: 10 a.m. PT |
| VIRGINIA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE), Department of Social Services, Commonwealth of Virginia | PLAINTIFF'S OBJECTION TO PROPOSED ORDER AND EMERGENCY MOTION TO VACATE BENCH RULING |
| KSENIJA TRDIC, Individually | |
| Defendants. | |

1 of 11

**PLAINTIFF'S OBJECTION TO PROPOSED ORDER AND EMERGENCY MOTION TO VACATE BENCH RULING**

## I. INTRODUCTION

Plaintiff Raj Marni, appearing *pro se,* respectfully submits this Objection to the Proposed Order submitted by counsel for the Virginia Defendants and this Emergency Motion to Vacate the Court's July 1, 2026, bench ruling. The Court should decline to sign the proposed order—or, alternatively, vacate its bench ruling—for two independent reasons:

**First,** the Motion to Dismiss is ***moot***. On June 9, 2026—twenty-two days before the July 1 hearing—this Court entered an Ex Parte Order granting Plaintiff leave to file his First Amended Adversary Complaint. Once leave to amend was granted, the original complaint was superseded, rendering the Motion to Dismiss directed at the original complaint legally moot. **A court cannot dismiss with prejudice a complaint that no longer exists.**

**Second,** even if the Motion to Dismiss were not moot, the Court should grant **Plaintiff's own pending Motion for Voluntary Dismissal WITHOUT PREJUDICE** rather than Defendants' Motion to Dismiss WITH PREJUDICE. On June 18, 2026, following this Court's abstention ruling in the companion case (26-01002-mkn), Plaintiff filed a Motion for Voluntary Dismissal seeking dismissal without prejudice (Exhibit D) so he could pursue his claims in Virginia. That motion remains pending. Granting dismissal with prejudice—when Plaintiff himself sought dismissal without prejudice—would permanently bar Plaintiff from pursuing the very claims this Court directed him to pursue elsewhere.

///

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

## II. STATEMENT OF FACTS

1. On May 27, 2026, the Virginia Defendants filed their Motion to Dismiss Complaint (ECF No. 15), targeting the original Adversary Complaint.

2. On June 4, 2026, Plaintiff's Ex Parte Motion for Leave to Join Additional Defendant and File First Amended Adversary Complaint was physically delivered to this Court via USPS Priority Mail. The complete proposed First Amended Adversary Complaint (FAAC) was attached as an exhibit to the motion. (ECF No. 18) and was served upon the defendants (ECF No. 19).

3. On June 8, 2026, at 9:40 AM, Plaintiff emailed the Court's help desk requesting that the motion be docketed. At 10:28 AM the same day, the Clerk's Office responded in writing: *"Your documents have been received and docketed."* (Exhibit B.) The motion along with the FAAC was docketed as ECF No. 18.

4. On June 9, 2026, at 1:46 PM PDT, this Court entered an Ex Parte Order granting Plaintiff's motion for leave to amend. The CM/ECF system confirms: Order Type: Ex Parte; Related Document Number: 18; Related Document Description: Motion to File Amended Complaint; Order ID: 567959. (Exhibit A.)

5. The CM/ECF Notice of Electronic Filing confirms that counsel for the Virginia Defendants, Maurice B. VerStandig, Esq., was electronically served with notice of the June 9, 2026, Order via the Court's electronic filing system. (Exhibit A.)

6. On June 12, 2026, this Court entered an Order Following Show Cause Hearing in the companion adversary proceeding, *Marni v. Georgelas*, et al., Adv. Proc. No. 26-01002-mkn (Exhibit D). In that Order, this Court determined it would permissively abstain from adjudicating whether Plaintiff's underlying domestic

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

relations obligations were encompassed by the Chapter 7 discharge. The Court dismissed those claims without prejudice to renewal before the Loudoun County Circuit Court.

7. On June 18, 2026, in direct response to this Court's June 12 Order and in the interest of judicial economy, Plaintiff filed his Motion for Voluntary Dismissal of Adversary Proceeding Without Prejudice (ECF No. 20) in the instant case pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(2). Plaintiff sought dismissal without prejudice so that he could pursue his claims in an appropriate Virginia forum, consistent with this Court's abstention ruling in the companion adversary proceedings (26-01002-mkn).

8. Despite having actual notice that (a) leave to amend had been granted on June 9, and (b) Plaintiff had filed his own voluntary dismissal motion on June 18, opposing counsel proceeded with the July 1, 2026, hearing on his Motion to Dismiss without informing the Court that the motion was moot or that Plaintiff's voluntary dismissal motion was pending.

9. At the July 1, 2026, hearing, the Court inquired whether Plaintiff had filed a response to the Motion to Dismiss. Plaintiff, appearing *pro se* and caught off guard, stated he had not—because Plaintiff reasonably believed that no response was required to a motion that had been rendered moot by the Court's June 9, 2026, Order granting leave to amend, and because Plaintiff had already filed his own motion seeking voluntary dismissal. (Exhibit A.)

10. The Court, apparently unaware of its own June 9, 2026, Order granting leave to amend (Exhibit A), its June 12, 2026 (Exhibit D), abstention ruling in the companion case, or Plaintiff's June 18, 2026, Motion for Voluntary Dismissal (ECF No. 20), ruled from the bench to dismiss the complaint with prejudice.

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

11. On July 11, 2026, opposing counsel circulated a proposed order memorializing the bench ruling. The proposed order has not yet been signed. (Exhibit C.)

## III. LEGAL ARGUMENT

### A. The Motion to Dismiss Is Moot Because the Original Complaint Was Superseded

It is black-letter law that "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Once an amended pleading is filed—or, as here, once leave to file an amended pleading is granted—a motion to dismiss directed at the original pleading becomes moot. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("The filing of an amended complaint generally moots a motion to dismiss the prior complaint.").

Here, this Court granted Plaintiff leave to file the First Amended Adversary Complaint on June 9, 2026—twenty-two days before the July 1, 2026, hearing on the Motion to Dismiss. From that moment forward, the original complaint ceased to exist as a matter of law. The Virginia Defendants' Motion to Dismiss (ECF No. 15), which targeted only the original complaint, became moot.

**A court cannot dismiss with prejudice a complaint that no longer exists.**

### B. Plaintiff's Failure to File a Response Was Reasonable Under the Circumstances

Plaintiff, a pro se litigant, did not file a formal response to the Motion to Dismiss because he reasonably believed—correctly—that the motion was moot.

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

Once this Court granted leave to file the First Amended Adversary Complaint on June 9, 2026, there was nothing to respond to. The original complaint had been superseded. The Motion to Dismiss no longer had a live target.

Additionally, Plaintiff had already filed his own Motion for Voluntary Dismissal on June 18, 2026 (ECF No. 20). Plaintiff reasonably believed that his motion—seeking dismissal without prejudice—would be addressed before or instead of Defendants' motion.

*Pro se* litigants are entitled to liberal construction of their filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court should not penalize Plaintiff for failing to file a response to a motion that was legally moot.

## C. Alternatively, the Court Should Grant Plaintiff's Motion for Voluntary Dismissal Without Prejudice

Federal Rule of Civil Procedure 41(a)(2), made applicable via Federal Rule of Bankruptcy Procedure 7041, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Courts routinely grant voluntary dismissals without prejudice where, as here, no answer or motion for summary judgment has been adjudicated and no substantial discovery has commenced. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

Plaintiff filed his Motion for Voluntary Dismissal on June 13, 2026—eighteen days before the July 1 hearing. That motion remains pending and should be granted.

///

///

**D. The Distinction Between WITH and WITHOUT Prejudice Is Critical**

Dismissal WITHOUT PREJUDICE allows Plaintiff to pursue his claims in Virginia state court or the Eastern District of Virginia, consistent with this Court's June 12, 2026, abstention ruling in the companion case. (Exhibit D.)

Dismissal WITH PREJUDICE permanently bars Plaintiff from ever pursuing these claims in any forum. This is an extraordinarily harsh result that is unwarranted where:

(a) The Motion to Dismiss is moot because the original complaint was superseded;

(b) Plaintiff himself sought voluntary dismissal without prejudice;

(c) This Court already abstained from similar claims in the companion case and directed Plaintiff to pursue relief in Virginia;

(d) No merits adjudication has occurred; and

(e) No prejudice to Defendants would result from dismissal without prejudice.

**E. Opposing Counsel's Failure to Inform the Court Warrants Scrutiny**

Counsel for the Virginia Defendants, Maurice B. VerStandig, Esq., was electronically served with notice of the June 9, 2026, Order granting leave to amend via CM/ECF. He had actual knowledge that this Court had granted Plaintiff leave to file an amended complaint. He also had knowledge of Plaintiff's June 13, 2026, Motion for Voluntary Dismissal. Yet at the July 1, 2026, hearing, counsel proceeded to argue the Motion to Dismiss without disclosing to the Court that:

(1) The motion was moot because leave to amend had been granted; or

(2) Plaintiff had filed his own motion seeking voluntary dismissal without prejudice.

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

While Plaintiff does not accuse counsel of misconduct, the failure to bring these matters to the Court's attention resulted in a ruling based on incomplete information.

## F. Dismissal With Prejudice Is Inconsistent With This Court's Own Abstention Ruling

On June 12, 2026, this Court permissively abstained from adjudicating Plaintiff's discharge claims and directed him to pursue relief in Virginia state court. Plaintiff complied by filing a voluntary dismissal motion the very next day. It would be internally inconsistent—and fundamentally unjust—for this Court to now enter a dismissal WITH PREJUDICE that permanently bars Plaintiff from pursuing the very claims this Court directed him to pursue elsewhere.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DECLINE TO SIGN the proposed Order Granting Motion to Dismiss Complaint With Prejudice;

2. VACATE its July 1, 2026, bench ruling dismissing the complaint with prejudice;

3. DECLARE the Motion to Dismiss (ECF No. 15) MOOT because the original complaint was superseded by the First Amended Adversary Complaint authorized by this Court's June 9, 2026, Order;

4. In the alternative, GRANT Plaintiff's pending Motion for Voluntary Dismissal Without Prejudice (filed June 13, 2026);

5. DISMISS this adversary proceeding WITHOUT PREJUDICE as to all Defendants, preserving Plaintiff's right to pursue his claims in an appropriate Virginia forum consistent with this Court's June 12, 2026, abstention ruling; and

6. VACATE all scheduled hearings and filing deadlines in this proceeding.

## V. CONCLUSION

This Court granted Plaintiff leave to file his First Amended Adversary Complaint on June 9, 2026. From that date forward, the original complaint ceased to exist, and the Motion to Dismiss became moot. Additionally, Plaintiff filed his own Motion for Voluntary Dismissal Without Prejudice on June 13, 2026, in compliance with this Court's abstention guidance.

The July 1, 2026, bench ruling—dismissing the case with prejudice—was made without awareness of these critical procedural developments. Justice requires that the Court decline to sign the proposed order, vacate its bench ruling, and either declare the Motion to Dismiss moot or grant Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

Dated: July 12, 2026

Respectfully submitted,

RAJ MARNI, Plaintiff, *Pro Se*

/ / /

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

## II. CERTIFICATE OF SERVICE

I, Raj Marni, certify under penalty of perjury under the laws of the United States of America that I am over the age of eighteen (18) years and am a party to the above-captioned adversary proceeding. My mailing address is 17595 Harvard Avenue, Suite C 4009, Irvine, CA 92614.

I hereby certify a true and correct copy of the foregoing PLAINTIFF'S OBJECTION TO PROPOSED ORDER AND EMERGENCY MOTION TO VACATE BENCH RULING was served upon the following parties via the methods indicated below:

**1. Service via the Court's Electronic Filing System (CM/ECF):** Pursuant to the applicable Local Bankruptcy Rules and the Court's CM/ECF procedures, the registered Special Counsel of Record for the Virginia State Defendants will be served electronically through the Notice of Electronic Filing ("NEF") automatically generated by the Court's CM/ECF system immediately upon electronic docketing of this motion by the Clerk of Court.

**2. Service via First-Class United States Mail:** A true and correct physical copy of this motion bundle was be placed in a sealed envelope with first-class postage fully prepaid and deposited in the United States Mail, addressed to the following *pro se* party:

- Ksenija Trdic (*Pro Se* Defendant)

    20725 Wood Quay Drive, Unit 469, Sterling, VA 20166.

17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: 725-200-2010

10 of 11

**3. VIA ELECTRONIC MAIL** (Transmitted on July 12, 2026): I transmitted a true and correct PDF copy of the aforementioned document to the following email addresses:

- **mac@mbvesq.com** ( Counsel for Defendants Prentice, Bullard, DCSE)

- **kaseykcm@gmail.com** (Ksenija Trdic, *Pro Se* litigant.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 12, 2026.

RAJ MARNI, *Pro Se* Debtor
17595 Harvard Avenue, C 4009, Irvine, CA 92614.
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

11 of 11

# Exhibit A

6/9/26, 1:44 PM

**File a Motion:**

26-01060-mkn MARNI v. PRENTICE, ESQ., INDIVIDUALLY et al
Type: ap                    Office: 2 (Las Vegas)         Judge: mkn
Lead Case: 2-20-bk-13238    Case Flag: JRYTRL

**U.S. Bankruptcy Court**

**District of Nevada**

Notice of Electronic Filing

The following transaction was received from arc entered on 6/9/2026 at 1:43 PM PDT and filed on 6/8/2026
**Case Name:**        MARNI v. PRENTICE, ESQ., INDIVIDUALLY et al
**Case Number:**      26-01060-mkn
**Document Number:** 18

**Docket Text:**
Plaintiff's Ex-Parte Motion For Leave To Join Additional Defendant And File First Amended Adversary Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(B) with Certificate of Service Filed by RAJ MARNI (Related document(s)[1] Complaint filed by Plaintiff RAJ MARNI.) (Attachments: # (1) Exhibit A-M # (2) Exhibit N-Z) (arc)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**marni mtn for leave.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=6/9/2026] [FileNumber=37640259-0]
[874abf49201d1def258cc372d66e9bc1ef221c03fd6347039c3b7cbb645fbf4948cf
710065d22f2dfde5203befa73cf95341f6b28fba549da4a611946731467e]].
**Document description:**Exhibit A-M
**Original filename:**C:\fakepath\marni exh a-m.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=6/9/2026] [FileNumber=37640259-1]
[2dce5806b6d90ef1a6d2a98c629119b3efbe3b971a9d66cd681e92aabcdf6add6a0a
98bfada66478ddac5ba5afde8efcb429859a636141a00a3dbaee337fed2b]]
**Document description:**Exhibit N-Z
**Original filename:**C:\fakepath\marni exh n-x.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=6/9/2026] [FileNumber=37640259-2]
[2ba9fe8ac834d238eab443bba5eef12eeff04134003ac2aeb4435deeec8d8524d2a6
02eaa629449a207cf5ab2d47a03487c318ceed5114e71879c89361a3584c]]

**26-01060-mkn Notice will be electronically mailed to:**

MAURICE VERSTANDIG on behalf of Defendant VIRGINIA DIVISION OF CHILD SUPPPORT ENFORCEMENT (DCSE)
mac@mbvesq.com,
lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

MAURICE VERSTANDIG on behalf of Defendant ANNE PRENTICE, ESQ., INDIVIDUALLY
mac@mbvesq.com,
lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

1/2

MAURICE VERSTANDIG, on behalf of Defendant SUE ANN BULLARD, INDIVDUALLY
mac@mbvesq.com,
lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

**26-01060-mkn Notice will not be electronically mailed to:**

RAJ MARNI
17595 HARVARD AVENUE C 4009
IRVINE, CA 92612

KSENIJA TRDIC
20725 WOOD QUAY DRIVE
UNIT 469
STERLING, VA 20166

Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Phone: +1-725-200-2010
*Pro Se*, Debtor

RECEIVED
AND FILED
JUN 08 2026   DLS

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy No: 20-13238-mkn |
| RAJ MARNI | Chapter: 7 |
| Debtor. | Adversary Proceeding: 26-01060-mkn |
| RAJ MARNI | |
| Plaintiff | |
| v. | |
| ANNE PRENTICE, ESQ., Individually and in her Official Capacity as Assistant Attorney General, Virginia Attorney General's Office | Scheduling Conference: |
| | Hearing Date: September 10, 2026 |
| SUE ANN BULLARD, Individually and in her Official Capacity as Support Enforcement Specialist, Division of Child Support Enforcement, Virginia Department Of Social Services | Hearing Time: 10 a.m. PT |
| VIRGINIA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE), Department of Social Services, Commonwealth of Virginia | PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO JOIN ADDITIONAL DEFENDANT AND FILE FIRST AMENDED ADVERSARY COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(1)(B) |
| KSENIJA TRDIC, Individually | |
| Defendants. | |

1 of 8

**Single Order Upload**

<u>26-01060-mkn MARNI v. PRENTICE, ESQ., INDIVIDUALLY et al</u>

**The new document marni order.pdf was uploaded successfully on 6/9/2026 at 1:46 PM**

**Order type:** Ex Parte
<u>26-01060-mkn MARNI v. PRENTICE, ESQ., INDIVIDUALLY et al</u>

**Related document number:** 18
**Related document description:** Motion to File Amended Complaint
**Order ID:** <u>567959</u>

<u>Upload Another Order</u>

# Exhibit B

 Gmail                                    Raj Marni <rajmarni@gmail.com>

## Adversary Proceeding 26-01002-mkn

2 messages

**Raj Marni** <rajmarni@gmail.com>                Mon, Jun 8, 2026 at 9:40 AM
To: helpdesk@nvb.uscourts.gov

Hello Sir/Ma'am:

I have send via USPS priority mail a motion for leave to amend the complaint related to AP 26-01002-mkn.

This was delivery on Friday, June 4th, 2026 and was not docketsed yet.

Please docket the same today as I will be corresponding with opposing counsel.

The packages contains all instructions. If you have any questions, please email here or all me at 725-200-2010

Thank you.

Best Regards,

Raj Marni

**NVB Help Desk** <HelpDesk@nvb.uscourts.gov>        Mon, Jun 8, 2026 at
                                                        10:28 AM
To: Raj Marni <rajmarni@gmail.com>

Good morning,

Your documents have been received and docketed.

Thank you,



**Help Desk**
**U.S. Bankruptcy Court**
**District of Nevada**
702-527-7000
Web: https://www.nvb.uscourts.gov/

**From:** Raj Marni <rajmarni@gmail.com>
**Sent:** Monday, June 8, 2026 9:40 AM
**To:** NVB Help Desk <HelpDesk@nvb.uscourts.gov>
**Subject:** Adversary Proceeding 26-01002-mkn

**CAUTION - EXTERNAL:**

[Quoted text hidden]

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | Case No. 20-13238-mkn |
| ) | |
| RAJ MARNI, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

| | |
|---|---|
| RAJ MARNI, ) | Adv. No. 26-01060-mkn |
| ) | |
| Plaintiff, ) | Hearing Date: July 1, 2026 |
| ) | Hearing Time: 9:30 am |
| v. ) | |
| ) | |
| ANNE PRENTICE, ESQ., ) | Scheduling Conference |
| INDIVIDUALLY AND IN HER ) | Date: September 10, 2026 |
| OFFICIAL CAPACITY AS ASSISTANT ) | Time: 10:00 am |
| ATTORNEY GENERAL, VIRGINIA ) | |
| ATTORNEY GENERAL'S OFFICE; ) | |
| SUE ANN BULLARD, INDIVIDUALLY ) | |
| AND IN HER OFFICIAL CAPACITY ) | |
| AS SUPPORT ENFORCEMENT ) | |
| SPECIALIST, DIVISION OF CHILD ) | |
| SUPPORT ENFORCEMENT, VIRGINIA ) | |
| DEPARTMENT OF SOCIAL SERVICE; ) | |
| VIRGINIA DIVISION OF CHILD ) | |
| SUPPORT ENFORCEMENT (DCSE), ) | |
| DEPARTMENT OF SOCIAL SERVICES, ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| and KSENIJA TRDIC, INDIVIDUALLY ) | |
| ) | |
| Defendants. ) | |

1

# ORDER GRANTING MOTION
## TO DISMISS COMPLAINT WITH PREJUDICE

Upon consideration of the motion to dismiss complaint with prejudice (the "Motion"), ECF No. 15, filed by the Virginia Department of Social Services, Division of Child Support Enforcement; Anne Prentice; and Sue Ann Bullard (collectively, the "Virginia Defendants"), the lack of docketed opposition thereto, governing law, and the record herein, it is, by the United States Bankruptcy Court for the District of Nevada, hereby:

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that the above-captioned action be, and hereby is, DISMISSED WITH PREJUDICE as to the Virginia Defendants.

**IT IS SO ORDERED.**

Respectfully Submitted on this ___ day of July, 2026:

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Special Counsel for the Virginia Department of Social Services, Division of Child Support Enforcement, Anne Prentice and Sue Ann Bullard*

/

/

/

/

2

## LOCAL RULE 9021 CERTIFICATION

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

3

# Exhibit D

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
June 12, 2026

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

In re:

RAJ MARNI,

        Debtor.

RAJ MARNI,

        Plaintiff,

vs.

CHRISTIN L. GEORGELAS, ESQ.,
Individually and as a Member/Manager and
Registered Agent of SG Law PLC; RYAN
M. SCHMALZLE, ESQ., Individually and
as a Member of SG Law PLC; MEGAN L.
HOUCK, ESQ., Individually and an
Associate of SG Law PLC; SG LAW PLC
(Entity ID: 1144173), a Virginia limited
liability company; KSENIJA TRDIC,
Individually and as a Member and Manager
of Lifestyle Associates, LLC; and
LIFESTYLE ASSOCIATES, LLC, Entity
ID: S1674904, a Virginia limited liability
company,

        Defendants.

Case No. 20-13238-mkn

Chapter 7

Adv. Proc. No. 26-01002-mkn

Date: May 27, 2026
Time: 9:30 a.m.

**ORDER FOLLOWING SHOW CAUSE HEARING[1]**

On May 6, 2026, the court entered an Order to Show Cause ("OSC") in the above-referenced adversary proceeding ("Adversary Proceeding"), setting a hearing for May 27, 2026, at 9:30 a.m. (AECF No. 44). Plaintiff Raj Marni ("Debtor") was directed to appear and show cause why the Adversary Proceeding should not be dismissed for lack of subject matter jurisdiction and why the court should not abstain from otherwise deciding the claims alleged in the Debtor's complaint. The OSC is incorporated by reference in the instant Order.[2]

On May 18, 2026, the Debtor filed a response ("Response") to the OSC. (AECF No. 47).

On May 27, 2026, the court presided over the show cause hearing. On this same date, Debtor also filed a Motion to File Amended Complaint (AECF No. 48) which was not noticed for hearing.

**DISCUSSION**

The court has considered the written and oral arguments presented as well as the record. Debtor represents that he intends to amend the Adversary Complaint to eliminate all causes of action except for his Discharge Claims. (Response at 11:1-23). Regardless of those apparent intentions, for the reasons explained in the OSC and discussed below, the court will abstain from deciding the Discharge Claims asserted in the Adversary Proceeding and will dismiss the remaining claims for lack of subject matter jurisdiction.

Debtor argues that the court must hear the Discharge Claims applying the standards for civil contempt set forth in Taggart v. Lorenzen, 587 U.S. 554 (2019). (Response at 10:9-25). The court agrees that Taggart controls the determination of civil contempt when a party violates the discharge injunction. Requesting sanctions for a discharge injunction violation, however, assumes that the subject debt was in fact discharged. Debtor functionally skips the first step of

---

[1] In this Order, all references to "AECF No." are to the documents filed in the above-captioned Adversary Proceeding. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] In the OSC, the court discussed the Debtor's claims alleging that his prior Chapter 7 discharge had been violated and that sanctions were appropriate ("Discharge Claims"). See OSC at 5:25 to 6:6. The court also discussed the Debtor's additional claims against various parties that are not within the bankruptcy court's subject matter jurisdiction. Id. at 6:3 to 7:14.

2

the analysis.

Debtor argues that because his former wife, Ksenija Trdic ("Trdic"), called the marital property settlement debts discharged, those debts were discharged. (Response at 8:6-9:12). With all due respect to Trdic, she has no authority to make that determination. Only a court can determine the discharge in bankruptcy of obligations arising from a divorce decree.[3] In other words, Trdic's purported concession that the obligations imposed by the Loudoun Circuit Court were discharged is not controlling.

It is well established that a bankruptcy court's jurisdiction to determine the dischargeability of a debt encompassed by Section 523(a)(5) and Section 523(a)(15) is concurrent with state courts. See Speir v. Bocalan (In re Bocalan), No. EC-25-1117-BGP, 2026 WL 906761, at *4 (B.A.P. 9th Cir. Apr. 2, 2026); Superpumper, Inc. v. Leonard, 495 P.3d 101, 105 (Nev. 2021). See, e.g., Ackerman v. Ackerman (In re Ackerman), No. AZ-07-1063-PAAK, 2007 WL 7540954, at *4 (B.A.P. 9th Cir. Aug. 6, 2007) ("Moreover, the Ninth Circuit has recognized that the bankruptcy court presiding over a debtor's case does not exercise exclusive jurisdiction over determinations of whether debts are excepted from discharge under § 523(a)(5)...For example, a state domestic relations court may make a dischargeability

_____

[3] Sections 523(a)(5) and 523(a)(15) govern the dischargeability of debts arising from a marital relationship. Under Section 523(a)(5), a debt is nondischargeable if it is "for a domestic support obligation." Under Section 101(14A), a "'domestic support obligation' means a debt that accrues before, on, or after' [an individual bankruptcy is commenced] 'including interest that accrues on that debt'...that is (A) owed to or recoverable by (i) a spouse, former spouse, or child of the debtor...; (B) is in the nature of alimony, maintenance, or support...of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; (C) established...by reason of applicable provisions of – (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record...; and (D) not assigned to a governmental entity, unless the obligation is assigned voluntarily...for the purpose of collecting the debt.'" 11 U.S.C. § 101(14A)(A)-(D). To determine whether the debt is "in the nature of alimony, maintenance or support," for purposes of Section 101(14A), the court applies a federal standard that looks to the intent of the parties and the substance of the obligation at the time the award was made. See Shaver v. Shaver (In re Shaver), 736 F.2d 1314, 1316 (9th Cir. 1984). Under Section 523(a)(15) a debt that is "not of the kind described in [Section 523(a)(5)]," e.g., that is not a domestic support obligation, also is nondischargeable if it arises out of a separation agreement, divorce decree or other orders of a court of record. See 11 U.S.C. § 523(a)(15). In this instance, the marital obligations at issue arise out of a divorce decree entered by the Loudoun Circuit Court

3

determination under § 523(a)(5) after entry of a bankruptcy discharge….Only exceptions to discharge based on §§ 523(a)(2)(debts for fraud), (a)(4) (embezzlement or fraud by a fiduciary), [or] (a)(6) debts for willful and malicious injuries)…must be decided by the bankruptcy court within the time constraints imposed by Rule 4007(c).").  It is clear that the Loudoun Circuit Court in Virginia has concurrent jurisdiction to determine whether the marital obligations imposed by that court were discharged by the Debtor under Chapter 7.

The court will permissively abstain from determining whether the underlying obligations imposed by the Loudoun Circuit Court were discharged.  As previously mentioned, the Loudoun Circuit Court has concurrent jurisdiction to make that determination.  For permissive abstention, bankruptcy courts consider:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc. (In re GACN, Inc.), 555 B.R. 684, 694 (B.A.P. 9th Cir. 2016), appeal dismissed, 2017 WL 4513499 (9th Cir. May 10, 2017), citing Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.), 912 F.2d 1162, 1167 (9th Cir. 1990).  Application of these considerations counsel in favor of abstention.

First, the Discharge Claims have no effect on the efficient administration of the estate because the Chapter 7 trustee has completed his administration.  There is no reason to adjudicate claims that will not impact the estate.  This factor weighs heavily in favor of abstention.

Second, state law provided the basis for which the underlying obligations were imposed and were determined by the court in Virginia.  Those determinations under Virginia law are the predicate for application of dischargeability determinations under Section 523(a)(15) and also

under Section 523(a)(5). This factor weighs heavily in favor of abstention rather than retention of the dispute.

Third, the law is fairly straightforward. The federal law is especially settled since Section 523(a)(15) immediately resolves the nondischargeability issue. See discussion at note 3, supra. This factor weighs slightly in favor of abstention.

Fourth, there is no dispute that a related proceeding is pending in the Loudoun Circuit Court in Virginia involving the same parties. Indeed, the Debtor expressly alleges that the named defendants are currently pursuing him through collection activity in the Loudoun Circuit Court, including a request for civil contempt sanctions for violation of the state court's payment orders. The existence of that case strongly favors abstention, especially since the Loudoun Circuit Court has concurrent jurisdiction to resolve the dischargeability issues.

Fifth, the bankruptcy court has no jurisdictional basis over the Discharge Claims other than pursuant to 28 U.S.C. § 1334, while the Loudoun Circuit Court has jurisdiction over the marital dissolution proceeding as well as concurrent jurisdiction to determine the dischargeability of the obligations it imposed. This factor strongly favors abstention.

Sixth, the Discharge Claims relate to the main bankruptcy case but involve a fully administered estate. This factor weighs slightly in favor of retention.

Seventh, the Discharge Claims involve issues under the Bankruptcy Code but the substance of the claims are matters within the concurrent jurisdiction of the Loudoun Circuit Court. This factor is neutral.

Eighth, the Debtor allegedly plans to amend the Adversary complaint to eliminate all claims except the Discharge Claims, but the bankruptcy court would retain jurisdiction to enforce the discharge injunction under Section 105(a) in the event the Loudoun Circuit Court determines that the obligations were discharged. This factor favors allowing the Discharge Claims to be "severed" as a result of abstention and dismissal of the other claims.

Ninth, adjudicating claims that are not necessary for the bankruptcy court to decide will further burden the court's docket while having no beneficial impact on the administration of the estate. The Loudoun Circuit Court, however, also will be burdened but is in the best position to

address the matters within its jurisdiction, including the Discharge Claims. Under these circumstances, this factor favors abstention.

Tenth, the commencement of this Adversary Proceeding in the bankruptcy court appears to be forum shopping. Debtor alleges throughout his complaint that the defendants, including Trdic, have sought to enforce the payment obligations imposed by the Loudoun Circuit Court in violation of his Chapter 7 discharge. In other words, in response to Trdic's efforts to hold him in civil contempt for an alleged violation of the payment obligations previously imposed by the Virginia court, the Debtor commenced the instant Adversary Proceeding seeking, *inter alia*, to find Trdic in civil contempt for an alleged violation of the discharge injunction. The Loudoun Circuit Court clearly has jurisdiction to determine whether the Debtor has complied with its payment orders and also has concurrent jurisdiction to determine whether the same payment obligations were discharged in bankruptcy.[4] Moreover, the Loudoun Circuit Court clearly has familiarity with the parties, the evidence presented, and the factual record far beyond that of the bankruptcy court. Debtor's choice to pursue the Discharge Claims in the bankruptcy court suggests an attempt to avoid the determination of the Loudoun Circuit Court while having no benefit to the administration of the bankruptcy estate. This factor strongly weighs in favor of abstention.

Eleventh, there is no request for a jury trial, so this factor is not implicated or is neutral.

Twelfth, this proceeding involves a Chapter 7 debtor that already received a discharge and the court has little reason to hear a matter with which another court has greater and specific familiarity. This factor thereby weighs heavily in favor of abstention.

Based on the foregoing, the court concludes that abstention is appropriate under 28 U.S.C. § 1334(c)(1).

Finally, while the Debtor has expressed his intention to withdraw his alleged claims for

---

[4] Moreover, while the automatic stay ordinarily applies during a Chapter 7 proceeding and expires after a discharge is entered, see 11 U.S.C.§ 362(c)(2)(C), the police power exception under Section 362(b)(4) might otherwise permit a non-bankruptcy court to impose civil contempt sanctions against the debtor. See, e. g., Dingley v. Yellow Logistics, LLC (In re Dingley), 852 F.3d 1143, 1146-47 (9th Cir. 2017) (applying a pecuniary purpose test or public policy test to whether police power exception applies).

which the court lacks subject matter jurisdiction, i.e., matters other than the Discharge Claims, his response to the OSC offers no basis on which those matters ever should have been asserted in the bankruptcy court. See OSC at 4:11 to 7:17. Accordingly, the court will dismiss those claims at this time.

**IT IS THEREFORE ORDERED** that with respect to the claims alleged in the Adversary Complaint for Willful Violation of Discharge Injunction, Civil Contempt, and Damages, Adversary Docket No. 1, the court hereby **ABSTAINS** from adjudicating whether the Debtor's obligations imposed by the Circuit Court of Loudoun County, State of Virginia, in the proceeding styled as Ksenija Trdic (fka Kenija Marni) v. Raj Marni, Case No CL00107389, were encompassed by the Chapter 7 discharge entered in Case No. 20-13238-mkn, on December 29, 2020, Case Docket No. 44. Those claims are **DISMISSED WITHOUT PREJUDICE** to renewal before the Circuit Court of Loudoun County, State of Virginia, if so permitted.

**IT IS FURTHER ORDERED** that all other claims alleged in the Adversary Complaint for Willful Violation of Discharge Injunction, Civil Contempt, and Damages, Adversary Docket No. 1, be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that counsel for the Defendants shall file a copy of this Order with the Circuit Court of Loudoun County in Case No CL00107389.

**IT IS FURTHER ORDERED** that the above-captioned Adversary Proceeding shall be **CLOSED** unless further ordered by the court and all scheduled hearings in this proceeding are **VACATED** from the calendar.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
RAJ MARNI
10863 VISTA MARBELLA AVE.
LAS VEGAS, NV 89144

RAJ MARNI
17595 HARVARD AVENUE, #C4009
IRVINE, CA 92614

7

KSENIJA TRDIC
20725 WOOD QUAY DRIVE, UNIT 469
STERLING, VA 20166

DAVID OCHOA on behalf of SG LAW PLC
GARIN LAW GROUP
9900 COVINGTON CROSS DRIVE, SUITE 210
LAS VEGAS, NV 89144

# # #

8