UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| In re:<br><br>RAJ MARNI,<br><br>Debtor. | Case No. 20-13238-mkn<br><br>Chapter 7 |
| RAJ MARNI,<br><br>Plaintiff,<br><br>vs.<br><br>ANNE PRENTICE, ESQ., INDIVIDUALLY, AND IN HER CAPACITY AS ASSISTANT ATTORNEY GENERAL, VIRGINIA ATTORNEY GENERAL'S OFFICE; SUE ANN BULLARD, INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AS SUPPORT ENFORCEMENT SPECIALIST, DIVISION OF CHILD SUPPORT ENFORCEMENT, VIRGINIA DEPARTMENT OF SOCIAL SERVICE; VIRGINIA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE), DEPARTMENT OF SOCIAL SERVICES, COMMONWEALTH OF VIRGINIA, and KSENIJA TRDIC, INDIVIDUALLY,<br><br>Defendants. | Adv. Proc. No. 26-01060-mkn<br><br>Date: August 19, 2026<br>Time: 9:30 a.m. |

**ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING WITHOUT PREJUDICE**[1]

On April 27, 2026, plaintiff Raj Marni ("Plaintiff") filed a complaint i*n pro se* commencing the above-captioned adversary proceeding. (AECF No. 1). The complaint names as defendants Anne Prentice, Esq., Individually and in Her Official Capacity as Assistant Attorney General, Virginia Attorney General's Office; Sue Ann Bullard, Individually and in Her Official Capacity as Support Enforcement Specialist, Division of Child Support Enforcement, Virginia Department of Social Service; Virginia Division of Child Support Enforcement (DCSE), Department of Social Services, Commonwealth of Virginia (collectively "Virginia Defendants"), and Ksenija Trdic, individually ("Trdic").[2]

On May 27, 2026, the Virginia Defendants filed a Motion to Dismiss Complaint with Prejudice ("Virginia Dismissal Motion"). (AECF No. 15). On the same date, a notice of hearing ("NOH") was filed indicating that the Virginia Dismissal Motion would be heard on July 1, 2026, and that opposition to the relief requested must be filed no later than June 17, 2026. (AECF No. 16). A certificate of service was attached to the NOH evidencing that the Virginia Dismissal Motion and NOH were served on the Plaintiff.

On June 8, 2026, Plaintiff filed *in pro se* an "Ex Parte Motion for Leave to Join Additional Defendant and File First Amended Adversary Complaint" (AEC No. 18) ["Plaintiff Motion for Leave"], but did not obtain a hearing date from the court clerk as required by Local Rule 9014(a)(6), nor was a notice of hearing served and filed as required by Local Rule 9014(b). The Plaintiff Motion for Leave was never presented to the court.

On June 17, 2026, the deadline to file an opposition to the Virginia Dismissal Motion expired.

---

[1] In this Order, all references to "AECF No." are to the documents filed in the above-captioned Adversary Proceeding. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "Local Rule" are to the Local Rules of Bankruptcy Practice for the District of Nevada.

[2] On May 18, 2026, a Motion to Dismiss was filed i*n pro se* by defendant Trdic. (AECF 9). On June 26, 2026, an order was entered granting the request without leave to amend. (AECF No. 22).

On June 18, 2026, Plaintiff *in pro se* filed a separate "Motion for Voluntary Dismissal of Adversary Proceeding Without Prejudice" (AECF No. 20) ["Plaintiff Voluntary Dismissal Motion"] accompanied by a "Notice of Opportunity to Object" (AECF No. 21). Local Rule 9014.1 prescribes a "Negative Notice Procedure" for a limited number of specific matters brought before the bankruptcy court as well as additional matters permitted in advance by the court. See Local Rule 9014.1(a)(1 through 14). The Plaintiff Voluntary Dismissal Motion is not included in the listed categories, nor did Plaintiff seek advance permission from the court. Plaintiff did not obtain a hearing date from the court clerk as required by Local Rule 9014(a)(6), nor did he serve and file a notice of hearing. As a result, the Plaintiff Voluntary Dismissal Motion was never properly brought before the court.

On July 1, 2026, the court heard the Virginia Dismissal Motion. Plaintiff appeared *in pro se* as well as defendant Trdic, along with counsel for the Virginia Defendants. The Virginia Dismissal Motion was granted inasmuch as Plaintiff did not file an opposition. Counsel for the Virginia Defendants was directed to prepare and submit an order reflecting the court's decision.[3]

On July 17, 2026, Plaintiff filed a document objecting to the form of order submitted by counsel for the Virginia Defendants ("Plaintiff Objection"). (AECF No. 23). That document also included an "Emergency Motion to Vacate Bench Ruling."[4] Plaintiff argued that the court's ruling should be vacated for two reasons: (1) that the Virginia Dismissal Motion was moot because the Plaintiff Motion for Leave allegedly had been granted, resulting in the filing of an amended complaint that superseded the original adversary complaint that was dismissed with prejudice; and (2) that dismissal with prejudice is inconsistent with the court's order of abstention ("Abstention Order") entered in Plaintiff's separate adversary proceeding styled as Marni v. Georgelas, et al., Adversary No. 26-01002-mkn. Neither argument has merit.

---

[3] Under Local Rule 9021(a), unless otherwise ordered, counsel for a prevailing party must submit a proposed form of order accurately reflecting the court's oral ruling. Approval of the form of order indicates only that the proposed order accurately reflects the court's ruling and does not constitute agreement with the ruling or waive any rights of appeal.

[4] Plaintiff did not obtain a hearing date for his Emergency Motion to Vacate Bench Ruling nor did he serve and file a notice of hearing.

Attached to the Plaintiff Objection as Exhibits "A" and "B" are acknowledgements from the bankruptcy court record indicating that Plaintiff had filed the Plaintiff Motion for Leave and that he had successfully uploaded a proposed order on the same motion. Merely uploading a proposed order, however, does not result in a proposed order being entered by the court. It was not. Plaintiff's proposed order was never signed by the court, was never entered by the court, and does not appear on the adversary proceeding docket. Thus, Plaintiff's request for leave to file a superseding complaint was never granted. Accordingly, the Virginia Dismissal Motion was not moot at the time it was granted by the court.

Additionally, the Virginia Dismissal Motion did not seek abstention but was based on separate legal grounds, including the Rooker-Feldman doctrine, Full Faith and Credit requirements, and the domestic relations exception to federal jurisdiction. See Virginia Dismissal Motion at 6:10 to 11:6; 11:8 to 13:12; and 13:14 to 15:20. Dismissal also was sought based on various pleading deficiencies as well as deficiencies in service. Id. at 15:22 to 18:18; 18:20 to 20:9. The Abstention Order entered in the Georgelas adversary proceeding was not predicated on Rooker-Feldman, Full Faith and Credit, nor the domestic relations exception. The Abstention Order therefore is readily distinguishable and its rationale does not apply to the instant adversary proceeding. Moreover, Plaintiff never responded to any of the grounds raised by the Virginia Dismissal Motion, nor did he otherwise file an opposition or respond to the arguments raised by the Virginia Defendants. The court concluded that the dismissal with prejudice requested by the Virginia Defendants was appropriate.

On July 20, 2026, Plaintiff filed another Plaintiff's Motion for Voluntary Dismissal of Adversary Proceeding Without Prejudice ("Plaintiff's Second Dismissal Motion"). (AECF No. 24). Plaintiff noticed the hearing on the Second Dismissal Motion for August 19, 2026. (AECF No. 25).

On July 24, 2026, an order was entered granting the Virginia Dismissal Motion with prejudice. (AECF No. 27).[5]

---

[5] Because the claims against defendant Trdic previously were dismissed, dismissal of the Virginia Defendants adjudicated all remaining aspects of the adversary proceeding. All claims having been adjudicated, the adversary proceeding was administratively closed on August 14,

On August 19, 2026, Plaintiff *in pro se* appeared telephonically during the court's regular hearing calendar, requesting a ruling on Plaintiff's Second Dismissal Motion. Although the adversary proceeding had been administratively closed, see note 5, supra, the matter was taken under submission.

**DISPOSITION**

For the limited purpose of resolving Plaintiff's Second Dismissal Motion, the above-captioned adversary proceeding will be reopened.

Unlike the Plaintiff Objection to the entry of the form of order submitted on the Virginia Dismissal Motion, Plaintiff does not assert that his Motion for Leave was ever granted. Instead, Plaintiff again argues that the Abstention Order entered in the Geogelas adversary proceeding militates in favor of a dismissal of the instant adversary proceeding without prejudice.

As discussed above, the Virginia Defendants seek dismissal with prejudice not based solely on deficiencies in the pleadings of the complaint pursued by Plaintiff in this adversary proceeding. Instead, these defendants rely on well-established principles under the Rooker-Feldman doctrine, Full Faith and Credit requirements, and the domestic relations exception to federal jurisdiction. In connection with the Virginia Dismissal Motion, Plaintiff offered no arguments or suggestions to overcome the authorities and arguments presented by the Virginia Defendants, and still has not done so. The court previously considered the grounds raised in the Virginia Dismissal Motion and still concludes that dismissal with prejudice is appropriate.

Moreover, instead of timely opposing or responding to the substance of the Virginia Dismissal Motion, Plaintiff belatedly submitted arguments objecting to the form of order proposed by the Virginia Defendants. For reasons discussed above, Plaintiff's arguments were and remain without merit.

**IT IS THEREFORE ORDERED** that the above-captioned adversary proceeding is **REOPENED** for the limited purpose of entry of the instant order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Voluntary Dismissal of

---

2026. Because the adversary proceeding was administratively closed, Plaintiff's Second Dismissal Motion was removed from the August 19, 2026, hearing calendar.

Adversary Proceeding Without Prejudice, Adversary Docket No. 24, be, and the same hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned Adversary Proceeding is hereby **RE-CLOSED** and all scheduled hearings in this proceeding are **VACATED** from the calendar.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

RAJ MARNI
10863 VISTA MARBELLA AVE.
LAS VEGAS, NV 89144

RAJ MARNI
17595 HARVARD AVENUE, #C4009
IRVINE, CA 92614

KSENIJA TRDIC
20725 WOOD QUAY DRIVE, UNIT 469
STERLING, VA 20166

ANNE PRENTICE, ESQ., ASSISTANT ATTORNEY GENERAL
VIRGINIA ATTORNEY GENERAL'S OFFICE
202 NORTH 9TH STREET, 4TH FLOOR
RICHMOND, VA 23219

SUE ANN BULLARD, SUPPORT ENFORCEMENT SPECIALIST
DIVISION OF CHILD SUPPORT ENFORCEMENT
VIRGNIA DEPARTMENT OF SOCIAL SERVICE
629 CEDAR CREEK GRADE, SUITE A
WINCHESTER, VA 22601

VIRGINIA DIVISION OF CHILD SUPPPORT ENFORCEMENT
DEPARTMENT OF SOCIAL SERVICES,
COMMONWEALTH OF VIRGINIA COMMISSIONER
VIRGINIA DEPARTMENT OF SOCIAL SERVICES
801 EAST MAIN STREET
RICHMOND, VA 23219

# # #